IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
Rochester Division

---

DONALD MONTGOMERY,
as an individual, and on behalf of
all other persons similarly situated,

          Plaintiff

vs.

ANDREW M. CUOMO, Governor of the State
of New York; ANN MARIE T. SULLIVAN,
Commissioner of the New York State
Office of Mental Health; MICHAEL C. GREEN,
Executive Deputy Commissioner of the
New York State Division of Criminal Justice Services;
JOSEPH A. D'AMICO, Superintendent of
the New York State Police; VINCENT F. DEMARCO,
Suffolk County Sheriff's Department; and,
EASTERN LONG ISLAND HOSPITAL,

          Defendants.

**Motion for
Preliminary Injunction**
(Oral argument requested)

Civil No.: 6:14-cv-06709

Hon. Charles J. Siragusa

---

Plaintiff, **Donald Montgomery**, as an individual, and on behalf of all other persons similarly situated, by and through counsel, respectfully motions this Court for an Order immediately enjoining New York Mental Hygiene Law §9.46, along with other associated relief, specifically:

1. enjoining New York Mental Hygiene Law §9.46, including, but not limited to, immediately suspending operations of the computer program known as the Integrated SAFE Act Reporting System ("ISARS");

2. an order to appoint a Special Referee to receive the database information and to supervise and oversee the following:

    a. that the State shall be mandated to immediately transmit to this Court the names and all associated personal information and personal health information transmitted through and housed by the ISARS computer program and any other associated database,

    b. that the State shall be mandated to immediately notify all medical providers of the suspension of the ISARS program, including that the New York Office of Mental Health website shall conspicuously promote the publication of this notification,

    c. that the State shall be mandated to immediately issue written notification via first class mail to every person whose name, personal information, and personal health information has been transmitted through the ISARS system that said individual may be part of a State computer program and database that may have collected, retained, and transmitted their personal information and/or personal health information from their medical provider

to one or more state, county, and local municipal actors, including law enforcement officers,

    d. that the State shall be required to receive and process individual applications by persons inquiring whether s/he is or was at any time part of the ISARS program and any associated database, such inquiries to be submitted to the Office of Mental Health, and reported on a periodic basis to the Special Referee, such applications to be developed by the Office of Mental Health and approved by the Special Referee and such applications to be conspicuously promoted through the Office of Mental Health website;

3. an order directing the State provide full and complete copies of all records concerning the Plaintiff, Donald Montgomery, whether received through the ISARS program and/or any associated database; and,

4. such other, further, and different relief as to this Court is just.

As set forth in the accompanying Memorandum of Law, MHL §9.46 violates the Plaintiff's right to privacy, denies the Plaintiff the equal protection of the laws, denies the Plaintiff the right of due process, and infringes the Plaintiff's rights under the Second Amendment, all under the United States Constitution.

The Plaintiff is likely to succeed on the merits of his claims against the Defendants, and the named Plaintiff, along with all other persons similarly situated, are suffering

irreparable harm by the passage and implementation of this unconstitutional legislation. Neither the public interest nor the Defendants' interests justify the manner through which the Defendants are implementing MHL §9.46, generally, and ISARS or other statewide reporting system and database, specifically. This Court should issue a preliminary injunction against both the statutory provision at MHL §9.46 and against the ISARS and other reporting system and database, along with such other specified required relief as will reduce the level of harm being committed by the Defendants.

The facts and law supporting this Motion are fully set out in the Memorandum of Law that accompanies this Motion.

The Plaintiff respectfully requests that the Court hear oral argument on this Motion on an expedited basis.

Dated: January 15, 2015

Respectfully submitted,

Paloma A. Capanna, Attorney
633 Lake Road
Webster, New York 14580
(585) 377-7260
paloma@law-policy.com

## CERTIFICATION

I hereby certify that on January __15__, 2015, a copy of the foregoing MOTION FOR PRELIMINARY INJUNCTION was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing was/will be sent via e-mail to all Parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_/s/ Paloma A. Capanna_
Paloma A. Capanna, Attorney