IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
Rochester Division

---

DONALD MONTGOMERY,
as an individual, and on behalf of
all other persons similarly situated,

    Plaintiff

vs.

ANDREW M. CUOMO, Governor of the State
of New York; ANN MARIE T. SULLIVAN,
Commissioner of the New York State
Office of Mental Health; MICHAEL C. GREEN,
Executive Deputy Commissioner of the
New York State Division of Criminal Justice Services;
JOSEPH A. D'AMICO, Superintendent of
the New York State Police; VINCENT F. DEMARCO,
Suffolk County Sheriff's Department; and,
EASTERN LONG ISLAND HOSPITAL,

    Defendants.

**Redacted Declaration of "K.B."**

Civil No.: 6:14-cv-06709

Hon. Charles J. Siragusa

---

"K.B.," under penalty of perjury and in accordance with 28 U.S.C. §1746, states and declares as follows:

1. I am an individual person who is a resident of the State of New York.

2. I submit this affidavit in support of the relief requested by the Plaintiff in the above-captioned lawsuit.

3. I request this Court redact any identifying information from my Declaration and its associated Exhibits in order to safeguard my privacy. I do not object to unredacted versions of this Declaration and the exhibits being available to the Court and to Counsel of Record in this case. I am concerned both about my privacy and about the litigation I have pending and which may also shortly be filed against the NYS Police, a local county Sheriff's Department, and a medical provider that are the central actors in the problems created.

4. I was recently involved in litigation in a county court in a county within the Western District Court of New York, specifically as a result, upon information and belief, of having been reported by a medical provider pursuant to MHL §9.46 through the ISARS system to the NYS Police and then to lesser municipalities and local law enforcement. {Please refer to Exhibit 37, letter of the NYS Police (dated in 2013), addressed to the local County Clerk's Office.}

5. I hold an undergraduate degree and have taken graduate degree courses. I have done work related to security for a federal disaster relief agency. I have held a pistol permit since the mid-1970s, and in more than one state. I am a certified NRA firearms instructor. I collected firearms for more than forty years. I have no criminal history. I have never been involuntarily committed or adjudicated a mental defective.

6. I have had no problems with my pistol licenses until I became caught up in the MHL §9.46 reporting system and falsely reported into the NICS Index.

7. My circumstances began with a "911" call during such time as I was going through an action for divorce initiated by my wife. I was depressed, but not suicidal or otherwise threatening harm to myself or anyone else.

8. In point of fact, the divorce case proceeded through an amicable process, resulting in a Separation Agreement being negotiated and stipulated to without trial. The firearms confiscated by a County Sheriff's Office and turned over to the NYS Police belonged to both my wife and me, and those firearms and associated accessories were amiably distributed, as well, as part of equitable distribution.

9. On the day of the "911" call, I was not feeling well. I had been getting sick over the course of a week or longer, due to problems with my diabetes and kidney medications. I spent approximately four days at an area hospital. The medical team involved me in their discussions of the medical care and treatment being given to me, particularly because I am diabetic and at the time of my admission my weight and my blood sugar levels were causing signs and symptoms that appeared to be mental health related.

10. The purposes served by my hospitalization were to correct my blood sugar imbalance, to adjust various diabetes prescription medications, and to adjust a

depression medication that had recently been prescribed by my primary care physician.

11. At the request of the NYS Police, in conjunction with the County Sheriff's Office, Department, the licensing officer suspended my pistol license, the Sheriff and the NYS Police maintained control of my already seized pistol licenses and firearms of both my wife and myself, as well as a quantity of magazines and ammunition also belonging to both my wife and myself. On the date in question, my wife did not seek or receive any medical care or treatment. When the NYS Police and the County Sheriff's Department responded to the call, law enforcement came at me in a menacing manner, armed with long guns, in spite of me being seated on my front porch with my hands raised. I was placed, handcuffed, in a Sheriff's car, and left for approximately three hours before being transported to a medical facility.

12. I was unable to get relief from this confiscation and permit suspension on my own. Utah notified me that it was revoking my permit because a NICS check upon license renewal had shown me to be a "mental defective" or "involuntarily committed," neither of which is true. Because I have not sought to purchase another firearm since such time as the "911" call, I have not been denied on the NICS background check at the FFL point of purchase and I do not have a NICS transaction number through which to initiate a NICS appeals process with the FBI. As of the submission of this Declaration, upon information and belief, any record in the NICS Index purportedly under 18 U.S.C. §922(g)(4) is incorrect and

represents an infringement of my Second Amendment rights. The only reason I know that this incorrect report was made to NICS is because my Utah permit was revoked. {Please refer to Exhibit 35, letter from the State of Utah, Department of Public Safety (dated in 2014), addressed to "K.B."}

13. I hired an attorney who prepared a submission and represented me in a hearing before the licensing officer, a county court judge, to demonstrate that I had not been involuntarily committed or otherwise adjudicated a "mental defective." I submitted my medical records from the hospital admission, along with other relevant documentation. I was compelled to expend thousands of dollars in attorney's fees and costs, as well as loose time from work, in order to make my case to the county court judge.

14. I did prevail in my pistol permit revocation case and the county court judge restored my pistol license, including that the judge signed a written order to this effect. {Please refer to Exhibit 36, "Order Reinstating Permit" (dated in 2014, signed by a County Court Judge).}

15. The only reason I know that a MHL §9.46 report was made against me is because, upon information and belief, the court gave my attorney a copy of the NYS Police letter to the local county clerk's office containing such information. {Please refer to Exhibit 37, letter from the NYS Police (dated in 2013), addressed to the local County Clerk's Office.}

16. Upon information and belief, after the judge signed the order reinstating my pistol license, when my attorney contacted the NYS Police to arrange for the pick-up of my firearms from inventory, the state trooper challenged the validity of the judge's written decision and said they would have to directly contact the judge.

17. Just recently, I was given the approval to pick up my firearms. I went to the NYS Police to do so, but not all of my firearms were returned.

18. Upon information and belief, my attorney is in the process of determining the disposition of the missing rifles and other property. He has requested property inventory records from both the local County Sheriff and the NYS Police in an attempt to account for my missing property. In addition to the missing firearms, a quantity of ammunition magazines and ammunition has not been returned. If unsuccessful in gaining the return of my property, we are contemplating having to initiate litigation for the return of these firearms and accessories and/or for compensation for their value.

19. I have now been engaged in the legal system on these matters for more than fifteen months. I have expended several thousand dollars in legal fees and costs. I have lost time from work and I have lost opportunities for work.

20. It is amazing to me that a medical provider reported me under MHL §9.46 through a computer program, triggering the NYS Police to confiscate my firearms, magazines, and ammunition without a warrant, without a hearing, without even a

charging instrument. I reasonably believe that this provision of the law and its implementation is unconstitutional under the Second, Fourth, Fifth, and Fourteenth Amendments, as well as under my right to privacy in my physician-patient relationship.

21. I respectfully urge this Court to shut down the statewide reporting system and database, to notify individuals who are captured within it, and to prohibit any further submission of reports through ISARS pending this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated:   Penfield, New York

       January 15, 2015

*/s/ K.B.*
_____
K.B.