*Montgomery vs. Cuomo*

Exhibit Group A

Exhibit #1 - Bill S2230-2013/A2388-2013

S T A T E   O F   N E W   Y O R K

---

S. 2230                                                                    A. 2388

2013-2014 Regular Sessions

S E N A T E - A S S E M B L Y

January 14, 2013
_____

IN SENATE -- Introduced by Sens. KLEIN, SMITH -- (at request of the
    Governor) -- read twice and ordered printed, and when printed to be
    committed to the Committee on Rules

IN ASSEMBLY -- Introduced by M. of A. SILVER, LENTOL, ORTIZ, MORELLE,
    FARRELL, WEINSTEIN, CAMARA, HOOPER, O'DONNELL, TITONE, PAULIN, MOYA,
    GLICK, WRIGHT, SCHIMEL, GOTTFRIED, ROSENTHAL, KAVANAGH, STECK, WEPRIN
    -- Multi-Sponsored by -- M. of A. ABINANTI, BOYLAND, BRENNAN,
    BROOK-KRASNY, BUCHWALD, CASTRO, COLTON, DINOWITZ, ENGLEBRIGHT, ESPI-
    NAL, FAHY, JACOBS, JAFFEE, KELLNER, KIM, LAVINE, LIFTON, MARKEY,
    MAYER, MILLMAN, MOSLEY, OTIS, ROSA, ROZIC -- (at request of the Gover-
    nor) -- read once and referred to the Committee on Codes

AN ACT to amend the criminal procedure law, the correction law, the
    family court act, the executive law, the general business law, the
    judiciary law, the mental hygiene law, the penal law and the surro-
    gate's court procedure act, in relation to suspension and revocation
    of firearms licenses; private sale or disposal of firearms, rifles or
    shotguns and establishing a minimum age to possess a firearm; to amend
    the family court act, the domestic relations law and the criminal
    procedure law, in relation to providing for the mandatory suspension
    or revocation of the firearms license of a person against whom an
    order of protection or a temporary order of protection has been issued
    under certain circumstances, or upon violation of any such order; to
    amend the penal law, in relation to community guns and the criminal
    sale of a firearm and in relation to the definitions of aggravated and
    first degree murder; to amend chapter 408 of the laws of 1999 consti-
    tuting Kendra's Law, in relation to extending the expiration thereof;
    and to amend the education law, in relation to the New York state
    school safety improvement teams; and in relation to building aid for
    metal detectors and safety devices

    THE PEOPLE OF THE STATE OF NEW YORK, REPRESENTED IN SENATE AND ASSEM-
BLY, DO ENACT AS FOLLOWS:

    EXPLANATION--Matter in ITALICS (underscored) is new; matter in brackets
                    [ ] is old law to be omitted.
                                                              LBD12007-03-3

1   Section 1. Section 330.20 of the criminal procedure law is amended  by
2   adding a new subdivision 2-a to read as follows:
3   2-A.  FIREARM,  RIFLE  OR  SHOTGUN  SURRENDER  ORDER.  UPON ENTRY OF A
4   VERDICT OF NOT RESPONSIBLE BY REASON OF MENTAL  DISEASE  OR  DEFECT,  OR
5   UPON  THE  ACCEPTANCE  OF  A PLEA OF NOT RESPONSIBLE BY REASON OF MENTAL
6   DISEASE OR DEFECT, OR UPON A FINDING THAT THE DEFENDANT IS AN  INCAPACI-
7   TATED  PERSON  PURSUANT TO ARTICLE SEVEN HUNDRED THIRTY OF THIS CHAPTER,
8   THE COURT SHALL REVOKE THE DEFENDANT'S FIREARM LICENSE, IF ANY,  INQUIRE
9   OF  THE DEFENDANT AS TO THE EXISTENCE AND LOCATION OF ANY FIREARM, RIFLE
10  OR SHOTGUN OWNED OR POSSESSED BY SUCH DEFENDANT AND DIRECT THE SURRENDER
11  OF SUCH FIREARM, RIFLE OR SHOTGUN PURSUANT TO SUBPARAGRAPH (F) OF  PARA-
12  GRAPH  ONE  OF  SUBDIVISION  A  OF SECTION 265.20 AND SUBDIVISION SIX OF
13  SECTION 400.05 OF THE PENAL LAW.
14  S 2. The criminal procedure law is amended by  adding  a  new  section
15  380.96 to read as follows:
16  S 380.96 OBLIGATION OF SENTENCING COURT PURSUANT TO ARTICLE FOUR HUNDRED
17            OF THE PENAL LAW.
18  UPON  JUDGMENT  OF  CONVICTION  OF ANY OFFENSE WHICH WOULD REQUIRE THE
19  SEIZURE OF FIREARMS, SHOTGUNS OR RIFLES FROM AN INDIVIDUAL SO CONVICTED,
20  AND THE REVOCATION OF ANY LICENSE OR  REGISTRATION  ISSUED  PURSUANT  TO
21  ARTICLE  FOUR  HUNDRED  OF THE PENAL LAW, THE JUDGE PRONOUNCING SENTENCE
22  SHALL DEMAND SURRENDER OF ANY  SUCH  LICENSE  OR  REGISTRATION  AND  ALL
23  FIREARMS,  SHOTGUNS AND RIFLES. THE FAILURE TO SO DEMAND SURRENDER SHALL
24  NOT EFFECT THE VALIDITY OF  ANY  REVOCATION  PURSUANT  TO  ARTICLE  FOUR
25  HUNDRED OF THE PENAL LAW.
26  S  3.  Section  404  of  the correction law is amended by adding a new
27  subdivision 3 to read as follows:
28  3. WITHIN A REASONABLE PERIOD PRIOR TO DISCHARGE OF AN INMATE  COMMIT-
29  TED FROM A STATE CORRECTIONAL FACILITY FROM A HOSPITAL IN THE DEPARTMENT
30  OF  MENTAL  HYGIENE  TO  THE COMMUNITY, THE DIRECTOR SHALL ENSURE THAT A
31  CLINICAL ASSESSMENT HAS BEEN COMPLETED TO DETERMINE WHETHER  THE  INMATE
32  MEETS  THE CRITERIA FOR ASSISTED OUTPATIENT TREATMENT PURSUANT TO SUBDI-
33  VISION (C) OF SECTION 9.60 OF THE MENTAL HYGIENE LAW.  IF,  AS  A  RESULT
34  OF  SUCH  ASSESSMENT,  THE DIRECTOR DETERMINES THAT THE INMATE MEETS SUCH
35  CRITERIA, PRIOR TO DISCHARGE THE DIRECTOR OF THE HOSPITAL  SHALL  EITHER
36  PETITION  FOR  A  COURT  ORDER PURSUANT  TO  SECTION 9.60 OF THE MENTAL
37  HYGIENE LAW, OR REPORT IN WRITING TO THE DIRECTOR OF COMMUNITY  SERVICES
38  OF THE LOCAL GOVERNMENTAL UNIT IN WHICH THE INMATE IS EXPECTED TO RESIDE
39  SO  THAT  AN  INVESTIGATION MAY BE CONDUCTED PURSUANT TO SECTION 9.47 OF
40  THE MENTAL HYGIENE LAW.
41  S 4. Subdivisions 1, 2 and 3 of section 842-a of the family court act,
42  as added by chapter 644 of the laws of 1996, paragraph (a) of  subdivi-
43  sion  1 as amended by chapter 434 of the laws of 2000, the opening para-
44  graph of subdivision 3 as amended by chapter 597 of the  laws  of  1998,
45  paragraph  (a) of subdivision 3 as amended by chapter 635 of the laws of
46  1999, are amended to read as follows:
47  1. [Mandatory and permissive suspension] SUSPENSION of  firearms
48  license  and  ineligibility  for  such a license upon the issuance of a
49  temporary order of protection. Whenever a temporary order of protection
50  is  issued  pursuant  to  section  eight  hundred  twenty-eight  of this
51  article, OR PURSUANT TO ARTICLE FOUR, FIVE, SIX, SEVEN OR TEN OF  THIS
52  ACT:
53  (a) the court shall suspend any such existing license possessed by the
54  respondent, order the respondent ineligible for  such  a  license,  and
55  order  the immediate surrender PURSUANT TO SUBPARAGRAPH (F) OF PARAGRAPH
56  ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION  SIX  OF  SECTION

1  400.05 OF THE PENAL LAW, of any or all firearms owned or possessed where
2  the court receives information that gives the court good cause to
3  believe that: (i) the respondent has a prior conviction of any violent
4  felony offense as defined in section 70.02 of the penal law; (ii) the
5  respondent has previously been found to have willfully failed to obey a
6  prior order of protection and such willful failure involved (A) the
7  infliction of [serious] physical injury, as defined in subdivision [ten]
8  NINE of section 10.00 of the penal law, (B) the use or threatened use of
9  a deadly weapon or dangerous instrument as those terms are defined in
10 subdivisions twelve and thirteen of section 10.00 of the penal law, or
11 (C) behavior constituting any violent felony offense as defined in
12 section 70.02 of the penal law; or (iii) the respondent has a prior
13 conviction for stalking in the first degree as defined in section 120.60
14 of the penal law, stalking in the second degree as defined in section
15 120.55 of the penal law, stalking in the third degree as defined in
16 section 120.50 of the penal law or stalking in the fourth degree as
17 defined in section 120.45 of such law; and
18   (b) the court [may] SHALL where the court finds a substantial risk
19 that the respondent may use or threaten to use a firearm unlawfully
20 against the person or persons for whose protection the temporary order
21 of protection is issued, suspend any such existing license possessed by
22 the respondent, order the respondent ineligible for such a license, and
23 order the immediate surrender PURSUANT TO SUBPARAGRAPH (F) OF PARAGRAPH
24 ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION SIX OF SECTION
25 400.05 OF THE PENAL LAW, of any or all firearms owned or possessed.
26   2. [Mandatory and permissive revocation] REVOCATION or suspension of
27 firearms license and ineligibility for such a license upon the issuance
28 of an order of protection. Whenever an order of protection is issued
29 pursuant to section eight hundred forty-one of this part, OR PURSUANT TO
30 ARTICLE FOUR, FIVE, SIX, SEVEN OR TEN OF THIS ACT:
31   (a) the court shall revoke any such existing license possessed by the
32 respondent, order the respondent ineligible for such a license, and
33 order the immediate surrender PURSUANT TO SUBPARAGRAPH (F) OF PARAGRAPH
34 ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION SIX OF SECTION
35 400.05 OF THE PENAL LAW, of any or all firearms owned or possessed where
36 the court finds that the conduct which resulted in the issuance of the
37 order of protection involved (i) the infliction of [serious] physical
38 injury, as defined in subdivision [ten] NINE of section 10.00 of the
39 penal law, (ii) the use or threatened use of a deadly weapon or danger-
40 ous instrument as those terms are defined in subdivisions twelve and
41 thirteen of section 10.00 of the penal law, or (iii) behavior constitut-
42 ing any violent felony offense as defined in section 70.02 of the penal
43 law; and
44   (b) the court [may] SHALL, where the court finds a substantial risk
45 that the respondent may use or threaten to use a firearm unlawfully
46 against the person or persons for whose protection the order of
47 protection is issued, (i) revoke any such existing license possessed by
48 the respondent, order the respondent ineligible for such a license and
49 order the immediate surrender PURSUANT TO SUBPARAGRAPH (F) OF PARAGRAPH
50 ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION SIX OF SECTION
51 400.05 OF THE PENAL LAW, of any or all firearms owned or possessed or
52 (ii) suspend or continue to suspend any such existing license possessed
53 by the respondent, order the respondent ineligible for such a license,
54 and order the immediate surrender PURSUANT TO SUBPARAGRAPH (F) OF PARA-
55 GRAPH ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION SIX OF

```
 1  SECTION  400.05  OF  THE  PENAL  LAW,  of  any  or all firearms owned or
 2  possessed.
 3    3.  [Mandatory  and permissive revocation] REVOCATION or suspension of
 4  firearms license and ineligibility for such a license upon a finding  of
 5  a  willful  failure to obey an order of protection OR TEMPORARY ORDER OF
 6  PROTECTION.  Whenever a respondent has been found, pursuant to  section
 7  eight  hundred forty-six-a of this part to have willfully failed to obey
 8  an order of protection OR TEMPORARY ORDER OF PROTECTION issued  PURSUANT
 9  TO THIS ACT OR THE DOMESTIC RELATIONS LAW, OR by this court or [an order
10  of  protection  issued]  by a court of competent jurisdiction in another
11  state, territorial or tribal jurisdiction,  in  addition  to  any  other
12  remedies available pursuant to section eight hundred forty-six-a of this
13  part:
14    (a)  the court shall revoke any such existing license possessed by the
15  respondent, order the respondent ineligible for  such  a  license,  and
16  order  the immediate surrender PURSUANT TO SUBPARAGRAPH (F) OF PARAGRAPH
17  ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION  SIX  OF  SECTION
18  400.05 OF THE PENAL LAW, of any or all firearms owned or possessed where
19  the  willful  failure  to obey such order involves (i) the infliction of
20  [serious] physical injury, as  defined  in  subdivision  [ten]  NINE  of
21  section  10.00  of  the  penal  law, (ii) the use or threatened use of a
22  deadly weapon or dangerous instrument as  those  terms  are  defined  in
23  subdivisions  twelve  and thirteen of section 10.00 of the penal law, or
24  (iii) behavior constituting any violent felony offense  as  defined  in
25  section  70.02  of the penal law; or (iv) behavior constituting stalking
26  in the first degree as defined in  section  120.60  of  the  penal  law,
27  stalking  in the second degree as defined in section 120.55 of the penal
28  law, stalking in the third degree as defined in section  120.50  of  the
29  penal  law or stalking in the fourth degree as defined in section 120.45
30  of such law; and
31    (b) the court [may] SHALL where the court  finds  a  substantial  risk
32  that  the  respondent  may use  or threaten to use a firearm unlawfully
33  against the  person  or  persons  for  whose  protection the order  of
34  protection was issued, (i) revoke any such existing license possessed by
35  the  respondent,  order  the  respondent  ineligible for such a license,
36  whether or not the respondent possesses such a license,  and  order  the
37  immediate  surrender  PURSUANT  TO  SUBPARAGRAPH (F) OF PARAGRAPH ONE OF
38  SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION SIX OF SECTION 400.05 OF
39  THE PENAL LAW, of any or all firearms owned or possessed or (ii) suspend
40  any such  existing  license  possessed  by  the  respondent,  order the
41  respondent  ineligible  for  such  a  license,  and  order the immediate
42  surrender of any or all firearms owned or possessed.
43    S 5. Section 846-a of the family court act, as amended by chapter  597
44  of the laws of 1998, is amended to read as follows:
45    S 846-a.  Powers on failure to obey order. If a respondent is brought
46  before the court for failure to obey any lawful order issued under  this
47  article  or  an  order  of  protection  OR TEMPORARY ORDER OF PROTECTION
48  issued PURSUANT TO THIS ACT OR ISSUED by a court of competent  jurisdic-
49  tion of another state, territorial or tribal jurisdiction [in a proceed-
50  ing]  and  if,  after hearing, the court is satisfied by competent proof
51  that the respondent has willfully failed to obey  any  such  order,  the
52  court  may  modify an existing order OR TEMPORARY ORDER OF PROTECTION to
53  add  reasonable  conditions  of  behavior  to  the  existing  order  [of
54  protection],  make  a new order of protection in accordance with section
55  eight hundred forty-two OF THIS PART, may order the forfeiture  of  bail
56  in  a  manner consistent with article five hundred forty of the criminal
```

1 procedure law if bail has been ordered pursuant to this act, may order
2 the respondent to pay the petitioner's reasonable and necessary counsel
3 fees in connection with the violation petition where the court finds
4 that the violation of its order was willful, and may commit the respond-
5 ent to jail for a term not to exceed six months. Such commitment may be
6 served upon certain specified days or parts of days as the court may
7 direct, and the court may, at any time within the term of such sentence,
8 revoke such suspension and commit the respondent for the remainder of
9 the original sentence, or suspend the remainder of such sentence. If the
10 court determines that the willful failure to obey such order involves
11 violent behavior constituting the crimes of menacing, reckless endanger-
12 ment, assault or attempted assault and if such a respondent is licensed
13 to carry, possess, repair and dispose of firearms pursuant to section
14 400.00 of the penal law, the court may also immediately revoke such
15 license and may arrange for the immediate surrender PURSUANT TO SUBPARA-
16 GRAPH (F) OF PARAGRAPH ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDI-
17 VISION SIX OF SECTION 400.05 OF THE PENAL LAW, and disposal of any
18 firearm such respondent owns or possesses. If the willful failure to
19 obey such order involves the infliction of [serious] physical injury as
20 defined in subdivision [ten] NINE of section 10.00 of the penal law or
21 the use or threatened use of a deadly weapon or dangerous instrument, as
22 those terms are defined in subdivisions twelve and thirteen of section
23 10.00 of the penal law, such revocation and immediate surrender PURSUANT
24 TO SUBPARAGRAPH (F) OF PARAGRAPH ONE OF SUBDIVISION A OF SECTION 265.20
25 AND SUBDIVISION SIX OF SECTION 400.05 OF THE PENAL LAW SIX and disposal
26 of any firearm owned or possessed by respondent shall be mandatory,
27 pursuant to subdivision eleven of section 400.00 of the penal law.
28   S 6. The family court act is amended by adding a new section 446-a to
29 read as follows:
30   S 446-A. FIREARMS; SURRENDER AND LICENSE SUSPENSION, REVOCATION AND
31 INELIGIBILITY. UPON THE ISSUANCE OF AN ORDER OF PROTECTION OR TEMPORARY
32 ORDER OF PROTECTION, OR UPON A VIOLATION OF SUCH ORDER, THE COURT SHALL
33 MAKE A DETERMINATION REGARDING THE SUSPENSION AND REVOCATION OF A
34 LICENSE TO CARRY, POSSESS, REPAIR OR DISPOSE OF A FIREARM OR FIREARMS,
35 INELIGIBILITY FOR SUCH A LICENSE AND THE SURRENDER OF FIREARMS IN
36 ACCORDANCE WITH SECTION EIGHT HUNDRED FORTY-TWO-A OF THIS ACT.
37   S 7. The family court act is amended by adding a new section 552 to
38 read as follows:
39   S 552. FIREARMS; SURRENDER AND LICENSE SUSPENSION, REVOCATION AND
40 INELIGIBILITY. UPON THE ISSUANCE OF AN ORDER OF PROTECTION OR TEMPORARY
41 ORDER OF PROTECTION, OR UPON A VIOLATION OF SUCH ORDER, THE COURT SHALL
42 MAKE A DETERMINATION REGARDING THE SUSPENSION AND REVOCATION OF A
43 LICENSE TO CARRY, POSSESS, REPAIR OR DISPOSE OF A FIREARM OR FIREARMS,
44 INELIGIBILITY FOR SUCH A LICENSE AND THE SURRENDER OF FIREARMS IN
45 ACCORDANCE WITH SECTION EIGHT HUNDRED FORTY-TWO-A OF THIS ACT.
46   S 8. The family court act is amended by adding a new section 656-a to
47 read as follows:
48   S 656-A. FIREARMS; SURRENDER AND LICENSE SUSPENSION, REVOCATION AND
49 INELIGIBILITY. UPON THE ISSUANCE OF AN ORDER OF PROTECTION OR TEMPORARY
50 ORDER OF PROTECTION, OR UPON A VIOLATION OF SUCH ORDER, THE COURT SHALL
51 MAKE A DETERMINATION REGARDING THE SUSPENSION AND REVOCATION OF A
52 LICENSE TO CARRY, POSSESS, REPAIR OR DISPOSE OF A FIREARM OR FIREARMS,
53 INELIGIBILITY FOR SUCH A LICENSE AND THE SURRENDER OF FIREARMS IN
54 ACCORDANCE WITH SECTION EIGHT HUNDRED FORTY-TWO-A OF THIS ACT.
55   S 9. The family court act is amended by adding a new section 780-a to
56 read as follows:

```
 1    S 780-A.  FIREARMS;  SURRENDER AND LICENSE SUSPENSION, REVOCATION AND
 2  INELIGIBILITY. UPON THE ISSUANCE OF AN ORDER OF PROTECTION OR  TEMPORARY
 3  ORDER  OF PROTECTION, OR UPON A VIOLATION OF SUCH ORDER, THE COURT SHALL
 4  MAKE A DETERMINATION REGARDING  THE  SUSPENSION  AND  REVOCATION  OF  A
 5  LICENSE  TO  CARRY, POSSESS, REPAIR OR DISPOSE OF A FIREARM OR FIREARMS,
 6  INELIGIBILITY FOR SUCH A LICENSE AND  THE  SURRENDER  OF  FIREARMS  IN
 7  ACCORDANCE WITH SECTION EIGHT HUNDRED FORTY-TWO-A OF THIS ACT.
 8    S 10.  The family court act is amended by adding a new section 1056-a
 9  to read as follows:
10    S 1056-A. FIREARMS; SURRENDER AND LICENSE SUSPENSION, REVOCATION AND
11  INELIGIBILITY.  UPON THE ISSUANCE OF AN ORDER OF PROTECTION OR TEMPORARY
12  ORDER OF PROTECTION, OR UPON A VIOLATION OF SUCH ORDER, THE COURT  SHALL
13  MAKE  AN  ORDER  IN ACCORDANCE WITH SECTION EIGHT HUNDRED FORTY-TWO-A OF
14  THIS ACT.
15    S 11. The first undesignated and closing paragraphs of  subdivision  3
16  of section 240 of the domestic relations law, as added by chapter 606 of
17  the laws of 1999, are amended to read as follows:
18    G.  Any  party  moving for a temporary order of protection pursuant to
19  this subdivision during hours when the court is open shall  be  entitled
20  to  file  such motion  or pleading containing such prayer for emergency
21  relief on the same day that such person first appears at such court, and
22  a hearing on the motion or portion of the pleading requesting such emer-
23  gency relief shall be held on the same day or  the  next  day  that  the
24  court is in session following the filing of such motion or pleading.
25    H.  Upon  issuance  of  an  order of protection or temporary order of
26  protection or upon a violation of such order, the court [may] SHALL make
27  [an order] A DETERMINATION REGARDING THE SUSPENSION AND REVOCATION OF  A
28  LICENSE  TO  CARRY, POSSESS, REPAIR OR DISPOSE OF A FIREARM OR FIREARMS,
29  INELIGIBILITY FOR SUCH A LICENSE AND  THE  SURRENDER  OF  FIREARMS  in
30  accordance  with  [section] SECTIONS eight hundred forty-two-a AND EIGHT
31  HUNDRED FORTY-SIX-A of the family court act [directing the surrender  of
32  firearms,  revoking  or  suspending  a  party's firearms license, and/or
33  directing that such party be ineligible to receive a firearms  license],
34  AS  APPLICABLE. Upon issuance of an order of protection pursuant to this
35  section or upon a finding of a violation thereof,  the  court  also  may
36  direct  payment  of  restitution in an amount not to exceed ten thousand
37  dollars in accordance with subdivision  (e)  of  section  eight  hundred
38  forty-one of such act; provided, however, that in no case shall an order
39  of  restitution  be  issued where the  court determines that the party
40  against whom the order would  be  issued  has  already  compensated  the
41  injured  party  or  where  such  compensation is incorporated in a final
42  judgment or settlement of the action.
43    S 12. Subdivision 9 of section 252 of the domestic relations  law,  as
44  added by chapter 606 of the laws of 1999, is amended to read as follows:
45    9.  Upon  issuance  of  an  order  of  protection or temporary order of
46  protection or upon a violation of such order, the court  [may  take  an
47  order]  SHALL  MAKE A DETERMINATION REGARDING THE SUSPENSION AND REVOCA-
48  TION OF A LICENSE TO CARRY, POSSESS, REPAIR OR DISPOSE OF A  FIREARM  OR
49  FIREARMS, INELIGIBILITY FOR SUCH A LICENSE AND THE SURRENDER OF FIREARMS
50  in  accordance  with  [section]  SECTIONS  eight hundred forty-two-a AND
51  EIGHT HUNDRED FORTY-SIX-A of the family court act [directing the surren-
52  der of firearms, revoking or  suspending  a  party's  firearms  license,
53  and/or  directing  that  such  party be ineligible to receive a firearms
54  license], AS APPLICABLE. Upon issuance of an order of protection  pursu-
55  ant  to this section or upon a finding of a violation thereof, the court
56  also may direct payment of restitution in an amount  not  to  exceed  ten
```

```
 1  thousand  dollars  in  accordance  with subdivision (e) of section eight
 2  hundred forty-one of such act; provided, however, that in no case  shall
 3  an  order  of  restitution be issued where the court determines that the
 4  party against whom the order would be issued has already compensated the
 5  injured  party  or  where  such  compensation is incorporated in a final
 6  [judgement] JUDGMENT or settlement of the action.
 7      S 13. The opening paragraph and paragraph  (b)  of  subdivision  1  of
 8  section 530.14 of the criminal procedure law, as added by chapter 644 of
 9  the laws of 1996, are amended to read as follows:
10      [Mandatory  and  permissive suspension] SUSPENSION of firearms license
11  and ineligibility for such a license upon issuance of temporary order of
12  protection.  Whenever a temporary order of protection is issued pursuant
13  to subdivision one of section  530.12  or  subdivision  one  of  section
14  530.13 of this article:
15      (b)  the  court  [may]  SHALL where the court finds a substantial risk
16  that the defendant may use  or  threaten  to  use  a  firearm  unlawfully
17  against  the  person or persons for whose protection the temporary order
18  of protection is issued, suspend any such existing license possessed  by
19  the  defendant,  order  the  defendant ineligible for such a license and
20  order the immediate surrender PURSUANT TO SUBPARAGRAPH (F) OF  PARAGRAPH
21  ONE  OF  SUBDIVISION  A OF SECTION 265.20 AND SUBDIVISION SIX OF SECTION
22  400.05 OF THE PENAL LAW, of any or all firearms owned or possessed.
23      S 14. The opening paragraph and paragraph  (b)  of  subdivision  2  of
24  section 530.14 of the criminal procedure law, as added by chapter 644 of
25  the laws of 1996, are amended to read as follows:
26      [Mandatory  and  permissive  revocation]  REVOCATION or suspension of
27  firearms license and ineligibility for such a license upon  issuance  of
28  an order of protection. Whenever an order of protection is issued pursu-
29  ant to subdivision five of section 530.12 or subdivision four of section
30  530.13 of this article:
31      (b)  the  court  [may]  SHALL where the court finds a substantial risk
32  that the defendant may use  or  threaten  to  use  a  firearm  unlawfully
33  against  the  person  or  persons for whose protection the order of
34  protection is issued, (i) revoke any such existing license possessed  by
35  the  defendant,  order  the  defendant ineligible for such a license and
36  order the immediate surrender of any or all firearms owned or  possessed
37  or  (ii)  suspend  or  continue  to suspend any such existing license
38  possessed by the defendant, order the defendant ineligible  for  such  a
39  license  and  order the immediate surrender PURSUANT TO SUBPARAGRAPH (F)
40  OF PARAGRAPH ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION  SIX
41  OF  SECTION  400.05  OF  THE  PENAL LAW, of any or all firearms owned or
42  possessed.
43      S 15. The opening paragraph and paragraph  (b)  of  subdivision  3  of
44  section  530.14  of the criminal procedure law, the opening paragraph as
45  amended by chapter 597 of the laws of 1998 and paragraph (b) as added by
46  chapter 644 of the laws of 1996, are amended to read as follows:
47      [Mandatory  and  permissive  revocation]  REVOCATION  or  suspension of
48  firearms  license  and ineligibility for such a license upon a finding of
49  a willful failure to obey an order of protection. Whenever  a  defendant
50  has  been  found  pursuant  to  subdivision  eleven of section 530.12 or
51  subdivision eight of section 530.13 of this article to have  willfully
52  failed  to  obey  an  order of protection issued by a court of competent
53  jurisdiction in this state  or  another  state,  territorial  or  tribal
54  jurisdiction,  in  addition  to any other remedies available pursuant to
55  subdivision eleven of section 530.12 or  subdivision  eight  of  section
56  530.13 of this article:
```

1    (b) the court [may] SHALL where the court finds a substantial risk
2  that the defendant may use or threaten to use a firearm unlawfully
3  against the person or persons for whose protection the order of
4  protection was issued, (i) revoke any such existing license possessed by
5  the defendant, order the defendant ineligible for such a license and
6  order the immediate surrender PURSUANT TO SUBPARAGRAPH (F) OF PARAGRAPH
7  ONE OF SUBDIVISION A OF SECTION 265.20 AND SUBDIVISION SIX OF SECTION
8  400.05 OF THE PENAL LAW, of any or all firearms owned or possessed or
9  (ii) suspend any such existing license possessed by the defendant, order
10  the defendant ineligible for such a license and order the immediate
11  surrender PURSUANT TO SUBPARAGRAPH (F) OF PARAGRAPH ONE OF SUBDIVISION A
12  OF SECTION 265.20 AND SUBDIVISION SIX OF SECTION 400.05 OF THE PENAL
13  LAW, of any or all firearms owned or possessed.
14    S 16. Section 837 of the executive law is amended by adding a new
15  subdivision 19 to read as follows:
16    19. RECEIVE NAMES AND OTHER NON-CLINICAL IDENTIFYING INFORMATION
17  PURSUANT TO SECTION 9.46 OF THE MENTAL HYGIENE LAW; PROVIDED, HOWEVER,
18  ANY SUCH INFORMATION SHALL BE DESTROYED FIVE YEARS AFTER SUCH RECEIPT,
19  OR PURSUANT TO A PROCEEDING BROUGHT UNDER ARTICLE SEVENTY-EIGHT OF THE
20  CIVIL PRACTICE LAW AND RULES DETERMINING THAT AN INDIVIDUAL IS ELIGIBLE
21  FOR A LICENSE PURSUANT TO SECTION 400.00 OF THE PENAL LAW AND OTHERWISE
22  PERMITTED TO POSSESS A FIREARM.
23    S 17. The general business law is amended by adding a new article
24  39-DDD to read as follows:
25                            ARTICLE 39-DDD
26        PRIVATE SALE OR DISPOSAL OF FIREARMS, RIFLES AND SHOTGUNS
27  SECTION 898. PRIVATE SALE OR DISPOSAL OF FIREARMS, RIFLES AND SHOTGUNS.
28    S 898. PRIVATE SALE OR DISPOSAL OF FIREARMS, RIFLES AND SHOTGUNS. 1.
29  IN ADDITION TO ANY OTHER REQUIREMENTS PURSUANT TO STATE AND FEDERAL LAW,
30  ALL SALES, EXCHANGES OR DISPOSALS OF FIREARMS, RIFLES OR SHOTGUNS SHALL
31  BE CONDUCTED IN ACCORDANCE WITH THIS SECTION UNLESS SUCH SALE, EXCHANGE
32  OR DISPOSAL IS CONDUCTED BY A LICENSED IMPORTER, LICENSED MANUFACTURER
33  OR LICENSED DEALER, AS THOSE TERMS ARE DEFINED IN 18 USC S 922, WHEN
34  SUCH SALE, EXCHANGE OR DISPOSAL IS CONDUCTED PURSUANT TO THAT PERSON'S
35  FEDERAL FIREARMS LICENSE OR SUCH SALE, EXCHANGE OR DISPOSAL IS BETWEEN
36  MEMBERS OF AN IMMEDIATE FAMILY. FOR PURPOSES OF THIS SECTION, "IMMEDIATE
37  FAMILY" SHALL MEAN SPOUSES, DOMESTIC PARTNERS, CHILDREN AND STEP-CHIL-
38  DREN.
39    2. BEFORE ANY SALE, EXCHANGE OR DISPOSAL PURSUANT TO THIS ARTICLE, A
40  NATIONAL INSTANT CRIMINAL BACKGROUND CHECK MUST BE COMPLETED BY A DEALER
41  WHO CONSENTS TO CONDUCT SUCH CHECK, AND UPON COMPLETION OF SUCH BACK-
42  GROUND CHECK, SHALL COMPLETE A DOCUMENT, THE FORM OF WHICH SHALL BE
43  APPROVED BY THE SUPERINTENDENT OF STATE POLICE, THAT IDENTIFIES AND
44  CONFIRMS THAT SUCH CHECK WAS PERFORMED.
45    3. ALL DEALERS SHALL MAINTAIN A RECORD OF SUCH TRANSACTIONS CONDUCTED
46  PURSUANT TO THIS SECTION AND SUCH RECORD SHALL BE MAINTAINED ON THE
47  PREMISES MENTIONED AND DESCRIBED IN THE LICENSE AND SHALL BE OPEN AT ALL
48  REASONABLE HOURS FOR INSPECTION BY ANY PEACE OFFICER, ACTING PURSUANT TO
49  HIS OR HER SPECIAL DUTIES, OR POLICE OFFICER.
50    4. A DEALER MAY REQUIRE THAT ANY SALE OR TRANSFER CONDUCTED PURSUANT
51  TO THIS SECTION BE SUBJECT TO A FEE OF NOT TO EXCEED TEN DOLLARS PER
52  TRANSACTION.
53    5. ANY RECORD PRODUCED PURSUANT TO THIS SECTION AND ANY TRANSMISSION
54  THEREOF TO ANY GOVERNMENT AGENCY SHALL NOT BE CONSIDERED A PUBLIC RECORD
55  FOR PURPOSES OF ARTICLE SIX OF THE PUBLIC OFFICERS LAW.

S. 2230                                  9                                  A. 2388

1   6. ANY PERSON WHO KNOWINGLY VIOLATES THE PROVISIONS  OF  THIS  ARTICLE
2  SHALL  BE  GUILTY OF A CLASS A MISDEMEANOR PUNISHABLE AS PROVIDED FOR IN
3  THE PENAL LAW.
4   S  18.  Paragraph (q) of subdivision 2 of section 212 of the judiciary
5  law, as added by chapter 491 of the laws of 2008, is amended to read  as
6  follows:
7   (q) Adopt  rules  to  require  transmission,  to the criminal justice
8  information services division of the federal bureau of investigation  or
9  to  the  division  of  criminal  justice services, of the name and other
10  identifying information of each person who has a guardian appointed  for
11  him  or  her pursuant to any provision of state law, based on a determi-
12  nation that  as  a  result  of  marked subnormal intelligence, mental
13  illness,  incapacity,  condition  or disease, he or she lacks the mental
14  capacity to contract or manage his or her own affairs.  ANY SUCH RECORDS
15  TRANSMITTED DIRECTLY TO THE FEDERAL BUREAU OF INVESTIGATION MUST ALSO BE
16  TRANSMITTED TO THE  DIVISION  OF  CRIMINAL  JUSTICE  SERVICES,  AND  ANY
17  RECORDS  RECEIVED  BY THE DIVISION OF CRIMINAL JUSTICE SERVICES PURSUANT
18  TO THIS PARAGRAPH MAY BE  CHECKED  AGAINST  THE  STATEWIDE  LICENSE  AND
19  RECORD DATABASE.
20   S 19.  Subdivision (j) of section 7.09 of the mental hygiene law, as
21  added by chapter 491 of the laws of 2008, is amended to read as follows:
22   (j) (1) The commissioner, in cooperation with other  applicable  state
23  agencies,  shall  [be  authorized  to] collect, retain or modify data or
24  records, [or to] AND SHALL transmit such data or  records:  (I)  to  the
25  division  of  criminal  justice  services, or to the criminal justice infor-
26  mation services division of the federal bureau of investigation, for the
27  purposes of responding to queries to the national instant criminal back-
28  ground  check  system  regarding  attempts to purchase or otherwise take
29  possession of firearms, as defined in 18 USC  921(a)(3),  in  accordance
30  with  applicable federal laws or regulations, OR (II) TO THE DIVISION OF
31  CRIMINAL JUSTICE SERVICES, WHICH MAY RE-DISCLOSE SUCH DATA  AND  RECORDS
32  ONLY FOR DETERMINING WHETHER A LICENSE ISSUED PURSUANT TO SECTION 400.00
33  OF  THE  PENAL LAW SHOULD BE DENIED, SUSPENDED OR REVOKED, UNDER SUBDIVI-
34  SION ELEVEN OF SUCH SECTION, OR FOR DETERMINING WHETHER A PERSON  IS  NO
35  LONGER  PERMITTED UNDER FEDERAL OR STATE LAW TO POSSESS A FIREARM.  Such
36  records, WHICH MAY NOT BE USED FOR ANY OTHER PURPOSE, shall include only
37  names and other non-clinical identifying information of persons who have
38  been involuntarily committed to a hospital pursuant to article  nine  of
39  this  chapter, OR SECTION FOUR HUNDRED TWO OR SUBDIVISION TWO OF SECTION
40  FIVE HUNDRED EIGHT OF THE CORRECTION LAW, or article seven hundred thir-
41  ty or section 330.20 of the criminal procedure law or sections 322.2  or
42  353.4  of the family court act, or to a secure treatment facility pursu-
43  ant to article ten of this chapter.
44   (2) The commissioner shall  establish  within  the  office  of  mental
45  health  an administrative process to permit a person who has been or may
46  be disqualified from possessing  such  a  firearm  pursuant  to  18  USC
47  922(4)(d) OR WHO HAS BEEN OR MAY BE DISQUALIFIED FROM CONTINUING TO HAVE
48  A  LICENSE  TO  CARRY,  POSSESS,  REPAIR,  OR DISPOSE OF A FIREARM UNDER
49  SECTION 400.00 OF THE PENAL LAW BECAUSE SUCH  PERSON  WAS  INVOLUNTARILY
50  COMMITTED  OR  CIVILLY  CONFINED TO A FACILITY UNDER THE JURISDICTION OF
51  THE COMMISSIONER, to petition for relief from that disability where such
52  person's record and reputation are such that such person will  not  be
53  likely  to  act  in  a  manner  dangerous to public safety and where the
54  granting of the relief would not be  contrary  to  public  safety.  The
55  commissioner  shall  promulgate regulations to establish the relief from
56  disabilities program, which shall  include,  but  not  be  limited  to,

1  provisions  providing  for: (i) an opportunity for a disqualified person
2  to petition for relief in writing; (ii) the authority for the agency  to
3  require  that  the  petitioner  undergo  a  clinical evaluation and risk
4  assessment;  and (iii) a requirement that the agency issue a decision in
5  writing explaining the reasons for a denial  or  grant  of  relief.  The
6  denial  of  a  petition  for relief from disabilities may be reviewed de
7  novo pursuant to the proceedings  under  article  seventy-eight  of  the
8  civil practice law and rules.
9    S  20.  The mental hygiene law is amended by adding a new section 9.46
10 to read as follows:
11 S 9.46 REPORTS OF SUBSTANTIAL RISK OR THREAT OF HARM  BY  MENTAL  HEALTH
12         PROFESSIONALS.
13   (A)  FOR  PURPOSES  OF  THIS  SECTION, THE TERM "MENTAL HEALTH PROFES-
14 SIONAL" SHALL INCLUDE A PHYSICIAN, PSYCHOLOGIST, REGISTERED  NURSE  OR
15 LICENSED CLINICAL SOCIAL WORKER.
16   (B)  NOTWITHSTANDING  ANY  OTHER  LAW  TO  THE CONTRARY, WHEN A MENTAL
17 HEALTH PROFESSIONAL CURRENTLY PROVIDING TREATMENT SERVICES TO  A  PERSON
18 DETERMINES,  IN  THE  EXERCISE OF REASONABLE PROFESSIONAL JUDGMENT, THAT
19 SUCH PERSON IS LIKELY TO ENGAGE IN CONDUCT THAT WOULD RESULT IN  SERIOUS
20 HARM  TO  SELF OR OTHERS, HE OR SHE SHALL BE REQUIRED TO REPORT, AS SOON
21 AS PRACTICABLE, TO THE DIRECTOR OF COMMUNITY SERVICES, OR THE DIRECTOR'S
22 DESIGNEE, WHO SHALL REPORT TO THE DIVISION OF CRIMINAL JUSTICE  SERVICES
23 WHENEVER  HE  OR  SHE AGREES THAT THE PERSON IS LIKELY TO ENGAGE IN SUCH
24 CONDUCT.  INFORMATION TRANSMITTED TO THE DIVISION  OF  CRIMINAL  JUSTICE
25 SERVICES  SHALL  BE  LIMITED TO NAMES AND OTHER NON-CLINICAL IDENTIFYING
26 INFORMATION, WHICH MAY ONLY BE USED FOR DETERMINING  WHETHER  A  LICENSE
27 ISSUED  PURSUANT  TO SECTION 400.00 OF THE PENAL LAW SHOULD BE SUSPENDED
28 OR REVOKED, OR FOR DETERMINING WHETHER A  PERSON  IS  INELIGIBLE  FOR  A
29 LICENSE  ISSUED  PURSUANT  TO  SECTION 400.00 OF THE PENAL LAW, OR IS NO
30 LONGER PERMITTED UNDER STATE OR FEDERAL LAW TO POSSESS A FIREARM.
31   (C) NOTHING IN THIS SECTION SHALL BE CONSTRUED  TO  REQUIRE  A  MENTAL
32 HEALTH PROFESSIONAL TO TAKE ANY ACTION WHICH, IN THE EXERCISE OF REASON-
33 ABLE  PROFESSIONAL  JUDGMENT,  WOULD ENDANGER SUCH MENTAL HEALTH PROFES-
34 SIONAL OR INCREASE THE DANGER TO A POTENTIAL VICTIM OR VICTIMS.
35   (D) THE DECISION OF A MENTAL HEALTH PROFESSIONAL TO DISCLOSE OR NOT TO
36 DISCLOSE IN ACCORDANCE WITH THIS SECTION, WHEN MADE  REASONABLY  AND  IN
37 GOOD  FAITH,  SHALL NOT BE THE BASIS FOR ANY CIVIL OR CRIMINAL LIABILITY
38 OF SUCH MENTAL HEALTH PROFESSIONAL.
39   S 21. Paragraph 5 of subdivision (b) of section  9.47  of  the  mental
40 hygiene law is renumbered paragraph 7 and two new paragraphs 5 and 6 are
41 added to read as follows:
42   (5)  ENSURING  EVALUATION  OF THE NEED FOR ONGOING ASSISTED OUTPATIENT
43 TREATMENT PURSUANT TO SUBDIVISION (K) OF SECTION 9.60 OF  THIS  ARTICLE
44 PRIOR TO THE EXPIRATION OF ANY ASSISTED OUTPATIENT TREATMENT ORDER;
45   (6)  IF  HE  OR  SHE HAS BEEN ORDERED TO PROVIDE FOR OR ARRANGE FOR
46 ASSISTED OUTPATIENT TREATMENT PURSUANT TO PARAGRAPH FIVE OF  SUBDIVISION
47 (J)  OF  SECTION 9.60 OF THIS ARTICLE OR BECAME THE APPROPRIATE DIRECTOR
48 PURSUANT TO THIS PARAGRAPH OR SUBDIVISION (C) OF SECTION  9.48  OF  THIS
49 ARTICLE,  NOTIFYING THE DIRECTOR OF COMMUNITY SERVICES OF THE NEW COUNTY
50 OF RESIDENCE WHEN HE OR SHE HAS REASON  TO  BELIEVE  THAT  AN  ASSISTED
51 OUTPATIENT  HAS OR WILL CHANGE HIS OR HER COUNTY OF RESIDENCE DURING THE
52 PENDENCY OF AN ASSISTED OUTPATIENT TREATMENT ORDER.  UPON SUCH CHANGE OF
53 RESIDENCE, THE DIRECTOR OF THE NEW COUNTY OF RESIDENCE SHALL BECOME  THE
54 APPROPRIATE  DIRECTOR,  AS  SUCH TERM IS DEFINED IN SECTION 9.60 OF THIS
55 ARTICLE; AND

1   S 22. Section 9.48 of the mental hygiene law is amended  by  adding  a
2  new subdivision (c) to read as follows:
3   (C)  DIRECTORS  OF  ASSISTED  OUTPATIENT  TREATMENT PROGRAMS PROVIDING
4  SERVICES DESCRIBED IN PARAGRAPH ONE OF SUBDIVISION (A) OF  SECTION  9.60
5  OF  THIS  ARTICLE  PURSUANT TO ANY COURT ORDER ISSUED UNDER SUCH SECTION
6  SHALL EVALUATE THE NEED FOR ONGOING ASSISTED OUTPATIENT TREATMENT PURSU-
7  ANT TO SUBDIVISION (K) OF SECTION 9.60  OF  THIS  ARTICLE  PRIOR  TO  THE
8  EXPIRATION  OF  ANY  ASSISTED  OUTPATIENT TREATMENT ORDER; AND SHALL NOTIFY
9  THE DIRECTOR OF COMMUNITY SERVICES OF THE NEW COUNTY OF  RESIDENCE  WHEN
10  HE  OR  SHE HAS REASON TO BELIEVE THAT AN ASSISTED OUTPATIENT HAS OR WILL
11  CHANGE HIS OR HER COUNTY OF RESIDENCE DURING THE PENDENCY OF AN ASSISTED
12  OUTPATIENT TREATMENT ORDER.  UPON SUCH CHANGE OF RESIDENCE, THE DIRECTOR
13  OF THE NEW COUNTY OF RESIDENCE SHALL BECOME THE APPROPRIATE DIRECTOR, AS
14  SUCH TERM IS DEFINED IN SECTION 9.60 OF THIS ARTICLE.
15   S 23. Paragraph 3 of subdivision (a), paragraphs 2 and 5 of  subdivi-
16  sion  (j)  and  subdivisions  (k)  and (n) of section 9.60 of the mental
17  hygiene law, as amended by chapter 158 of the laws of 2005, are  amended
18  to read as follows:
19   (3)  "director  of  community  services" and "local governmental unit"
20  shall have the same meanings as provided in article  forty-one  of  this
21  chapter. THE "APPROPRIATE DIRECTOR" SHALL MEAN THE DIRECTOR OF COMMUNI-
22  TY SERVICES OF THE COUNTY WHERE THE ASSISTED OUTPATIENT RESIDES, EVEN IF
23  IT  IS  A DIFFERENT COUNTY THAN THE COUNTY WHERE THE ASSISTED OUTPATIENT
24  TREATMENT ORDER WAS ORIGINALLY ISSUED.
25   (2) If after hearing all relevant evidence, the court finds  by  clear
26  and  convincing  evidence  that  the  subject  of the petition meets the
27  criteria for assisted outpatient treatment, and there is no  appropriate
28  and  feasible  less  restrictive  alternative,  the  court may order the
29  subject to receive assisted outpatient treatment for an  initial  period
30  not to exceed [six months] ONE YEAR.  In fashioning the order, the court
31  shall  specifically  make findings by clear and convincing evidence that
32  the proposed treatment is the least  restrictive  treatment  appropriate
33  and  feasible  for the subject. The order shall state an assisted outpa-
34  tient treatment plan, which shall include  all  categories  of  assisted
35  outpatient  treatment,  as set forth in paragraph one of subdivision (a)
36  of this section, which the assisted outpatient is to receive, but  shall
37  not  include any such category that has not been recommended in both the
38  proposed written treatment plan and the testimony provided to the  court
39  pursuant to subdivision (i) of this section.
40   (5)  If  the petitioner is the director of a hospital that operates an
41  assisted outpatient treatment program, the court order shall direct  the
42  hospital  director  to provide or arrange for all categories of assisted
43  outpatient treatment for the assisted outpatient throughout  the  period
44  of  the order. [For all other persons] IN ALL OTHER INSTANCES, the order
45  shall require the APPROPRIATE director [of  community  services  of  the
46  appropriate  local  governmental  unit], AS THAT TERM IS DEFINED IN THIS
47  SECTION, to provide or arrange for all categories of assisted outpatient
48  treatment for the assisted  outpatient  throughout  the  period  of  the
49  order.
50   (k)  Petition  for  additional  periods of treatment. (1) PRIOR TO THE
51  EXPIRATION OF AN ORDER PURSUANT TO THIS SECTION, THE APPROPRIATE  DIREC-
52  TOR  SHALL  REVIEW WHETHER THE ASSISTED OUTPATIENT CONTINUES TO MEET THE
53  CRITERIA FOR ASSISTED OUTPATIENT TREATMENT. IF,  AS  DOCUMENTED  IN  THE
54  PETITION,  THE DIRECTOR DETERMINES THAT SUCH CRITERIA CONTINUE TO BE MET
55  OR HAS MADE APPROPRIATE ATTEMPTS TO, BUT  HAS  NOT  BEEN  SUCCESSFUL  IN
56  ELICITING,  THE  COOPERATION OF THE SUBJECT TO SUBMIT TO AN EXAMINATION,

1  WITHIN THIRTY DAYS PRIOR TO THE  EXPIRATION  OF  AN  ORDER  OF  ASSISTED
2  OUTPATIENT  TREATMENT,  SUCH  DIRECTOR  MAY  PETITION THE COURT TO ORDER
3  CONTINUED ASSISTED OUTPATIENT TREATMENT PURSUANT  TO  PARAGRAPH  TWO  OF
4  THIS  SUBDIVISION. UPON DETERMINING WHETHER SUCH CRITERIA CONTINUE TO BE
5  MET, SUCH DIRECTOR SHALL NOTIFY THE PROGRAM COORDINATOR IN WRITING AS TO
6  WHETHER A  PETITION  FOR  CONTINUED  ASSISTED  OUTPATIENT  TREATMENT  IS
7  WARRANTED AND WHETHER SUCH A PETITION WAS OR WILL BE FILED.
8      (2) Within thirty days prior to the expiration of an order of assisted
9  outpatient  treatment, the appropriate director or the current petition-
10 er, if the current petition was filed pursuant to  subparagraph  (i)  or
11 (ii)  of  paragraph  one  of  subdivision  (e) of this section, and the
12 current petitioner retains his or her original status  pursuant  to  the
13 applicable  subparagraph,  may  petition  the  court  to order continued
14 assisted outpatient treatment for a period not to exceed  one  year  from
15 the  expiration date of the current order. If the court's disposition of
16 such petition does not occur prior to the expiration date of the current
17 order, the current order shall remain in effect until such  disposition.
18 The  procedures  for  obtaining  any  order pursuant to this subdivision
19 shall be in accordance with the provisions of the foregoing subdivisions
20 of this section; provided that the time restrictions included  in  para-
21 graph  four  of subdivision (c) of this section shall not be applicable.
22 The notice provisions set forth in paragraph six of subdivision  (j)  of
23 this  section  shall be applicable.  Any court order requiring periodic
24 blood tests or urinalysis for the presence of alcohol or  illegal  drugs
25 shall  be subject to review after six months by the physician who devel-
26 oped the written treatment plan or another physician designated  by  the
27 director, and such physician shall be authorized to terminate such blood
28 tests or urinalysis without further action by the court.
29     (n) Failure to comply with assisted outpatient treatment. Where in the
30 clinical  judgment  of  a  physician,  (i)  the assisted outpatient, has
31 failed or refused to comply with the assisted outpatient treatment, (ii)
32 efforts were made to solicit compliance, and (iii) such assisted  outpa-
33 tient  may be in need of involuntary admission to a hospital pursuant to
34 section 9.27 of this article or immediate observation, care  and  treat-
35 ment  pursuant  to  section 9.39 or 9.40 of this article, such physician
36 may request the APPROPRIATE director of community services, the  direc-
37 tor's designee, or any physician designated by the director of community
38 services pursuant to section 9.37 of this article, to direct the removal
39 of  such  assisted outpatient to an appropriate hospital for an examina-
40 tion to determine if such person has a mental illness for  which  hospi-
41 talization  is  necessary pursuant to section 9.27, 9.39 or 9.40 of this
42 article. Furthermore, if such assisted outpatient refuses to take  medi-
43 cations as required by the court order, or he or she refuses to take, or
44 fails  a  blood test, urinalysis, or alcohol or drug test as required by
45 the court order, such physician may consider  such  refusal  or  failure
46 when  determining whether the assisted outpatient is in need of an exam-
47 ination to determine whether he or she has a mental  illness  for  which
48 hospitalization  is  necessary.  Upon the request of such physician, the
49 APPROPRIATE director, the director's designee, or any physician  desig-
50 nated  pursuant  to section 9.37 of this article, may direct peace offi-
51 cers, acting pursuant to their special duties, or  police  officers  who
52 are  members  of  an authorized police department or force or of a sher-
53 iff's department to take the assisted outpatient into custody and trans-
54 port him or her to the hospital operating the assisted outpatient treat-
55 ment program or to any hospital authorized by the director of  community
56 services  to  receive such persons. Such law enforcement officials shall

1  carry out such directive. Upon the request of such physician, the APPRO-
2  PRIATE director, the director's designee, or any physician designated
3  pursuant to section 9.37 of this article, an ambulance service, as
4  defined by subdivision two of section three thousand one of the public
5  health law, or an approved mobile crisis outreach team as defined in
6  section 9.58 of this article shall be authorized to take into custody
7  and transport any such person to the hospital operating the assisted
8  outpatient treatment program, or to any other hospital authorized by the
9  APPROPRIATE director of community services to receive such persons. Any
10 director of community services, or designee, shall be authorized to
11 direct the removal of an assisted outpatient who is present in his or
12 her county to an appropriate hospital, in accordance with the provisions
13 of this subdivision, based upon a determination of the appropriate
14 director of community services directing the removal of such assisted
15 outpatient pursuant to this subdivision. Such person may be retained for
16 observation, care and treatment and further examination in the hospital
17 for up to seventy-two hours to permit a physician to determine whether
18 such person has a mental illness and is in need of involuntary care and
19 treatment in a hospital pursuant to the provisions of this article. Any
20 continued involuntary retention in such hospital beyond the initial
21 seventy-two hour period shall be in accordance with the provisions of
22 this article relating to the involuntary admission and retention of a
23 person. If at any time during the seventy-two hour period the person is
24 determined not to meet the involuntary admission and retention
25 provisions of this article, and does not agree to stay in the hospital
26 as a voluntary or informal patient, he or she must be released. Failure
27 to comply with an order of assisted outpatient treatment shall not be
28 grounds for involuntary civil commitment or a finding of contempt of
29 court.
30   S 24. Subdivision (g) of section 13.09 of the mental hygiene law, as
31 amended by chapter 168 of the laws of 2010, is amended to read as
32 follows:
33   (g) (1) The commissioner, in cooperation with other applicable state
34 agencies, shall [be authorized to] collect, retain or modify data or
35 records, [or to] AND SHALL transmit such data or records to: (I) the
36 division of criminal justice services, or to the criminal justice infor-
37 mation services division of the federal bureau of investigation, for the
38 purposes of responding to queries to the national instant criminal back-
39 ground check system regarding attempts to purchase or otherwise take
40 possession of firearms, as defined in 18 USC 921(a)(3), in accordance
41 with applicable federal laws or regulations, OR (II) TO THE DIVISION OF
42 CRIMINAL JUSTICE SERVICES, FOR THE PURPOSES OF DETERMINING WHETHER A
43 LICENSE ISSUED PURSUANT TO SECTION 400.00 OF THE PENAL LAW SHOULD BE
44 DENIED, SUSPENDED OR REVOKED, UNDER SUBDIVISION ELEVEN OF SUCH SECTION,
45 OR FOR DETERMINING WHETHER A PERSON IS NO LONGER PERMITTED UNDER FEDERAL
46 OR STATE LAW TO POSSESS A FIREARM. Such records shall include only
47 names and other non-clinical identifying information of persons who have
48 had a guardian appointed for them pursuant to any provision of state
49 law, based on a determination that as a result of marked subnormal
50 intelligence, mental illness, incapacity, condition or disease, they
51 lack the mental capacity to contract or manage their own affairs, and
52 persons who have been involuntarily committed to a facility pursuant to
53 article fifteen of this chapter, or article seven hundred thirty or
54 section 330.20 of the criminal procedure law or sections 322.2 or 353.4
55 of the family court act.

1    (2) The commissioner shall establish within the office for people with
2  developmental disabilities an administrative process to permit a  person
3  who  has  been  or  may  be  disqualified from possessing such a firearm
4  pursuant to 18 USC 922(4)(d), OR WHO HAS BEEN  OR  MAY  BE  DISQUALIFIED
5  FROM  CONTINUING  TO HAVE A LICENSE TO CARRY, POSSESS, REPAIR, OR DISPOSE
6  OF A FIREARM UNDER SECTION 400.00 OF THE PENAL LAW BECAUSE  SUCH  PERSON
7  WAS  INVOLUNTARILY COMMITTED OR CIVILLY CONFINED TO A FACILITY UNDER THE
8  JURISDICTION OF THE COMMISSIONER, to petition for relief from that disa-
9  bility where such person's record  and  reputation  are  such  that  such
10  person  will not be likely to act in a manner dangerous to public safety
11  and where the granting of the relief would not  be  contrary  to  public
12  safety.   The  commissioner shall promulgate regulations to establish the
13  relief from disabilities program, which shall include, but not be limit-
14  ed to, provisions providing for: (i) an opportunity for  a  disqualified
15  person  to  petition  for  relief in writing; (ii) the authority for the
16  agency to require that the petitioner undergo a clinical evaluation  and
17  risk  assessment;  and (iii) a requirement that the agency issue a deci-
18  sion in writing explaining the reasons for a denial or grant of  relief.
19  The denial of a petition for relief from disabilities may be reviewed de
20  novo  pursuant  to  the  proceedings  under article seventy-eight of the
21  civil practice law and rules.
22    S 25. Paragraph 12 of subdivision (c) of section 33.13 of  the  mental
23  hygiene  law,  as amended by chapter 158 of the laws of 2005, is amended
24  and a new paragraph 15 is added to read as follows:
25    12. to a director of community services as defined in article nine  of
26  this  chapter or his OR HER designee, provided that such director or his
27  or her designee (I) requests such information in the exercise of his  or
28  her  statutory  functions,  powers  and duties pursuant to section 9.37,
29  9.45, 9.47, 9.48, 9.60 or 41.13 of this chapter; OR (II) THE  DISCLOSURE
30  OF INFORMATION IS REQUIRED PURSUANT TO SECTION 9.46 OF THIS CHAPTER.
31    15.  TO  THE  DIVISION  OF  CRIMINAL JUSTICE SERVICES, NAMES AND OTHER
32  NON-CLINICAL IDENTIFYING INFORMATION FOR THE SOLE PURPOSE OF  IMPLEMENT-
33  ING THE DIVISION'S RESPONSIBILITIES AND DUTIES UNDER SECTIONS 400.00 AND
34  400.02 OF THE PENAL LAW.
35    S 26. Section 10.00 of the penal law is amended by adding a new subdi-
36  vision 21 to read as follows:
37    21.  "DRUG  TRAFFICKING  FELONY"  MEANS  ANY OF THE FOLLOWING OFFENSES
38  DEFINED IN ARTICLE TWO HUNDRED TWENTY OF THIS CHAPTER: VIOLATION OF  USE
39  OF  A  CHILD  TO COMMIT A CONTROLLED  SUBSTANCE OFFENSE AS DEFINED IN
40  SECTION 220.28; CRIMINAL SALE OF A CONTROLLED SUBSTANCE  IN  THE  FOURTH
41  DEGREE  AS  DEFINED  IN  SECTION  220.34;  CRIMINAL SALE OF A CONTROLLED
42  SUBSTANCE IN THE THIRD DEGREE AS DEFINED  IN  SECTION  220.39;  CRIMINAL
43  SALE  OF  A  CONTROLLED  SUBSTANCE  IN  THE  SECOND DEGREE AS DEFINED IN
44  SECTION 220.41; CRIMINAL SALE OF A CONTROLLED  SUBSTANCE  IN  THE  FIRST
45  DEGREE  AS  DEFINED  IN  SECTION  220.43;  CRIMINAL SALE OF A CONTROLLED
46  SUBSTANCE IN OR NEAR SCHOOL GROUNDS AS DEFINED IN SECTION 220.44; UNLAW-
47  FUL MANUFACTURE OF METHAMPHETAMINE IN THE SECOND DEGREE  AS  DEFINED  IN
48  SECTION  220.74;  UNLAWFUL  MANUFACTURE  OF METHAMPHETAMINE IN THE FIRST
49  DEGREE AS DEFINED IN SECTION 220.75; OR OPERATING AS A MAJOR  TRAFFICKER
50  AS DEFINED IN SECTION 220.77.
51    S 26-a.  The  penal law is amended by adding a new section 60.11-a to
52  read as follows:
53  S 60.11-A AUTHORIZED DISPOSITIONS;  CERTAIN  CRIMINAL  POSSESSION  OF  A
54               WEAPON IN THE THIRD DEGREE OFFENDERS.
55    WHEN A PERSON IS TO BE SENTENCED UPON CONVICTION OF THE CRIME OF CRIM-
56  INAL POSSESSION OF A WEAPON IN THE THIRD DEGREE AS DEFINED IN SUBDIVI-

Case 6:14-cv-06709-CJS   Document 3-6   Filed 01/15/15   Page 16 of 47

S. 2230                                    15                                  A. 2388

```
 1  SION TEN OF SECTION 265.02 OF THIS CHAPTER, THE COURT MUST SENTENCE SUCH
 2  DEFENDANT TO A DETERMINATE SENTENCE AS PROVIDED IN SUBPARAGRAPH (II)  OF
 3  PARAGRAPH  (C)  OF  SUBDIVISION  THREE OF SECTION 70.02 OF THIS CHAPTER,
 4  UNLESS  A  GREATER  MINIMUM  SENTENCE  IS  OTHERWISE REQUIRED BY ANOTHER
 5  PROVISION OF THIS CHAPTER.
 6    S 27. Paragraphs (b) and (c) of subdivision 1 of section 70.02 of  the
 7  penal  law,  paragraph  (b) as amended by chapter 148 of the laws of 2011
 8  and paragraph (c) as amended by chapter 405 of the  laws  of  2010,  are
 9  amended to read as follows:
10    (b)  Class  C violent felony offenses: an attempt to commit any of the
11  class B felonies set forth in paragraph (a) of this subdivision;  aggra-
12  vated criminally negligent homicide as defined in section 125.11, aggra-
13  vated  manslaughter  in  the  second degree as defined in section 125.21,
14  aggravated sexual abuse in the  second  degree  as  defined  in  section
15  130.67, assault on a peace officer, police officer, fireman or emergency
16  medical services professional as defined in section 120.08, assault on a
17  judge as defined in section 120.09, gang assault in the second degree as
18  defined  in  section 120.06, strangulation in the first degree as defined
19  in section 121.13, burglary in the second degree as defined  in  section
20  140.25, robbery in the second degree as defined in section 160.10, crim-
21  inal  possession  of a weapon in the second degree as defined in section
22  265.03, criminal use of a firearm in the  second  degree  as  defined  in
23  section  265.08,  criminal  sale  of  a firearm in the second degree as
24  defined in section 265.12, criminal sale of a firearm with the aid of  a
25  minor  as  defined in section 265.14, AGGRAVATED CRIMINAL POSSESSION OF A
26  WEAPON AS DEFINED IN SECTION 265.19, soliciting or providing support for
27  an act of terrorism in the first degree as defined  in  section  490.15,
28  hindering  prosecution  of  terrorism in the second degree as defined in
29  section 490.30, and criminal possession of a chemical weapon or  biolog-
30  ical weapon in the third degree as defined in section 490.37.
31    (c)  Class  D violent felony offenses: an attempt to commit any of the
32  class C felonies set forth in paragraph (b); reckless assault of a child
33  as defined in section 120.02, assault in the second degree as defined in
34  section 120.05, menacing a police officer or peace officer as defined in
35  section 120.18, stalking in the first degree, as defined in  subdivision
36  one  of  section 120.60, strangulation in the second degree as defined in
37  section 121.12, rape in the second degree as defined in section  130.30,
38  criminal  sexual  act  in the second degree as defined in section 130.45,
39  sexual abuse in the first degree as defined in section 130.65, course of
40  sexual conduct against a child  in  the  second  degree  as  defined  in
41  section  130.80,  aggravated sexual abuse in the third degree as defined
42  in  section  130.66, facilitating  a  sex offense  with  a  controlled
43  substance  as defined in section 130.90, criminal possession of a weapon
44  in the third degree as defined in subdivision five,  six,  seven  [or],
45  eight,  NINE OR TEN of section 265.02, criminal sale of a firearm in the
46  third degree as defined in section  265.11,  intimidating  a  victim  or
47  witness in the second degree as defined in section 215.16, soliciting or
48  providing  support  for  an  act  of  terrorism  in the second degree as
49  defined in section 490.10, and making a terroristic threat as defined in
50  section 490.20, falsely reporting an incident in the  first  degree  as
51  defined  in  section 240.60, placing a false bomb or hazardous substance
52  in the first degree as defined in section 240.62, placing a  false  bomb
53  or hazardous substance in a sports stadium or arena, mass transportation
54  facility  or  enclosed  shopping  mall as defined in section 240.63, and
55  aggravated unpermitted use of indoor pyrotechnics in the first degree as
56  defined in section 405.18.
```

1    S 28. The opening paragraph of  paragraph  (c)  of  subdivision  2  of
2  section 70.02 of the penal law, as amended by chapter 764 of the laws of
3  2005, is amended to read as follows:
4    Except  as  provided in subdivision six of section 60.05, the sentence
5  imposed upon a person who stands convicted of the class D violent felony
6  offenses of criminal possession of a weapon  in  the  third  degree  as
7  defined  in  subdivision  [four,]  five,  seven  [or],  eight OR NINE of
8  section 265.02, criminal sale of  a  firearm  in  the  third  degree  as
9  defined  in  section 265.11 or the class E violent felonies of attempted
10  criminal possession of a weapon in the third degree as defined in subdi-
11  vision [four,] five, seven [or], eight OR NINE of section 265.02 must be
12  a sentence to a determinate period of imprisonment, or, in the  alterna-
13  tive,  a  definite sentence of imprisonment for a period of no less than
14  one year, except that:
15    S 29. Paragraph (b) of subdivision 3 of section  70.02  of  the  penal
16  law,  as  amended by chapter 765 of the laws of 2005, is amended to read
17  as follows:
18    (b) For a class C felony, the term must be at least three and one-half
19  years and must not exceed fifteen years,  provided,  however,  that  the
20  term  must  be: (i) at least seven years and must not exceed twenty years
21  where the sentence is for the crime of aggravated  manslaughter  in  the
22  second  degree  as  defined  in  section  125.21 of this chapter; (ii) at
23  least seven years and must not exceed twenty years where the sentence is
24  for the crime of attempted aggravated assault upon a police  officer  or
25  peace  officer as defined in section 120.11 of this chapter; [and] (iii)
26  at least three and one-half years and must not exceed twenty years where
27  the sentence is for the crime of aggravated criminally negligent  homi-
28  cide  as  defined  in  section 125.11 of this chapter; AND (IV) AT LEAST
29  FIVE YEARS AND MUST NOT EXCEED  FIFTEEN  YEARS  WHERE  THE  SENTENCE  IS
30  IMPOSED  FOR  THE  CRIME OF AGGRAVATED CRIMINAL POSSESSION OF A WEAPON AS
31  DEFINED IN SECTION 265.19 OF THIS CHAPTER.
32    S 30. Paragraph (c) of subdivision 3 of section  70.02  of  the  penal
33  law,  as  amended by chapter 765 of the laws of 2005, is amended to read
34  as follows:
35    (c) For a class D felony, the term must be at least two years and must
36  not exceed seven years, provided, however, that the term must be: (I) at
37  least two years and must not exceed eight years where  the  sentence  is
38  for  the  crime of menacing a police officer or peace officer as defined
39  in section 120.18 of this chapter; and (II) AT LEAST THREE AND  ONE-HALF
40  YEARS  AND MUST NOT EXCEED SEVEN YEARS WHERE THE SENTENCE IS IMPOSED FOR
41  THE CRIME OF CRIMINAL POSSESSION OF A WEAPON  IN  THE  THIRD  DEGREE  AS
42  DEFINED IN SUBDIVISION TEN OF SECTION 265.02 OF THIS CHAPTER;
43    S  31. The penal law is amended by adding a new section 115.20 to read
44  as follows:
45  S 115.20 CRIMINAL FACILITATION; DEFINITIONS AND CONSTRUCTION.
46    FOR PURPOSES OF THIS ARTICLE, SUCH CONDUCT SHALL INCLUDE, BUT  NOT  BE
47  LIMITED TO,  MAKING AVAILABLE, SELLING, EXCHANGING, GIVING OR DISPOSING
48  OF A COMMUNITY GUN, WHICH IN FACT, AIDS A  PERSON  TO  COMMIT  A  CRIME.
49  "COMMUNITY  GUN"  SHALL  MEAN  A  FIREARM  THAT IS ACTUALLY SHARED, MADE
50  AVAILABLE, SOLD, EXCHANGED, GIVEN OR DISPOSED OF AMONG OR BETWEEN TWO OR
51  MORE PERSONS, AT LEAST ONE OF WHOM IS NOT AUTHORIZED PURSUANT TO LAW  TO
52  POSSESS  SUCH  FIREARM.  "DISPOSE OF" SHALL HAVE THE SAME MEANING AS THAT
53  TERM IS DEFINED IN SECTION 265.00 OF THIS  CHAPTER.   "SHARE"  AND  "MAKE
54  AVAILABLE"  SHALL,  IN  THE  CASE  OF A FIREARM, BE CONSTRUED TO INCLUDE
55  KNOWINGLY PLACING SUCH FIREARM AT A LOCATION ACCESSIBLE AND KNOWN TO ONE
56  OR MORE OTHER PERSONS.

```
 1    S 32. Section 120.05 of the penal law is  amended  by  adding  a  new
 2  subdivision 4-a to read as follows:
 3    4-A.  HE  RECKLESSLY CAUSES PHYSICAL INJURY TO ANOTHER PERSON WHO IS A
 4  CHILD UNDER THE AGE OF EIGHTEEN BY INTENTIONAL DISCHARGE OF  A  FIREARM,
 5  RIFLE OR SHOTGUN; OR
 6    S  33.  Sections  34,  35 and 36 of this act shall be known and may be
 7  cited as "Mark's Law".
 8    S 34. The opening paragraph of subdivision 1 of section 125.26 of  the
 9  penal  law,  as  added by chapter 765 of the laws of 2005, is amended to
10  read as follows:
11    With intent to cause the death of another person, he or she causes the
12  death of such person, or of a third person who was a person described in
13  subparagraph (i), (ii), (II-A) or (iii) of paragraph (a) of this  subdi-
14  vision  engaged  at  the time of the killing in the course of performing
15  his or her official duties; and
16    S 35. Paragraph (a) of subdivision 1 of section 125.26  of  the  penal
17  law is amended by adding a new subparagraph (ii-a) to read as follows:
18    (II-A) THE INTENDED VICTIM WAS A FIREFIGHTER, EMERGENCY MEDICAL TECH-
19  NICIAN,  AMBULANCE  DRIVER,  PARAMEDIC,  PHYSICIAN OR REGISTERED NURSE
20  INVOLVED IN A FIRST RESPONSE TEAM, OR ANY OTHER INDIVIDUAL WHO,  IN  THE
21  COURSE  OF  OFFICIAL  DUTIES, PERFORMS EMERGENCY RESPONSE ACTIVITIES AND
22  WAS ENGAGED IN SUCH ACTIVITIES AT THE TIME OF KILLING AND THE  DEFENDANT
23  KNEW  OR  REASONABLY SHOULD HAVE KNOWN THAT THE INTENDED VICTIM WAS SUCH
24  FIREFIGHTER, EMERGENCY MEDICAL TECHNICIAN, AMBULANCE DRIVER,  PARAMEDIC,
25  PHYSICIAN OR REGISTERED NURSE; OR
26    S  36.  Paragraph  (a) of subdivision 1 of section 125.27 of the penal
27  law is amended by adding a new subparagraph (ii-a) to read as follows:
28    (II-A) THE INTENDED VICTIM WAS A FIREFIGHTER, EMERGENCY MEDICAL TECH-
29  NICIAN, AMBULANCE DRIVER, PARAMEDIC, PHYSICIAN OR REGISTERED NURSE
30  INVOLVED  IN  A FIRST RESPONSE TEAM, OR ANY OTHER INDIVIDUAL WHO, IN THE
31  COURSE OF OFFICIAL DUTIES, PERFORMS EMERGENCY  RESPONSE  ACTIVITIES  AND
32  WAS  ENGAGED IN SUCH ACTIVITIES AT THE TIME OF KILLING AND THE DEFENDANT
33  KNEW OR REASONABLY SHOULD HAVE KNOWN THAT THE INTENDED VICTIM  WAS  SUCH
34  FIREFIGHTER,  EMERGENCY MEDICAL TECHNICIAN, AMBULANCE DRIVER, PARAMEDIC,
35  PHYSICIAN OR REGISTERED NURSE; OR
36    S 37. Subdivision 22 of section 265.00 of the penal law, as  added  by
37  chapter 189 of the laws of 2000, is amended to read as follows:
38    22.  "Assault  weapon"  means  [(a)  a semiautomatic rifle that has an
39  ability to accept a detachable magazine and has  at  least  two  of  the
40  following characteristics:
41    (i) a folding or telescoping stock;
42    (ii)  a pistol grip that protrudes conspicuously beneath the action of
43  the weapon;
44    (iii) a bayonet mount;
45    (iv) a flash suppressor or threaded barrel designed to  accommodate  a
46  flash suppressor;
47    (v) a grenade launcher; or
48    (b)  a  semiautomatic  shotgun  that has at least two of the following
49  characteristics:
50    (i) a folding or telescoping stock;
51    (ii) a pistol grip that protrudes conspicuously beneath the action  of
52  the weapon;
53    (iii) a fixed magazine capacity in excess of five rounds;
54    (iv) an ability to accept a detachable magazine; or
55    (c)  a semiautomatic pistol that has an ability to accept a detachable
56  magazine and has at least two of the following characteristics:
```

1    (i) an ammunition magazine that attaches to the pistol outside of  the
2  pistol grip;
3    (ii)  a  threaded barrel capable of accepting a barrel extender, flash
4  suppressor, forward handgrip, or silencer;
5    (iii) a shroud that is attached to, or partially or completely  encir-
6  cles,  the  barrel and that permits the shooter to hold the firearm with
7  the nontrigger hand without being burned;
8    (iv) a manufactured weight of fifty ounces or more when the pistol  is
9  unloaded;
10    (v) a semiautomatic version of an automatic rifle, shotgun or firearm;
11  or
12    (d)  any  of  the  weapons, or functioning frames or receivers of such
13  weapons, or copies or duplicates of such weapons, in any caliber,  known
14  as:
15    (i) Norinco, Mitchell, and Poly Technologies Avtomat Kalashnikovs (all
16  models);
17    (ii) Action Arms Israeli Military Industries UZI and Galil;
18    (iii) Beretta Ar70 (SC-70);
19    (iv) Colt AR-15;
20    (v) Fabrique National FN/FAL, FN/LAR, and FNC;
21    (vi) SWD M-10, M-11, M-11/9, and M-12;
22    (vii) Steyr AUG;
23    (viii) INTRATEC TEC-9, TEC-DC9 and TEC-22; and
24    (ix)  revolving  cylinder shotguns, such as (or similar to) the Street
25  Sweeper and Striker 12;
26    (e) provided, however, that such term does not include: (i) any rifle,
27  shotgun or pistol that (A) is manually operated by bolt, pump, lever  or
28  slide action; (B) has been rendered permanently inoperable; or (C) is an
29  antique firearm as defined in 18 U.S.C. 921(a)(16);
30    (ii)  a  semiautomatic  rifle that cannot accept a detachable magazine
31  that holds more than five rounds of ammunition;
32    (iii) a semiautomatic shotgun that cannot hold more than  five  rounds
33  of ammunition in a fixed or detachable magazine;
34    (iv)  a rifle, shotgun or pistol, or a replica or a duplicate thereof,
35  specified in Appendix A to section 922 of 18 U.S.C. as such  weapon  was
36  manufactured  on  October first, nineteen hundred ninety-three. The mere
37  fact that a weapon is not listed in Appendix A shall not be construed to
38  mean that such weapon is an assault weapon; or
39    (v) a semiautomatic rifle, a semiautomatic shotgun or a  semiautomatic
40  pistol  or  any of the weapons defined in paragraph (d) of this subdivi-
41  sion lawfully possessed prior to September fourteenth, nineteen  hundred
42  ninety-four.]
43    (A)  A  SEMIAUTOMATIC RIFLE THAT HAS AN ABILITY TO ACCEPT A DETACHABLE
44  MAGAZINE AND HAS AT LEAST ONE OF THE FOLLOWING CHARACTERISTICS:
45    (I) A FOLDING OR TELESCOPING STOCK;
46    (II) A PISTOL GRIP THAT PROTRUDES CONSPICUOUSLY BENEATH THE ACTION  OF
47  THE WEAPON;
48    (III) A THUMBHOLE STOCK;
49    (IV)  A  SECOND  HANDGRIP OR A PROTRUDING GRIP THAT CAN BE HELD BY THE
50  NON-TRIGGER HAND;
51    (V) A BAYONET MOUNT;
52    (VI) A FLASH SUPPRESSOR, MUZZLE BREAK, MUZZLE COMPENSATOR, OR THREADED
53  BARREL DESIGNED TO ACCOMMODATE A  FLASH  SUPPRESSOR,  MUZZLE  BREAK,  OR
54  MUZZLE COMPENSATOR;
55    (VII) A GRENADE LAUNCHER; OR

1    (B) A SEMIAUTOMATIC SHOTGUN THAT HAS AT LEAST ONE OF THE FOLLOWING
2  CHARACTERISTICS:
3    (I) A FOLDING OR TELESCOPING STOCK;
4    (II) A THUMBHOLE STOCK;
5    (III) A SECOND HANDGRIP OR A PROTRUDING GRIP THAT CAN BE HELD BY THE
6  NON-TRIGGER HAND;
7    (IV) A FIXED MAGAZINE CAPACITY IN EXCESS OF SEVEN ROUNDS;
8    (V) AN ABILITY TO ACCEPT A DETACHABLE MAGAZINE; OR
9    (C) A SEMIAUTOMATIC PISTOL THAT HAS AN ABILITY TO ACCEPT A  DETACHABLE
10 MAGAZINE AND HAS AT LEAST ONE OF THE FOLLOWING CHARACTERISTICS:
11   (I) A FOLDING OR TELESCOPING STOCK;
12   (II) A THUMBHOLE STOCK;
13   (III) A SECOND HANDGRIP OR A PROTRUDING GRIP THAT CAN BE HELD BY THE
14 NON-TRIGGER HAND;
15   (IV) CAPACITY TO ACCEPT AN AMMUNITION MAGAZINE THAT ATTACHES TO THE
16 PISTOL OUTSIDE OF THE PISTOL GRIP;
17   (V) A THREADED  BARREL CAPABLE OF ACCEPTING A BARREL EXTENDER, FLASH
18 SUPPRESSOR, FORWARD HANDGRIP, OR SILENCER;
19   (VI) A SHROUD THAT IS ATTACHED TO, OR PARTIALLY OR  COMPLETELY  ENCIR-
20 CLES, THE BARREL AND THAT PERMITS THE SHOOTER TO HOLD THE FIREARM WITH
21 THE NON-TRIGGER HAND WITHOUT BEING BURNED;
22   (VII) A MANUFACTURED WEIGHT OF FIFTY OUNCES OR MORE WHEN THE PISTOL IS
23 UNLOADED; OR
24   (VIII) A SEMIAUTOMATIC VERSION OF AN AUTOMATIC RIFLE, SHOTGUN OR
25 FIREARM;
26   (D) A REVOLVING CYLINDER SHOTGUN;
27   (E) A SEMIAUTOMATIC RIFLE, A SEMIAUTOMATIC SHOTGUN OR A SEMIAUTOMATIC
28 PISTOL OR WEAPON DEFINED IN SUBPARAGRAPH (V) OF PARAGRAPH (E) OF  SUBDI-
29 VISION  TWENTY-TWO OF SECTION 265.00 OF THIS CHAPTER AS ADDED BY CHAPTER
30 ONE HUNDRED EIGHTY-NINE OF THE LAWS OF TWO THOUSAND AND OTHERWISE
31 LAWFULLY POSSESSED PURSUANT TO SUCH CHAPTER OF THE LAWS OF TWO THOUSAND
32 PRIOR TO SEPTEMBER FOURTEENTH, NINETEEN HUNDRED NINETY-FOUR;
33   (F) A SEMIAUTOMATIC RIFLE, A SEMIAUTOMATIC SHOTGUN OR A  SEMIAUTOMATIC
34 PISTOL OR WEAPON DEFINED IN PARAGRAPH (A), (B) OR (C) OF THIS SUBDIVI-
35 SION, POSSESSED PRIOR TO THE DATE OF ENACTMENT OF THE CHAPTER OF THE
36 LAWS OF TWO THOUSAND THIRTEEN WHICH ADDED THIS PARAGRAPH;
37   (G) PROVIDED, HOWEVER, THAT SUCH TERM DOES NOT INCLUDE:
38   (I) ANY RIFLE, SHOTGUN OR PISTOL THAT (A) IS MANUALLY OPERATED BY
39 BOLT, PUMP, LEVER OR SLIDE ACTION; (B) HAS BEEN RENDERED PERMANENTLY
40 INOPERABLE; OR (C) IS AN ANTIQUE FIREARM AS DEFINED IN 18 U.S.C.
41 921(A)(16);
42   (II) A SEMIAUTOMATIC RIFLE THAT CANNOT ACCEPT A DETACHABLE MAGAZINE
43 THAT HOLDS MORE THAN FIVE ROUNDS OF AMMUNITION;
44   (III) A SEMIAUTOMATIC SHOTGUN THAT CANNOT HOLD MORE THAN FIVE ROUNDS
45 OF AMMUNITION IN A FIXED OR DETACHABLE MAGAZINE; OR
46   (IV) A RIFLE, SHOTGUN OR PISTOL, OR A REPLICA OR A DUPLICATE  THEREOF,
47 SPECIFIED IN APPENDIX A TO 18 U.S.C. 922 AS SUCH WEAPON WAS MANUFACTURED
48 ON OCTOBER FIRST, NINETEEN HUNDRED NINETY-THREE. THE MERE FACT THAT A
49 WEAPON IS NOT LISTED IN APPENDIX A SHALL NOT BE CONSTRUED TO MEAN THAT
50 SUCH WEAPON IS AN ASSAULT WEAPON;
51   (V) ANY WEAPON VALIDLY REGISTERED PURSUANT TO SUBDIVISION SIXTEEN-A OF
52 SECTION 400.00 OF THIS CHAPTER. SUCH WEAPONS SHALL BE SUBJECT TO THE
53 PROVISIONS OF PARAGRAPH (H) OF THIS SUBDIVISION;
54   (VI) ANY FIREARM, RIFLE, OR SHOTGUN THAT WAS MANUFACTURED AT LEAST
55 FIFTY YEARS PRIOR TO THE CURRENT DATE, BUT NOT INCLUDING REPLICAS THERE-

OF THAT IS VALIDLY REGISTERED PURSUANT TO SUBDIVISION SIXTEEN-A OF SECTION 400.00 OF THIS CHAPTER;

(H) ANY WEAPON DEFINED IN PARAGRAPH (E) OR (F) OF THIS SUBDIVISION AND ANY LARGE CAPACITY AMMUNITION FEEDING DEVICE THAT WAS LEGALLY POSSESSED BY AN INDIVIDUAL PRIOR TO THE ENACTMENT OF THE CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN WHICH ADDED THIS PARAGRAPH, MAY ONLY BE SOLD TO, EXCHANGED WITH OR DISPOSED OF TO A PURCHASER AUTHORIZED TO POSSESS SUCH WEAPONS OR TO AN INDIVIDUAL OR ENTITY OUTSIDE OF THE STATE PROVIDED THAT ANY SUCH TRANSFER TO AN INDIVIDUAL OR ENTITY OUTSIDE OF THE STATE MUST BE REPORTED TO THE ENTITY WHEREIN THE WEAPON IS REGISTERED WITHIN SEVENTY-TWO HOURS OF SUCH TRANSFER. AN INDIVIDUAL WHO TRANSFERS ANY SUCH WEAPON OR LARGE CAPACITY AMMUNITION DEVICE TO AN INDIVIDUAL INSIDE NEW YORK STATE OR WITHOUT COMPLYING WITH THE PROVISIONS OF THIS PARAGRAPH SHALL BE GUILTY OF A CLASS A MISDEMEANOR UNLESS SUCH LARGE CAPACITY AMMUNITION FEEDING DEVICE, THE POSSESSION OF WHICH IS MADE ILLEGAL BY THE CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN WHICH ADDED THIS PARAGRAPH, IS TRANSFERRED WITHIN ONE YEAR OF THE EFFECTIVE DATE OF THE CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN WHICH ADDED THIS PARAGRAPH.

S 38. Subdivision 23 of section 265.00 of the penal law, as added by chapter 189 of the laws of 2000, is amended to read as follows:

23. "Large capacity ammunition feeding device" means a magazine, belt, drum, feed strip, or similar device, [manufactured after September thirteenth, nineteen hundred ninety-four,] that (A) has a capacity of, or that can be readily restored or converted to accept, more than ten rounds of ammunition, OR (B) CONTAINS MORE THAN SEVEN ROUNDS OF AMMUNITION, OR (C) IS OBTAINED AFTER THE EFFECTIVE DATE OF THE CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN WHICH AMENDED THIS SUBDIVISION AND HAS A CAPACITY OF, OR THAT CAN BE READILY RESTORED OR CONVERTED TO ACCEPT, MORE THAN SEVEN ROUNDS OF AMMUNITION; provided, however, that such term does not include an attached tubular device designed to accept, and capable of operating only with, .22 caliber rimfire ammunition OR A FEEDING DEVICE THAT IS A CURIO OR RELIC. A FEEDING DEVICE THAT IS A CURIO OR RELIC IS DEFINED AS A DEVICE THAT (I) WAS MANUFACTURED AT LEAST FIFTY YEARS PRIOR TO THE CURRENT DATE, (II) IS ONLY CAPABLE OF BEING USED EXCLUSIVELY IN A FIREARM, RIFLE, OR SHOTGUN THAT WAS MANUFACTURED AT LEAST FIFTY YEARS PRIOR TO THE CURRENT DATE, BUT NOT INCLUDING REPLICAS THEREOF, (III) IS POSSESSED BY AN INDIVIDUAL WHO IS NOT PROHIBITED BY STATE OR FEDERAL LAW FROM POSSESSING A FIREARM AND (IV) IS REGISTERED WITH THE DIVISION OF STATE POLICE PURSUANT TO SUBDIVISION SIXTEEN-A OF SECTION 400.00 OF THIS CHAPTER, EXCEPT SUCH FEEDING DEVICES TRANSFERRED INTO THE STATE MAY BE REGISTERED AT ANY TIME, PROVIDED THEY ARE REGISTERED WITHIN THIRTY DAYS OF THEIR TRANSFER INTO THE STATE. NOTWITHSTANDING PARAGRAPH (H) OF SUBDIVISION TWENTY-TWO OF THIS SECTION, SUCH FEEDING DEVICES MAY BE TRANSFERRED PROVIDED THAT SUCH TRANSFER SHALL BE SUBJECT TO THE PROVISIONS OF SECTION 400.03 OF THIS CHAPTER INCLUDING THE CHECK REQUIRED TO BE CONDUCTED PURSUANT TO SUCH SECTION.

S 39. Section 265.00 of the penal law is amended by adding a new subdivision 24 to read as follows:

24. "SELLER OF AMMUNITION" MEANS ANY PERSON, FIRM, PARTNERSHIP, CORPORATION OR COMPANY WHO ENGAGES IN THE BUSINESS OF PURCHASING, SELLING OR KEEPING AMMUNITION.

S 40. Section 265.01 of the penal law, as added by chapter 1041 of the laws of 1974, subdivision 1 as amended by chapter 257 of the laws of 2008, subdivision 2 as amended by chapter 220 of the laws of 1988, subdivision 3 as amended by chapter 199 of the laws of 2006, subdivision 4 as amended by chapter 357 of the laws of 2011, subdivision 7 as added

1  by chapter 807 of the laws of 1981, and subdivision 8 as added by  chap-
2  ter 646 of the laws of 1986, is amended to read as follows:
3  S 265.01 Criminal possession of a weapon in the fourth degree.
4      A  person  is  guilty of criminal possession of a weapon in the fourth
5  degree when:
6      (1) He or she possesses any firearm, electronic dart gun,  electronic
7  stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal
8  knuckle knife, cane sword, billy, blackjack, bludgeon, plastic knuckles,
9  metal knuckles, chuka stick, sand bag, sandclub, wrist-brace type sling-
10 shot or slungshot, shirken or "Kung Fu star"; or
11     (2)  He  possesses any dagger, dangerous knife, dirk, razor, stiletto,
12 imitation pistol, or any other dangerous or deadly instrument or  weapon
13 with intent to use the same unlawfully against another; or
14     (3) [He or she knowingly has in his or her possession a rifle, shotgun
15 or  firearm  in  or  upon  a building or grounds, used for educational
16 purposes, of any school, college or university, except  the  forestry
17 lands, wherever located, owned and maintained by the State University of
18 New York college of environmental science and forestry, or upon a school
19 bus as defined in section one hundred forty-two of the vehicle and traf-
20 fic  law, without the written authorization of such educational institu-
21 tion]; or
22     (4) He possesses a  rifle,  shotgun,  antique  firearm,  black  powder
23 rifle, black powder shotgun, or any muzzle-loading firearm, and has been
24 convicted of a felony or serious offense; or
25     (5)  He  possesses any dangerous or deadly weapon and is not a citizen
26 of the United States; or
27     (6) He is a person who has been certified not suitable  to  possess  a
28 rifle  or  shotgun, as defined in subdivision sixteen of section 265.00,
29 and refuses to yield possession of such rifle or shotgun upon the demand
30 of a police officer. Whenever a person  is  certified  not  suitable  to
31 possess  a  rifle or shotgun, a member of the police department to which
32 such certification is made, or of  the  state  police,  shall  forthwith
33 seize  any rifle or shotgun possessed by such person. A rifle or shotgun
34 seized as herein provided shall not be destroyed, but shall be delivered
35 to the headquarters of such police  department,  or  state  police,  and
36 there retained until the aforesaid certificate has been rescinded by the
37 director  or  physician in charge, or other disposition of such rifle or
38 shotgun has been ordered or authorized by a court of competent jurisdic-
39 tion.
40     (7) He knowingly possesses a bullet containing an explosive  substance
41 designed to detonate upon impact.
42     (8)  He possesses any armor piercing ammunition with intent to use the
43 same unlawfully against another.
44     Criminal possession of a weapon in the fourth  degree  is  a  class  A
45 misdemeanor.
46     S  41.  The  penal  law is amended by adding a new section 265.01-a to
47 read as follows:
48 S 265.01-A. CRIMINAL POSSESSION OF A WEAPON ON SCHOOL GROUNDS.
49     A PERSON IS GUILTY OF  CRIMINAL  POSSESSION  OF  A  WEAPON  ON  SCHOOL
50 GROUNDS  WHEN  HE OR SHE KNOWINGLY HAS IN HIS OR HER POSSESSION A RIFLE,
51 SHOTGUN, OR FIREARM IN OR UPON A BUILDING OR GROUNDS,  USED  FOR  EDUCA-
52 TIONAL  PURPOSES,  OF  ANY  SCHOOL,  COLLEGE, OR UNIVERSITY, EXCEPT THE
53 FORESTRY LANDS, WHEREVER LOCATED, OWNED AND  MAINTAINED  BY  THE  STATE
54 UNIVERSITY OF NEW YORK COLLEGE OF ENVIRONMENTAL SCIENCE AND FORESTRY, OR
55 UPON  A  SCHOOL  BUS  AS DEFINED IN SECTION ONE HUNDRED FORTY-TWO OF THE

```
 1  VEHICLE AND TRAFFIC LAW,  WITHOUT  THE  WRITTEN  AUTHORIZATION  OF  SUCH
 2  EDUCATIONAL INSTITUTION.
 3    CRIMINAL POSSESSION OF A WEAPON ON SCHOOL GROUNDS IS A CLASS E FELONY.
 4    S  41-a.  The penal law is amended by adding a new section 265.01-b to
 5  read as follows:
 6  S 265.01-B CRIMINAL POSSESSION OF A FIREARM.
 7    A PERSON IS GUILTY OF CRIMINAL POSSESSION OF A FIREARM WHEN HE OR SHE:
 8  (1) POSSESSES ANY FIREARM OR; (2) LAWFULLY POSSESSES A FIREARM PRIOR  TO
 9  THE  EFFECTIVE  DATE OF THE CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN
10  WHICH ADDED THIS SECTION SUBJECT TO  THE  REGISTRATION  REQUIREMENTS  OF
11  SUBDIVISION  SIXTEEN-A  OF  SECTION 400.00 OF THIS CHAPTER AND KNOWINGLY
12  FAILS TO REGISTER SUCH FIREARM PURSUANT TO SUCH SUBDIVISION.
13    CRIMINAL POSSESSION OF A FIREARM IS A CLASS E FELONY.
14    S 41-b. Subdivision 8 of section 265.02 of the penal law,  as  amended
15  by  chapter 764 of the laws of 2005, is amended and two new subdivisions
16  9 and 10 are added to read as follows:
17    (8) Such person possesses a large capacity ammunition feeding  device.
18  FOR  PURPOSES  OF  THIS SUBDIVISION, A LARGE CAPACITY AMMUNITION FEEDING
19  DEVICE SHALL NOT INCLUDE AN AMMUNITION FEEDING DEVICE LAWFULLY POSSESSED
20  BY SUCH PERSON BEFORE THE EFFECTIVE DATE OF THE CHAPTER OF THE  LAWS  OF
21  TWO  THOUSAND THIRTEEN WHICH AMENDED THIS SUBDIVISION, THAT HAS A CAPACI-
22  TY  OF, OR THAT CAN BE READILY RESTORED OR CONVERTED TO ACCEPT MORE THAN
23  SEVEN BUT LESS THAN ELEVEN ROUNDS OF AMMUNITION, OR  THAT  WAS  MANUFAC-
24  TURED  BEFORE  SEPTEMBER  THIRTEENTH, NINETEEN HUNDRED NINETY-FOUR, THAT
25  HAS A CAPACITY OF, OR THAT CAN  BE  READILY  RESTORED  OR  CONVERTED  TO
26  ACCEPT, MORE THAN TEN ROUNDS OF AMMUNITION; OR
27    (9)  SUCH PERSON POSSESSES AN UNLOADED FIREARM AND ALSO COMMITS A DRUG
28  TRAFFICKING FELONY AS DEFINED IN SUBDIVISION TWENTY-ONE OF SECTION 10.00
29  OF THIS CHAPTER AS PART OF THE SAME CRIMINAL TRANSACTION; OR
30    (10) SUCH PERSON POSSESSES AN UNLOADED FIREARM AND  ALSO  COMMITS  ANY
31  VIOLENT FELONY OFFENSE AS DEFINED IN SUBDIVISION ONE OF SECTION 70.02 OF
32  THIS CHAPTER AS PART OF THE SAME CRIMINAL TRANSACTION.
33    S  42.  Subdivision  2 of section 265.09 of the penal law, as added by
34  chapter 650 of the laws of 1996, is amended to read as follows:
35    (2) Sentencing. Notwithstanding any other  provision  of  law  to  the
36  contrary,  when a person is convicted of criminal use of a firearm in the
37  first  degree  as  defined in subdivision one of this section, the court
38  shall impose an additional consecutive sentence of  five  years  to  the
39  [minimum  term  of  an indeterminate] sentence imposed on the underlying
40  class B violent felony offense where the person convicted of such  crime
41  displays a loaded weapon from which a shot, readily capable of producing
42  death  or  other serious injury may be discharged, in furtherance of the
43  commission  of  such  crime,  provided,  however,  that such additional
44  sentence  shall not be imposed if the court, having regard to the nature
45  and circumstances of the crime and to the history and character  of  the
46  defendant, finds on the record that such additional consecutive sentence
47  would  be  unduly  harsh  and  that  not imposing such sentence would be
48  consistent with the public safety and would not deprecate  the  serious-
49  ness  of  the  crime.   Notwithstanding any other provision of law to the
50  contrary, the aggregate of the five year consecutive term imposed pursu-
51  ant to this subdivision and  the  minimum  term  of  the  indeterminate
52  sentence  imposed on the underlying class B violent felony shall consti-
53  tute the new aggregate  minimum  term  of  imprisonment,  and  a  person
54  subject  to  such  term  shall be required to serve the entire aggregate
55  minimum term and shall not be eligible for release on parole  or  condi-
56  tional  release during such term. This subdivision shall not apply where
```

```
 1  the defendant's criminal liability for displaying a loaded  weapon  from
 2  which a shot, readily capable of producing death or other serious injury
 3  may be discharged, in furtherance of the commission of crime is based on
 4  the conduct of another pursuant to section 20.00 of [the penal law] THIS
 5  CHAPTER.
 6    S  43. Section 265.17 of the penal law, as added by chapter 189 of the
 7  laws of 2000, is amended to read as follows:
 8  S 265.17 Criminal purchase OR DISPOSAL of a weapon.
 9    A person is guilty of criminal purchase OR DISPOSAL of a weapon when:
10    1. Knowing that he or she is  prohibited  by  law  from  possessing  a
11  firearm,  rifle  or  shotgun because of a prior conviction or because of
12  some other disability which  would  render  him  or  her  ineligible  to
13  lawfully  possess a firearm, rifle or shotgun in this state, such person
14  [attempts to purchase] PURCHASES a firearm, rifle or shotgun from anoth-
15  er person; or
16    2. Knowing that it would be unlawful for another person to  possess  a
17  firearm, rifle or shotgun, he or she purchases a firearm, rifle or shot-
18  gun for, on behalf of, or for the use of such other person[.]; OR
19    3.  KNOWING THAT ANOTHER PERSON IS PROHIBITED BY LAW FROM POSSESSING A
20  FIREARM, RIFLE OR SHOTGUN BECAUSE OF A PRIOR CONVICTION  OR  BECAUSE  OF
21  SOME  OTHER  DISABILITY  WHICH  WOULD RENDER HIM OR HER INELIGIBLE TO
22  LAWFULLY POSSESS A FIREARM, RIFLE OR SHOTGUN IN  THIS  STATE,  A  PERSON
23  DISPOSES OF A FIREARM, RIFLE OR SHOTGUN TO SUCH OTHER PERSON.
24    Criminal purchase OR DISPOSAL of a weapon is a class [A misdemeanor] D
25  FELONY.
26    S 44. Intentionally omitted.
27    S  45. The penal law is amended by adding a new section 265.19 to read
28  as follows:
29  S 265.19 AGGRAVATED CRIMINAL POSSESSION OF A WEAPON.
30    A PERSON IS GUILTY OF AGGRAVATED CRIMINAL POSSESSION OF A WEAPON  WHEN
31  HE  OR  SHE  COMMITS THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE
32  SECOND DEGREE AS DEFINED IN SUBDIVISION THREE OF SECTION 265.03 OF  THIS
33  ARTICLE AND ALSO COMMITS ANY VIOLENT FELONY OFFENSE AS DEFINED IN SUBDI-
34  VISION ONE OF SECTION 70.02 OF THIS CHAPTER OR A DRUG TRAFFICKING FELONY
35  AS  DEFINED  IN  SUBDIVISION TWENTY-ONE OF SECTION 10.00 OF THIS CHAPTER
36  ARISING OUT OF THE SAME CRIMINAL TRANSACTION.
37    AGGRAVATED CRIMINAL POSSESSION OF A WEAPON IS A CLASS C FELONY.
38    S 46. Paragraph 3 of subdivision a of section 265.20 of the penal law,
39  as amended by chapter 210 of the laws of 1999,  is  amended  and  a  new
40  paragraph 7-f is added to read as follows:
41    3.  Possession  of  a pistol or revolver by a person to whom a license
42  therefor has been issued as provided under section 400.00 or  400.01  of
43  this  chapter  OR  POSSESSION OF A WEAPON AS DEFINED IN PARAGRAPH (E) OR
44  (F) OF SUBDIVISION TWENTY-TWO OF SECTION 265.00 OF THIS ARTICLE WHICH IS
45  REGISTERED PURSUANT TO PARAGRAPH (A) OF SUBDIVISION SIXTEEN-A OF SECTION
46  400.00 OF THIS CHAPTER OR IS  INCLUDED  ON  AN  AMENDED  LICENSE  ISSUED
47  PURSUANT  TO  SECTION 400.00 OF THIS CHAPTER.  IN THE EVENT SUCH LICENSE
48  IS REVOKED, OTHER THAN BECAUSE SUCH LICENSEE IS NO LONGER  PERMITTED  TO
49  POSSESS A FIREARM, RIFLE OR SHOTGUN UNDER FEDERAL OR STATE LAW, INFORMA-
50  TION  SUFFICIENT TO SATISFY THE REQUIREMENTS OF SUBDIVISION SIXTEEN-A OF
51  SECTION 400.00 OF THIS CHAPTER, SHALL BE  TRANSMITTED  BY  THE  LICENSING
52  OFFICER  TO THE STATE POLICE, IN A FORM AS DETERMINED BY THE SUPERINTEN-
53  DENT OF STATE POLICE. SUCH TRANSMISSION SHALL CONSTITUTE A VALID  REGIS-
54  TRATION UNDER SUCH SECTION.  FURTHER PROVIDED, NOTWITHSTANDING ANY OTHER
55  SECTION  OF THIS TITLE, A FAILURE TO REGISTER SUCH WEAPON BY AN INDIVID-
56  UAL WHO POSSESSES SUCH WEAPON BEFORE THE ENACTMENT OF THE CHAPTER OF THE
```

1  LAWS OF TWO THOUSAND THIRTEEN WHICH AMENDED THIS PARAGRAPH  AND  MAY  SO
2  LAWFULLY  POSSESS IT THEREAFTER UPON REGISTRATION, SHALL ONLY BE SUBJECT
3  TO PUNISHMENT PURSUANT TO PARAGRAPH  (C)  OF  SUBDIVISION  SIXTEEN-A  OF
4  SECTION  400.00  OF THIS CHAPTER; provided, that such a license OR REGIS-
5  TRATION shall not preclude a  conviction  for  the  offense  defined  in
6  subdivision  three of section 265.01 of this article OR SECTION 265.01-A
7  OF THIS ARTICLE.
8      7-F. POSSESSION AND USE OF A MAGAZINE, BELT,  FEED  STRIP  OR  SIMILAR
9  DEVICE,  THAT  CONTAINS  MORE  THAN SEVEN ROUNDS OF AMMUNITION, BUT THAT
10  DOES NOT HAVE A CAPACITY OF OR CAN READILY BE RESTORED OR  CONVERTED  TO
11  ACCEPT  MORE  THAN  TEN  ROUNDS  OF  AMMUNITION, AT AN INDOOR OR OUTDOOR
12  FIRING RANGE LOCATED IN OR ON PREMISES OWNED OR OCCUPIED  BY  A  DULY
13  INCORPORATED  ORGANIZATION  ORGANIZED  FOR  CONSERVATION  PURPOSES OR TO
14  FOSTER PROFICIENCY IN ARMS; AT AN INDOOR OR OUTDOOR FIRING RANGE FOR THE
15  PURPOSE OF FIRING A RIFLE OR SHOTGUN; AT A COLLEGIATE, OLYMPIC OR TARGET
16  SHOOTING COMPETITION UNDER THE AUSPICES OF OR APPROVED BY  THE  NATIONAL
17  RIFLE  ASSOCIATION;  OR AT AN ORGANIZED MATCH SANCTIONED BY THE INTERNA-
18  TIONAL HANDGUN METALLIC SILHOUETTE ASSOCIATION.
19      S 46-a. The penal law is amended by adding two new sections 265.36 and
20  265.37 to read as follows:
21  S 265.36 UNLAWFUL POSSESSION OF  A  LARGE  CAPACITY  AMMUNITION  FEEDING
22          DEVICE.
23      IT SHALL BE UNLAWFUL FOR A PERSON TO KNOWINGLY POSSESS A LARGE CAPACI-
24  TY  AMMUNITION  FEEDING DEVICE MANUFACTURED BEFORE SEPTEMBER THIRTEENTH,
25  NINETEEN HUNDRED NINETY-FOUR, AND IF SUCH PERSON LAWFULLY POSSESSED SUCH
26  LARGE CAPACITY FEEDING DEVICE BEFORE THE EFFECTIVE DATE OF  THE   CHAPTER
27  OF  THE LAWS OF TWO THOUSAND THIRTEEN WHICH ADDED THIS SECTION, THAT HAS
28  A CAPACITY OF, OR THAT CAN BE READILY RESTORED OR CONVERTED  TO  ACCEPT,
29  MORE THAN TEN ROUNDS OF AMMUNITION.
30      AN  INDIVIDUAL WHO HAS A REASONABLE BELIEF THAT SUCH DEVICE IS OF SUCH
31  A CHARACTER THAT IT MAY LAWFULLY BE  POSSESSED  AND  WHO  SURRENDERS  OR
32  LAWFULLY DISPOSES OF SUCH DEVICE WITHIN THIRTY DAYS OF BEING NOTIFIED BY
33  LAW  ENFORCEMENT  OR  COUNTY LICENSING OFFICIALS THAT SUCH POSSESSION IS
34  UNLAWFUL SHALL NOT BE GUILTY OF THIS OFFENSE. IT SHALL BE  A  REBUTTABLE
35  PRESUMPTION  THAT  SUCH PERSON KNOWS THAT SUCH LARGE CAPACITY AMMUNITION
36  FEEDING DEVICE MAY NOT BE LAWFULLY POSSESSED  IF  HE  OR  SHE  HAS  BEEN
37  CONTACTED  BY LAW ENFORCEMENT OR COUNTY LICENSING OFFICIALS AND INFORMED
38  THAT SUCH DEVICE MAY NOT BE LAWFULLY POSSESSED.
39      UNLAWFUL POSSESSION OF A LARGE CAPACITY AMMUNITION FEEDING DEVICE IS A
40  CLASS A MISDEMEANOR.
41  S 265.37 UNLAWFUL POSSESSION OF CERTAIN AMMUNITION FEEDING DEVICES.
42      IT SHALL BE UNLAWFUL FOR A PERSON TO KNOWINGLY POSSESS  AN  AMMUNITION
43  FEEDING  DEVICE THAT SUCH PERSON LAWFULLY POSSESSED BEFORE THE EFFECTIVE
44  DATE OF THE CHAPTER OF THE LAWS OF TWO  THOUSAND  THIRTEEN  WHICH  ADDED
45  THIS SECTION, THAT HAS A CAPACITY OF, OR THAT CAN BE READILY RESTORED OR
46  CONVERTED  TO ACCEPT MORE THAN SEVEN BUT LESS THAN TEN ROUNDS OF AMMUNI-
47  TION, WHERE SUCH DEVICE CONTAINS MORE THAN SEVEN ROUNDS OF AMMUNITION.
48      IF SUCH DEVICE CONTAINING MORE THAN  SEVEN  ROUNDS  OF  AMMUNITION  IS
49  POSSESSED WITHIN THE HOME OF THE POSSESSOR, THE PERSON SO POSSESSING THE
50  DEVICE  SHALL, FOR A FIRST OFFENSE, BE GUILTY OF A VIOLATION AND SUBJECT
51  TO A FINE OF TWO HUNDRED DOLLARS, AND FOR A SECOND OFFENSE, BE GUILTY OF
52  A CLASS B MISDEMEANOR AND SUBJECT TO A FINE OF TWO HUNDRED DOLLARS AND A
53  TERM OF UP TO THREE MONTHS IMPRISONMENT.
54      IF SUCH DEVICE CONTAINING MORE THAN  SEVEN  ROUNDS  OF  AMMUNITION  IS
55  POSSESSED  IN  ANY  LOCATION  OTHER  THAN THE HOME OF THE POSSESSOR, THE
56  PERSON SO POSSESSING THE DEVICE SHALL, FOR A FIRST OFFENSE, BE GUILTY OF

1  A CLASS B MISDEMEANOR AND SUBJECT TO A FINE OF TWO HUNDRED DOLLARS AND A
2  TERM OF UP TO SIX MONTHS IMPRISONMENT, AND FOR A SECOND OFFENSE, BE
3  GUILTY OF A CLASS A MISDEMEANOR.
4     S 47. The penal law is amended by adding a new section 265.45 to read
5  as follows:
6  S 265.45 SAFE STORAGE OF RIFLES, SHOTGUNS, AND FIREARMS.
7     NO PERSON WHO OWNS OR IS CUSTODIAN OF A RIFLE, SHOTGUN OR FIREARM  WHO
8  RESIDES  WITH  AN INDIVIDUAL WHO SUCH PERSON KNOWS OR HAS REASON TO KNOW
9  IS PROHIBITED FROM POSSESSING A FIREARM PURSUANT TO 18 U.S.C.  S  922(G)
10 (1),  (4), (8) OR (9) SHALL STORE OR OTHERWISE LEAVE SUCH RIFLE, SHOTGUN
11 OR FIREARM OUT OF HIS OR HER IMMEDIATE  POSSESSION  OR  CONTROL  WITHOUT
12 HAVING FIRST SECURELY LOCKED SUCH RIFLE, SHOTGUN OR FIREARM IN AN APPRO-
13 PRIATE  SAFE  STORAGE DEPOSITORY OR RENDERED IT INCAPABLE OF BEING FIRED
14 BY USE OF A GUN LOCKING DEVICE APPROPRIATE TO THAT WEAPON. FOR  PURPOSES
15 OF  THIS  SECTION  "SAFE  STORAGE DEPOSITORY" SHALL MEAN A SAFE OR OTHER
16 SECURE CONTAINER WHICH, WHEN LOCKED, IS INCAPABLE OF BEING OPENED  WITH-
17 OUT  THE KEY, COMBINATION OR OTHER UNLOCKING MECHANISM AND IS CAPABLE OF
18 PREVENTING  AN  UNAUTHORIZED  PERSON  FROM  OBTAINING  ACCESS  TO   AND
19 POSSESSION  OF  THE  WEAPON CONTAINED THEREIN.  WITH RESPECT TO A PERSON
20 WHO IS PROHIBITED FROM  POSSESSING  A  FIREARM  PURSUANT  TO  18  USC  S
21 922(G)(9),  FOR  PURPOSES  OF THIS SECTION, THIS SECTION APPLIES ONLY IF
22 SUCH PERSON HAS BEEN CONVICTED OF A CRIME INCLUDED IN SUBDIVISION ONE OF
23 SECTION 370.15 OF THE CRIMINAL PROCEDURE LAW AND SUCH GUN  IS  POSSESSED
24 WITHIN FIVE YEARS FROM THE LATER OF THE DATE OF CONVICTION OR COMPLETION
25 OF SENTENCE.
26    A VIOLATION OF THIS SECTION SHALL CONSTITUTE A CLASS A MISDEMEANOR.
27    S  48.  Subdivision 1, paragraph (a) of subdivision 3, subdivisions 4,
28 5, 9, 10, 11, 12 and 15 of section 400.00 of the penal law,  subdivision
29 1 as amended by chapter 189 of the laws of 2000, paragraph (a) of subdi-
30 vision 3 as designated by chapter 778 of the laws of 1985, subdivision 4
31 as  amended by chapter 331 of the laws of 2005, subdivision 5 as amended
32 by chapter 332 of the laws of 1994, subdivision 9 as amended by  chapter
33 172 of the laws of 1973, subdivision 10 as amended by chapter 447 of the
34 laws  of  1997,  subdivision 11 as amended by chapter 210 of the laws of
35 1999, and subdivision 12 as amended by chapter 449 of the laws of  1993,
36 are  amended and two new subdivisions 16-a and 16-b are added to read as
37 follows:
38    1. Eligibility. No license shall be issued or renewed pursuant to this
39 section except by the licensing officer, and then  only  after  investi-
40 gation  and  finding  that  all statements in a proper application for a
41 license are true. No license shall be issued or renewed  except  for  an
42 applicant  (a) twenty-one years of age or older, provided, however, that
43 where such applicant has  been  honorably  discharged  from  the  United
44 States  army,  navy,  marine  corps,  air  force or coast guard, or the
45 national guard of the state of New York, no such age  restriction  shall
46 apply;  (b)  of  good  moral  character;  (c) who has not been convicted
47 anywhere of a felony or a serious offense; (d) WHO  IS  NOT  A  FUGITIVE
48 FROM  JUSTICE;  (E)  WHO  IS  NOT AN UNLAWFUL USER OF OR ADDICTED TO ANY
49 CONTROLLED SUBSTANCE AS DEFINED IN SECTION 21 U.S.C. 802; (F) WHO  BEING
50 AN ALIEN (I) IS NOT ILLEGALLY OR UNLAWFULLY IN THE UNITED STATES OR (II)
51 HAS  NOT  BEEN  ADMITTED  TO THE UNITED STATES UNDER A NONIMMIGRANT VISA
52 SUBJECT TO THE EXCEPTION IN 18 U.S.C. 922(Y)(2); (G) WHO  HAS  NOT  BEEN
53 DISCHARGED FROM THE ARMED FORCES UNDER DISHONORABLE CONDITIONS; (H) WHO,
54 HAVING BEEN A CITIZEN OF THE UNITED STATES, HAS NOT RENOUNCED HIS OR HER
55 CITIZENSHIP;  (I) who has stated whether he or she has ever suffered any
56 mental illness [or been confined to any hospital or institution, public

```
 1  or  private,  for  mental  illness];  (J)  WHO  HAS  NOT  BEEN  INVOLUNTARILY
 2  COMMITTED  TO  A  FACILITY  UNDER  THE   JURISDICTION   OF   AN   OFFICE   OF   THE
 3  DEPARTMENT  OF  MENTAL  HYGIENE  PURSUANT  TO  ARTICLE  NINE  OR  FIFTEEN  OF  THE
 4  MENTAL  HYGIENE  LAW,   ARTICLE  SEVEN  HUNDRED  THIRTY  OR  SECTION  330.20  OF
 5  THE  CRIMINAL  PROCEDURE  LAW,  SECTION  FOUR  HUNDRED   TWO   OR   FIVE   HUNDRED
 6  EIGHT  OF  THE  CORRECTION  LAW,  SECTION  322.2  OR  353.4  OF  THE  FAMILY  COURT
 7  ACT,  OR  HAS  NOT  BEEN  CIVILLY  CONFINED  IN  A   SECURE   TREATMENT   FACILITY
 8  PURSUANT  TO  ARTICLE  TEN  OF  THE  MENTAL  HYGIENE  LAW;  [(e)]  (K)  who  has  not
 9  had   a  license  revoked  or  who  is  not  under  a  suspension  or  ineligibility
10  order  issued  pursuant  to  the  provisions  of  section  530.14  of  the  crimi-
11  nal  procedure  law  or  section  eight  hundred  forty-two-a  of  the  family
12  court  act;  [(f)]  (L)  in  the  county  of  Westchester,  who  has  successfully
13  completed   a  firearms  safety  course  and  test  as  evidenced  by  a  certif-
14  icate  of  completion  issued  in  his  or  her  name  and  endorsed  and  affirmed
15  under   the  penalties  of  perjury  by  a  duly  authorized  instructor,  except
16  that:  (i)  persons  who  are  honorably  discharged  from  the  United  States
17  army,  navy,  marine  corps  or  coast  guard,  or  of  the  national  guard  of  the
18  state   of  New  York,   and  produce  evidence  of  official  qualification  in
19  firearms  during  the  term  of  service  are  not  required  to  have   completed
20  those   hours   of   a   firearms   safety  course  pertaining  to  the  safe  use,
21  carrying,  possession,  maintenance  and  storage  of  a  firearm;  and  (ii)
22  persons   who  were  licensed  to  possess  a  pistol  or  revolver  prior  to  the
23  effective  date  of  this  paragraph  are  not  required  to  have   completed   a
24  firearms  safety  course  and  test;  [and  (g)]  (M)  WHO  HAS  NOT  HAD  A  GUARDI-
25  AN   APPOINTED   FOR   HIM   OR   HER  PURSUANT  TO  ANY  PROVISION  OF  STATE  LAW,
26  BASED  ON  A  DETERMINATION  THAT  AS  A  RESULT  OF  MARKED   SUBNORMAL   INTELLI-
27  GENCE,  MENTAL  ILLNESS,  INCAPACITY,  CONDITION  OR  DISEASE,  HE  OR  SHE  LACKS
28  THE   MENTAL   CAPACITY   TO  CONTRACT  OR  MANAGE  HIS  OR  HER  OWN  AFFAIRS;  AND
29  (N)  concerning  whom  no  good  cause  exists  for  the  denial  of  the   license.
30  No  person  shall  engage  in  the  business  of  gunsmith  or  dealer  in  firearms
31  unless  licensed  pursuant  to  this  section.  An  applicant  to  engage  in  such
32  business   shall   also  be  a  citizen  of  the  United  States,  more  than  twen-
33  ty-one  years  of  age  and  maintain  a  place  of  business  in  the  city  or
34  county   where  the  license  is  issued.  For  such  business,  if  the  applicant
35  is  a  firm  or  partnership,  each  member  thereof  shall  comply  with  all   of
36  the  requirements  set  forth  in  this  subdivision  and  if  the  applicant  is  a
37  corporation,  each  officer  thereof  shall  so  comply.
38      (a)   Applications   shall  be  made  and  renewed,  in  the  case  of  a  license
39  to  carry  or  possess  a  pistol  or  revolver,  to  the  licensing  officer  in
40  the  city  or  county,  as  the  case  may  be,  where  the  applicant  resides,  is
41  principally  employed  or  has  his  OR  HER  principal  place  of  business  as
42  merchant  or  storekeeper;  and,  in  the  case  of  a  license  as  gunsmith  or
43  dealer  in  firearms,  to  the  licensing  officer  where  such  place  of  busi-
44  ness   is   located.  Blank  applications  shall,  except  in  the  city  of  New
45  York,  be  approved  as  to  form  by  the  superintendent  of  state  police.   An
46  application  shall  state  the  full  name,  date  of  birth,  residence,  present
47  occupation  of  each  person  or  individual  signing  the  same,  whether  or  not
48  he  OR  SHE  is  a  citizen  of  the  United  States,  whether  or  not  he  OR  SHE
49  complies  with  each  requirement  for  eligibility  specified  in  subdivision
50  one  of  this  section  and  such  other  facts  as  may  be  required  to  show  the
51  good  character,  competency  and  integrity  of  each  person  or  individual
52  signing  the  application.  An  application  shall  be  signed  and  verified  by
53  the  applicant.  Each  individual  signing  an  application  shall   submit   one
54  photograph   of  himself  OR  HERSELF  and  a  duplicate  for  each  required  copy
55  of  the  application.  Such  photographs  shall  have  been  taken  within  thirty
56  days  prior  to  filing  the  application.  In  case  of  a  license  as   gunsmith
```

1  or  dealer  in  firearms,  the photographs submitted shall be two inches
2  square,  and the application shall also state the previous occupation  of
3  each  individual  signing the same and the location of the place of such
4  business,  or  of the bureau, agency, subagency, office or branch office
5  for which the license is sought, specifying the name of the city,  town
6  or  village,  indicating the street and number and otherwise giving such
7  apt description as to point out reasonably the location thereof. In such
8  case, if the applicant is a firm, partnership or corporation, its  name,
9  date  and  place  of formation, and principal place of business shall be
10 stated. For such firm or partnership, the application shall  be  signed
11 and  verified  by  each individual composing or intending to compose the
12 same, and for such corporation, by each officer thereof.
13     4. Investigation. Before a license is issued or renewed,  there  shall
14 be an investigation of all statements required in the application by the
15 duly  constituted police authorities of the locality where such applica-
16 tion is made, INCLUDING BUT NOT LIMITED TO SUCH RECORDS AS MAY BE ACCES-
17 SIBLE TO THE DIVISION OF STATE POLICE OR DIVISION  OF  CRIMINAL  JUSTICE
18 SERVICES  PURSUANT TO SECTION 400.02 OF THIS ARTICLE.  For that purpose,
19 the records of the  appropriate  office  of  the  department  of  mental
20 hygiene  concerning  previous or present mental illness of the applicant
21 shall be available for inspection by the investigating officer  of  the
22 police  authority.  In order to ascertain any previous criminal record,
23 the  investigating  officer  shall  take  the  fingerprints  and physical
24 descriptive data in quadruplicate of each individual by whom the appli-
25 cation is signed and verified. Two copies of such fingerprints shall  be
26 taken  on  standard  fingerprint cards eight inches square, and one copy
27 may be taken on a card supplied for that purpose by the  federal  bureau
28 of  investigation;  provided,  however,  that in the case of a corporate
29 applicant that has already been issued a dealer in firearms license  and
30 seeks  to  operate  a  firearm dealership at a second or subsequent
31 location, the original fingerprints on file may be used to ascertain any
32 criminal record in the second or subsequent application  unless  any  of
33 the  corporate  officers  have  changed  since the prior application, in
34 which case the new  corporate  officer  shall  comply  with  procedures
35 governing  an  initial application for such license. When completed, one
36 standard card shall be forwarded to and retained  by  the  division  of
37 criminal  justice  services  in  the  executive department, at Albany. A
38 search of the files of such division and  written  notification  of  the
39 results of the search to the investigating officer shall be made without
40 unnecessary delay.  Thereafter, such division shall notify the licensing
41 officer  and the executive department, division of state police, Albany,
42 of any criminal record of the applicant filed therein subsequent to  the
43 search  of its files. A second standard card, or the one supplied by the
44 federal bureau of investigation, as the case may be, shall be  forwarded
45 to that bureau at Washington with a request that the files of the bureau
46 be searched and notification of the results of the search be made to the
47 investigating  police  authority. [The failure or refusal of the federal
48 bureau of investigation to make the fingerprint check provided for  in
49 this  section shall not constitute the sole basis for refusal to issue a
50 permit pursuant to the provisions of this section.] Of the remaining two
51 fingerprint cards, one shall be filed with the  executive  department,
52 division  of state police, Albany, within ten days after issuance of the
53 license, and the other remain on  file  with  the  investigating  police
54 authority.  No  such  fingerprints  may be inspected by any person other
55 than a peace officer, who is acting pursuant to his special duties, or a
56 police officer, except on order of a judge or  justice  of  a  court  of

1  record  either  upon  notice  to  the licensee or without notice, as the
2  judge or justice may deem appropriate. Upon completion of  the  investi-
3  gation,  the  police authority shall report the results to the licensing
4  officer without unnecessary delay.
5      5.    Filing  of  approved applications.   (A) The application for any
6  license, if granted, shall be filed by the licensing officer  with  the
7  clerk  of  the  county  of issuance, except that in the city of New York
8  and, in the counties of Nassau and Suffolk, the licensing officer  shall
9  designate  the  place  of  filing in the appropriate division, bureau or
10  unit of the police department thereof, and in the county of Suffolk  the
11  county  clerk  is  hereby authorized to transfer all records or applica-
12  tions relating to firearms to the licensing authority of  that  county.
13  [The]   EXCEPT AS PROVIDED IN PARAGRAPHS (B) THROUGH (F) OF THIS SUBDIVI-
14  SION, THE name and address of any person to whom an application for  any
15  license has been granted shall be a public record. Upon application by a
16  licensee who has changed his place of residence such records or applica-
17  tions  shall be transferred to the appropriate officer at the licensee's
18  new place of residence. A duplicate copy of such  application  shall  be
19  filed  by the licensing officer in the executive department, division of
20  state police, Albany, within ten days after  issuance  of  the  license.
21  THE  SUPERINTENDENT  OF STATE POLICE MAY DESIGNATE THAT SUCH APPLICATION
22  SHALL BE TRANSMITTED TO THE DIVISION OF STATE POLICE ELECTRONICALLY.  IN
23  THE  EVENT THE SUPERINTENDENT OF THE DIVISION OF STATE POLICE DETERMINES
24  THAT IT LACKS ANY OF THE RECORDS REQUIRED TO BE FILED WITH THE DIVISION,
25  IT MAY REQUEST THAT SUCH RECORDS BE PROVIDED TO IT  BY  THE  APPROPRIATE
26  CLERK,  DEPARTMENT  OR AUTHORITY AND SUCH CLERK, DEPARTMENT OR AUTHORITY
27  SHALL PROVIDE THE DIVISION WITH SUCH RECORDS. IN THE EVENT  SUCH  CLERK,
28  DEPARTMENT OR AUTHORITY LACKS SUCH RECORDS, THE DIVISION MAY REQUEST THE
29  LICENSE  HOLDER PROVIDE INFORMATION SUFFICIENT TO CONSTITUTE SUCH RECORD
30  AND SUCH LICENSE HOLDER SHALL PROVIDE THE DIVISION  WITH  SUCH  INFORMA-
31  TION.    SUCH INFORMATION SHALL BE LIMITED TO THE LICENSE HOLDER'S NAME,
32  DATE OF BIRTH, GENDER,RACE, RESIDENTIAL ADDRESS, SOCIAL SECURITY  NUMBER
33  AND  FIREARMS POSSESSED BY SAID LICENSE HOLDER. Nothing in this subdivi-
34  sion shall be construed to change the expiration date or  term  of  such
35  licenses  if  otherwise  provided  for  in  law. RECORDS ASSEMBLED OR
36  COLLECTED FOR PURPOSES OF INCLUSION IN THE DATABASE ESTABLISHED BY  THIS
37  SECTION  SHALL BE RELEASED PURSUANT TO A COURT ORDER.  RECORDS ASSEMBLED
38  OR COLLECTED FOR PURPOSES OF INCLUSION IN THE DATABASE CREATED  PURSUANT
39  TO  SECTION  400.02  OF  THIS CHAPTER SHALL NOT BE SUBJECT TO DISCLOSURE
40  PURSUANT TO ARTICLE SIX OF THE PUBLIC OFFICERS LAW.
41      (B) EACH APPLICATION FOR A LICENSE PURSUANT TO PARAGRAPH (A)  OF  THIS
42  SUBDIVISION  SHALL  INCLUDE,  ON A SEPARATE WRITTEN FORM PREPARED BY THE
43  DIVISION OF STATE POLICE WITHIN THIRTY DAYS OF THE EFFECTIVE DATE OF THE
44  CHAPTER  OF  THE  LAWS  OF  TWO  THOUSAND  THIRTEEN,  WHICH  AMENDED  THIS
45  SECTION,  AND PROVIDED TO THE APPLICANT AT THE SAME TIME AND IN THE SAME
46  MANNER AS THE APPLICATION FOR A LICENSE, AN OPPORTUNITY FOR  THE  APPLI-
47  CANT  TO  REQUEST  AN  EXCEPTION FROM HIS OR HER APPLICATION INFORMATION
48  BECOMING PUBLIC RECORD PURSUANT TO PARAGRAPH (A)  OF  THIS  SUBDIVISION.
49  SUCH  FORMS,  WHICH  SHALL ALSO BE MADE AVAILABLE TO INDIVIDUALS WHO HAD
50  APPLIED FOR OR BEEN GRANTED A LICENSE PRIOR TO THE EFFECTIVE DATE OF THE
51  CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN WHICH AMENDED THIS SECTION,
52  SHALL NOTIFY APPLICANTS THAT, UPON DISCOVERY THAT AN APPLICANT KNOWINGLY
53  PROVIDED FALSE INFORMATION, SUCH APPLICANT MAY BE SUBJECT TO  PENALTIES
54  PURSUANT TO SECTION 175.30 OF THIS CHAPTER, AND FURTHER, THAT HIS OR HER
55  REQUEST  FOR  AN EXCEPTION SHALL BE NULL AND VOID, PROVIDED THAT WRITTEN
56  NOTICE CONTAINING SUCH  DETERMINATION  IS  PROVIDED  TO  THE  APPLICANT.

1 FURTHER, SUCH FORMS SHALL PROVIDE EACH APPLICANT AN OPPORTUNITY TO SPEC-
2 IFY THE GROUNDS ON WHICH HE OR SHE BELIEVES HIS OR HER APPLICATION
3 INFORMATION SHOULD NOT BE PUBLICLY DISCLOSED. THESE GROUNDS, WHICH SHALL
4 BE IDENTIFIED ON THE APPLICATION WITH A BOX BESIDE EACH FOR CHECKING, AS
5 APPLICABLE, BY THE APPLICANT, SHALL BE AS FOLLOWS:
6    (I) THE APPLICANT'S LIFE OR SAFETY MAY BE ENDANGERED BY DISCLOSURE
7 BECAUSE:
8    (A) THE APPLICANT IS AN ACTIVE OR RETIRED POLICE OFFICER, PEACE OFFI-
9 CER, PROBATION OFFICER, PAROLE OFFICER, OR CORRECTIONS OFFICER;
10   (B) THE APPLICANT IS A PROTECTED PERSON UNDER A CURRENTLY VALID ORDER
11 OF PROTECTION;
12   (C) THE APPLICANT IS OR WAS A WITNESS IN A CRIMINAL PROCEEDING INVOLV-
13 ING A CRIMINAL CHARGE;
14   (D) THE APPLICANT IS PARTICIPATING OR PREVIOUSLY PARTICIPATED AS A
15 JUROR IN A CRIMINAL PROCEEDING, OR IS OR WAS A MEMBER OF A GRAND JURY;
16 OR
17   (E) THE APPLICANT IS A SPOUSE, DOMESTIC PARTNER OR HOUSEHOLD MEMBER OF
18 A PERSON IDENTIFIED IN THIS SUBPARAGRAPH OR SUBPARAGRAPH (II) OF THIS
19 PARAGRAPH, SPECIFYING WHICH SUBPARAGRAPH OR SUBPARAGRAPHS AND CLAUSES
20 APPLY.
21   (II) THE APPLICANT HAS REASON TO BELIEVE HIS OR HER LIFE OR SAFETY MAY
22 BE ENDANGERED BY DISCLOSURE DUE TO REASONS STATED BY THE APPLICANT.
23   (III) THE APPLICANT HAS REASON TO BELIEVE HE OR SHE MAY BE SUBJECT TO
24 UNWARRANTED HARASSMENT UPON DISCLOSURE OF SUCH INFORMATION.
25   (C) EACH FORM PROVIDED FOR RECERTIFICATION PURSUANT TO PARAGRAPH (B)
26 OF SUBDIVISION TEN OF THIS SECTION SHALL INCLUDE AN OPPORTUNITY FOR THE
27 APPLICANT TO REQUEST AN EXCEPTION FROM THE INFORMATION PROVIDED ON SUCH
28 FORM BECOMING PUBLIC RECORD PURSUANT TO PARAGRAPH (A) OF THIS SUBDIVI-
29 SION. SUCH FORMS SHALL NOTIFY APPLICANTS THAT, UPON DISCOVERY THAT AN
30 APPLICANT KNOWINGLY PROVIDED FALSE INFORMATION, SUCH APPLICANT MAY BE
31 SUBJECT TO PENALTIES PURSUANT TO SECTION 175.30 OF THIS CHAPTER, AND
32 FURTHER, THAT HIS OR HER REQUEST FOR AN EXCEPTION SHALL BE NULL AND
33 VOID, PROVIDED THAT WRITTEN NOTICE CONTAINING SUCH DETERMINATION IS
34 PROVIDED TO THE APPLICANT. FURTHER, SUCH FORMS SHALL PROVIDE EACH
35 APPLICANT AN OPPORTUNITY TO EITHER DECLINE TO REQUEST THE GRANT OR
36 CONTINUATION OF AN EXCEPTION, OR SPECIFY THE GROUNDS ON WHICH HE OR SHE
37 BELIEVES HIS OR HER INFORMATION SHOULD NOT BE PUBLICLY DISCLOSED. THESE
38 GROUNDS, WHICH SHALL BE IDENTIFIED IN THE APPLICATION WITH A BOX BESIDE
39 EACH FOR CHECKING, AS APPLICABLE, BY THE APPLICANT, SHALL BE THE SAME AS
40 PROVIDED IN PARAGRAPH (B) OF THIS SUBDIVISION.
41   (D) INFORMATION SUBMITTED ON THE FORMS DESCRIBED IN PARAGRAPH (B) OF
42 THIS SUBDIVISION SHALL BE EXCEPTED FROM DISCLOSURE AND MAINTAINED BY THE
43 ENTITY RETAINING SUCH INFORMATION SEPARATE AND APART FROM ALL OTHER
44 RECORDS.
45   (E) (I) UPON RECEIVING A REQUEST FOR EXCEPTION FROM DISCLOSURE, THE
46 LICENSING OFFICER SHALL GRANT SUCH EXCEPTION, UNLESS THE REQUEST IS
47 DETERMINED TO BE NULL AND VOID, PURSUANT TO PARAGRAPH (B) OR (C) OF THIS
48 SUBDIVISION.
49   (II) A REQUEST FOR AN EXCEPTION FROM DISCLOSURE MAY BE SUBMITTED AT
50 ANY TIME, INCLUDING AFTER A LICENSE OR RECERTIFICATION HAS BEEN GRANTED.
51   (III) IF AN EXCEPTION IS SOUGHT AND GRANTED PURSUANT TO PARAGRAPH (B)
52 OF THIS SUBDIVISION, THE APPLICATION INFORMATION SHALL NOT BE PUBLIC
53 RECORD, UNLESS THE REQUEST IS DETERMINED TO BE NULL AND VOID. IF AN
54 EXCEPTION IS SOUGHT AND GRANTED PURSUANT TO PARAGRAPH (C) OF THIS SUBDI-
55 VISION, THE INFORMATION CONCERNING SUCH RECERTIFICATION APPLICATION

```
 1  SHALL NOT BE PUBLIC RECORD, UNLESS THE REQUEST IS DETERMINED TO BE  NULL
 2  AND VOID.
 3    (F) THE INFORMATION OF LICENSEES OR APPLICANTS FOR A LICENSE SHALL NOT
 4  BE  DISCLOSED  TO  THE  PUBLIC  DURING THE FIRST ONE HUNDRED TWENTY DAYS
 5  FOLLOWING THE EFFECTIVE DATE OF THE CHAPTER OF THE LAWS OF TWO  THOUSAND
 6  THIRTEEN,  WHICH AMENDED THIS SECTION.  AFTER SUCH PERIOD, THE INFORMA-
 7  TION OF THOSE WHO HAD APPLIED FOR OR BEEN GRANTED A LICENSE PRIOR TO THE
 8  PREPARATION OF THE FORM FOR REQUESTING AN EXCEPTION, PURSUANT  TO  PARA-
 9  GRAPH  (B) OF THIS SUBDIVISION, MAY BE RELEASED ONLY IF SUCH INDIVIDUALS
10  DID NOT FILE A REQUEST FOR SUCH AN EXCEPTION DURING THE FIRST SIXTY DAYS
11  FOLLOWING SUCH  PREPARATION; PROVIDED,  HOWEVER,  THAT  NO  INFORMATION
12  CONTAINED  IN  AN  APPLICATION FOR LICENSURE OR RECERTIFICATION SHALL BE
13  DISCLOSED BY AN ENTITY  THAT  HAS  NOT  COMPLETED  PROCESSING  ANY  SUCH
14  REQUESTS RECEIVED DURING SUCH SIXTY DAYS.
15    (G)  IF  A  REQUEST FOR AN EXCEPTION IS DETERMINED TO BE NULL AND VOID
16  PURSUANT TO PARAGRAPH (B) OR (C) OF THIS SUBDIVISION, AN  APPLICANT  MAY
17  REQUEST  REVIEW  OF SUCH DETERMINATION PURSUANT TO ARTICLE SEVENTY-EIGHT
18  OF THE CIVIL PRACTICE LAWS AND RULES.  SUCH PROCEEDING MUST  COMMENCE
19  WITHIN  THIRTY  DAYS  AFTER SERVICE OF THE WRITTEN NOTICE CONTAINING THE
20  ADVERSE DETERMINATION. NOTICE OF THE RIGHT TO COMMENCE SUCH A  PETITION,
21  AND  THE  TIME  PERIOD  THEREFOR, SHALL BE INCLUDED IN THE NOTICE OF THE
22  DETERMINATION. DISCLOSURE FOLLOWING SUCH A PETITION SHALL  NOT  BE  MADE
23  PRIOR TO THE DISPOSITION OF SUCH REVIEW.
24    9. License: amendment. Elsewhere  than  in  the city of New York, a
25  person licensed to carry or possess a pistol or revolver may  apply  at
26  any  time  to  his  OR HER licensing officer for amendment of his OR HER
27  license to include one or more such weapons or to  cancel  weapons  held
28  under  license.  If  granted,  a  record of the amendment describing the
29  weapons involved shall be filed by the licensing officer in  the  execu-
30  tive department, division of state police, Albany. THE SUPERINTENDENT OF
31  STATE  POLICE  MAY AUTHORIZE THAT SUCH AMENDMENT BE COMPLETED AND TRANS-
32  MITTED TO THE STATE POLICE  IN  ELECTRONIC  FORM.  Notification  of  any
33  change  of residence shall be made in writing by any licensee within ten
34  days after such change occurs, and a record of  such  change  shall  be
35  inscribed  by  such  licensee on the reverse side of his OR HER license.
36  Elsewhere than in the city of New York, and in the  counties  of  Nassau
37  and  Suffolk,  such  notification shall be made to the executive depart-
38  ment, division of state police, Albany, and in the city of New  York  to
39  the police commissioner of that city, and in the county of Nassau to the
40  police  commissioner of that county, and in the county of Suffolk to the
41  licensing officer of that county, who shall, within ten days after  such
42  notification  shall be received by him OR HER, give notice in writing of
43  such change to the executive department, division of  state  police,  at
44  Albany.
45    10.  License:  expiration,  certification and renewal. (A) Any license
46  for gunsmith or dealer in firearms and, in the city of  New  York,  any
47  license  to  carry  or  possess a pistol or revolver, issued at any time
48  pursuant to this section or prior to the first  day  of  July,  nineteen
49  hundred  sixty-three  and not limited to expire on an earlier date fixed
50  in the license, shall expire not more than three years after the date of
51  issuance. In the counties of Nassau, Suffolk and Westchester,  any
52  license  to  carry  or  possess a pistol or revolver, issued at any time
53  pursuant to this section or prior to the first  day  of  July,  nineteen
54  hundred  sixty-three  and not limited to expire on an earlier date fixed
55  in the license, shall expire not more than five years after the date  of
56  issuance; however, in the county of Westchester, any such license shall
```

1 be certified prior to the first day of April, two thousand, in accord-
2 ance with a schedule to be contained in regulations promulgated by the
3 commissioner of the division of criminal justice services, and every
4 such license shall be recertified every five years thereafter. For
5 purposes of this section certification shall mean that the licensee
6 shall provide to the licensing officer the following information only:
7 current name, date of birth, current address, and the make, model, cali-
8 ber and serial number of all firearms currently possessed. Such certif-
9 ication information shall be filed by the licensing officer in the same
10 manner as an amendment. Elsewhere than in the city of New York and the
11 counties of Nassau, Suffolk and Westchester, any license to carry or
12 possess a pistol or revolver, issued at any time pursuant to this
13 section or prior to the first day of July, nineteen hundred sixty-three
14 and not previously revoked or cancelled, shall be in force and effect
15 until revoked as herein provided. Any license not previously cancelled
16 or revoked shall remain in full force and effect for thirty days beyond
17 the stated expiration date on such license. Any application to renew a
18 license that has not previously expired, been revoked or cancelled shall
19 thereby extend the term of the license until disposition of the applica-
20 tion by the licensing officer. In the case of a license for gunsmith or
21 dealer in firearms, in counties having a population of less than two
22 hundred thousand inhabitants, photographs and fingerprints shall be
23 submitted on original applications and upon renewal thereafter only at
24 six year intervals. Upon satisfactory proof that a currently valid
25 original license has been despoiled, lost or otherwise removed from the
26 possession of the licensee and upon application containing an additional
27 photograph of the licensee, the licensing officer shall issue a dupli-
28 cate license.
29   (B) ALL LICENSEES SHALL BE RECERTIFIED TO THE DIVISION OF STATE POLICE
30 EVERY FIVE YEARS THEREAFTER. ANY LICENSE ISSUED BEFORE THE EFFECTIVE
31 DATE OF THE CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN WHICH ADDED
32 THIS PARAGRAPH SHALL BE RECERTIFIED BY THE LICENSEE ON OR BEFORE JANUARY
33 THIRTY-FIRST, TWO THOUSAND EIGHTEEN, AND NOT LESS THAN ONE YEAR PRIOR TO
34 SUCH DATE, THE STATE POLICE SHALL SEND A NOTICE TO ALL LICENSE HOLDERS
35 WHO HAVE NOT RECERTIFIED BY SUCH TIME. SUCH RECERTIFICATION SHALL BE IN
36 A FORM AS APPROVED BY THE SUPERINTENDENT OF STATE POLICE, WHICH SHALL
37 REQUEST THE LICENSE HOLDER'S NAME, DATE OF BIRTH, GENDER, RACE, RESIDEN-
38 TIAL ADDRESS, SOCIAL SECURITY NUMBER, FIREARMS POSSESSED BY SUCH LICENSE
39 HOLDER, EMAIL ADDRESS AT THE OPTION OF THE LICENSE HOLDER AND AN AFFIR-
40 MATION THAT SUCH LICENSE HOLDER IS NOT PROHIBITED FROM POSSESSING
41 FIREARMS. THE FORM MAY BE IN AN ELECTRONIC FORM IF SO DESIGNATED BY THE
42 SUPERINTENDENT OF STATE POLICE. FAILURE TO RECERTIFY SHALL ACT AS A
43 REVOCATION OF SUCH LICENSE. IF THE NEW YORK STATE POLICE DISCOVER AS A
44 RESULT OF THE RECERTIFICATION PROCESS THAT A LICENSEE FAILED TO PROVIDE
45 A CHANGE OF ADDRESS, THE NEW YORK STATE POLICE SHALL NOT REQUIRE THE
46 LICENSING OFFICER TO REVOKE SUCH LICENSE.
47   11. License: revocation and suspension. (A) The conviction of a licen-
48 see anywhere of a felony or serious offense OR A LICENSEE AT ANY TIME
49 BECOMING INELIGIBLE TO OBTAIN A LICENSE UNDER THIS SECTION shall operate
50 as a revocation of the license. A license may be revoked or suspended as
51 provided for in section 530.14 of the criminal procedure law or section
52 eight hundred forty-two-a of the family court act. Except for a license
53 issued pursuant to section 400.01 of this article, a license may be
54 revoked and cancelled at any time in the city of New York, and in the
55 counties of Nassau and Suffolk, by the licensing officer, and elsewhere
56 than in the city of New York by any judge or justice of a court of

1  record; a license issued pursuant to section 400.01 of this article may
2  be revoked and cancelled at any time by the licensing officer or any
3  judge or justice of a court of record. The official revoking a license
4  shall give written notice thereof without unnecessary delay to the exec-
5  utive department, division of state police, Albany, and shall also noti-
6  fy immediately the duly constituted police authorities of the locality.
7    (B) WHENEVER THE DIRECTOR OF COMMUNITY SERVICES OR HIS OR HER DESIGNEE
8  MAKES A REPORT PURSUANT TO SECTION 9.46 OF THE MENTAL HYGIENE LAW, THE
9  DIVISION OF CRIMINAL JUSTICE SERVICES SHALL CONVEY SUCH INFORMATION,
10 WHENEVER IT DETERMINES THAT THE PERSON NAMED IN THE REPORT POSSESSES A
11 LICENSE ISSUED PURSUANT TO THIS SECTION, TO THE APPROPRIATE LICENSING
12 OFFICIAL, WHO SHALL ISSUE AN ORDER SUSPENDING OR REVOKING SUCH LICENSE.
13   (C) IN ANY INSTANCE IN WHICH A PERSON'S LICENSE IS SUSPENDED OR
14 REVOKED UNDER PARAGRAPH (A) OR (B) OF THIS SUBDIVISION, SUCH PERSON
15 SHALL SURRENDER SUCH LICENSE TO THE APPROPRIATE LICENSING OFFICIAL AND
16 ANY AND ALL FIREARMS, RIFLES, OR SHOTGUNS OWNED OR POSSESSED BY SUCH
17 PERSON SHALL BE SURRENDERED TO AN APPROPRIATE LAW ENFORCEMENT AGENCY AS
18 PROVIDED IN SUBPARAGRAPH (F) OF PARAGRAPH ONE OF SUBDIVISION A OF
19 SECTION 265.20 OF THIS CHAPTER. IN THE EVENT SUCH LICENSE, FIREARM,
20 SHOTGUN, OR RIFLE IS NOT SURRENDERED, SUCH ITEMS SHALL BE REMOVED AND
21 DECLARED A NUISANCE AND ANY POLICE OFFICER OR PEACE OFFICER ACTING
22 PURSUANT TO HIS OR HER SPECIAL DUTIES IS AUTHORIZED TO REMOVE ANY AND
23 ALL SUCH WEAPONS.
24   12. Records required of gunsmiths and dealers in firearms. Any person
25 licensed as gunsmith or dealer in firearms shall keep a record book
26 approved as to form, except in the city of New York, by the superinten-
27 dent of state police. In the record book shall be entered at the time of
28 every transaction involving a firearm the date, name, age, occupation
29 and residence of any person from whom a firearm is received or to whom a
30 firearm is delivered, and the calibre, make, model, manufacturer's name
31 and serial number, or if none, any other distinguishing number or iden-
32 tification mark on such firearm. Before delivering a firearm to any
33 person, the licensee shall require him to produce either a license valid
34 under this section to carry or possess the same, or proof of lawful
35 authority as an exempt person pursuant to section 265.20. In addition,
36 before delivering a firearm to a peace officer, the licensee shall veri-
37 fy that person's status as a peace officer with the division of state
38 police. After completing the foregoing, the licensee shall remove and
39 retain the attached coupon and enter in the record book the date of such
40 license, number, if any, and name of the licensing officer, in the case
41 of the holder of a license to carry or possess, or the shield or other
42 number, if any, assignment and department, unit or agency, in the case
43 of an exempt person. The original transaction report shall be forwarded
44 to the division of state police within ten days of delivering a firearm
45 to any person, and a duplicate copy shall be kept by the licensee. THE
46 SUPERINTENDENT OF STATE POLICE MAY DESIGNATE THAT SUCH RECORD SHALL BE
47 COMPLETED AND TRANSMITTED IN ELECTRONIC FORM. A DEALER MAY BE GRANTED A
48 WAIVER FROM TRANSMITTING SUCH RECORDS IN ELECTRONIC FORM IF THE SUPER-
49 INTENDENT DETERMINES THAT SUCH DEALER IS INCAPABLE OF SUCH TRANSMISSION
50 DUE TO TECHNOLOGICAL LIMITATIONS THAT ARE NOT REASONABLY WITHIN THE
51 CONTROL OF THE DEALER, OR OTHER EXCEPTIONAL CIRCUMSTANCES DEMONSTRATED
52 BY THE DEALER, PURSUANT TO A PROCESS ESTABLISHED IN REGULATION, AND AT
53 THE DISCRETION OF THE SUPERINTENDENT. RECORDS ASSEMBLED OR COLLECTED FOR
54 PURPOSES OF INCLUSION IN THE DATABASE CREATED PURSUANT TO SECTION 400.02
55 OF THIS ARTICLE SHALL NOT BE SUBJECT TO DISCLOSURE PURSUANT TO ARTICLE
56 SIX OF THE PUBLIC OFFICERS LAW. The record book shall be maintained on

1 the premises mentioned and described in the license and shall be open at
2 all  reasonable hours for inspection by any peace officer, acting pursu-
3 ant to his special duties, or police officer. In the event of  cancella-
4 tion or revocation of the license for gunsmith or dealer in firearms, or
5 discontinuance  of  business  by  a  licensee, such record book shall be
6 immediately surrendered to the licensing officer  in  the  city  of  New
7 York,  and  in  the counties of Nassau and Suffolk, and elsewhere in the
8 state to the executive department, division of state police.
9   15. Any violation by any person of any provision of this section is  a
10 class A misdemeanor.
11   16-A.  REGISTRATION. (A) AN OWNER OF A WEAPON DEFINED IN PARAGRAPH (E)
12 OR (F) OF SUBDIVISION TWENTY-TWO OF SECTION 265.00 OF THIS CHAPTER,
13 POSSESSED  BEFORE  THE  DATE OF THE EFFECTIVE DATE OF THE CHAPTER OF THE
14 LAWS OF TWO THOUSAND THIRTEEN WHICH ADDED THIS PARAGRAPH, MUST  MAKE  AN
15 APPLICATION  TO  REGISTER  SUCH  WEAPON WITH THE SUPERINTENDENT OF STATE
16 POLICE, IN THE MANNER PROVIDED BY THE SUPERINTENDENT, OR BY  AMENDING  A
17 LICENSE ISSUED PURSUANT TO THIS SECTION WITHIN ONE YEAR OF THE EFFECTIVE
18 DATE  OF  THIS  SUBDIVISION EXCEPT ANY WEAPON DEFINED UNDER SUBPARAGRAPH
19 (VI) OF PARAGRAPH (G) OF SUBDIVISION TWENTY-TWO OF  SECTION  265.00  OF
20 THIS  CHAPTER  TRANSFERRED INTO THE STATE MAY BE REGISTERED AT ANY TIME,
21 PROVIDED SUCH WEAPONS ARE REGISTERED WITHIN THIRTY DAYS OF THEIR  TRANS-
22 FER  INTO  THE  STATE. REGISTRATION INFORMATION SHALL INCLUDE THE REGIS-
23 TRANT'S NAME, DATE OF BIRTH, GENDER, RACE, RESIDENTIAL  ADDRESS,  SOCIAL
24 SECURITY  NUMBER  AND  A  DESCRIPTION OF EACH WEAPON BEING REGISTERED. A
25 REGISTRATION OF ANY WEAPON DEFINED UNDER SUBPARAGRAPH (VI) OF  PARAGRAPH
26 (G)  OF  SUBDIVISION TWENTY-TWO OF SECTION 265.00 OR A FEEDING DEVICE AS
27 DEFINED UNDER SUBDIVISION TWENTY-THREE OF SECTION 265.00 OF THIS CHAPTER
28 SHALL BE TRANSFERABLE, PROVIDED  THAT  THE  SELLER  NOTIFIES  THE  STATE
29 POLICE  WITHIN  SEVENTY-TWO HOURS OF THE TRANSFER AND THE BUYER PROVIDES
30 THE STATE POLICE WITH INFORMATION SUFFICIENT TO CONSTITUTE  A  REGISTRA-
31 TION  UNDER  THIS  SECTION. SUCH REGISTRATION SHALL NOT BE VALID IF SUCH
32 REGISTRANT IS PROHIBITED OR BECOMES PROHIBITED FROM POSSESSING A FIREARM
33 PURSUANT TO STATE OR FEDERAL LAW.  THE SUPERINTENDENT  SHALL  DETERMINE
34 WHETHER  SUCH  REGISTRANT  IS PROHIBITED FROM POSSESSING A FIREARM UNDER
35 STATE OR FEDERAL LAW.  SUCH CHECK SHALL BE LIMITED TO DETERMINING WHETH-
36 ER THE FACTORS IN 18 USC 922 (G) APPLY OR  WHETHER A REGISTRANT HAS BEEN
37 CONVICTED OF A SERIOUS OFFENSE AS DEFINED IN  SUBDIVISION  SIXTEEN-B  OF
38 SECTION  265.00  OF THIS CHAPTER, SO AS TO PROHIBIT SUCH REGISTRANT FROM
39 POSSESSING A FIREARM, AND WHETHER A REPORT HAS BEEN ISSUED  PURSUANT  TO
40 SECTION 9.46 OF THE MENTAL HYGIENE LAW.  ALL REGISTRANTS SHALL RECERTIFY
41 TO THE DIVISION OF STATE POLICE EVERY FIVE YEARS THEREAFTER.  FAILURE TO
42 RECERTIFY SHALL RESULT IN A REVOCATION OF SUCH REGISTRATION.
43   (B)  THE  SUPERINTENDENT  OF STATE POLICE SHALL CREATE AND MAINTAIN AN
44 INTERNET WEBSITE TO EDUCATE THE PUBLIC AS TO WHICH SEMIAUTOMATIC  RIFLE,
45 SEMIAUTOMATIC SHOTGUN OR SEMIAUTOMATIC PISTOL OR WEAPON THAT ARE ILLEGAL
46 AS  A RESULT OF THE ENACTMENT OF THE CHAPTER OF THE LAWS OF TWO THOUSAND
47 THIRTEEN WHICH ADDED THIS PARAGRAPH, AS WELL  AS  SUCH  ASSAULT  WEAPONS
48 WHICH  ARE  ILLEGAL  PURSUANT TO ARTICLE TWO HUNDRED SIXTY-FIVE OF THIS
49 CHAPTER. SUCH WEBSITE SHALL CONTAIN INFORMATION TO ASSIST THE PUBLIC  IN
50 RECOGNIZING THE RELEVANT FEATURES PROSCRIBED BY SUCH ARTICLE TWO HUNDRED
51 SIXTY-FIVE,  AS  WELL  AS  WHICH  MAKE AND MODEL OF WEAPONS THAT REQUIRE
52 REGISTRATION.
53   (C) A PERSON WHO KNOWINGLY FAILS TO APPLY TO REGISTER SUCH WEAPON,  AS
54 REQUIRED  BY  THIS SECTION, WITHIN ONE YEAR OF THE EFFECTIVE DATE OF THE
55 CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN WHICH ADDED THIS  PARAGRAPH
56 SHALL BE GUILTY OF A CLASS A MISDEMEANOR AND SUCH PERSON WHO UNKNOWINGLY

```
 1  FAILS  TO VALIDLY REGISTER SUCH WEAPON WITHIN SUCH ONE YEAR PERIOD SHALL
 2  BE GIVEN A WARNING BY AN APPROPRIATE  LAW  ENFORCEMENT  AUTHORITY  ABOUT
 3  SUCH  FAILURE  AND  GIVEN THIRTY DAYS IN WHICH TO APPLY TO REGISTER SUCH
 4  WEAPON  OR  TO SURRENDER IT. A FAILURE TO APPLY OR SURRENDER SUCH WEAPON
 5  WITHIN SUCH THIRTY-DAY PERIOD SHALL RESULT IN SUCH WEAPON BEING  REMOVED
 6  BY AN APPROPRIATE LAW ENFORCEMENT AUTHORITY AND DECLARED A NUISANCE.
 7    16-B.  THE COST OF THE SOFTWARE, PROGRAMMING AND INTERFACE REQUIRED TO
 8  TRANSMIT ANY RECORD THAT MUST BE ELECTRONICALLY TRANSMITTED BY THE DEAL-
 9  ER OR LICENSING OFFICER TO THE DIVISION OF STATE POLICE PURSUANT TO THIS
10  CHAPTER SHALL BE BORNE BY THE STATE.
11    S 49. The penal law is amended by adding a new section 400.02 to  read
12  as follows:
13  S 400.02 STATEWIDE LICENSE AND RECORD DATABASE.
14    THERE  SHALL BE A STATEWIDE LICENSE AND RECORD DATABASE WHICH SHALL BE
15  CREATED AND MAINTAINED BY THE DIVISION OF STATE POLICE THE COST OF WHICH
16  SHALL NOT BE BORNE BY ANY MUNICIPALITY.  RECORDS ASSEMBLED OR  COLLECTED
17  FOR  PURPOSES  OF  INCLUSION  IN  SUCH  DATABASE SHALL NOT BE SUBJECT TO
18  DISCLOSURE PURSUANT TO ARTICLE SIX OF THE PUBLIC OFFICERS LAW.  RECORDS
19  CONTAINING GRANTED LICENSE APPLICATIONS SHALL BE PERIODICALLY CHECKED BY
20  THE  DIVISION  OF CRIMINAL JUSTICE SERVICES AGAINST CRIMINAL CONVICTION,
21  MENTAL HEALTH, AND ALL OTHER RECORDS AS ARE NECESSARY TO DETERMINE THEIR
22  CONTINUED ACCURACY AS WELL AS WHETHER  AN  INDIVIDUAL  IS  NO  LONGER  A
23  VALID  LICENSE  HOLDER.  THE DIVISION OF CRIMINAL JUSTICE SERVICES SHALL
24  ALSO CHECK PENDING APPLICATIONS MADE PURSUANT TO  THIS  ARTICLE  AGAINST
25  SUCH  RECORDS  TO  DETERMINE WHETHER A LICENSE MAY BE GRANTED. ALL STATE
26  AGENCIES SHALL COOPERATE WITH THE DIVISION OF CRIMINAL JUSTICE SERVICES,
27  AS OTHERWISE AUTHORIZED BY LAW, IN MAKING THEIR RECORDS AVAILABLE  FOR
28  SUCH CHECKS. THE DIVISION OF CRIMINAL JUSTICE SERVICES, UPON DETERMINING
29  THAT AN INDIVIDUAL IS INELIGIBLE TO POSSESS A LICENSE, OR IS NO LONGER A
30  VALID  LICENSE HOLDER, SHALL NOTIFY THE APPLICABLE LICENSING OFFICIAL OF
31  SUCH DETERMINATION AND SUCH LICENSING OFFICIAL SHALL NOT ISSUE A LICENSE
32  OR REVOKE SUCH LICENSE AND ANY WEAPONS OWNED OR POSSESSED BY SUCH  INDI-
33  VIDUAL  SHALL  BE  REMOVED CONSISTENT WITH THE PROVISIONS OF SUBDIVISION
34  ELEVEN OF SECTION 400.00 OF THIS ARTICLE. LOCAL AND STATE  LAW  ENFORCE-
35  MENT SHALL HAVE ACCESS TO SUCH DATABASE, AS OTHERWISE AUTHORIZED BY LAW,
36  IN  THE  PERFORMANCE  OF THEIR DUTIES. RECORDS ASSEMBLED OR COLLECTED FOR
37  PURPOSES OF INCLUSION IN THE DATABASE ESTABLISHED BY THIS SECTION  SHALL
38  BE RELEASED PURSUANT TO A COURT ORDER.
39    S  50. The penal law is amended by adding a new section 400.03 to read
40  as follows:
41  S 400.03 SELLERS OF AMMUNITION.
42    1. A SELLER OF AMMUNITION AS DEFINED  IN  SUBDIVISION  TWENTY-FOUR  OF
43  SECTION 265.00 OF THIS CHAPTER SHALL REGISTER WITH THE SUPERINTENDENT OF
44  STATE  POLICE IN A MANNER PROVIDED BY THE SUPERINTENDENT.  ANY DEALER IN
45  FIREARMS THAT IS VALIDLY LICENSED PURSUANT TO  SECTION  400.00  OF  THIS
46  ARTICLE SHALL NOT BE REQUIRED TO COMPLETE SUCH REGISTRATION.
47    2.  ANY SELLER OF AMMUNITION OR DEALER IN FIREARMS SHALL KEEP A RECORD
48  BOOK APPROVED AS TO FORM BY THE SUPERINTENDENT OF STATE POLICE.  IN  THE
49  RECORD  BOOK SHALL BE ENTERED AT THE TIME OF EVERY TRANSACTION INVOLVING
50  AMMUNITION THE DATE, NAME, AGE, OCCUPATION AND RESIDENCE OF  ANY  PERSON
51  FROM WHOM AMMUNITION IS RECEIVED OR TO WHOM AMMUNITION IS DELIVERED, AND
52  THE  AMOUNT, CALIBRE, MANUFACTURER'S NAME AND SERIAL NUMBER, OR IF NONE,
53  ANY OTHER DISTINGUISHING NUMBER OR IDENTIFICATION MARK ON  SUCH  AMMUNI-
54  TION.  THE RECORD BOOK SHALL BE MAINTAINED ON THE PREMISES MENTIONED AND
55  DESCRIBED  IN  THE  LICENSE AND SHALL BE OPEN AT ALL REASONABLE HOURS FOR
56  INSPECTION BY ANY PEACE OFFICER, ACTING PURSUANT TO HIS OR  HER  SPECIAL
```

```
 1  DUTIES, OR POLICE OFFICER.  ANY RECORD PRODUCED PURSUANT TO THIS SECTION
 2  AND  ANY  TRANSMISSION  THEREOF  TO  ANY  GOVERNMENT AGENCY SHALL NOT BE
 3  CONSIDERED A PUBLIC RECORD FOR PURPOSES OF ARTICLE  SIX  OF  THE  PUBLIC
 4  OFFICERS LAW.
 5    3.  NO  LATER  THAN  THIRTY DAYS AFTER THE SUPERINTENDENT OF THE STATE
 6  POLICE CERTIFIES THAT THE STATEWIDE LICENSE AND RECORD DATABASE  ESTAB-
 7  LISHED PURSUANT TO SECTION 400.02 OF THIS ARTICLE IS OPERATIONAL FOR THE
 8  PURPOSES  OF  THIS  SECTION,  A  DEALER IN FIREARMS LICENSED PURSUANT TO
 9  SECTION 400.00 OF THIS ARTICLE, A SELLER OF  AMMUNITION  AS  DEFINED  IN
10  SUBDIVISION  TWENTY-FOUR  OF  SECTION  265.00  OF THIS CHAPTER SHALL NOT
11  TRANSFER ANY AMMUNITION TO ANY OTHER PERSON  WHO  IS  NOT  A  DEALER  IN
12  FIREARMS  AS  DEFINED  IN  SUBDIVISION  NINE OF SUCH SECTION 265.00 OR A
13  SELLER OF AMMUNITION AS DEFINED IN SUBDIVISION  TWENTY-FOUR  OF  SECTION
14  265.00 OF THIS CHAPTER, UNLESS:
15    (A)  BEFORE  THE  COMPLETION  OF  THE TRANSFER, THE LICENSEE OR SELLER
16  CONTACTS THE STATEWIDE LICENSE AND  RECORD  DATABASE  AND  PROVIDES  THE
17  DATABASE  WITH INFORMATION SUFFICIENT TO IDENTIFY SUCH DEALER OR SELLER,
18  TRANSFEREE BASED ON INFORMATION ON THE TRANSFEREE'S IDENTIFICATION DOCU-
19  MENT AS DEFINED IN PARAGRAPH (C) OF THIS SUBDIVISION,  AS  WELL  AS  THE
20  AMOUNT,  CALIBRE, MANUFACTURER'S NAME AND SERIAL NUMBER, IF ANY, OF SUCH
21  AMMUNITION;
22    (B) THE SYSTEM PROVIDES THE LICENSEE OR SELLER WITH A UNIQUE IDENTIFI-
23  CATION NUMBER; AND
24    (C) THE TRANSFEROR HAS VERIFIED THE  IDENTITY  OF  THE  TRANSFEREE  BY
25  EXAMINING A VALID STATE IDENTIFICATION DOCUMENT OF THE TRANSFEREE ISSUED
26  BY  THE DEPARTMENT OF MOTOR VEHICLES OR IF THE TRANSFEREE IS NOT A RESI-
27  DENT OF THE STATE OF NEW YORK, A VALID IDENTIFICATION DOCUMENT ISSUED BY
28  THE TRANSFEREE'S STATE OR COUNTRY OF RESIDENCE CONTAINING  A  PHOTOGRAPH
29  OF THE TRANSFEREE.
30    4.  IF  THE  DATABASE  DETERMINES  THAT THE PURCHASER OF AMMUNITION IS
31  ELIGIBLE TO POSSESS AMMUNITION PURSUANT TO STATE AND FEDERAL  LAWS,  THE
32  SYSTEM SHALL:
33    (A) ASSIGN A UNIQUE IDENTIFICATION NUMBER TO THE TRANSFER; AND
34    (B) PROVIDE THE LICENSEE OR SELLER WITH THE NUMBER.
35    5.  IF THE STATEWIDE LICENSE AND RECORD DATABASE NOTIFIES THE LICENSEE
36  OR SELLER THAT THE INFORMATION AVAILABLE TO THE DATABASE DOES NOT DEMON-
37  STRATE THAT THE RECEIPT OF AMMUNITION BY SUCH OTHER PERSON WOULD VIOLATE
38  18 U.S.C. 922(G) OR STATE LAW, AND THE LICENSEE TRANSFERS AMMUNITION  TO
39  SUCH OTHER PERSON, THE LICENSEE SHALL INDICATE TO THE DATABASE THAT SUCH
40  TRANSACTION  HAS  BEEN  COMPLETED AT WHICH POINT A RECORD OF SUCH TRANS-
41  ACTION SHALL BE CREATED WHICH SHALL BE ACCESSIBLE  BY  THE  DIVISION  OF
42  STATE  POLICE  AND  MAINTAINED FOR NO LONGER THAN ONE YEAR FROM POINT OF
43  PURCHASE, WHICH SHALL NOT BE INCORPORATED INTO THE DATABASE  ESTABLISHED
44  PURSUANT  TO  SECTION 400.02 OF THIS ARTICLE OR THE REGISTRY ESTABLISHED
45  PURSUANT TO SUBDIVISION SIXTEEN-A OF SECTION 400.00 OF THIS ARTICLE. THE
46  DIVISION OF STATE POLICE MAY SHARE SUCH INFORMATION  WITH  A  LOCAL  LAW
47  ENFORCEMENT  AGENCY.   EVIDENCE  OF  THE  PURCHASE OF AMMUNITION IS NOT
48  SUFFICIENT TO ESTABLISH PROBABLE CAUSE TO BELIEVE THAT THE PURCHASER HAS
49  COMMITTED A CRIME ABSENT OTHER INFORMATION TENDING TO PROVE THE  COMMIS-
50  SION  OF  A CRIME. RECORDS ASSEMBLED OR ACCESSED PURSUANT TO THIS SECTION
51  SHALL NOT BE SUBJECT TO DISCLOSURE PURSUANT TO ARTICLE SIX OF THE PUBLIC
52  OFFICERS LAW. THIS REQUIREMENT OF THIS SECTION SHALL NOT APPLY (I) IF  A
53  BACKGROUND  CHECK  CANNOT  BE COMPLETED BECAUSE THE SYSTEM IS NOT OPERA-
54  TIONAL AS DETERMINED BY THE SUPERINTENDENT OF STATE POLICE, OR WHERE  IT
55  CANNOT  BE ACCESSED BY THE PRACTITIONER DUE TO A TEMPORARY TECHNOLOGICAL
56  OR ELECTRICAL FAILURE, AS SET FORTH IN REGULATION, OR (II) A  DEALER  OR
```

```
 1 SELLER  HAS  BEEN GRANTED A WAIVER FROM CONDUCTING SUCH BACKGROUND CHECK
 2 IF THE SUPERINTENDENT OF STATE POLICE DETERMINES   THAT   SUCH  DEALER   IS
 3 INCAPABLE  OF  SUCH  CHECK DUE TO TECHNOLOGICAL LIMITATIONS THAT ARE NOT
 4 REASONABLY  WITHIN  THE  CONTROL  OF  THE  DEALER,  OR OTHER EXCEPTIONAL
 5 CIRCUMSTANCES DEMONSTRATED BY THE DEALER, PURSUANT TO A  PROCESS  ESTAB-
 6 LISHED IN REGULATION, AND AT THE DISCRETION OF SUCH SUPERINTENDENT.
 7   6.  IF  THE  SUPERINTENDENT  OF STATE POLICE CERTIFIES THAT BACKGROUND
 8 CHECKS OF AMMUNITION PURCHASERS MAY BE CONDUCTED   THROUGH   THE  NATIONAL
 9 INSTANT CRIMINAL BACKGROUND CHECK SYSTEM, USE OF THAT SYSTEM BY A DEALER
10 OR  SELLER  SHALL BE SUFFICIENT TO SATISFY SUBDIVISIONS FOUR AND FIVE OF
11 THIS SECTION AND SUCH CHECKS SHALL BE  CONDUCTED  THROUGH  SUCH  SYSTEM,
12 PROVIDED  THAT  A RECORD  OF  SUCH TRANSACTION SHALL BE FORWARDED TO THE
13 STATE POLICE IN A FORM DETERMINED BY THE SUPERINTENDENT.
14   7. NO COMMERCIAL TRANSFER OF AMMUNITION  SHALL  TAKE  PLACE  UNLESS  A
15 LICENSED  DEALER  IN FIREARMS OR REGISTERED SELLER OF AMMUNITION ACTS AS
16 AN INTERMEDIARY BETWEEN THE TRANSFEROR AND THE  ULTIMATE  TRANSFEREE  OF
17 THE  AMMUNITION FOR THE PURPOSES OF CONTACTING THE STATEWIDE LICENSE AND
18 RECORD DATABASE PURSUANT TO THIS SECTION.  SUCH TRANSFER BETWEEN  THE
19 DEALER OR SELLER, AND TRANSFEREE MUST OCCUR IN PERSON.
20   8.  A  SELLER  OF AMMUNITION  WHO  FAILS TO REGISTER PURSUANT TO THIS
21 SECTION AND SELLS AMMUNITION, FOR A FIRST OFFENSE, SHALL BE GUILTY OF  A
22 VIOLATION  AND  SUBJECT  TO  THE  FINE OF ONE THOUSAND DOLLARS AND FOR A
23 SECOND OFFENSE, SHALL BE GUILTY OF A CLASS A MISDEMEANOR.
24   A SELLER OF AMMUNITION THAT FAILS TO KEEP ANY RECORD REQUIRED PURSUANT
25 TO THIS SECTION, FOR A FIRST OFFENSE SHALL BE GUILTY OF A VIOLATION  AND
26 SUBJECT  TO  A  FINE  OF  FIVE HUNDRED DOLLARS, AND FOR A SECOND OFFENSE
27 SHALL BE GUILTY OF A CLASS B MISDEMEANOR, AND THE REGISTRATION  OF  SUCH
28 SELLER SHALL BE REVOKED.
29   S 51. Section 400.10 of the penal law, as added by chapter 531 of the
30 laws of 1984, and subdivision 1 as amended and subdivision 3 as added by
31 chapter 189 of the laws of 2000, is amended to read as follows:
32 S 400.10 Report of theft or loss of a firearm, rifle or shotgun.
33   1. (a) Any owner or other person lawfully  in  possession  of:  (I)  a
34 firearm, rifle or, shotgun who suffers the loss or theft of said weapon;
35 (II)  AMMUNITION  AS WELL AS A FIREARM, RIFLE OR SHOTGUN WHO SUFFERS THE
36 LOSS OR THEFT OF SUCH AMMUNITION AS WELL AS A FIREARM, RIFLE OR SHOTGUN;
37 OR (III) AMMUNITION AND IS A DEALER IN FIREARMS OR SELLER OF  AMMUNITION
38 WHO  SUFFERS  THE  LOSS OR THEFT OF SUCH AMMUNITION shall within twenty-
39 four hours of the discovery of the loss or theft report  the  facts  and
40 circumstances  of  the  loss or theft to a police department or sheriff's
41 office.
42   (b) Whenever a person reports the theft or loss of  a  firearm,  rifle
43 [or],  shotgun OR AMMUNITION to any police department or sheriff's
44 office, the officer or department receiving such  report  shall  forward
45 notice of such theft or loss to the division of state police via the New
46 York  Statewide  Police  Information  Network.  The notice shall contain
47 information in compliance with the New York Statewide Police Information
48 Network Operating Manual, including the caliber, make,  model,  manufac-
49 turer's  name  and  serial  number, if any, and any other distinguishing
50 number or identification mark on the weapon.
51   2. The division of state police shall receive, collect  and  file  the
52 information referred to in subdivision one of this section. The division
53 shall  cooperate,  and  undertake  to  furnish  or make available to law
54 enforcement agencies this information, for the purpose  of  coordinating
55 law enforcement efforts to locate such weapons.
```

 1    3.  Notwithstanding  any  other provision of law, a violation of para-
 2  graph (a) of subdivision one of this section shall be  [punishable  only
 3  by a fine not to exceed one hundred dollars] A CLASS A MISDEMEANOR.
 4    S  52. The penal law is amended by adding a new section 460.22 to read
 5  as follows:
 6  S 460.22 AGGRAVATED ENTERPRISE CORRUPTION.
 7    A PERSON IS GUILTY OF AGGRAVATED ENTERPRISE CORRUPTION WHEN HE OR  SHE
 8  COMMITS  THE  CRIME OF ENTERPRISE CORRUPTION AND TWO OR MORE OF THE ACTS
 9  THAT CONSTITUTE HIS OR HER PATTERN OF  CRIMINAL  ACTIVITY  ARE  CLASS  B
10  FELONIES  OR HIGHER, AND AT LEAST TWO ACTS ARE ARMED FELONIES AS DEFINED
11  IN PARAGRAPH (A) OF SUBDIVISION FORTY-ONE OF SECTION 1.20 OF THE  CRIMI-
12  NAL  PROCEDURE  LAW  OR ONE ACT IS SUCH AN ARMED FELONY AND ONE ACT IS A
13  VIOLATION OF SUBDIVISION TWO OF SECTION 265.17 OF THIS  CHAPTER  OR  ONE
14  ACT  IS  A  CLASS B VIOLENT FELONY AND TWO ARE VIOLATIONS OF SUBDIVISION
15  TWO OF SECTION 265.17 OF THIS CHAPTER.
16    AGGRAVATED ENTERPRISE CORRUPTION IS A CLASS A-I FELONY.
17    S 53. The surrogate's court procedure act is amended by adding  a  new
18  section 2509 to read as follows:
19  S 2509. FIREARMS INVENTORY
20    WHENEVER,  BY  REGULATION, RULE OR STATUTE, A FIDUCIARY OR ATTORNEY OF
21  RECORD MUST FILE A LIST OF ASSETS CONSTITUTING A DECEDENT'S ESTATE, SUCH
22  LIST MUST INCLUDE A PARTICULARIZED DESCRIPTION OF EVERY FIREARM, SHOTGUN
23  AND RIFLE, AS SUCH TERMS ARE DEFINED IN SECTION 265.00 OF THE PENAL LAW,
24  THAT ARE PART OF SUCH ESTATE. SUCH LIST MUST BE FILED  WITH  THE  SURRO-
25  GATE'S  COURT  IN  THE COUNTY IN WHICH THE ESTATE PROCEEDING, IF ANY, IS
26  PENDING AND A COPY MUST BE FILED WITH THE DIVISION OF  CRIMINAL  JUSTICE
27  SERVICES.
28    S  54.  Section  18  of  chapter 408 of the laws of 1999, constituting
29  Kendra's Law, as amended by chapter 139 of the laws of 2010, is  amended
30  to read as follows:
31    S  18.  This  act shall take effect immediately, provided that section
32  fifteen of this act shall take effect April 1, 2000, provided,  further,
33  that  subdivision (e) of section 9.60 of the mental hygiene law as added
34  by section six of this act shall be effective 90 days  after  this  act
35  shall  become law; and that this act shall expire and be deemed repealed
36  June 30, [2015] 2017.
37    S 55. The education law is amended by adding a new section  2801-b  to
38  read as follows:
39    S  2801-B. NEW YORK STATE SCHOOL SAFETY IMPROVEMENT TEAMS.  THE GOVER-
40  NOR SHALL ESTABLISH NEW YORK  STATE  SCHOOL  SAFETY  IMPROVEMENT  TEAMS,
41  WHICH  MAY  BE COMPOSED OF REPRESENTATIVES FROM THE DIVISION OF HOMELAND
42  SECURITY AND EMERGENCY SERVICES, THE DIVISION OF STATE POLICE, THE DIVI-
43  SION OF CRIMINAL JUSTICE SERVICES, AND THE  DEPARTMENT.  SUCH  NEW  YORK
44  STATE  SCHOOL  SAFETY  IMPROVEMENT  TEAMS SHALL REVIEW AND ASSESS SCHOOL
45  SAFETY PLANS SUBMITTED, ON A VOLUNTARY BASIS, BY SCHOOL DISTRICTS HAVING
46  A POPULATION OF LESS THAN ONE HUNDRED TWENTY-FIVE THOUSAND  INHABITANTS,
47  BOARDS OF COOPERATIVE EDUCATIONAL SERVICES, AND COUNTY VOCATIONAL EDUCA-
48  TION  AND EXTENSION BOARDS, AND MAY MAKE RECOMMENDATIONS TO IMPROVE SUCH
49  SCHOOL SAFETY PLANS.
50    S 56. Subdivision 6-c of section 3602 of the education law, as amended
51  by section 1 of part A-2 of chapter 62 of the laws of 2003,  is  amended
52  to read as follows:
53    6-c. A. Building aid for metal detectors, and safety devices for elec-
54  trically  operated  partitions,  room dividers and doors. In addition to
55  the apportionments payable to a school district pursuant to  subdivision
56  six  of this section, the commissioner is hereby authorized to apportion

1 to any school district additional building aid pursuant to this subdivi-
2 sion for its approved expenditures in the base year for the purchase  of
3 stationary  metal  detectors, security cameras, safety devices for elec-
4 trically  operated  partitions  and  room  dividers required pursuant to
5 section four hundred nine-f of this chapter, or other  security  devices
6 approved  by  the  commissioner that increase the safety of students and
7 school personnel, provided, however, that funds  apportioned  to  school
8 districts pursuant to this section shall not supplant funds for existing
9 district  expenditures  or  for  existing contractual obligations of the
10 district for stationary metal detectors, security cameras, partition and
11 room divider safety devices, or security devices.  Portable or hand held
12 metal detectors shall not be eligible for aid pursuant to this  subdivi-
13 sion.  Such  additional  aid shall equal the product of the building aid
14 ratio computed for use in the current year pursuant to  paragraph  c  of
15 subdivision  six  of  this  section and the actual approved expenditures
16 incurred in the base year pursuant to this  subdivision,  provided  that
17 the limitations on cost allowances prescribed by paragraph a of subdivi-
18 sion six of this section shall not apply. The commissioner shall annual-
19 ly  prescribe a special cost allowance for metal detectors, and security
20 cameras, and the approved expenditures shall not exceed such cost allow-
21 ance. The commissioner shall annually prescribe a special cost allowance
22 for partition and room divider safety devices, and the approved expendi-
23 tures shall not exceed such cost allowance.
24    B. FOR PROJECTS APPROVED BY THE  COMMISSIONER  AUTHORIZED  TO  RECEIVE
25 ADDITIONAL BUILDING AID PURSUANT TO THIS SUBDIVISION FOR THE PURCHASE OF
26 STATIONARY  METAL  DETECTORS, SECURITY CAMERAS OR OTHER SECURITY DEVICES
27 APPROVED BY THE COMMISSIONER THAT INCREASE THE SAFETY  OF  STUDENTS  AND
28 SCHOOL  PERSONNEL,  PROVIDED  THAT  FOR  PURPOSES OF THIS PARAGRAPH SUCH
29 OTHER SECURITY DEVICES SHALL BE LIMITED TO ELECTRONIC  SECURITY  SYSTEMS
30 AND  HARDENED  DOORS,  AND  PROVIDED  THAT  FOR PROJECTS APPROVED BY THE
31 COMMISSIONER ON OR AFTER THE FIRST DAY OF JULY TWO THOUSAND THIRTEEN AND
32 BEFORE THE FIRST DAY OF JULY TWO THOUSAND SIXTEEN  SUCH  ADDITIONAL  AID
33 SHALL  EQUAL  THE PRODUCT OF (I) THE BUILDING AID RATIO COMPUTED FOR USE
34 IN THE CURRENT YEAR PURSUANT TO PARAGRAPH C OF SUBDIVISION SIX  OF  THIS
35 SECTION  PLUS  TEN  PERCENTAGE POINTS, EXCEPT THAT IN NO CASE SHALL THIS
36 AMOUNT EXCEED ONE HUNDRED PERCENT, AND (II) THE ACTUAL APPROVED EXPENDI-
37 TURES INCURRED IN THE BASE YEAR PURSUANT TO THIS  SUBDIVISION,  PROVIDED
38 THAT  THE  LIMITATIONS  ON  COST ALLOWANCES PRESCRIBED BY PARAGRAPH A OF
39 SUBDIVISION SIX OF THIS SECTION SHALL NOT APPLY,  AND  PROVIDED  FURTHER
40 THAT  ANY  PROJECTS  AIDED  UNDER  THIS  PARAGRAPH MUST BE INCLUDED IN A
41 DISTRICT'S SCHOOL SAFETY PLAN. THE COMMISSIONER SHALL ANNUALLY PRESCRIBE
42 A SPECIAL COST ALLOWANCE FOR METAL DETECTORS, AND SECURITY CAMERAS,  AND
43 THE APPROVED EXPENDITURES SHALL NOT EXCEED SUCH COST ALLOWANCE.
44    S 57.  Severability.  If  any clause, sentence, paragraph, section or
45 part of this act shall be adjudged by any court of  competent  jurisdic-
46 tion to be invalid and after exhaustion of all further judicial review,
47 the judgment shall not affect, impair or invalidate the remainder there-
48 of, but shall be confined in its  operation  to  the  clause,  sentence,
49 paragraph,  section or part of this act directly involved in the contro-
50 versy in which the judgment shall have been rendered.
51    S 58. This act shall take effect immediately; provided, however, that:
52    a. Sections one, two, three, four, five, six, seven, eight, nine, ten,
53 eleven, twelve, thirteen, fourteen, fifteen, sixteen,  seventeen,  eigh-
54 teen,  nineteen,  twenty,  twenty-one, twenty-two, twenty-three, twenty-
55 four, twenty-five, twenty-six, twenty-six-a, twenty-seven, twenty-eight,
56 twenty-nine, thirty, thirty-one, thirty-two, thirty-three,  thirty-four,

```
 1  thirty-five,  thirty-six,  thirty-nine,  forty,  forty-one, forty-one-a,
 2  forty-one-b, forty-two, forty-three, forty-five, forty-six, forty-six-a,
 3  forty-seven, fifty-one, fifty-two, fifty-three, fifty-four,  fifty-five,
 4  and fifty-six of this act shall take effect on the sixtieth day after it
 5  shall have become a law;
 6      b. The amendments to subdivision 23 of section 265.00 of the penal law
 7  made  by section thirty-eight of this act shall take effect on the nine-
 8  tieth day after this act shall have become a law, except that the amend-
 9  ments made to paragraph (a) of subdivision 23 shall  take  effect  imme-
10  diately;
11      c.  The  amendments  to subdivision 1, paragraph (a) of subdivision 3,
12  and subdivisions 4, 9, 10, 11, 12, 15, and 16-b of section 400.00 of the
13  penal law made by section forty-eight of this act shall take effect  one
14  year after this act shall have become a law;
15      d.  The  amendments to subdivision 16-a of section 400.00 of the penal
16  law made by section forty-eight of this act shall  take  effect  on  the
17  ninetieth day after this act shall have become a law;
18      e.  The amendments to sections 400.02 and 400.03 of the penal law made
19  by sections forty-nine and fifty of this act shall take effect one  year
20  after it shall have become a law; and
21      f. The amendments to subdivision (b) of section 9.47 and sections 9.48
22  and  9.60 of the mental hygiene law made by sections twenty-one, twenty-
23  two and twenty-three of this act shall not  affect  the  expiration  and
24  repeal of such paragraph and sections and shall be deemed repealed ther-
25  ewith.
```

*Montgomery vs. Cuomo*

Exhibit Group A

Exhibit #2 – Memo: Bill S2230-2013/A2388-2013

## Memo

BILL NUMBER:S2230

TITLE OF BILL:

An act to amend the criminal procedure law, the correction law, the family court act, the executive law, the general business law, the judiciary law, the mental hygiene law, the penal law and the surrogate's court procedure act, in relation to suspension and revocation of firearms licenses; private sale or disposal of firearms, rifles or shotguns and establishing a minimum age to possess a firearm; to amend the family court act, the domestic relations law and the criminal procedure law, in relation to providing for the mandatory suspension or revocation of the firearms license of a person against whom an order of protection or a temporary order of protection has been issued under certain circumstances, or upon violation of any such order; to amend the penal law, in relation to community guns and the criminal sale of a firearm and in relation to the definitions of aggravated and first degree murder; to amend chapter 408 of the laws of 1999 constituting Kendra's Law, in relation to extending the expiration thereof; and to amend the education law, in relation to the New York state school safety improvement teams; and in relation to building aid for metal detectors and safety devices

PURPOSE:

This legislation will protect New Yorkers by reducing the availability of assault weapons and deterring the criminal use of firearms while promoting a fair, consistent and efficient method of ensuring that sportsmen and other legal gun owners have full enjoyment of the guns to which they are entitled. A thoughtful network of laws provides the toughest, most comprehensive and balanced answer in the nation to gun violence. Through this legislation, New York is the first in the nation to completely ban all pre-1994 high capacity magazines; to ban any magazine that holds more than seven rounds (rather than a limit of ten) and to both track ammunition purchases in real time to permit alerts on high volume buyers, while also checking on the buyer's background.

In a range of reforms the bill attends to the weaknesses in the state's current regulatory structure to bring a consistency and rationality that must be the cornerstone of a safe society. A single standard across the State will ensure that legal gun owners obtain their licenses expeditiously while those prohibited are denied that privilege. A statewide database will keep the registry current and guard against the dangerous or unstable possessing guns. New rules will close a loophole that excludes private sales of guns from a federal background check; tighten provisions governing gun ownership by persons with serious mental illness; require safe storage of guns for gun owners who live with someone who has been convicted of certain crimes, is under an order of protection, or who has been involuntarily committed as a result of a mental illness. The bill also creates new and enhanced penalties for illegal gun use, and enhances protections for victims of domestic violence by requiring the firearm surrenders and gun license suspension and revocation in cases where an order of protection has been issued.

SUMMARY OF PROVISIONS:

Assault Weapons

Section 37 of the bill amends Penal Law § 265.00(22) in order to strengthen New York's assault weapon ban, expanding its reach and making it easier to enforce. The proposed amendments replace the existing ban consisting of and a "two-feature" test adopted from the now-expired federal assault weapons ban with a clearer "one-feature" test. The "two-feature" test bans any gun that is semi-automatic, has a detachable magazine (in the case of pistols and rifles), and possesses two features that are commonly associated with military weapons. The "one-feature" test would ban semi-automatic guns with detachable magazines that possess one feature commonly associated with military weapons. This section also adds to the list of "features" that characterize a banned weapon.

Within one year of the effective date, all weapons defined as assault weapons under the

new "one-feature" test, as well as weapons grandfathered in under the original assault
weapons ban, must be registered. Current owners of these banned weapons may transfer the
weapons only to a firearms dealer or transfer to an out of state buyer. All registered
owners will be subject to a review of disqualifiers by the State Police.


Ammunition


Section 38 of the bill amends Penal Law § 265.00(23) to ban all large capacity magazines
that have the capacity to hold more than ten rounds of ammunition including those that
were grandfathered in under the original assault weapons ban and creates a new ban on
magazines that hold more than seven rounds of ammunition. Magazines that can hold more
than seven rounds but not more than ten rounds and are currently possessed will be
grandfathered in, but may only contain seven rounds of ammunition. Exceptions are made
for large capacity magazines that are curios or relics.


Section 39 also adds a new section to Penal Law § 265.00 to define seller of ammunition.


Section 50 of the bill enhances control over sales of ammunition by adding a new Penal
Law § 400.03 requiring (1) that sellers of ammunition register with the superintendent
of the State Police (2) that prior to a sale of ammunition, a seller must run the buyer
through a State-created review of disqualifiers to ensure that the buyer is not
prohibited by law from possessing ammunition, and (3) that ammunition sales are
electronically accessible to the State. In addition, to prevent from purchasing
ammunition, the bill requires that any ammunition sold commercially must be conducted by
a seller that can perform a background check.


Licensing


Section 49 creates a new Penal Law § 400.02 establishing a statewide gun license and
record database. Section 18 amends Section 212 of the Judiciary Law to require that
records submitted to the Federal Bureau


 of Investigation regarding individuals for whom a guardian has been appointed be
transmitted to the State and checked against the statewide gun license and record
database.


Several sections of the bill strengthen statutory provisions related to the licensing of
firearms, shotguns, and rifles. Section 1 amends Criminal Procedure Law (CPL) § 330.20
to require the revocation of any gun license from and the surrender of any gun by a
defendant upon an entry of a verdict of not responsible by reason of mental disease or
defect, upon the acceptance of a plea of not responsible by reason of mental disease or
defect, or upon a finding that a defendant is an incapacitated person pursuant to the
CPL. Section 2 adds a new section to the CPL that requires a sentencing judge to demand
surrender of a gun license or registration and all guns possessed by the defendant upon
judgment of conviction for an offense that requires the seizure of a gun and the
revocation of a gun license or registration. Sections 4 through 16 amend the Family
Court Act, the Domestic Relations Law and the CPL to require, under certain
circumstances, the mandatory suspension or revocation of the firearms license of a
person against whom an order of protection or a temporary order of protection has been
issued.


Section 48 of the bill amends the Penal Law to require that every county recertify a gun
license holder's license every five years. Failure to recertify during this five year
period equates to revocation of the license. The section also adds bases for denial of a
license to an applicant, including connection of a felony or serious offense, being
presently subject to an order of protection; and expands the criteria for denial based
on an applicant's history of mental illness.


Private Sales


Under current New York law, background checks on gun purchasers are required for all
purchases of guns from gun dealers and at gun shows. Section 17 will expand this
requirement by adding a new article to the General Business Law requiring background
checks to be completed for all gun sales, except for immediate family. Thus private
sellers may transfer a gun only if the buyer has obtained a federal "NICS" check.

Further, dealers must maintain records of private sale background checks, and private
sellers may charge a fee of up to $10 on a transaction. Transfers between immediate
family members will be exempt from the requirements of this section.

Safe Storage

To prevent, among other things, unauthorized and unlicensed use of guns, section 47 of
the bill adds a new Penal Law § 265.45 establishing safe storage requirements for
rifles, shotguns and firearms. Under this new section, a gun owner who lives with
someone who the owner has reason to know is prohibited from possessing a gun because the
prohibited person has been convicted of a crime punishable by a term of imprisonment
exceeding one year, has been adjudicated mentally defective or committed to a mental
institution, is subject to a court order of protection or has been convicted of a
misdemeanor

 crime of domestic violence whose sentence has been completed in the last five years
must, when the gun is out of the owner's immediate control, keep the gun secured in a
safe storage depository (for example, a safe or similar secure container with a lock
that can be opened only with a key or combination, or other locking mechanism) or render
it incapable of being fired by putting a safety lock on the gun.

Provisions Related to Persons with Mental Illness

Amendments to the Mental Hygiene Law will help ensure that persons who are mentally ill
and dangerous cannot retain or obtain a firearm. First, mental health records that are
currently sent to NIDCS for a federal background check will also be housed in a New York
State database. A new Section 9.46 of the Mental Hygiene Law will require mental health
professionals, in the exercise of reasonable professional judgment, to report if an
individual they are treating is likely to engage in conduct that will cause serious harm
to him- or herself or others. A good faith decision about whether to report will not be
a basis for any criminal or civil liability. When a Section 9.46 report is made, the
Division of Criminal Justice Services will determine whether the person possesses a
firearms license and, if so, will notify the appropriate local licensing official, who
must suspend the license. The person's firearms will then be removed.

The bill extends Kendra's Law through 2017 and amends the law by: extending the duration
of the initial assisted out-patient treatment order from 6 months to one year; requiring
a review before the assisted out-patient treatment order for a mentally ill inmate is
terminated; requiring an assisted out-patient treatment order to follow a person from
one county to another if he or she changes residence; and will require the Office of
Mental Hygiene (OMH) to conduct an assisted out-patient treatment assessment when a
state prisoner is being discharged to the community from an OHM hospital.

New and Enhanced Criminal Penalties

Several sections of the bill create new and enhanced penalties for illegal gun use.
Sections 33 through 36, known as "Mark's Law," will include the intentional murder of
certain first responders in the Class A-1 felonies of murder in the first degree and
aggravated murder. The mandatory penalty for a conviction of aggravated murder is life
without parole.

A new Penal Law Section 460.22, aggravated enterprise corruption, recognizes the
significant threat to public safety posed by organized violent gangs and their illegal
purchases of weapons by creating an A-1 felony for cases when members of the enterprise
commit certain combinations of offenses. Those combinations are: first, a pattern of
criminal activity that constitutes Class B felonies or higher, and at least two of those
acts are armed felonies; or second, one act is a Class B violent felony and two acts
constitute a violation of the newly added Section 265.17 (3) which prohibits the
purchase on behalf of or disposal of a weapon on an individual who is prohibited by law
from possessing such a weapon. This provision also addresses the issue

 of "straw purchasers" where individuals who are not prohibited by law to purchase
weapons do so for others, for example, gang members who may not possess a weapon because
of a prior conviction or other disability under law.

Section 41 increases the penalty for possession of a firearm on school grounds or on a school bus from a misdemeanor to a Class E felony. Section 41-a creates a new subdivision of criminal possession of a weapon in the third degree, a Class D violent felony, when a person possesses an unloaded firearm and also commits a drug trafficking felony or possesses an unloaded firearm and also commits any violent felony as part of the same criminal transaction. The mandatory minimum sentence for these new Class D felonies is a three and one-half year determinate sentence, although the court may consider mitigating factors and impose a lesser sentence in some limited circumstances involving drug trafficking.

Section 45 creates the crime of aggravated criminal possession of a weapon, a Class C felony, which is committed when one possesses a loaded firearm under § 255.03 of the Penal Law and also commits any violent felony offense or a drug trafficking felony. The minimum mandatory sentence is 5 years.

Section 32 amends Penal Law § 120.05 by adding a new subdivision 4-a to create the crime of assault in the second degree when a person recklessly causes physical injury to a child by the intentional discharge of a firearm, rifle or shotgun.

Section 43 amends Penal Law § 265.17 to include criminal sale or disposal of a weapon by providing a firearm, rifle or shotgun to a person knowing he or she is prohibited by law from possessing such firearm, rifle or shotgun. The penalty is raised from a Class A misdemeanor to a Class D felony.

Section 31 adds Penal Law § 115.20 making it a Class A misdemeanor to make available, sell, exchange, give or dispose of a community gun that aids a person in committing a crime. A community gun is defined as one that is made available to, among, or between two or more persons at least one of whom is not authorized pursuant to law to possess such firearm.

Safer Schools

The bill adds a new Section 2801-b to the Education Law to establish New York State School Safety Improvement Teams to review, assess, and make recommendations on School Safety Plans submitted by school districts on a voluntary basis.  Section 3602 of the Education Law is amended to allow school districts that purchase various security devices included in their School Safety Plans to receive state building aid reimbursement at a rate ten percent higher than their current building aid ratio. Section 55 is the severability clause, and Section 56 establishes the effective date.

EXISTING LAW:

 This bill amends the Correction Law, the Criminal Procedure Law, the Domestic Relations Law, the Executive Law, the Family Court Act, the General Business Law, the Judiciary Law, Kendra's Law (Section 18 of Chapter 408 of the Laws of 1999, as amended by Chapter 139 of the Laws of 2010), the Mental Hygiene Law, the Penal Law, and the Surrogates Court Act.

STATEMENT IN SUPPORT:

In the wrong hands, guns are weapons of untold destruction and heartbreak: family and community members are taken from us in an instant; mass shootings shatter our sense of safety in public spaces; street crimes plague our neighborhoods. Nationwide, gun violence claims over 30,000 lives annually.

While the Second Amendment protects the right to keep and bear arms, the Supreme Court has said that that right is "not unlimited." District of Columbia v. Heller, 554 U.S. 570, 595, 626 (2008). In the Heller case, the Supreme Court explained, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." 554 U.S. at 626-27. The Court also recognized there is a "historical tradition of prohibiting the carrying of 'dangerous and unusual' weapons.' Id. This piece of legislation heeds the guidance of the Supreme Court by refining and improving the assault weapon ban and increasing the safety of New

Yorkers while observing the protections of the Second Amendment.

Some weapons are so dangerous and some ammunition devices so lethal that we simply cannot afford to continue selling them in our state. Assault weapons that have military-style features unnecessary for hunting and sporting purposes are this kind of weapon. The test adopted in this legislation is intended to bring a simplicity of definition focusing on the lethality of the weapon, amplified by the particular features. Given the difficulty of maintaining a list of guns that keeps pace with changes in weapon design, the one-feature test is a more comprehensive means for addressing these dangerous weapons.

Ammunition

The state's previous ban against high capacity magazines faltered because it was impossible to tell the difference between magazines manufactured before or after the effective date of the ban. This bill prohibits possession of all magazines with the capacity to contain more than ten rounds, regardless of the date of manufacture. Going forward, individuals will only be able to obtain magazines that can contain up to seven rounds. Those who currently possess magazines that can contain more than seven rounds will only be permitted to maintain up to seven rounds in such magazines.

The new law also provides a mechanism to identify individuals who purchase unusually high volumes of ammunition, either in person or

 over the internet. Sellers must run the buyer's name through a State database modeled after the federal "NICS" database to ensure the buyer is not prohibited by law from possessing ammunition. Ammunition sellers are also required to electronically file with the State records of each ammunition sale, including amount sold.

In order to prevent circumvention of these new controls, this bill requires that any seller--whether located in New York or out of state--ship the ammunition to a dealer within New York for in-person pick-up. The dealer is required to maintain records of the ammunition sale and to perform a State review of disqualifiers. Direct shipment of ammunition without a face-to-face transaction prevents a seller from being able to adequately confirm the identity of a buyer through the in-person inspection of a valid photo ID. Without adequate confirmation of a buyer's identity, the benefits of background checks and record keeping are completely circumvented. A law requiring all ammunition sales to culminate in a face-to-face transfer, thereby allowing for effective confirmation of purchaser identity and corresponding background check, is consistent with this scheme.

Licensing

Currently in New York State, outside of New York City, Westchester, Nassau and Suffolk Counties, a gun license never expires. Lack of a renewal procedure means there is no periodic review of a licensee's qualifications. Thus, if a license holder becomes disqualified from carrying a gun subsequent to obtaining a license, he or she will likely retain the license. This law requires every license holder to recertify the licensee's gun license every five years. Failure of a licensee to have his or her license recertified will result in revocation of the license.

In addition, in order to ensure that legal gun license holders receive their licenses as swiftly as possible and to ensure the swift and accurate ability to match license holders with disqualifying events such as a felony conviction, the bill establishes an electronic license and record database. The electronic database will permit regular matching by the State against records of prohibited persons (e.g., those with criminal histories, orders of protection, and mental illnesses that bar gun ownership and licensing) as well as against other databases such as death records to ensure that New York's license records are up to date.

Furthermore, orders of protection are intended to protect victims of domestic violence from their abusers and prevent violent crimes from occurring. This bill enhances protections for victims of domestic violence by strengthening the provisions regarding the possession and surrender of firearms and the suspension and revocation of, and ineligibility for, licenses by individuals who are the respondents in an order of

protection. The bill makes changes to the Family Court Act to conform to the 2007
amendments made to the CPL.

Private Gun Sales

 Under current New York law, background checks on purchasers are required for all
purchases of guns from gun dealers and at gun shows, however, individuals that purchase
guns through private sellers are not required to undergo background checks. This bill
requires background checks for all gun sales, including private sales, ensuring that
otherwise disqualified individuals cannot circumvent the law by obtaining guns buying
from a private seller.

Safe Storage

To prevent unauthorized possession and use of guns, this bill requires anyone who owns a
gun or who lives with someone who the owner has reason to know is disqualified from
possessing a gun under certain provisions of federal law to secure any gun in a safe
storage depository or render it incapable of being fired by putting a safety lock on the
gun if it is to be outside the owner's direct control.

Persons with Mental Illness

This bill adds provisions to revoke or suspend licenses of individuals with mental
illness who, in the opinion of mental health professionals would pose a danger to
themselves or others should they possess guns. The bill also extends and expands
Kendra's Law to provide additional out-patient treatment services to persons with mental
illness.

New and Enhanced Criminal Penalties

The new and amended sections of the Penal Law are focused on the methods by which gun
violence is often carried out in our communities, giving law enforcement better tools to
punish and deter such conduct. As the presence of illegal guns on our streets endangers
the welfare of entire communities, these provisions ensure appropriate penalties for
making guns available to prohibited persons, as well as putting our children at risk by,
among other dangerous and illegal activities, possessing guns near school grounds. In
addition, recognizing the widespread violence caused by gang activity, the bill
establishes penalties for participation in gang activity resulting in the commission of
a violent crime.

The bill also contains new provisions acknowledging the danger that our first responders
face every day as they protect other New Yorkers by establishing an enhanced penalty for
knowingly causing the death of a first responder in the course of his or her duties.

LEGISLATIVE HISTORY:

New proposal.

BUDGET IMPLICATIONS:

Any costs related to this bill will be paid out of the Division of State Police capital
budget.

EFFECTIVE DATE:


The bill will take effect immediately except where otherwise provided.