*Montgomery vs. Cuomo*

Exhibit Group F

Exhibit #18 – National Center for State Courts Study

**The author(s) shown below used Federal funds provided by the U.S. Department of Justice and prepared the following final report:**

| | |
|---|---|
| **Document Title:** | **NICS Improvement Amendments Act: State Records Estimates Development and Validation Project, Year Three Report** |
| **Author:** | **Richard Schauffler, Shauna Strickland, Anne Gallegos, Owen Greenspan, Dennis DeBacco** |
| **Document No.:** | **240401** |
| **Date Received:** | **December 2012** |
| **Award Number:** | **2009-NS-BX-K050** |

**This report has not been published by the U.S. Department of Justice. To provide better customer service, NCJRS has made this Federally-funded grant final report available electronically in addition to traditional paper copies.**

**Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.**

**NICS Improvement Amendments Act**
**State Records Estimates Development and Validation Project - Year 3 Report**

**Abstract**

The National Instant Criminal Background Check System (NICS) Improvement Amendments Act of 2007 (NIAA) requires states to report reasonable estimates of the number of records available to the NICS. The National Center for State Courts (NCSC), in partnership with SEARCH, was awarded the NICS State Records Estimates Development and Validation Project to assist the Bureau of Justice Statistics (BJS) in determining the reasonableness of state estimates and in creating estimates for non-reporting states. This report discusses the NCSC's and SEARCH's analysis of state record estimates submitted in 2011, the statistical models developed to determine the reasonableness of estimates reported to BJS and the feasibility of creating estimates for non-responding states and recommendations for future efforts at improving record estimates provided for NICS.

**Disclaimer**

This project was supported by Grant No. 2009-NS-BX-K050 awarded by the Bureau of Justice Statistics, Office of Justice Programs, U.S. Department of Justice. Points of view in this document are those of the author and do not necessarily represent the official position or policies of the US Department of Justice.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.



NICS Improvement Amendments Act

## *State Records Estimates Development and Validation Project*

Year Three Report

November 6, 2012

Submitted by

**The National Center for State Courts**

Richard Schauffler, Project Director

Shauna Strickland

Anne Gallegos

**SEARCH, the National Consortium for Justice Information and Statistics**

Owen Greenspan

Dennis DeBacco

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Table of Contents

Executive Summary ........................................................................................................... 1

Findings ............................................................................................................................. 1

Recommendations ............................................................................................................. 2

Introduction ....................................................................................................................... 3

National Instant Criminal Background Check System Improvement Amendments Act .............. 3

NIAA Implementation ....................................................................................................... 3

State Records Estimates Data Collection .......................................................................... 4

    Survey Methodology .................................................................................................... 4

    Response Rates ............................................................................................................. 5

Evaluation of NIAA Surveys ............................................................................................ 6

    Evaluation Methodology .............................................................................................. 6

Development of the Estimating Model ............................................................................... 9

    What is the Model? ....................................................................................................... 9

    How Were the Models Developed? ............................................................................ 12

    What Data are Included in the Models? ..................................................................... 12

    Model Findings and Predictions ................................................................................ 13

    What Do the Models Say About Reasonableness? .................................................... 20

    What Do the Models Suggest About Estimating Values for Non-reporting States? ............... 20

Assessing the Reasonableness of Records Estimates .................................................... 20

Recommendations ........................................................................................................... 26

    State-specific Technical Assistance ........................................................................... 26

    Promising Practices .................................................................................................... 27

    Reconsider Survey Methodology to Narrow Scope ................................................... 27

Appendix A:  Letter from BJS to State Contacts Announcing the NIAA ................................... 28

Appendix B:  Frequently Asked Questions ........................................................................ 29

Appendix C:  State Summaries Definitions ....................................................................... 35

Appendix D:  Promising Practices Example ....................................................................... 88

Appendix E:  Technical Appendix ...................................................................................... 89

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

Executive Summary

The National Instant Criminal Background Check System Improvement Amendments Act of 2007 (NIAA) directs states to report reasonable estimates of the number of records available to the National Instant Criminal Background Check System (NICS). The Bureau of Justice Statistics (BJS) contracted with the National Center for State Courts (NCSC), in partnership with SEARCH, the National Consortium for Justice Information and Statistics, to evaluate the reasonableness of the estimates provided and to develop a statistical model to validate those estimates and determine the feasibility of providing model-based estimates for states that did not report estimates to BJS. This report presents the Year 3 analyses of the NIAA state records estimates survey.

Findings

- 47 of the 56 states and territories surveyed provided records estimates, a response rate of 84 percent, compared to 75 and 79 percent for the Year 1 and Year 2 NIAA surveys, respectively.

- State record repositories contain 84 percent of the records housed by originating agencies. However, this percentage is not believed to be a reliable representation of records being reported to federal databases. This is due to the limitations of the estimate quality based on challenges states faced in deriving estimates, as well as the fact that originating agencies may report some records directly to the federal databases rather than to the repository, thus the repository would not ever receive these records. Some repositories do not keep certain types of records, either because they merely pass through electronically and are not counted, or because the records never make it to the repository (e.g., some mental health records).

- The Year 3 statistical model validated the reasonableness of the Overall estimates reported by the state record repositories and the originating agencies. Additionally, the category specific model validated the reasonableness of estimates provided for Category 1 (Felony convictions). The remaining category specific models, however, offered less than conclusive evidence of reasonableness. Possible reasons for the model's inability to validate the remaining categories are 1) the categories' unavoidably small sample sizes and 2) the absence of required data, either from the NIAA surveys or from the set of predictors used to develop the models.

- The Year 3 state record repository and originating agency estimates are considered reasonable and have face validity. That is, the data provided appear to be reasonably accurate estimates of the numbers of records they are supposed to be estimating. In addition, the qualitative information (i.e., the narrative descriptions of the data) provided by the 47 responding states enhanced that appearance of reasonableness by documenting the challenges that inhibit states' ability to make more precise estimates.

- The statistical model could not be used to develop estimates of data from non-responding states and territories. This was especially true of the larger non-reporting states because 1) they are atypical of the states that did report and 2) the model confidence bounds of the larger reporting states were too wide as to make credible assessments regarding their

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

reasonableness.  It might be more feasible to develop model-based estimates for smaller states, but even then they must be shown to resemble other states in the sample.

<u>Recommendations</u>

Recommendations include focusing technical assistance on problems and challenges identified consistently through the review of all three estimates cycles, promulgating Promising Practices documents on the BJS website to encourage peer-to-peer technical assistance, and reconsidering the survey methodology to narrow the scope and improve the quality of estimates.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

## Introduction

The Bureau of Justice Statistics (BJS) is charged with collecting the records estimates defined by The National Instant Criminal Background Check System Improvement Amendments Act of 2007 (NIAA), signed into law on January 8, 2008. The Act requested estimates of records that affect eligibility to purchase a firearm under the Gun Control Act of 1968 (Pub. L. 90-618) as amended, in order to assess how effectively those data are being reported or, in some instances, being made available to the Federal Bureau of Investigation (FBI).  In October 2009 the National Center for State Courts (NCSC), in partnership with SEARCH, was awarded the NICS State Records Estimates Development and Validation Project with the specific goals of assisting BJS in determining the reasonableness of state estimates and in creating reasonable estimates for those states that did not report such on their own.  At the time of this report, three years of records estimates have been collected from states. This report includes discussion of the analysis of Year 3 estimates, the statistical models developed to determine the reasonableness of estimates reported to BJS, the feasibility of creating estimates for non-responding states, and recommendations for future efforts at improving records estimates provided for NICS.  This report builds on the findings of the Year 1 and Year 2 reports available at www.bjs.gov.

## The NICS Improvement Amendments Act (NIAA)

The NIAA amends the Brady Handgun Violence Prevention Act of 1993, Pub. L. 103-159 (the Brady Act), under which the Attorney General established the National Instant Criminal Background Check System (NICS).  The Brady Act requires federal firearms licensees (FFLs) to contact the NICS before transferring a firearm to an unlicensed person to ascertain whether the proposed transferee is prohibited from receiving or possessing a firearm under state or federal law.

The NIAA was enacted in the wake of the April 2007 shooting tragedy at Virginia Tech.  The Virginia Tech shooter was able to purchase firearms from an FFL because records pertaining to his prohibiting mental health history were not available to the NICS; as a consequence, the system was unable to deny the transfer of the firearms used in the shootings.  The primary purpose of the NIAA, therefore, is to ensure that all such firearms-prohibiting records are available to the NICS.  Filling these record gaps will better enable the system to operate as intended to keep guns out of the hands of persons prohibited by federal or state law from receiving or possessing firearms.

## NIAA Implementation

The NIAA has provisions that pertain to both federal agencies and states.  For federal agencies, the NIAA mandates the reporting of firearms-prohibiting records and provides that any agency making mental health adjudications or commitments may create a relief from disabilities program.  Such a program permits persons who have been adjudicated a mental defective or involuntarily committed to a mental institution to obtain relief from the firearms disabilities imposed by law as a result of such adjudication or commitment.  For states, the NIAA requests that state record repositories, court systems, and other original source record holders provide the Attorney General with reasonable estimates of firearms-prohibiting records that cover up to the past twenty years. These estimates are to include two numbers, one from the originating agency and one from the state record repository, for each of the seven categories of records sought: felony convictions, active indictments/informations/verified complaints, active wants/warrants,

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

unlawful drug use records, mental health adjudications or commitments, protection or restraining orders, and convictions for potential misdemeanors crimes of domestic violence.  Funding for improving records reporting is made available to states that create a relief from disabilities program, provided they have submitted the required estimates. Eighteen states have been awarded grants since 2009.[1]

State Records Estimates Data Collection (NIAA Survey)

*Survey Methodology*

In an effort to reduce the burden of the NIAA survey on respondents, the Year 3 data collection was conducted via an online survey. In February 2011, BJS sent an email letter announcing the upcoming data collection effort to state court administrators and state National Criminal History Improvement Program (NCHIP) contacts for each of the 50 states, the District of Columbia, and five territories: American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands (see Appendix A).  This letter outlined the reporting requirements of the Act as well as a link to the Year 1 report, a copy of the Frequently Asked Questions document (see Appendix B), and a description of the online data collection method.  The NCSC followed up with emails to the NCHIP contacts and state court administrators with the link to their state-specific online data collection forms. The online reporting tool requested the same information as the survey in prior years and had states' prior years' submissions pre-filled for reference. One online survey requested the number of records available at originating agencies (i.e., the agencies that make the arrests; issue the warrants, indictments, or informations; and enter the convictions or orders) and another requested the number of records available at state record repositories (i.e., the central record repositories for criminal justice information, mental health adjudications or commitments, protection orders, warrants, etc.) for the following seven categories:

- Category 1 – Felony convictions: records that identify a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year (e.g. state 'felonies') and of any state misdemeanors punishable by imprisonment for more than 2 years.

- Category 2 – Active indictments/informations/verified complaints: records that identify a person who is under an indictment or information returned or filed with a court, or a criminal complaint issued or verified by a prosecutor, for the crimes described in Category 1.

- Category 3 – Active wants/warrants: records that identify a person who is a fugitive from justice, as demonstrated by an active felony or misdemeanor want or warrant.

- Category 4 – Unlawful drug use records: records that identify a person who is an unlawful user of or addicted to any controlled substance, as demonstrated by specified arrests, convictions and adjudications, not protected from disclosure to the Attorney General by federal or state law.

- Category 5 – Mental health adjudications or commitments: records not protected from disclosure to the Attorney General by federal or state law that identify persons who have

---

[1] These states are: Arizona, Connecticut, Florida, Idaho, Illinois, Indiana, Kentucky, Missouri, Nebraska, Nevada, New Jersey, New York, North Dakota, Oregon, Texas, Virginia, West Virginia, and Wisconsin.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

been adjudicated mentally defective, meaning that a court, board, commission or other lawful authority has determined that the person, as a result of marked subnormal intelligence or mental illness, incompetency, condition or disease, (a) is a danger to himself or others or (b) lacks the mental capacity to contract or manage his own affairs. This category also includes records not protected from disclosure to the Attorney General by federal or state law of persons found incompetent to stand trial or found insane by a court in a criminal case, and records not protected from disclosure to the Attorney General by federal or state law that identify persons who have been formally and involuntarily committed to a mental institution. This category of records does not include persons committed to a mental institution voluntarily or merely for observation or evaluation.

- Category 6 – Protection or restraining orders: records that are electronically available and identify a person subject to an active court order (from criminal or civil court) which restrains a person from committing acts of violence against another person. Both temporary and permanent protection or restraining orders are included.

- Category 7 – Convictions for potential misdemeanor crimes of domestic violence (MCDV): records that are electronically available and that may identify a person convicted of misdemeanor offenses such as battery, assault, disorderly conduct, breach of peace, family violence/domestic violence, family assault or battery/domestic assault or battery, stalking, harassment, etc.

In addition to providing estimates, the reporting form requested that respondents provide, for each category, a description of record availability, including information on the type and number of state/local agencies that originally created the records, the typical "lifecycle" of original records, any difficulties or impediments to accessing and submitting the records, and any factors that affect the availability of records for state and national files. Furthermore, the respondents were asked, for each category, to provide a detailed description of how they determined the estimate and to document all research, analysis, and survey work that they conducted in order to derive the estimate. Lastly, respondents were asked to provide an explanation for any missing data.

State executive and judicial branch agency representatives were expected to collaborate in developing the requested estimates. This was due to the fact that firearm-prohibiting records could be housed in more than one location and in more than one format; thus, collaboration between the agencies would result in better, more complete estimates. Collaboration was deemed so important to this process that the online NIAA reporting form required the electronic signatures of both the state court administrator and the NCHIP grant administrator as a means of certifying that the desired collaboration had taken place.

*Response Rates*

Of the 56 states and territories, 47 jurisdictions (84%) submitted at least one part of the estimates (repository or originating agency), while 42 states (75%) completed both repository and originating agency estimates. In other words, 5 jurisdictions only submitted estimates from the repository and 4 only submitted estimates from the originating agency. Those jurisdictions that did not provide any estimates for Year 3 are: American Samoa, District of Columbia, Northern

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

Mariana Islands, Puerto Rico, and the Virgin Islands. More jurisdictions provided at least partial estimates in Year 3 than in Year 1 (75%) or Year 2 (79%).

Evaluation of NIAA Surveys

*Evaluation Methodology*

Project staff conducted a thorough evaluation of each state's records estimates.  Staff carefully reviewed each state's reporting form, focusing on the same evaluative elements established in the Year 1 estimates review:

A. *Calculations*: Since mathematical errors are common on survey instruments that do not include formulas, project staff recalculated survey totals to ensure that the respondents provided the correct results. When discrepancies were found, the state's documentation was consulted to determine if the respondents had explained the anomaly. Staff also checked the transcription of data from the category cells to the summary cells since typographical errors are often common when data is not automatically populated from one cell to another.

B. *Missing values*: During the preliminary review of the data in Year 1, project staff created a series of missing values to help categorize the reasons for why data was not provided. The missing values represent three primary categories: true zero, where the state has done a count and found that there were no records for a category; not available, where the state knows that it has records for a category, but is not able to provide a count or an estimate; and not applicable, where the state does not have an entity or record type referred to by the survey. Missing values were assigned based on the documentation provided by the state.  Project staff did not guess at the reason for missing data.  In instances where there was no explanation for missing data, the missing value code indicated that the reason was unknown. The missing value codes are:

- True zero

- Not collected

- Legally prohibited from NICS reporting

- Records might be available at other agency(ies)

- Pending, to be provided at a later date

- Included in category total, but no data provided

- Just beginning to collect data, no historic record

- Not available electronically

- Not applicable

- Unknown; true missing

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

There is one missing data code – "Included in category total, but no data provided" – that only appeared within the details of the categories and not in the aggregate totals. For instance, in Mental Health Adjudications and Commitments (Category 5) a state may have reported that their mental health board does not have the ability to report data by a breakdown of the mental health subcategories (e.g., guilty by reason of insanity, incompetent to stand trial, etc.), but the courts in that state were able to provide estimates for that detail; thus, at the aggregate level, the estimate would appear as opposed to the missing value code.  This missing code was used quite often. The other most commonly used missing data categories were "Not collected" (often a category of records that wasn't collected at the state level or at the repository in general), "Records might be available at other agencies" (mostly used at the originating agency when individual local courts held records), and "Unknown" (used when the narrative did not provide an explanation for the missing estimate).

C.  *Sufficiency of documentation*:  Project staff carefully read all state documentation.  If the state provided the detailed descriptions that were requested, it was considered to have submitted "sufficient" documentation.  If some description of record availability was provided and/or some discussion of how estimates were determined was given, the state was considered to have provided "some" description.  If no additional documentation was given, the state was considered to have provided "no" documentation.  The difference between "some" documentation and "sufficient" documentation rests in the detail provided by the state.  To assess the level of detail, each state's documentation was reviewed with these questions in mind: 1) Did the documentation address record availability, to include the life cycle of all original records as well as any impediments to accessing or submitting records?; 2) Did the respondent accurately describe the court's/repository's records estimation process?; and 3) Did an explanation exist for each missing data element?

D.  *Completeness of category estimates*: Using the documentation provided by the state, project staff made a determination of whether or not the provided estimate was complete. In other words, staff notated all instances in which a state reported that data were missing from an estimate (incomplete), that an estimate included records other than those requested (over-inclusive), or that an estimate was both incomplete and over-inclusive. The completeness of a category was notated only when the state provided specific information.  For instance, if the narrative was not explicit, staff did not comment on the completeness of the estimate for that category.

E.  *Challenges:* Project staff created seven categorical variables that described limitations or challenges states reported as they attempted to create their estimates. State-reported challenges were then coded, allowing for the fact that a state could have faced some, none, or all of the difficulties. The number of states reporting each challenge, by originating agency and repository, are shown in Table 1below.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Table 1: Challenges in Reporting Records: Types and Frequency**

| Challenge | Originating Agencies | Repositories |
|---|---|---|
| Automation or technology – the state does not have the technology to query the data or their system is not automated. | 13 | 18 |
| Tracking (or recording/reporting of data) – the state does not have the ability to track the data separately to identify case types. For instance, a state may be unable to distinguish drug-related adjudications from all other adjudications or may not be able to tell from their database which cases are active or inactive. | 25 | 8 |
| Resources – the state does not have the resources (lack of staff, programming costs, etc.) to provide estimates. | 10 | 11 |
| Statutory requirements or limitations – the state does not have the ability to report estimates due to statutory constraints. | 4 | 12 |
| Retention schedules – the state does not have consistent records retention schedules. In other words, there is inconsistency in the length of time each document or record is retained. | 2 | 3 |
| Records accessibility – the state does not have the ability to report estimates because the records were lost in a flood, fire, hurricane, etc.; there is no centralized file within the state; records are in a legacy system that is no longer available for making inquiries; or information is contained in paper files that are not stored in a manner that allows for practical searching or automating. | 13 | 5 |
| Procedural requirements or limitations – the state does not have the ability to report estimates, e.g. there is no process to establish offender/victim relationships or there are no fingerprints to support the record. | 10 | 11 |
| Disconnect in system collaboration – the state does not have the ability to provide estimates because there is a lack of communication or a gap in the processes between the entities within the criminal justice system. For example, law enforcement agencies and the courts. This challenge does not apply to the communication between the originating agencies and the repository. | 1 | 1 |

F.   *State Summaries:* While evaluating each state's survey, project staff created a one page summary of the state's estimates. The summaries include a table with the estimates, as well as explanations for any missing data and for category estimates that the state indicated were incomplete or over-inclusive. Explanations are provided for categories where the repository estimate was more than 100% or less than 50% of the originating

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

agency estimate. The summaries also include any general notes that a state provided that are important in interpreting the estimates. All summaries for responding states are presented in Appendix C.

Missing data, sufficiency of documentation, completeness of estimates, and challenges derived from assessing the estimates were then used in developing the estimating model, which is described in the next section.

Development of the Estimating Model

*What is the model?*

This section describes the variations in the reported estimates for Year 2 and Year 3 of the NICS estimates survey, assesses the reasonableness and accuracy of the Year 3 reported data, and assesses the feasibility of generating model-based estimates for non-reporting states. The Year 3 modeling was similar to that conducted in Year 2, and it included: (i) efforts to model category specific estimates, (ii) enhancements to the modeling methodology in an attempt to reduce excess variation in estimates, and (iii) additional external data sources that could further explain the variations in originating agency and repository estimates. In addition, in the Year 3 effort, data from Year 2 and Year 3 were combined because several important changes that clarified terminology were made prior to the Year 2 NICS survey, resulting in non-comparable quantities to Year 1 estimates.

Table 2 provides the summary statistics on the reported estimates from Year 3—the dependent variables of the models. Overall, 47 states returned repository surveys and 46 returned originating agency surveys. These numbers are higher than the number of states that returned surveys in Year 2. However, states still varied considerably in their reporting of category-specific estimates. For example, while 47 states returned repository surveys, Category 1 (Felony Convictions) is the only category for which all of those states could provide estimates; the number of states providing estimates for the remaining categories ranged from 27 in Category 2 (Active Indictments) to 45 in Category 3 (Active Wants/Warrants) and Category 4 (Unlawful Drug Use). The range of states providing category-specific estimates for originating agencies was 35 for Category 6 (Active Restraining Orders) to 40 for Category 2 (Active Indictments), with all 45 states reporting the originating agency estimate for Category 1 (Felony Convictions) only. In general, more states provided category-specific repository estimates than category-specific originating agency estimates. The only exception was Category 2 (Active Indictments), where 40 states provided originating agency estimates, but only 27 states provided repository estimates.

States that provided a records estimate typically reported some non-zero estimate for the number of records at the state repositories and originating agencies for each of the categories. The only exception is a minimum estimate of zero from one state repository for Category 2 (Active Indictments). Looking at the average across states, originating agencies often reported larger category-specific estimates than repositories. Category 2 (Active Indictments) was the lone exception, with more records reported at the repositories than at the originating agencies.

The median (50th percentile) is another statistic that provides useful information about the overall level of estimates across categories. Similar to the average of the estimates, the median estimates

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

from originating agencies were more often higher than repository estimates. The only exception was Category 4 (Unlawful Drug Use).

In an attempt to study these variations in the reported estimates as well as to use them to draw inferences about the reasonableness and accuracy of the estimates, statistical models were developed.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Table 2: Distributional characteristics of the record estimates in state repositories and at originating agencies.**

| | Reporting States | Average | Minimum | 25th Percentile | 50th Percentile | 75th Percentile | Maximum |
|---|---|---|---|---|---|---|---|
| Repository Estimates | | | | | | | |
| Total | 47 | 1,378,194 | 44,305 | 293,730 | 974,709 | 1,916,827 | 6,169,037 |
| 1  Felony Convictions | 47 | 448,055 | 2,581 | 74,413 | 268,720 | 770,109 | 2,340,019 |
| 2  Active Indictments | 27 | 166,594 | 0 | 12,072 | 38,711 | 103,166 | 1,254,569 |
| 3  Active Wants/Warrants | 45 | 150,436 | 4,980 | 23,852 | 89,392 | 215,859 | 1,109,226 |
| 4  Unlawful Drug Use | 45 | 549,428 | 7,605 | 96,374 | 366,942 | 563,753 | 3,615,834 |
| 5  Mental Health Adjudications | 42 | 30,694 | 8 | 490 | 2,824 | 15,856 | 574,032 |
| 6  Active Restraining Orders | 42 | 37,729 | 117 | 5,640 | 15,164 | 31,192 | 245,605 |
| 7  Misdemeanor Domestic Violence | 43 | 96,674 | 2,751 | 23,762 | 59,737 | 116,185 | 418,043 |
| Originating Agency Estimates | | | | | | | |
| Total | 46 | 1,664,443 | 46,218 | 333,881 | 1,051,704 | 1,881,610 | 9,216,227 |
| 1  Felony Convictions | 46 | 608,933 | 31,897 | 118,939 | 361,937 | 686,521 | 4,198,522 |
| 2  Active Indictments | 40 | 92,070 | 2,735 | 12,798 | 44,187 | 78,172 | 886,471 |
| 3  Active Wants/Warrants | 36 | 345,958 | 10,318 | 42,736 | 96,085 | 387,206 | 3,586,062 |
| 4  Unlawful Drug Use | 37 | 578,914 | 11,469 | 108,935 | 277,754 | 667,566 | 3,303,441 |
| 5  Mental Health Adjudications | 40 | 110,407 | 12 | 2,638 | 18,829 | 97,911 | 1,746,274 |
| 6  Active Restraining Orders | 36 | 48,682 | 1,053 | 4,924 | 15,299 | 46,093 | 270,604 |
| 7  Misdemeanor Domestic Violence | 38 | 127,046 | 1,579 | 34,158 | 75,587 | 160,410 | 910,276 |

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*How were the models developed?*

Because the reported estimates—originating agency or repository—are count outcomes with potentially 0 reported counts, two popular count outcome models were tried. These included the Poisson and the Negative Binomial models. Ultimately, the Negative Binomial model was selected because it is less restrictive in terms of its assumptions.

In addition, because the models included a large number of predictors (described in the next section) as well as the potential for small samples for some of the categories, there was the possibility that these models might produce very large confidence bounds on the estimates. One solution to reduce the estimated confidence bounds of the models is to simplify the model (i.e., to fix the contribution of some variables). As in Year 2, it was found that the natural log of adult population measure always predicted the reported estimates (in all of the category specific models), typically with a coefficient near 1. This suggests that a model can be developed in rates (rather than levels) without losing much accuracy while greatly shrinking confidence bounds. As a result, the final set of models were estimated by fixing the coefficient on the log of the state adult population to one—thereby converting the modeling exercise into one predicting the *per capita* (per adult in the state) number in each category. These models proved more useful in drawing inferences about the reported estimates because the confidence bounds on the predictions were much narrower than those produced when treating the log of the state adult population as another predictor.

Another option to shrink confidence bounds about the model predictions is to increase the sample size by combining data from Years 2 and 3.

Finally, we continued to use a stepwise approach to select the final set of predictors using the entry criteria of $p <= 0.4$. This is lower than the typical criteria of statistical significance (typically of 0.05), but we opted to use this more liberal selection criterion due to the small sample sizes that were available.

*What data are included in the models?*

An updated dataset, including the enhanced set of predictors used in Year 2, was utilized in the Year 3 modeling effort. The set of predictors was based largely on comments received from SEARCH and NCSC staff on the Year 1 modeling effort. Explanatory variables in Year 3 were updated to include a more recent year of data elements and exclude the oldest year of data. In this way, we created a 20-year rolling window (measuring the item from 1990-2009 for the 2009 cohort and 1991-2010 for the 2010 cohort) or a 6-year rolling window (measuring the item from 2004-2009 for the 2009 cohort and 2005-2010 for the 2010 cohort). For categories where only a single year of data was used, we used the most recently available data for the 2010 cohort. The predictors included the following:

- Survey data (fixed) – several variables were used to flag whether or not the repository or court representatives indicated challenges in providing/developing the needed estimates.

- Survey data (category specific) – The narrative was used to develop flags for whether the category specific response was deemed incomplete, over-inclusive, both, or neither.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

- External data sources
  - Census (ACS): Adult population (1 year: 2008 or 2010)
  - NICS Index: Total and category specific counts (1 year: as of Dec 31, 2009 or 2011)
  - FBI III (1 year: as of Jan 1, 2010 or 2011)
  - NCIC (1 year: as of Jan 1, 2010 or 2011)
    - Wanted persons + foreign fugitives
    - Protection orders
  - National Prisoner Statistics: (10 years: 1990-2009 or 1991-2010)
    - Total admissions to state facilities
    - New court commitments
    - Conditional release violators
  - Uniform Crime Reports: Arrests (6 years: 2004-2009 or 2005-2010)
    - Total UCR arrests
    - Drug abuse violations arrests
    - Offenses against family/child related arrests
  - Uniform Crime Reports: Crimes reported (20 years: 1990-2009 or 1991-2010)
    - Violent crimes
    - Property crimes
  - Survey of state criminal history information systems (1 year: 2008 or 2010)
    - Total offenders in state criminal history files
    - Automated offenders in state criminal history files

*Model Findings and Predictions*

Figure 1 presents a description of the variables that were initially included in a model and those that were retained in the final model after stepwise selection criterion was used. Gray cells indicate a variable was initially included and the signs (plus or minus) indicate the direction of the effect of the variable on the outcome of interest. Gray cells with no signs in them indicate that the variable did not make it to the final model after the stepwise selection process. Details of model estimates are provided in the Appendix E. A few significant findings are highlighted here:

- Several of the challenges identified in the narrative were related to both the originating agency and the repository estimates. However, the way these variables affected estimates was not consistent. One might expect that the challenges identified by these states would reduce the total record counts they estimated.  However, challenges also limited states'

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

ability to separate out categories of records, therefore, increasing the number of records estimated in some cases.

- Reported incompleteness and over-inclusiveness of the estimates seems to be related to several of the category-specific estimates—reported by originating agencies as well as repositories. The directions of these effects are consistent with expectations. States flagged as over-inclusive reported, on average, higher counts than other similar states. States flagged as incomplete reported, on average, lower counts than other similar states.

- One or more variables from each of the external sources played some role in explaining cross-state variations in the estimated repository and/or originating agency estimates. There were two exceptions. Drug Abuse Violation arrests from UCR were hypothesized to be related to the estimated records under Category 4 (unlawful drug use), but were not. New Court Commitments from NPS were hypothesized to be related to the estimated records in Category 1 (felony convictions) and in the originating agencies' overall category, but were not.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Figure 1: Variables used in the statistical models: final set of variables included in the models with effect directions and tried but ultimately not retained variables (no effect directions).**

Column legend (repeated for Repository and Originating Agency): Overall, 1 = Felony convictions, 2 = Active Indictments, 3 = Active Wants/Warrants, 4 = Unlawful Drug Use, 5 = Mental Health Adjudications, 6 = Active Restraining Orders, 7 = Misd. Domestic Violence. (▓ = tried but not retained, no effect direction.)

| | Repository Overall | 1 | 2 | 3 | 4 | 5 | 6 | 7 | Orig. Agency Overall | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Internal Fixed** | | | | | | | | | | | | | | | | |
| Court/repository indicated challenges | | | | | | | | | | | | | | | | |
| AOT Automation/Technology | ▓ | | | | | | | | - | | | | | | | |
| TRK Tracking | - | | | | | | | | | | | | | | | |
| RES Resource | ▓ | | | | | | | | | | | | | | | |
| STR Statutory requirements | - | | | | | | | | | | | | | | | |
| RTS Retention schedules | + | | | | | | | | | | | | | | | |
| RA Record accessibility | | | | | | | | | - | | | | | | | |
| PRL Procedural limitations | ▓ | | | | | | | | + | | | | | | | |
| DISC Disconnect in system collaboration | ▓ | | | | | | | | + | | | | | | | |
| Completeness of narrative | + | | | | | | | | | | | | | | | |
| SEARCH/NCSC assessment of data quality | ▓ | | | | | | | | | | | | | | | |
| **Internal Category Specific** | | | | | | | | | | | | | | | | |
| Narrative reported incompleteness/overinclusion | | | | | | | | | | | | | | | | |
| Incomplete | | | | | | - | | | - | - | | - | | - | - | - |
| Overinclusive | | + | + | | | + | | | + | | + | + | | + | + | + |
| **External** | | | | | | | | | | | | | | | | |
| Adult Population | + | + | + | + | + | + | + | + | + | + | + | + | + | + | + | + |
| NICS Index (category specific and overall) (2009 / 2011) | ▓ | - | + | + | + | + | + | + | ▓ | | | | | + | + | + |
| FBI III (2009 / 2011) | | | | + | | | | | | | | | | | | |
| NCIC (2009 / 2011) | | | | | | | | | | | | | | | | |
| _w Wanted persons + foreign fugitives | | | | | ▓ | | | | | | | | | - | | |
| _h Protection orders | | | | | | | + | - | | | | | | | + | - |
| NPS (1990-2009 / 1991-2010) | | | | | | | | | | | | | | | | |
| Total admissions to state facilities | - | | | | | | | | | | | | | | | |
| New court commitments | | | | | | | | | | | | | ▓ | | | |
| Conditional release violators | + | | | | | | | | | | | | | | | |
| UCR Arrests (2004-2009 / 2005-2010) | | | | | | | | | | | | | | | | |
| Total UCR arrests | + | | | | | | | | + | | | | | | | |
| Drug abuse violation arrests | | | | | ▓ | | | | | | | | ▓ | | | |
| Offense against fam/child arrests | | | | | | | - | - | | | | | | | | - |
| UCR Crimes reported (1990-2009 / 1991-2010) | | | | | | | | | | | | | | | | |
| Violent crimes | - | | - | | | | | | ▓ | | | | | | | |
| Property crimes | ▓ | | | | | | | | | + | | | | | | |
| Survey of State CrimHist Info Systems (2009 / 2010) | | | | | | | | | | | | | | | | |
| Total offenders in State CrimHist File | + | | | | | | | | - | | | | | | | |
| Automated offenders in State CrimHist File | - | | | | | | | | + | | | | | | | |

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

It is important to note that the relationship between the state's 2008/2010 adult population and the various counts is *fixed* and not estimated. Specifically, the estimation is done in such a way that all the predictors are used to explain variation in the per-capita rate (number of reported counts per 2008/2010 adult population). Therefore, the relationships between the predictors and the outcomes are really between the predictors and the per capita rates. Nonetheless, because these predictors are related to the rates they can be used to develop state estimate predictions (by multiplying the predicted rate by the 2008/2010 population). These predictions—along with their 95% confidence bounds—are produced in the Technical Appendix (Appendix E). In several cases predictions are not produced for some states and U.S. territories because of missing data on one or more of the predictors. Findings from these predictions are summarized below.

- Figure 2 presents model predictions and the actual repository estimates provided by the states. The total repository predictions suggest that the provided estimates are generally in agreement with other similar states providing these counts. With the exception of a few of the very large states (e.g., Florida, New York, Texas) the predicted confidence bounds around the estimates are fairly narrow. Also, estimates provided by the states are, with a few exceptions, generally in line with the predictions. Colorado is an exception where model predictions could not be generated because it was missing information on the number of automated records in the state criminal history information system (a variable that was part of the final predictive model). Alternatively, Minnesota had no missing information, but is a state that provided an estimate significantly lower than other states with similar attributes and size. The category-specific predictions also provide some interesting insights.

  o Felony Convictions counts generally seem close to or within the 95% confidence bounds of model expectations and confidence bounds are also fairly tight about the predictions. However, for some of the larger states (Florida, New York, Texas), the confidence bounds are very large and credible information is not provided by the models.

  o With the exception of Felony Convictions, the category-specific estimates seem lower than expected in most of the categories. In particular, several states report very low estimates for Active Indictments, Active Wants/Warrants, Mental Health Adjudications, Active Restraining Orders, and Misdemeanor Domestic Violence. For the Mental Health Adjudications category, Pennsylvania was the exception, providing a very high estimate compared to other similar states. For the Unlawful Drug Use category, despite most states reporting a non-zero estimate, the modeled estimates were significantly different from the estimates provided by most states. Moreover, as with the other categories, the confidence bounds on the predictions for several of the larger states were very large, providing little opportunity to gauge the reasonableness of the estimates.

- Figure 3 provides similar comparisons of the estimated originating agency records provided by the states and those predicted by the models. As with the repository estimates, the total number of records at originating agencies seems to be close to or within the bounds implied by the models. There are a few exceptions (e.g., Delaware, Kentucky, Louisiana) but, in most cases, when the estimated counts are outside the 95%

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

confidence bounds of the model predictions, they are not extremely divergent from the predictions. As with the repository estimates, the category-specific predictions provide some insights worth highlighting.

- o The Felony Convictions category estimates provided by the states seem to be somewhat consistent with model predictions thereby supporting their reasonableness. The state estimates that are outside the bounds are still very close and believable. The only anomalies seem to be Alabama and Delaware, for which estimates were much higher than the models predicted.

- o As with the repository estimates, the originating agency record estimates provided by the states for the remaining categories seem to either be under-estimated (e.g., several states reported estimates of 0) or have very wide confidence bounds.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 2: Estimates and predictions (with 95% confidence bounds), Overall number in repository.*



## Repository: Overall

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Figure 3: Estimates and predictions (with 95% confidence bounds), Overall number at originating agency.**



This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*What do the models say about reasonableness?*

The modeling exercise yields similar conclusions as the Year 2 effort, despite the somewhat narrower confidence bounds around the model predictions that were achieved by combining data from Years 2 and 3. Those conclusions are re-enumerated here:

1. The overall estimates provided by states for the number of records in their repositories and at the originating agencies seem to be reasonable. These estimates are deemed reasonable in a modeling sense—they are close to the values reported by other similar states (in terms of size and the included attributes).

2. Felony Convictions estimates (Category 1) provided by states—either from repositories or from originating agencies—also seem to be reasonable at least among those states where the models provide credible confidence bounds to make that claim.

3. The category specific estimates provided for categories 2 through 7, in general, seem to either be under-reported or the models do not provide enough information about them (because of very wide confidence bounds around the predictions).

4. The models provide less conclusive evidence about the estimates provided by some of the larger states because the model confidence bounds are very wide. This suggests that these states are outside the norm (of the smaller states) and making credible assessments about the reasonableness of these estimates might be difficult with the limited data available.

*What do the models suggest about estimating values for non-reporting states?*

The data/models continue to provide a weak foundation for deriving model-based estimates for the larger states, if they do not report them. Among the small and medium sized states, the models perform somewhat better—at least for the Overall and Felony Convictions categories—for both the repositories and originating agencies. In general, however, the models are still very weak and are not a credible basis for developing model-based estimates for non-reporting states. A problem with any modeling effort of this sort is that of developing model-based predictions for non-reporting entities that are atypical. In both Year 2 and 3, it was found that developing estimates for a state like California—a large state—is very difficult when models are based on actual data from smaller states, and it remains unclear as to whether or not this problem can be overcome by more refined modeling efforts. Developing model-based estimates might be more feasible for smaller states (e.g., Ohio) that more resemble other states in the samples.

<u>Assessing the Reasonableness of Records Estimates</u>

Efforts have been made over the past three years of NIAA data collection to improve definitions and counting instructions, extend technical assistance to states, and provide easily accessible answers to frequently asked questions regarding the estimate categories. These efforts have resulted in some improvement of estimation methodologies and interpretation of instructions; however, it is obvious after assessing the Year 3 state narratives and modeling findings that challenges and problems persist. Moreover, these challenges continue to effect whether the estimated counts will be over- or under-reported relative to other similar states. The overall number of state-reported challenges in Year 2 and Year 3 were compared to assess any

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

differences in numbers of challenges between years (see Table 3). The types of challenges that states faced are shown in Figure 4.

**Table 3**: *Number of challenges identified by states in their narratives in Year Two and Year Three.*

| | Total # of Challenges | | | | Total # of Challenges | | |
|---|---|---|---|---|---|---|---|
| | Y2 | Y3 | Diff | | Y2 | Y3 | Diff |
| **Alabama** | 2 | 3 | 1 | **Montana** | 4 | 3 | -1 |
| **Alaska** | NA | NA | NA | **Nebraska** | 5 | 1 | -4 |
| **Arizona** | 3 | 1 | -2 | **Nevada** | 2 | 1 | -1 |
| **Arkansas** | 4 | 1 | -3 | **New Hampshire** | NA | NA | NA |
| **California** | 3 | 0 | -3 | **New Jersey** | 2 | 0 | -2 |
| **Colorado** | 5 | 3 | -2 | **New Mexico** | NA | NA | NA |
| **Connecticut** | 6 | 4 | -2 | **New York** | 1 | 2 | 1 |
| **Delaware** | NA | NA | NA | **North Carolina** | 0 | 0 | 0 |
| **Florida** | 6 | 2 | -4 | **North Dakota** | 3 | 1 | -2 |
| **Georgia** | 0 | 2 | 2 | **Ohio** | 0 | 0 | 0 |
| **Guam** | 0 | 0 | 0 | **Oklahoma** | 1 | 2 | 1 |
| **Hawaii** | 3 | 0 | -3 | **Oregon** | 0 | 3 | 3 |
| **Idaho** | 2 | 0 | -2 | **Pennsylvania** | 2 | 0 | -2 |
| **Illinois** | 0 | 4 | 4 | **Rhode Island** | 5 | 2 | -3 |
| **Indiana** | 4 | 2 | -2 | **South Carolina** | 3 | 4 | 1 |
| **Iowa** | 7 | 1 | -6 | **South Dakota** | 0 | 0 | 0 |
| **Kansas** | 0 | 0 | 0 | **Tennessee** | 3 | 2 | -1 |
| **Kentucky** | 2 | 2 | 0 | **Texas** | 3 | 1 | -2 |
| **Louisiana** | 0 | 0 | 0 | **Utah** | NA | NA | NA |
| **Maine** | 2 | 1 | -1 | **Vermont** | 3 | 1 | -2 |
| **Maryland** | 6 | 3 | -3 | **Virginia** | NA | NA | NA |
| **Massachusetts** | 3 | 3 | 0 | **Washington** | 1 | 1 | 0 |
| **Michigan** | 1 | 1 | 0 | **West Virginia** | 4 | 5 | 1 |
| **Minnesota** | 0 | 0 | 0 | **Wisconsin** | 3 | 1 | -2 |
| **Mississippi** | NA | NA | NA | **Wyoming** | 2 | 2 | 0 |
| **Missouri** | 2 | 2 | 0 | | | | |

NA= Estimates only submitted for one of the two years.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Figure 4: Instances of challenges reported by states (repository and originating agency) in their narratives in Year 2 and Year 3.**



While this information must be interpreted with caution given that different state representatives may have provided estimates each year and a different NCSC or SEARCH staff may have evaluated the narrative each year, it is encouraging to see that many states identified fewer challenges in Year 3 than in Year 2. Table 3 and Figure 4 do, however, serve as a reminder that states continue to report challenges that technical assistance to this point has not been able to alleviate.

In both years, states most often cited tracking, automation/technology, and procedural requirements and limitations as challenges in providing quality estimates. They are simply not able to distinguish the types of records the estimate form requests, in the format it requests (i.e., a 20-year timeframe). This is often due to the way records are tracked in the state data management system, lack of automation or technology to transfer records and case dispositions, or lack of state procedures that allow for pulling out the necessary records. Many originating agencies, specifically in decentralized states, are unable to provide estimates at the state level without taking on an unmanageable burden of time and cost to gather records from local courts and agencies.

These challenges are also linked to the categories of missing data and the completeness of reported data. Many states were unable to provide estimates for specific categories or sub-categories of records due to the challenges they faced. In both Year 2 and Year 3 data, originating agencies consistently and repeatedly cited that missing data may be available at another agency; in other words, it was not readily accessible to the respondent, usually at the state-level court. Repository respondents reported time after time that categories of data were not collected at the repository.  The third most common missing data code used over the two years

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

was "unknown" which happened in instances where the respondent did not explain the reason for missing data.

When respondents were able to provide estimates, often the estimates were over-inclusive or incomplete.  Figure 5 displays the number of times a particular explanation for incomplete estimates was given by a state in the repository or court narrative. Figure 6 shows the same for over-inclusive explanations. This information supports and helps to explain the model findings that most categories of estimates, other than Category 1 (Felony Convictions), are potentially underreported compared to the model's predictions.

States were able to provide reasonable estimates for Category 1 despite a high number of reasons given for incompleteness in this category. This was not the case for Categories 4 (Unlawful Drug Use) and 5 (Mental Health Adjudications or Commitments), which had the second and first highest occurrences of incomplete estimates, respectively, and which appear to be the most problematic categories for states to provide accurate estimates. For these two categories, many jurisdictions were not able to provide 1) all of the subcategories of records that were requested and 2) estimates for the full 20-year time period.  Category 7 (MCDV convictions) was incomplete for many states due to not being able to report all qualifying convictions for the entire state, often because there was no way to flag these records in the state system.

Categories 3 (Active wants/warrants) and 4 (Unlawful Drug Use) had the first and second highest occurrences of over-inclusive estimates.  For Category 3, the reason most often cited for over-inclusive data was the inability to report in the timeframe requested by the survey while, for Category 4, many respondents reported that they were often not able to distinguish adjudications from convictions so included all convictions for felony drug use in the Category. Category 6 (Active Protection Orders) was often over-inclusive due to an inability to distinguish active records from inactive ones as well as not being able to report in the time period requested by the survey.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Figure 5. Reasons for Incomplete estimates, by category**



**Figure 6. Reasons for Over-inclusive estimates, by category**



This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

The NCSC and SEARCH, based on this analysis of the estimates and the narratives documenting challenges states faced, believe that each of the 47 responding states has provided a reasonable set of records estimates (See Table 4 for summary of estimates). The estimates provided have face validity, that is, they appear to be reasonably accurate estimates of the numbers of records they are supposed to be estimating. Where the quantitative estimates are anomalous, and thus indicative of problems in providing a better estimate, the narratives allow states to explain the limits or deficiencies of the estimates. NCSC and SEARCH, having reviewed these narratives in detail, believe that responding states provided logical explanations of their challenges and the reasons for their estimates.

**Table 4. Reported Estimates for State Record Repositories and Originating Agencies, per NIAA Survey Category**

| Category | Repository | Originating Agencies | % Records at Repository |
|---|---|---|---|
| **(1) Felony Convictions** | 21,058,567 | 28,010,902 | 75% |
| **(2) Active Indictments/Informations/ Verified Complaints** | 4,653,494 | 3,682,815 | 126% |
| **(3) Active Wants/Warrants** | 6,619,203 | 12,454,499 | 53% |
| **(4) Unlawful Drug Use Records** | 24,748,794 | 21,419,807 | 115% |
| **(5) Mental Health Adjudications** | 1,289,142 | 4,416,275 | 29% |
| **(6) Protection or Restraining Orders** | 1,584,609 | 1,752,564 | 90% |
| **(7) Convictions for MCDV** | 4,156,963 | 4,827,765 | 86% |
| **Total** | **64,110,772** | **76,564,627** | **84%** |

The model-based validation found, as was the case with Year 1 and Year 2, that the overall estimates that states provided in Year 3 are within the expected bounds. In the category-specific models, confidence bounds are too wide to determine whether the states have underreported records or whether the model is not adequate to determine category reasonableness due to small sample sizes.

Table 4 shows the percentage of reported originating agency records that were reported at the repository, by category and overall. The NCSC and SEARCH believe that using this percentage as a measure of how many records are being reported to the federal databases is flawed. In addition to the limitations of the estimate quality based on challenges states faced in deriving estimates, including retention policies and lack of access to historical records, there are other reasons this percentage is not a good gauge of how many records are not being reported. For example, originating agencies may report some records directly to the federal databases rather than to the repository, thus the repository would not ever receive these records. Some repositories do not keep certain types of records, either because they merely pass through electronically and are not counted, or because the records never make it to the repository (e.g., some mental health records).

The narratives that states submitted for Year 2 and Year 3 data collections consistently outlined similar challenges and limitations in developing estimates, and it is believed that most states

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

have reached their maximum capacity for providing estimates using the current methodology. It also seems that many states are lacking the fiscal resources to address their challenges, as the legislative construction of relief from disabilities has limited access to NARIP funding for the majority of states.

<u>Recommendations</u>

After analyzing three years of NIAA state estimates, NCSC and SEARCH have evaluated the data collection process and goals of the NIAA and make the following recommendations for moving forward.

*Technical Assistance*

While assistance in prior years has been focused on estimate calculations, the focus should now be on problems and challenges identified consistently through the review of all three estimates cycles. The goal of the technical assistance should be to create and implement solutions to resolve defined reporting problems, not simply estimates calculation issues.

Several strategies can be used to target technical assistance through the lens of records reporting problems and challenges. First, the analysis of the numbers of challenges reported in Years 2 and 3 is a tool that can be used to identify states that are good candidates for receiving technical assistance. For example, technical assistance could be targeted at those states that have reported either an increase in challenges or no change in the types of challenges reported.

A second potential strategy is to focus on specific categories of records and gather technical assistance tools that could be used broadly by states to solve common problems in reporting particular types of records. For example, the estimated repository and originating agency counts provided by several states for Active Wants and Warrants, Mental Health Adjudications, and Active Restraining Orders are extremely low. When compared with the other categories of records these states report as well as the overall number of records in their repositories or at their originating agencies, it is very likely that these estimates are under-reported. Targeting technical assistance based on problematic categories or high priority categories could be beneficial.

Third, the review of reasons for incomplete or over-inclusive estimates revealed additional challenges that affected states' ability to develop complete estimates in certain categories. Some of these problems, such as the use of incorrect counting procedures or the lack of statewide data, are solely related to the estimates survey and can most likely be resolved through changes in estimation methodology. Other problems, though, such as the inability to match dispositions to charges or the inability to denote records as active or inactive, are technology-based reporting problems that could be targeted for resolution.  In other words, BJS could focus on specific, technological limitations to records reporting and, in conjunction with other federal projects (e.g., the BJA Warrants and Dispositions Improvement Project), devise solutions that could be implemented across states.

NCSC and SEARCH recommend that BJS continue to work with the reporting states to identify and resolve their specific records reporting problems.  It is also recommended that BJS contact non-reporting states in order to learn their reasons for not reporting, so as to work on solutions for those states as well.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Promising Practices*

NCSC and SEARCH, with assistance from BJS, developed the Promising Practices for Improved Record Reporting template. This template highlights a solution to a NICS estimating and reporting problem and features a state that is currently implementing the strategy. The one page document is intended to give a brief overview of the problem and solution as well as provide contact information for a representative of the featured state. These Promising Practices documents are available on the BJS website (www.bjs.gov) and are a resource for states that are looking to target improvements to their NICS reporting in a specific area. See Appendix D for an example of a Promising Practice document.

NCSC and SEARCH recommend continuing to gather and make available promising practices from states and territories as a means to encourage peer-to-peer technical assistance.

*Reconsider Survey Methodology to Narrow Scope*

Given the difficulty that states face in collecting several categories of records, Congress should consider revising the estimate methodology. Narrowing the focus of the estimate survey by focusing on high priority categories and cutting back the 20-year reporting window will likely improve states' ability to provide quality estimates.

Specifically, states reported difficulty providing complete estimates for Category 4 (Illegal Drug Use) and Category 5 (Mental Health Adjudications and Commitments) and provided lower than expected numbers of record estimates for Category 6 (Active Protection Orders) and Category 7 (MCDV Convictions). It would be beneficial to consider ways to modify these categories to make it easier for states to provide estimates. Ideas for such modifications include eliminating the many sub-categories of data that are currently requested or removing the electronic records only limitation that currently applies to Categories 6 and 7.

Additionally, states commonly reported not being able to access historical records for reasons such as records existing only in legacy case management systems or the existence of hard to find paper records. This resulted in incomplete estimates from many states. Considering a shorted reporting period, perhaps 5- or 10-years, would enable more jurisdictions to submit complete estimates. More important, though, might be the consideration of a date-forward approach to analyzing states' ability to report gun-ownership prohibiting records to the federal databases. Currently, there is no way to match the number of records that are in the federal databases to the categories that are requested by the NIAA survey.  Since it is understood that the percentage of original agency records that are in the state repository is not a defensible measure of the number of records that are available to the federal databases, a better measure of a state's record reporting would be a comparison of the number of unique records that are made available by either the originating agency or the state repository to the actual number of records that are in the applicable databases.

The NCSC and SEARCH recommend that BJS initiate discussions with both states and federal partners to consider the many options available for not only improving the NIAA records estimates survey, but also for better defining the measure of state records reporting.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

## Appendix A. Letter from BJS to State Contacts announcing NIAA Year 3 Data collection

One of the grant eligibility requirements under the NICS Improvement Amendments Act of 2007 (Pub L. 110-180)  is to "provide the Attorney General a 'reasonable estimate,' based on a methodology established by the Attorney General, of records subject to the Act's completeness requirements."  This is the third year we have asked the states to provide such estimates. This round of collection will cover the time period January 1, 1991 to December 31, 2010. In the previous two rounds, BJS received record estimates from a total of 46 states and 1 territory.  To view the "NICS Improvement Amendments Act: State Records Estimates Development and Validation Project, Year One Report" produced by the National Center for State Courts and SEARCH Group, Inc. click here: http://www.ncjrs.gov/pdffiles1/bjs/grants/232195.pdf.  The results from Year 2 will be published later this year.

In addition to being a grant eligibility requirement, the estimates serve to assess whether a waiver of the NCHIP matching requirement (if the state provides at least 90 percent of available records to the national systems) or a penalty of 3% of Byrne/JAG funds are withheld (if a state does not provide at least 50 percent of available records to the national system).  Please note that no penalties or waivers have been determined at this point.  **The deadline for submission is Monday, May 16, 2011.**

While the information to be collected remains the same, the process and manner or collection has been modified. **The estimates will be collected using an online survey tool this year. This week you will receive an email from the National Center for State Courts (NCSC) that includes your state's personalized survey link.** If someone else will be gathering and entering the data, you can forward the link on to them. The survey will be pre-filled with your state's estimates from previous years (if provided) for your reference. There is one survey for the Repository estimates and another for the Judicial Branch estimates; however, the data collection is still a collaborative effort between the criminal history repository and the state courts. Links to the FAQ document, instructions, and the paper version of the data collection tool will be available within the survey (FAQ attached above). These can be printed out and used before entering the data into the online tool. Once the estimates have been entered into the online survey, the person entering the information will check a box in the survey that will send a notification email to both the state NCHIP official and the State Court Administrator that the estimates are ready for their review. At that time, you should use the survey link to go into the survey and review the estimates. Although there are two separate surveys, the estimates should be a collaborative effort between the criminal history repository and judicial branch and the review should involve both entities. When both parties are satisfied with the estimates in each survey, both the State Court Administrator and the state NCHIP official will need to initial and date the certification page in the online survey. This will indicate to the Attorney General that the estimates have been a collaborative effort.

Please contact me if you have any questions regarding this collection.

Thank you,

**Ms. Devon B. Adams**
Chief, Criminal Justice Data Improvement Program
U.S. Department of Justice, Bureau of Justice Statistics

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

## Appendix B. Frequently Asked Questions (FAQ) document

**Q1: What is the purpose of the estimates?**

A1: The record estimates seek to obtain a count of the number of unique records of events (e.g., convictions, adjudications, commitments) that may be used to disqualify an individual from owning a firearm.

**Q2: How will these estimates be used?**

A2: The record estimates seek to obtain a count of the number of unique records in *originating agencies* of the events (e.g., the number of convictions, adjudications, commitments, orders, outstanding indictments), and, for comparison purposes, the number of those events reflected in records that are electronically available through *state record repositories*. These estimates will be used to determine the percentage of event records that are or can be made available for use by the NICS.

**Q3: What is meant by "unique records"?**

A3: The record pertaining to an event is considered unique if it is the single record being counted or estimated from an event. To be unique means two things. First, the record is unique because it is the one record at the originating agency/court and the one record at the repository that documents an event that is reportable for the purposes of these estimates. Second, it is unique because it is not counting multiple instances of the same charge, conviction, etc. For example, if a defendant is charged with multiple counts of the same charge, this should be counted as a single record. If a defendant is charged with a single count of three different charges, this should be counted as three records. The same is true of convictions: When a defendant's criminal court case results in convictions on multiple counts of the same offense (e.g. assault), it should be counted as one conviction. Alternatively, when a defendant's criminal court case stemming from one event results in convictions on single counts of multiple charges (e.g., burglary, assault, and armed robbery), this should be counted as three convictions.

**Q4: What is meant by "Originating Agencies"?**

A4: The primary sources of information about the records of events are the originating agencies (e.g., the agencies that make the arrests, issue the warrants or indictments, or adjudicate the cases and enter the convictions or orders.) These agencies will typically have original records about these events, although other agencies involved may also have records of the event.

**Q5: What if more than one agency has a record of the same event?**

A5: It is recognized that the disqualifying events reflected in the categories of records specified in the Act may be available from more than one agency in a state. For example, a record of a single arrest or conviction may appear in the record systems of a police agency, a prosecutor's office, and the courts. It is not intended that each of these records be counted but rather that a single record of the event be identified and counted in the estimates; it is the record available at the originating agency that should be counted. For example, a court will have a record of a conviction it enters, but so may the arresting agency or prosecutor's office involved in the case; however, the record should only be counted once, by the court. Repository record estimates will be duplicative of the record estimate reported for other agencies. The difference between the

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

repository estimate and the other agency or court estimate represents the number of records that could be reported to the National Instant Background Check System.

**Q6: What if the originating agency no longer has the record of an event?**

A6: Agencies should communicate with one another to determine which agency is the appropriate originating agency for specific kinds of records. In the event that the appropriate originating agency does not have records available due to destruction or loss of those records for a specific time period, the agencies should collaborate to determine whether those records can be provided through a different agency. If the collaboration between local agencies results in the conclusion that records are not available at any local agency, <u>do not include an estimate for these records</u> in that column. In some instances, records that are not available from local agencies may be available at the repository and can be reported in that column. Agencies should collaborate with one another to determine if the records are available.

**Q7: What is meant by "State Repository"?**

A7: Each state has a central record repository for criminal justice information, which contains records sent by originating agencies and courts to the state repository. Some states may also have central record repositories for mental health adjudications and commitments. It is through these state central record repositories that automated information is electronically entered into the national databases maintained by the FBI and used for NICS checks.

**Q8: If a record from an originating agency has been reported to the state repository should it still be counted as a unique record in the estimates in the originating agency column (e.g., courts)?**

A8: Yes, a unique record can exist both at the local (originating agency) and state (repository) levels. The purpose of counting the record at both levels is to allow an evaluation of the percentage of records at the local (originating agency) level that are reported to and available from the state (repository) level.

**Q9: If a record has already been reported by the state repository to NICS Index, III or NCIC, should it still be reported in the estimates of state repository records here?**

A9: Yes, records that have been reported by the state repository to NICS Index, III, or NCIC should also be reported in the estimates of state repository records here.

**Q10: What is meant by "estimates" of records?**

A10: The term "estimates" is used due to the recognition that exact counts of the records being requested may not be available. Where exact counts are known, they should be used rather than estimates.

**Q11: How should the number of records be estimated?**

A11: There are many methods for developing reasonable estimates. These methods involve various mathematical procedures such as the use of monthly or annual averages of caseloads; interpolation (using known data on either end of a range of numbers to fill in missing values in between); extrapolation (using known data to estimate numbers before or after the known numbers); and other statistical methods. The estimation process should be documented in your responses.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Q12: What time period is covered by the estimates?**

A12: The estimates requested are for the period from January 1, 1990, through December 31, 2009. There are, however, three categories (Category 2 Active Indictments/Informations/Verified Complaints, Category 3 Active Wants/Warrants, and Category 6 Protection or Restraining Orders) that request the number of records that were *active* on December 31, 2009. See section **Definition of Key Terms** for additional information on active records.

**Q13: What if 20 years of data are not available for some categories?**

A13: It is likely that some states will not be able to obtain an estimate of records available for the entire 20-year period. If the records for a certain period of time no longer exist, due to record retention practices or other reasons, do not include an estimate for these records. Please indicate in your response what years the estimate covers for each category and the reason(s) for not covering the entire 20-year timeframe.

**Q14: Do the estimates pertain only to *disqualifying* records?**

A14: Not necessarily. In some instances the information collection form seeks estimates of records (e.g., Category 7 typically used by the NICS, ATF, and state firearm programs) in determining whether a prospective purchaser is prohibited from receiving a firearm. Ultimately, that determination may require additional research and analysis into the underlying event behind the record, which is typically performed by the NICS, ATF, and/or a state firearms program at the time of a firearm background check.

**Q15: What misdemeanor crimes are disqualifying?**

A15: Disqualifying misdemeanor records include drugs and domestic violence.

**Q16: What is the correct way to count charges/convictions?**

A16: If a record involves multiple charges/convictions of the same offense, it is considered a single record. If it involves multiple charges/convictions of different offenses, each charge/conviction is counted if it represents a disqualifying event for purposes of these estimates.

**Q17: How should RAP sheets be reported?**

A17: The "Record of Arrest and Prosecution" or "RAP Sheet" may reflect several events on a single, consolidated record about a person in a central record system. For example the RAP sheet may reflect that the person has two or more felony convictions or other disqualifying events. That consolidated record should not be counted as a "single" disqualifying event if the convictions are the subject of separate judgment and conviction orders as stated above. Instead, each conviction on a consolidated record or RAP sheet should be counted as a separate conviction if it meets the definition of a conviction or disqualifying event.

**Q18: What is a "reasonable" estimate?**

A18: Reasonableness is defined by the use of the acceptable methods to derive estimates (i.e. use of monthly or annual averages of caseloads, interpolation, extrapolation, etc.) However, it is not evaluated solely on the statistical methods used; rather, reasonableness also includes other important factors, such as: record availability, resources, technical capacities, and other issues which may affect the level of effort required to produce an estimate.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

Technical assistance is available to assist respondents in determining a reasonable method for calculating the estimates. Contact AskBJS (askbjs@usdoj.gov) and include "2010 NICS State Estimates" in the subject line for further information.

**Q19: How detailed should the response be regarding how the estimates were derived?**

A19: For each category of records, responses should include any analysis or assessment of records in the state central record repository, surveys of local reporting agencies, analyses of state court statistics, data collection from sample(s) of local agency records, estimates derived from audits of local reporting agencies, and/or any other analytical work performed to support the development of the applicable record estimate. Additionally, if data is missing or there is failure to provide a breakdown of the estimates as requested, be sure to provide a detailed explanation for why the data cannot be reported.

**Q20: What is the purpose of documenting how the estimates were derived?**

A20: The narrative will be used by the Attorney General as a basis for evaluating the reasonableness of the estimates, as required under the Act.

**Q21: What information should be provided about the state's record systems?**

A21: Because each state's record system is unique, the reporting form calls for a narrative description of how each category of records are maintained in the state, including:
- The type and number of state/local agencies that originally create such records;
- The typical "lifecycle" of such original records, including:
o  when and where the records are created;
o  whether such records are maintained in paper or electronic form;
o  if and how such records are transmitted to state and national files; and,
o  when/how such records are ultimately disposed of, deleted, or otherwise made unavailable
- Any difficulties or impediments faced in accessing records or submitting records to state and national files; and
- Other factors that may affect the availability of the records for state and national files

**Q22: How should agencies collaborate to develop an estimate?**

A22: The estimates should be derived from a collaborative process among executive branch agencies and the judicial branch. Agencies should communicate with one another to determine which agency is the appropriate agency for specific kinds of records. For example, a state court may have originally had information about events in a certain time period but destroyed the records pursuant to a record retention policy, while a police agency or prosecutor's office may have retained records about those events for that time period, then the collaboration is required to fill the gap. Collaboration among these agencies can assist in developing a more complete and informative estimate.
If you have any further questions about how states should develop estimates, please contact AskBJS (askbjs@usdoj.gov) and include "2010 NICS State Estimates" in the subject line for further information.

**Q23: How should the estimates be submitted?**

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

A23: The estimate should be submitted using the electronic spreadsheet provided to each state. This workbook contains worksheets for all the required information, including each category of data, as well as fields for documenting the record systems and how the estimates were developed. This workbook can be emailed or printed and faxed or mailed to Devon Adams at the Bureau of Justice Statistics. The fax number is (202) 307-5846, and the mailing address is Devon Adams, Bureau of Justice Statistics, 810 7th Street, N.W., Room 2327, Washington, DC 20531 (Devon.Adams@usdoj.gov).

**Q24: Who signs off on the estimates?**

A24: Because the estimates are developed by both the executive and judicial branches of state government, your state's submission requires a certification that collaboration has occurred between state court officials, the criminal history record repository, and other officials with relevant information as appropriate. The certification is to be signed by both the Director of the state's NCHIP grant administering agency and the State Court Administrator.

<u>**Definitions of Key Terms**</u>

**Active records:** a record is considered "active" in several contexts:
In the case of indictments, informations, and verified complaints (Category 2), the term "active" means the prosecution associated with the indictment, information, or complaint has not concluded, finally disposed of by the court, or otherwise terminated.

In the case of wants or warrants (Category 3), the term "active" means the want or warrant has not expired or been satisfied, removed, retired, deleted, or otherwise invalidated in terms of its status, and it retains its authority for a law enforcement officer to arrest the subject of the want or warrant.

In the case of protection or restraining orders (Category 6), the term "active" means the order has not expired or been removed, retired, deleted, or otherwise invalidated in terms of its status, and it retains its authority to be enforced by a court and/or law enforcement.

**Available records:** a record is deemed available if a) it exists and b) it contains the minimum data required for entry into the III, NCIC or the NICS Index. A record may be considered "available" in either paper or electronic form.

**Conviction:** A court's judgment and conviction order, whether it involves multiple counts or a single count, represents a "conviction." The counting rule for convictions is as follows: When a defendant's criminal court case results in convictions on multiple counts of the same offense (e.g. burglary), it should be counted as one conviction. Alternatively, when a defendant's criminal court case results in convictions on single counts of multiple charges (e.g., burglary, assault, and armed robbery), this should be counted as three convictions.

**Electronically available records:** A record is deemed "electronically available" if it contains the minimum data required for entry into the III, NCIC or the NICS Index, and currently resides in a database, spreadsheet, data file, or other electronic structure from which an automated transfer of the relevant data can be made. Paper records are not considered electronically available. By statute, the only two categories that specify electronically available Protection and Restraining Orders (Category 6) and Convictions for Potential Misdemeanor Crimes of Domestic Violence (Category 7).

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Event:** An action by a government agency that results in the creation of one or more of specific categories of records pertaining to persons prohibited from purchasing a firearm pursuant to the Federal Gun Control Act of 1968, as amended, 18 U.S.C. 921 et. seq.

**Misdemeanor Crimes of Domestic Violence (MCDV):** Misdemeanor offenses such as battery, assault, disorderly conduct, breach of peace, family violence/domestic violence, family assault or battery/domestic assault or battery, stalking, harassment, etc. This category utilizes a list of the most common offenses which may qualify as misdemeanor crimes of domestic violence. Inclusion of a record in a state count for estimation purposes only is *not* a determination that the subject of the record either is or is not prohibited from firearm possession under federal law. That determination requires additional research and analysis which typically is performed by FBI NICS and Point of contact states.

**Originating agency:** The entity that makes the arrests, issues the warrants, files indictments or informations, or enters convictions or other orders into local, state, or national record systems. These agencies will typically have "original" records about these events, although other agencies involved may also have records of the event. For example, a court will have a record of a conviction it enters, but so may the arresting agency or prosecutor's office involved in the case. In this instance, the court would be considered the originating agency.

**Repository:** Each state has a central record repository for criminal justice information and some may have central record repositories for mental health adjudications and commitments. It is through the state central record repositories that automated information about these events is electronically entered into the national repositories maintained by the FBI and used for NICS checks. Estimates are requested for records available at the state repository in each record category.

**Records that identify a person:** a record is considered to "identify a person" if either (1) it is a fingerprint-based record which may be made available to the Interstate Identification Index ("III") or (2) a name-based record which may be made available to the files in either the (a) the National Crime Information Center ("NCIC") or (b) the National Instant Criminal Background Check System (NICS) Index Files ("NICS Index"). Such records may be available in state (repository) or local (originating agency) files and systems.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

## Appendix C. State Summaries Definitions

| Explanatory Code | Code Description | Code Definition |
|---|---|---|
| 1 | Incomplete estimate | The estimate does not include all of the requested records.  Reasons for incomplete estimates include:<br>a. One or more subcategory(ies) within the requested records category is missing.<br>b. The estimate does not include the full number of requested years.<br>c. The estimate is not representative of the entire state.<br>d. The estimate does not include dispositions that could not be matched to charges.<br>e. The estimate is incomplete due to a backlog of manual data entry.<br>f. The estimate is incomplete due to incorrect counting procedures. |
| 2 | Over-inclusive estimate | The estimate includes more records than requested.  Reasons for over-inclusive estimates include:<br>a. Inactive records are included in categories that request active records only.<br>b. Non-disqualifying records are included in the estimate.<br>c. Adjudications for felony drug use records include convictions.<br>d. The respondent reported an estimate of filings rather than the specific disposition type requested by the category.<br>e. For active records requests, the respondent queried their system after 12-31-10.<br>f. The estimate includes duplicate records. |
| 3 | Incomplete and over-inclusive estimate | The estimate does not include all of the requested records while, at the same time, includes more records than those requested.  See above for reasons why estimates may be incomplete or over-inclusive. |
| | | |
| A | No explanation provided | The survey respondent(s) did not provide a narrative or the narrative did not explain why estimates were missing. |
| B | Records no longer exist | Estimates cannot be determined for the requested time period because the requested records have been destroyed by environmental factors such as fire, flood, hurricane, mold, etc. |
| C | Records not accessible | Estimates cannot be determined for the requested time period because the requested records are in a legacy system that is no longer available for making inquiries, and/or records are in paper files that are not stored in a manner that allows for practical searching or automating. |
| D | Records not available | Estimates cannot be determined for the requested time period because the requested records do not contain the minimum information required for entry into the appropriate federal database.<br><br>Note: A record is deemed available if a) it exists and b) it contains the minimum data required for entry into the III, NCIC or the NICS Index.  A record may be considered "available" in either paper or electronic form. |
| E | Records not collected | Estimates cannot be determined for the requested time period because the originating agency(ies) of the record do not submit the record to the state repository, or the repository does not capture information on the criminal record. |
| F | Records not electronically available | Estimates cannot be determined for the requested time period because the requested records do not reside in an electronic format.  This explanatory code applies to Category 6 (Active Protection Orders) and Category 7 (Potential |

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

| | | |
|---|---|---|
| | | Misd. Crimes of Domestic Violence) only as these are the only two categories for which the Amendments Act requires the estimates be produced solely for electronically available records. <br> Note: A record is considered "electronically available" if it contains the minimum data required for entry into the III, NCIC or the NICS Index and currently resides in a database, spreadsheet, data file, or other electronic structure from which an automated transfer of the relevant data can be made. Paper records are not considered electronically available. |
| G | Retention schedules differ | Estimates cannot be determined for the requested time period because the retention schedules within the state vary, resulting in different lengths of time that the records are kept by the reporting agencies. |
| H | Statutorily prohibited from reporting | Estimates cannot be determined for the requested time period because the reporting agencies are barred, by statute, from providing the record information. |
| J | Respondent did not submit a survey | The NCHIP contact (on behalf of the state records repository) or the state court administrator (on behalf of the state courts) did not submit a NICS estimates survey. |

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Alabama

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 1,013,639 | 1d | 929,888 | 1d | 109% |
| 2 Active Indictments, Informations, Complaints | 380 | 1a | 47,996 | | 1% |
| 3 Active Wants/Warrants | 184,304 | 2a | 160,009 | | 115% |
| 4 Unlawful Drug Use | 768,429 | 2c | 491,165 | 2c | 156% |
| 5 Mental Health Adjudications or Commitments | 483 | 1b | 1,456 | 1a | 33% |
| 6 Active Protection/Restraining Orders | 4,507 | | 4,556 | | 99% |
| 7 Potential Misd. Crimes of Domestic Violence | 108,976 | 1b, 1d | 112,761 | | 97% |
| **Total** | **2,080,718** | | **1,747,831** | | **119%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate
**(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)**

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F = Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J = Respondent did not submit a survey

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 2 -- Active Indictments, Informations, Complaints (1%) - The repository ran a count of the number of records with the disposition of "indicted." AL does not have a central repository of informations or complaints. Dispositions are manually entered by ACJIC staff. The narrative states that "since there is no automated process to update this field and "indictment" is not considered to be a final disposition, this figure is not representative of the total number of pending indictments in the state."

Category 5 – Mental Health Adjudications or Commitments (33%) - The repository reported cases in all categories of mental health adjudications; however it appears they were only counted for the current year. The court provided only a count of cases with a court action of not guilty by reason of insanity. They report that the state law mandates that the only reportable records to NICS are those where a person is involuntary committed where a person is committed to a mental health facility based on evidence produced in court that the person has shown a history of inappropriate use of firearms or poses a threat to use firearms inappropriately.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 1 – Felony Convictions (109%) - ACJIC does not maintain any records in the repository that are not associated with a specific individual. All dispositions must be entered manually. Due to a lack of data entry staff at ACJIC, most arrest records in Alabama do not contain corresponding disposition records maintained by AOC. The court states the same, that it is difficult to match arrests with dispositions because the repository only contains NCIC codes. They only provided the count of cases with a charge and conviction that matched.

Category 3 – Active Wants/Warrants (115%) - The repository provided a count of the total number of entries into the NCIC Wanted Persons File. The court reported all criminal cases with a warrant issues date and without a warrant action date. The narrative does not provide enough detailed information to determine why there are more records at the repository.

Category 4 – Unlawful Drug Use (156%) - The repository reported felony convictions under the convictions category, instead of non-felony convictions. They also provided counts of arrests and adjudications for all other drug offenses. The court provided all criminal cases with a charge code category "Drug" filed during the time period indicated, and reported this number under felony adjudications. They were unable to break out the other subcategories. There is not enough detailed information provided in the narrative to determine why there are more records at the repository.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Alaska

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 Felony Convictions | | J | 39,959 | * | | 0% |
| 2 Active Indictments, Informations, Complaints | | J | 5,417 | * | | 0% |
| 3 Active Wants/Warrants | | J | 14,919 | | | 0% |
| 4 Unlawful Drug Use | | J | 11,332 | * | 1a | 0% |
| 5 Mental Health Adjudications or Commitments | | J | 2,655 | | 1b | 0% |
| 6 Active Protection/Restraining Orders | | J | 2,059 | | | 0% |
| 7 Potential Misd. Crimes of Domestic Violence | | J | 70,330 | * | 1a | 0% |
| **Total** | **0** | | **146,671** | * | | **0%** |

*Estimates in the analysis dataset differ due to information provided in state narrative (see General Notes below).

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate
(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F = Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J = Respondent did not submit a survey

## *General notes*

Some categories presented case counts, rather than unique charge counts, due to a misinterpretation of the counting instructions for unique records. According to information provided in the narrative, actual counts should be:

    Category 1: 50,726
    Category 2: 12,219
    Category 4: 11,469
    Category 7: 74,554

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Arizona

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 503,036 | 1d | 628,451 | | 80% |
| 2 Active Indictments, Informations, Complaints | | E | 57,766 | | 0% |
| 3 Active Wants/Warrants | 373,153 | 1c | 523,792 | 2b | 71% |
| 4 Unlawful Drug Use | 391,415 | 1d | 230,902 | 3(1a, 2c) | 170% |
| 5 Mental Health Adjudications or Commitments | 490 | 1a | 13,406 | | 4% |
| 6 Active Protection/Restraining Orders | 18,683 | | 12,531 | 1c | 149% |
| 7 Potential Misd. Crimes of Domestic Violence | 105,673 | 2b | 114,435 | | 92% |
| Total | 1,392,450 | | 1,581,283 | | 88% |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## Less than 50% of Originating Agency Records are in the State Repository

Category 5 – Mental Health Adjudications or Commitments (4%) - The repository reported only those cases with a disposition of "guilty, but insane." While the courts, the originating agencies for the sub-categories within the mental health category, do have a disposition of incompetent to stand trial, it is reported as an "other" disposition to the repository. For mental health commitments, the courts are mandated to provide the repository with specific patient information, but it is not clear from the survey narrative how that information is submitted to or stored by the repository.

## More than 100% of Originating Agency Records are in the State Repository

Category 4 – Unlawful Drug Use (170%) - There are two originating agencies involved in the sub-categories of unlawful drug use records: law enforcement agencies, which create arrest records, and courts, which create adjudication and conviction records. For this category, the repository estimate includes arrests, adjudications, and convictions while the originating agency estimate includes only adjudications and convictions. The court, which has no easy way to separate adjudications from convictions, reported a single number for both disposition types. If the number of arrest records is removed from the total number of unlawful drug use records at the repository, the percentage calculation changes to 108%. Thus, the difference in the number of records estimated by the courts and those reported by the repository is primarily explained by the fact that an estimate for the sub-category of arrest records was not included.

Category 6 – Active Protection/Restraining Orders (149%) - The courts, which are the originating agency for protection orders, reported those orders within the state's Central Protection Order Repository (CPOR) that had been served while the repository reported the number of active Arizona protection orders contained in the NCIC Order of Protection Database. Adding the 6,737 unserved protection orders that were listed by the courts as also being in the CPOR, the total number of protection orders becomes 19,268 and the percentage calculation changes to 97%. Thus, the difference in the number of records reported by the originating agency and the number reported by the repository is a result of different counting rules.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Arkansas

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 152,677 | | 139,408 | | 110% |
| 2 | Active Indictments, Informations, Complaints | | E | 69,547 | | 0% |
| 3 | Active Wants/Warrants | 133,890 | | 10,318 | | 1298% |
| 4 | Unlawful Drug Use | 250,359 | | 157,476 | | 159% |
| 5 | Mental Health Adjudications or Commitments | 1,654 | | 0 | | |
| 6 | Active Protection/Restraining Orders | 7,972 | | | A | |
| 7 | Potential Misd. Crimes of Domestic Violence | 48,835 | | | A | |
| | **Total** | **595,387** | | **376,749** | | **158%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J  = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 2 -- Active Indictments, Informations, Complaints (0%) - ACIC does not maintain records of informations filed.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 1 – Felony Convictions (110%) - The narrative does not provide enough information to determine why there are fewer records reported for the court.

Category 3 – Active Wants/Warrants (1298%) - The narrative does not provide enough information to determine why there are fewer records reported for the court.

Category 4 – Unlawful Drug Use (159%) - The narrative does not provide enough information to determine why there are fewer records reported for the court.

# California

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | | J | 4,198,522 | | 0% |
| 2 Active Indictments, Informations, Complaints | | J | | E | |
| 3 Active Wants/Warrants | | J | 1,009,897 | | 0% |
| 4 Unlawful Drug Use | | J | 1,080,654 | 3(1a/2c) | 0% |
| 5 Mental Health Adjudications or Commitments | | J | 1,746,274 | 3(1a,1c/2d) | 0% |
| 6 Active Protection/Restraining Orders | | J | 270,604 | | 0% |
| 7 Potential Misd. Crimes of Domestic Violence | | J | 910,276 | | 0% |
| **Total** | **0** | | **9,216,227** | | **0%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F =  Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J  = Respondent did not submit a survey |
| | E = Records not collected | |

## General notes

Categories 1, 4, and 7 were estimated from criminal history repository data from the OBTS system. This is due to the counting framework in California, where cases are counted by defendant. In order to calculate estimates using DOJ's definition of unique records, the OBTS data were used because it includes a number of charges variable.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Colorado

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 876,829 | 3(1d/2b) | 340,915 | 1d | 257% |
| 2 | Active Indictments, Informations, Complaints | | E | | | |
| 3 | Active Wants/Warrants | 291,908 | 3(1c/2b) | 158,276 | 3(1c/2b) | 184% |
| 4 | Unlawful Drug Use | | C | | A | |
| 5 | Mental Health Adjudications or Commitments | 14,258 | * 1b | 34,347 | 1b | 42% |
| 6 | Active Protection/Restraining Orders | 245,605 | | 141,689 | | 173% |
| 7 | Potential Misd. Crimes of Domestic Violence | 10,289 | 1a | 136,784 | | 8% |
| | **Total** | **1,438,889** | | **812,011** | | **177%** |

\* Estimates in the analysis dataset differ due to information provided in state narrative (see text below).

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 5 -- Mental Health Adjudications or Commitments (42%) - The repository estimate reported data from the CO Department of Human Services, as of 2002. In addition, they did a query of CCIC, which provided the number of records in the state repository regarding criminal cases in which the finding was "Guilty by Reason of Insanity". This estimate is 1,267 records. These should be added to the total estimate for Cat 5, which results in 15,525 and a percentage of 45 at the repository.

Category 7 -- Potential Misd. Crimes of Domestic Violence (8%) - Repository counted only those misdemeanor charges that were identified as being DV related, not potential.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 1 – Felony Convictions (257%) - The Repository and court both stated that there are some records missing due to inability to match dispositions to criminal history or a lack of dispositions. The repository also stated that their estimate was over-inclusive due to inclusion of all types of sentences, including non-prohibitive charges such as misdemeanors and petty charges being included. They are unable to separate these  out. Category 4 convictions were included here for the repository, as well. The repository reported 433,277 unlinked records in a suspense file, which is significantly greater than what was reported in prior years (11,074 &11,079). There was no explanation given for this number.

Category 3 – Active Wants/Warrants (184%) - The court's narrative does not include Denver county. Both estimates include failure to pay warrants, which are non-disqualifying.

Category 6 – Active Protection/Restraining Orders (173%) - The state repository maintaining protection order information contains both state and municipal records.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Connecticut

## Review of the NICS Improvement Amendments Act State Estimates Survey

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 432,500 | | 276,797 | 1a, 1b | 156% |
| 2 Active Indictments, Informations, Complaints | 55,206 | 3 (1a, 2e) | 84,434 | | 65% |
| 3 Active Wants/Warrants | 21,204 | 3 (1a, 2e) | 40,764 | 1a | 52% |
| 4 Unlawful Drug Use | 855,240 | 1a, 2b | 970,669 | 3 (1b, 2b) | 88% |
| 5 Mental Health Adjudications or Commitments | 71,148 | 3 (1a, 2f) | 141,596 | 3 (1a, 2f) | 50% |
| 6 Active Protection/Restraining Orders | 25,084 | 3 (1a, 2e) | 25,062 | 1a | 100% |
| 7 Potential Misd. Crimes of Domestic Violence | 230,656 | 3 (1a, 2b) | 124,547 | 3 (1a, 1b, 2b) | 185% |
| Total | 1,691,038 | | 1,663,869 | | 102% |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

### More than 100% of Originating Agency Records are in the State Repository

Category 1 – Felony Convictions (156%) –  The narrative reports that it was not possible to create comparable estimates for the repository and originating agency due to the fact that the numerous offense, status, and conviction codes used by the court's computer system, the Criminal Motor Vehicle System (CRMVS), cannot be reconciled with the State Repository, the Computerized Criminal History (CCH) system.  The inconsistent use and/or interpretation of such codes could be one reason for the larger Repository estimate.  Also, the methodology used to estimate the other 8 years of records in CRMVS, or 40% of the court records,   may have resulted in a smaller Originating Agency estimate.

Category 7 - Potential Misdemeanor Crimes of Domestic Violence (185%) – The narrative states that the repository count for disposition records should be lower than the court count due to manual disposition processing at the repository.  Since the repository reflects a much larger number of possible MCDV records, it is acknowledged that the repository might need to develop a different estimation methodology.  It is also noted that it was not possible to create comparable estimates due to the inconsistent use and/or interpretation of offense codes that are employed in the court and repository computer systems.

### General Notes:

The counting rule for all records changed significantly for the Year 3 data collection.  Previously, cases were counted so that a case containing any number of qualifying events was only counted as one record.  The estimates are now developed at the charge or conviction level so that one case with three qualifying events is counted as three records.

The narrative notes that both repository and court estimates are incomplete due to functional and data entry limitations associated with legacy computer systems as well as due to manual or duplicative records maintenance procedures.  Some of these limitations include: non-existent or incomplete electronic court records prior to 1999, incomplete disposition records in the repository, and the inability to create comparable estimates due to the inability to reconcile the codes used by the originating agency and repository computer systems.  Also noted in the narrative is that there are systematic difficulties in creating and maintaining criminal records, and that those difficulties affect the availability of various records.  These statements were applied to several categories of records: Category 1 – Felony Convictions, Category 2 – Active Indictments, Category 4 – Unlawful Drug Use, Category 5 – Mental Health, and Category 7 – MCDV.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Delaware

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 597,389 | | 597,389 | | 100% |
| 2 | Active Indictments, Informations, Complaints | 46,520 | | 46,520 | | 100% |
| 3 | Active Wants/Warrants | 106,504 | | 106,504 | | 100% |
| 4 | Unlawful Drug Use | 667,566 | | 667,566 | | 100% |
| 5 | Mental Health Adjudications or Commitments | 978 | 3 (1a/2f) | 978 | 3 (1a/2f) | 100% |
| 6 | Active Protection/Restraining Orders | 4,986 | | 4,986 | | 100% |
| 7 | Potential Misd. Crimes of Domestic Violence | 72,592 | | 72,592 | | 100% |
| | **Total** | **1,496,535** | | **1,496,535** | | **100%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *General Notes*

The court estimates survey was identical to the one provided by the repository. Court and repository estimates are the same because they were both pulled from the same central database that is used by both the courts and law enforcement. Category 6 estimates were counts from NCIC, which the state believes is the most accurate count for active protection orders. Civil mental health commitments are not reflected in the Category 5 estimate.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Florida

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 2,340,019 | | 2,760,020 | | 85% |
| 2 Active Indictments, Informations, Complaints | 103,166 | 1c | 243,899 | 1c | 42% |
| 3 Active Wants/Warrants | 297,997 | 1c | 989,120 | 2f | 30% |
| 4 Unlawful Drug Use | 3,056,967 | | 2,909,823 | | 105% |
| 5 Mental Health Adjudications or Commitments | 50,803 | 1e | 61,945 | 1e | 82% |
| 6 Active Protection/Restraining Orders | 210,461 | | 210,461 | | 100% |
| 7 Potential Misd. Crimes of Domestic Violence | 109,624 | | 103,283 | | 106% |
| Total | 6,169,037 | | 7,278,551 | | 85% |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 2 – Active Indictments, Informations, Complaints (42%) – The narrative reports that the state repository does not receive records for indictments, informations, or complaints since these records are not fingerprint-based. In order to create an estimate for the category, repository records of felony arrests and active warrants were reviewed to determine if they matched the records that the courts had for persons with active indictments, informations, or complaints. One reason for the disparity in the number of repository and originating agency records might be that localities are not required to enter warrants into the repository, thus decreasing the number of records that could be matched to court records for this category.

Category 3 – Active Wants/Warrants (30%) – The narrative states that localities, while encouraged to enter all warrants into the state repository, are not required to do so and factors such as the unavailability of extradition information and the workload associated with entering, verifying, and removing warrants from the repository act as deterrents to adding warrants to the database. The narrative also notes that the court records may be over-inclusive in that they may contain more than one record (i.e., active want/warrants) for the same person. Combined, these reasons may explain the disparity between the number of records available at the repository and the originating agencies.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 4 – Unlawful Drug Use (105%) – The narrative explains that the Florida Department of Law Enforcement expects the number of arrest records to be larger at the repository than at the originating agencies due to records retention guidelines that allow misdemeanor records to be destroyed four or five years after the crime was committed. The narrative also explains that it is known that 8.7% of court records for misdemeanor adjudications and convictions are unavailable over the 20-year time period.

Category 7 – Potential Misdemeanor Crimes of Domestic Violence (106%) –The narrative explains that it is known that 8.7% of court records for misdemeanor convictions are unavailable over the 20-year time period.

## General Comments

Originating agencies in Florida on rare occasions, cannot retrieve paper records that should be retained due to natural disasters. The repository and the courts have redundancy in their electronic records.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Georgia

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 861,707 | 1d | 1,461,037 | | 59% |
| 2 Active Indictments, Informations, Complaints | 14,467 | 1a | | C | |
| 3 Active Wants/Warrants | 259,924 | | | C | |
| 4 Unlawful Drug Use | 1,837,538 | | | C | |
| 5 Mental Health Adjudications or Commitments | 4,834 | 1b | | C | |
| 6 Active Protection/Restraining Orders | 8,353 | | | A | |
| 7 Potential Misd. Crimes of Domestic Violence | 418,043 | | | A | |
| **Total** | **3,404,866** | | **1,461,037** | | **233%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate
(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F = Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J = Respondent did not submit a survey

## *General Notes*

The court estimate for Category 1 is a simple estimate, based on filings and an historical acquittal rate. It is aggregate data from courts in 159 counties and there is not further information to ensure that what was compiled from each court was consistent; therefore, this estimate is believed to be potentially over-inclusive.

The court narrative stated that Category 2 estimates are not available because the courts were currently collecting 2010 data at the time of the survey. The AOC has stated that they have no means to gather the information requested in Categories 3, 4, and 5. No other information was provided to determine the percentage of records available at the repository.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Hawaii

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 30,804 | 1f | 54,215 | 1f | 57% |
| 2 | Active Indictments, Informations, Complaints | 175,766 | 1c | 71,909 | 1c | 244% |
| 3 | Active Wants/Warrants | | E | 83,444 | | 0% |
| 4 | Unlawful Drug Use | 51,538 | 1f | 100,047 | 1f | 52% |
| 5 | Mental Health Adjudications or Commitments | 1,281 | 1a | 799 | 1a | 160% |
| 6 | Active Protection/Restraining Orders | 9,985 | 2e | | F | |
| 7 | Potential Misd. Crimes of Domestic Violence | 24,356 | 1f | 25,059 | 1f | 97% |
| | **Total** | **293,730** | | **335,473** | | **88%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## Less than 50% of Originating Agency Records are in the State Repository

Category 3 -- Active Wants and Warrants(0%) - There is no state warrant repository and the criminal history repository does not have information on the want/warrant itself.  Therefore, they not have any "available" records for entry into NCIC.

## More than 100% of Originating Agency Records are in the State Repository

Category 2 – Active Indictments, Information, Complaints (244%) - The repository counted the number of offenders who had a case without a final disposition that also had an indictment, informations, or complaint noted at the prosecution segment of their criminal history on 12/31/10 or earlier. They counted all charge severities, not only felonies. The repository does not have access to pending indictments, informations, or complaints. The court collected information from prosecutors offices in the state;  three of the four offices responded.

Category 5 – Mental Health Adjudications or Commitments (160%) - The repository only reported cases that were acquitted or charges that were dismissed, by reason of physical or mental disease, disorder, or defect by statute as well as cases where the defendant was committed to the state hospital. These were reported under **Adjudications of mental defect** and **formal involuntary commitments to a mental institution**.  The court reported only **findings of insanity** and **adjudications of mental deficit**. Findings of competency to stand trial and formal involuntary commitments are only available in free-format court minutes and are unable to be counted electronically.

## General Notes

Due to the way the different systems are designed, the state believes the estimates are not suited to making meaningful comparison between the originating systems and the repository. The narrative states that court estimates may include records that do not contain the minimum data required for entry into Federal databases.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Idaho

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 119,658 | 1a | 194,082 | 1b, 1c | 62% |
| 2 | Active Indictments, Informations, Complaints | | E | 9,080 | 3 (1a, 2e) | |
| 3 | Active Wants/Warrants | 4,980 | 1c | 54,054 | 2e | 9% |
| 4 | Unlawful Drug Use | 247,601 | 1a | 168,512 | 1a, 1b, 1c | 147% |
| 5 | Mental Health Adjudications or Commitments | | E | 23,944 | 1a, 1b, 1c | |
| 6 | Active Protection/Restraining Orders | 1,396 | | 6,672 | 2e | 21% |
| 7 | Potential Misd. Crimes of Domestic Violence | 37,296 | | 76,620 | 1b, 1c | 49% |
| | **Total** | **410,931** | | **532,964** | | **77%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 3 – Active Wants/Warrants (9%) –The narrative reports that the discrepancy between the number of court records and the number of records in the state database is due to the fact that it is not currently mandatory to enter warrants into the state repository.  In fact, Idaho's largest county does not enter their misdemeanor warrants. They have, however, started to enter those warrants that have a domestic violence component.

Category 6 Active protection/Restraining Orders (21%) – The narrative reports that no data is known to be missing from either the repository or court counts so there is no stated explanation for the disparity between the two provided estimates.  It should be noted, however, that the repository reported 6,333 active records for the last reporting period using the same methodology used this year.  If it was assumed that the equivalent number of records is available at the repository this year, then the repository would have 95% of the records that are available at the originating agencies.

Category 7 Potential Misdemeanor Crimes of Domestic Violence (49%) — The narrative notes that the repository collected the number of potential crimes of domestic violence convictions from the arrest section using the NICS definition.  For the courts, the narrative states that there is a complex filtering process that is required to determine which records have the needed charge type, and, of those records, which ones have convictions.  While there is no explanation for the disparity between the repository and originating agency estimates, it can be surmised that a disparity could occur if the types of charges which were being collected for this category differed between the two reporting entities.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 4 – Unlawful Drug Use (147%) – The narrative reports that the repository collected both arrest and conviction records for certain drug crimes.  The courts, on the other hand, collected adjudication and conviction records.  The absence of arrest records within the originating agency data accounts for a large portion of the discrepancy between the repository and originating agency estimates (for example, if the number of arrest records reported by the repository were added to the number of records reported by the originating agencies, the result would show that 74% of originating agency records were at the state repository).

## *General Notes*

The repository totals did not sum to what was listed on the estimates total sheet.  The court recognized, for all records categories, that estimates were based on only those records that were electronically available and that not all courts had electronic records available for the full 20-year time period.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Illinois

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 944,304 | | 1,197,128 | 1c | 79% |
| 2 | Active Indictments, Informations, Complaints | 71,926 | | 65,819 | | 109% |
| 3 | Active Wants/Warrants | 355,895 | | | C | |
| 4 | Unlawful Drug Use | 521,443 | 1a | 609,130 | 3(1a,b,c/2c) | 86% |
| 5 | Mental Health Adjudications or Commitments | 15,856 | 1a | 25,380 | 1a,1c | 62% |
| 6 | Active Protection/Restraining Orders | 87,923 | | | C | |
| 7 | Potential Misd. Crimes of Domestic Violence | 172,032 | | 226,950 | 1c | 76% |
| | **Total** | **2,169,379** | | **2,124,407** | | **102%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *More than 100% of Originating Agency Records are in the State Repository*

<u>Category 2 -- Active Indictments, Informations, Complaints (109%)</u> - There is nothing in the narrative to suggest why the percentage is over 100%. It is believed to be due to the nature of the estimates since it is so close to 100%.

## *General Note*

The AOIC is not able to report active orders of protection.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Indiana

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 436,295 | | 850,750 | 1a | 51% |
| 2 | Active Indictments, Informations, Complaints | 414,653 | 1c | 150,284 | | 276% |
| 3 | Active Wants/Warrants | 85,603 | | C | | |
| 4 | Unlawful Drug Use | 89,573 | | C | | |
| 5 | Mental Health Adjudications or Commitments | 2,672 | 1b | 2,672 | 1b | 100% |
| 6 | Active Protection/Restraining Orders | 67,570 | | 67,570 | | 100% |
| 7 | Potential Misd. Crimes of Domestic Violence | 16,543 | | C | | |
| | **Total** | **1,112,909** | | **1,071,276** | | **104%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *More than 100% of Originating Agency Records are in the State Repository*

Category 2-- Active Indictments, Informations, Complaints (276%) - The court narrative stated that over 20 different case management systems are used by courts across the state. Therefore, the only data available at the state level are total felony cases reported as pending, which they reported. The repository estimate was created by counting the cases filed in the past 5 years at the Prosecutor's office. Of those cases, they counted the number that had a closing event such as a dismissal or a guilty that occurred before January 1, 2011 and subtracted that number from the first number. That left 414,653 cases that were open and pending as of Dec. 31, 2010.

## *General Notes*

The court narrative stated that over 20 different case management systems are used by courts across the state, therefore many court records are not accessible at the state level.

Category 1: The repository provided counts of records that were confirmed felony convictions in the CHRIS, while the court only had access to 8 years of guilty plea data, which they used to calculate an estimate for the full 20 years.

The Indiana law which allowed CAT 5 data to be collected and shared did not take effect until July 1, 2009. Data for this category is accurate as of that date.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Iowa

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 108,120 | 1a | 113,272 | 1b | 95% |
| 2 | Active Indictments, Informations, | 13,134 | | 10,002 | 1b | 131% |
| 3 | Active Wants/Warrants | 51,765 | | 44,708 | 2e | 116% |
| 4 | Unlawful Drug Use | 349,947 | | 197,356 | 1a | 177% |
| 5 | Mental Health Adjudications or | 8 | 1a | 10,382 | 1a | 0% |
| 6 | Active Protection/Restraining Orders | 86,114 | | 62,770 | | 137% |
| 7 | Potential Misd. Crimes of Domestic Violence | 94,836 | 1b | 211,703 | | 45% |
| | **Total** | **703,924** | | **650,193** | | **108%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## Less than 50% of Originating Agency Records are in the State Repository

<u>Category 5 -- Mental Health Adjudications or Commitments (0%)</u> -The only mental health records maintained by the repository are findings of insanity by a court based on a criminal proceeding.  These records are provided to the repository as a disposition in a criminal case.   Other mental health records are not available to the repository at this point.

<u>Category 7 – Potential Misdemeanor Crimes of Domestic Violence (45%)</u> -there are several simple misdemeanors that the central repository cannot maintain due to a statutory limitation on the taking of fingerprints at the time of arrest. Iowa law enforcement is only required to collect fingerprints at the time of arrest for serious misdemeanor and above unless the simple misdemeanor is considered enhanceable under Iowa Law. Electronic records at the repository are only available back to 1998.

## More than 100% of Originating Agency Records are in the State Repository

<u>Category 2 – Active Indictments, Information, Complaints (131%)</u> - Records in the state's court data system only go back to 1998. The court counted "informations" and the repository counted felony arrests without dispositions.

<u>Category 3 – Active Wants/Warrants (116%)</u> - The court conducted a query of the ICIS system in April of 2011 for active warrants. The repository states that an "offline search" was conducted to estimate the number of active warrants. No further details were provided to determine why the repository estimate was higher than the court's.

<u>Category 4 – Unlawful Drug Use (177%)</u> - The court estimate does not include deferred judgments; the repository did include deferred judgments.

<u>Category 6 – Active Protection/Restraining Orders (137%)</u> -There is no information provided that would explain why the repository estimate is higher than the court for this category.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Kansas

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 170,957 | 1d | 237,106 | 1f | 72% |
| 2 | Active Indictments, Informations, | | D | 8,584 | 1f | |
| 3 | Active Wants/Warrants | 323,052 | | | C | |
| 4 | Unlawful Drug Use | 308,116 | | | C | |
| 5 | Mental Health Adjudications or | 6,365 | 1d | | C | |
| 6 | Active Protection/Restraining Orders | | E | | C | |
| 7 | Potential Misd. Crimes of Domestic Violence | 23,762 | 1a | | C | |
| | **Total** | **832,252** | | **245,690** | | **339%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F =  Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J  = Respondent did not submit a survey

## *General Notes*

Due to missing data from the originating agency, it was not possible to calculate the percent of records at the repository for most categories. The court narrative stated that the district courts forward records for Categories 3 - 7 directly to law enforcement or the central repository, and that OJA does not maintain the information.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Kentucky

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 81,725 | 1a, 1d | 366,958 | 1b | 22% |
| 2 | Active Indictments, Informations, | | E | 114,043 | | |
| 3 | Active Wants/Warrants | 159,539 | | 32,798 | 1a | 486% |
| 4 | Unlawful Drug Use | 527,746 | 1a, 1d | 2,155,290 | 3 (1a, 1b, | 24% |
| 5 | Mental Health Adjudications or | 24 | 1a, 1d | 91,251 | 3 (1a, 1b, 2f) | 0% |
| 6 | Active Protection/Restraining Orders | 16,994 | | | F | |
| 7 | Potential Misd. Crimes of Domestic Violence | 31,414 | 1a, 1d | 185,740 | 1b | 17% |
| | **Total** | **817,442** | | **2,946,080** | | **28%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## Less than 50% of Originating Agency Records are in the State Repository

Category 1 – Felony Convictions (22%) – The narrative reports that the repository and the originating agency began matching dispositions to criminal history records in 2006. The agreement was based on a "date-forward" approach so dispositions prior to 2006 have not been systematically attached to repository records. In addition, court records that are not fingerprint supported cannot be matched to the repository's criminal history records.

Category 4 – Unlawful Drug Use (24%) – The "date-forward" approach to disposition reporting combined with the narrative's explanation that the originating agency estimate includes all dispositions, rather than the specific adjudications and convictions requested for the category, most likely account for large disparity between the repository and originating agency estimates.

Category 5 – Mental Health Adjudications or Commitments (0%) – The narrative explains that mental health adjudication and commitment records are confidential and not passed on to the state repository and that only those records which include a note as to the mental health nature of the disposition (i.e., finding of incompetency or insanity) can be counted by the repository.

Category 7 – Potential Misdemeanor Crimes of Domestic Violence (17%) – The "date-forward" approach to disposition reporting combined with the narrative's explanation that most misdemeanor citations are not forwarded to the state repository could explain the large disparity between the repository and originating agency estimates.

## More than 100% of Originating Agency Records are in the State Repository

Category 3 – Active Wants/Warrants (486%) – The narrative stated that the originating agency estimate consists of felony offense charges with an active warrant; misdemeanors are excluded. While not stated in the narrative, the exclusion of misdemeanor records could be one reason for the disparity between the repository and originating agency estimates.

## General comments

The originating agency reported records for the 9-year period 1/1/2000 – 12/31/2010.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Louisiana

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 226,880 | | 171,194 | | 1c | 133% |
| 2 | Active Indictments, Informations, Complaints | 92,733 | 1c | A | * | | |
| 3 | Active Wants/Warrants | 11,379 | | A | * | | |
| 4 | Unlawful Drug Use | 423,192 | | A | * | | |
| 5 | Mental Health Adjudications or | 5,247 | | 44 | | 1a | 11925% |
| 6 | Active Protection/Restraining Orders | 9,973 | | 9,973 | | | 100% |
| 7 | Potential Misd. Crimes of Domestic Violence | 18,304 | | 1,860 | | 1a, 1c | 984% |
| | **Total** | **787,708** | | **183,071** | | | **430%** |

*The court narrative stated that the estimates for these categories was provided by the Repository. However, no specific information was provided as to why the court was unable to provide estimates.*

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J  = Respondent did not submit a survey |
| | E = Records not collected | |

## *More than 100% of Originating Agency Records are in the State Repository*

Category 1 – Felony Convictions (133%) - Two of the 64 district courts were not included in the court's estimate. Additionally, the court narrative states that some dispositions are not entered into the court's case management system due to time and staff restraints.

Category 5 – Mental Health Adjudications or Commitments (11925%) - The repository estimate was compiled and reported by the state Department of Health and Hospitals, Office of Behavioral Health, East Louisiana Mental Health System, Forensic system, and includes counts for each category, except for formal involuntary commitments. The court only provided the number of actual criminal records reported to the CMIS division  with the disposition of incompetent to stand trial or insanity by a court. The court narrative states that they lack the staff to review mental health records prior to posting to NICS and that they lack training on entering mental health records for proper reporting. They also state that the case management systems need to be reviewed to insure that they can report the proper disposition of the mental health records. The narrative states that civil mental health records are sealed by state law.

Category 7 – Potential Misd. Crimes of Domestic Violence (984%) - The court estimate only includes the number of criminal sentencing or probation restraining orders where the charge fulfilled the MCDV specification. It appears that the estimate is a count of MCDV protection orders issued. The narrative also states that not all of the Louisiana Courts are using the criminal stay away order at the time of sentencing or probation, so this estimate does not include the entire state.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Maine

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 27,732 | 1c | | J | |
| 2 | Active Indictments, Informations, | | E | | J | |
| 3 | Active Wants/Warrants | 29,980 | | | J | |
| 4 | Unlawful Drug Use | 54,824 | 1a | | J | |
| 5 | Mental Health Adjudications or | 166 | | | J | |
| 6 | Active Protection/Restraining Orders | 6,111 | 1a | | J | |
| 7 | Potential Misd. Crimes of Domestic Violence | 49,301 | | | J | |
| | **Total** | **168,114** | | **0** | | |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

*General Notes:*  Data narrative was missing for Categories 6 and 7.  The total on the category sheet does not sum to the correct total of counts that have been provided.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Maryland

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 443,838 | | 526,913 | 1b | 84% |
| 2 | Active Indictments, Informations, Complaints | 13,120 | 3(1a/2e) | 22,230 | 2e | 59% |
| 3 | Active Wants/Warrants | 190,383 | 2e | 194,990 | 2a,2e | 98% |
| 4 | Unlawful Drug Use | 177,038 | 1a,1b | 390,548 | 1a,1b | 45% |
| 5 | Mental Health Adjudications or Commitments | 2,975 | 1a | 5,496 | 1a,1b | 54% |
| 6 | Active Protection/Restraining Orders | 7,173 | 3(1a/2e) | 7,641 | 2e | 94% |
| 7 | Potential Misd. Crimes of Domestic Violence | | D | | E | |
| | **Total** | **834,527** | | **1,147,818** | | **73%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate
2 = Over-inclusive estimate
3 = Incomplete and over-inclusive estimate
**(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)**

A = No explanation provided
B = Records no longer exist
C = Records not accessible
D = Records not available
E = Records not collected

F =  Records not electronically available
G = Retention schedules differ
H = Statutorily prohibited from reporting
J =  Respondent did not submit a survey

## *More than 100% of Originating Agency Records are in the State Repository*

<u>Category 5 – Mental Health Adjudications or Commitments (101%)</u>

It is assumed that this percentage is due to the nature of the estimates, as it is not significantly over 100%. The Repository provides information from the courts for "Findings of incompetency" and "Findings of insanity" while the "adjudications of mental defect" and "involuntary commitments" data came from the Office of Administrative Hearings (OAH). The court's estimates do not include data from before their current case management system was implemented on a rolling basis during a 6 year period starting in 1999. Both narratives state that guardianship cases are not included in either the court or repository estimates.

## *Less than 50% of Originating Agency Records are in the State Repository*

<u>Category 4 – Unlawful Drug Use (45%)</u>

The repository did not report estimates for adjudications because the stated that the courts do not provide them with any indicator to identify adjudications. The court did not report arrests because they are not the originating party. Additionally, the court's estimates do not include data from before their current case management system was implemented on a rolling basis during a 6 year period starting in 1999.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Massachusetts

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 356,915 | 1d | 356,915 | 1d | 100% |
| 2 | Active Indictments, Informations, | 886,471 | 2b | 886,471 | 2b | 100% |
| 3 | Active Wants/Warrants | 387,270 | | 387,270 | | 100% |
| 4 | Unlawful Drug Use | 177,461 | 3(1a/2c) | 177,461 | 2c | 100% |
| 5 | Mental Health Adjudications or | 8,933 | 1b, 1c, 1e | 18,869 | 3 (1b,1c/2b) | 47% |
| 6 | Active Protection/Restraining Orders | 20,466 | 1a | 20,466 | 1a | 100% |
| 7 | Potential Misd. Crimes of Domestic Violence | 34,158 | | 34,158 | | 100% |
| | **Total** | **1,871,674** | | **1,881,610** | | **99%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## General Notes

Massachusetts submitted duplicate entries for the court and repository estimates, with the exception of Category 5, which is discussed below.

## Less than 50% of Originating Agency Records are in the State Repository

Category 5 – Mental Health Adjudications or Commitments (47%)

The Repository provided data from the Dept. of Mental Health (estimates of commitment orders to sate facilities) and Mass Dept. of Corrections (estimates of civil commitments due to incompetent to stand trial or found incompetent/not guilty due to mental illness). This same information was provided in the Court survey, along with an estimate of 9,963 for records at the court.  The narrative states that district, municipal, and superior court records are not maintained electronically and are therefore not easily accessible. The estimate provided by the courts includes guardianship data, since 2009, from 14 Probate and family courts that they believe may best qualify as available mental health records, as these courts do not adjudicate individuals "mentally defective."

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Michigan

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 1,076,771 | | 1,095,377 | | 98% |
| 2 | Active Indictments, Informations, | 63,156 | 1ac | 616,696 | | 10% |
| 3 | Active Wants/Warrants | 1,109,226 | 2e | 1,156,654 | | 96% |
| 4 | Unlawful Drug Use | 366,942 | | 686,955 | | 53% |
| 5 | Mental Health Adjudications or | 100,720 | 1ac | 149,700 | | 67% |
| 6 | Active Protection/Restraining Orders | 31,192 | | 38,742 | | 81% |
| 7 | Potential Misd. Crimes of Domestic Violence | 237,085 | | 231,198 | | 103% |
| | **Total** | **2,985,092** | | **3,975,322** | | **75%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate
2 = Over-inclusive estimate
3 = Incomplete and over-inclusive estimate
(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided
B = Records no longer exist
C = Records not accessible
D = Records not available
E = Records not collected

F = Records not electronically available
G = Retention schedules differ
H = Statutorily prohibited from reporting
J = Respondent did not submit a survey

## *Less than 50% of Originating Agency Records are in the State Repository*

<u>Category 2 -- Active Indictments, Informations, Complaints (10%)</u> – The courts have access to active indictments, informations and complaints. As part of the court proceedings that information is required of the prosecutors; therefore, it is available in their database. The repository narrative states that prosecutors voluntarily submit information as there is no statute that compels them to report, which accounts for the difference in numbers at the repository and the court.

## *More than 100% of Originating Agency Records are in the State Repository*

<u>Category 7 – Potential Misdemeanor Crimes of Domestic Violence (103%)</u> – The narrative notes that the repository estimate was obtained by querying the criminal history database and the JDW on the 14 charge codes used by the FBI NICS as "indicators" that some form of investigation needs to be completed to determine if there is a domestic violence relationship.

## *General comments*

For Category 4, while courts have an electronic record of all of the cases that have occurred over the past 20 years, the less serious charges have not always been mandatory to report to the criminal history repository. Therefore, there is a discrepancy between what they have and what has been reported via fingerprint to the repository.

The originating agency(ies) did not provide a narrative for categories other than 2 and 4, so there is no information upon which to analyze the completeness and reasonableness of the provided estimates nor can the reasons for the discrepancies between the repository and originating agency estimates be discussed or explained.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Minnesota

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 268,720 | | 288,101 | | 93% |
| 2 | Active Indictments, Informations, | | E | 26,325 | | |
| 3 | Active Wants/Warrants | 76,512 | 2e | 85,666 | | 89% |
| 4 | Unlawful Drug Use | 123,369 | | 332,718 | | 37% |
| 5 | Mental Health Adjudications or | 678 | 1a | 19,828 | | 3% |
| 6 | Active Protection/Restraining Orders | 16,912 | 2e | 9,017 | | 188% |
| 7 | Potential Misd. Crimes of Domestic Violence | 62,158 | | 71,479 | | 87% |
| | **Total** | **548,349** | | **833,134** | | **66%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

***Less than 50% of Originating Agency Records are in the State Repository***

Category 4 – Unlawful Drug Use (37%) – The repository provided actual counts of records for this category. The court estimates includes non-felony drug offenses, while the repository does not collect this information. Additionally, the repository is required to seal records for certain drug offenses, while the court is not.

Category 5 – Mental Health Adjudications or Commitments (3%) – The repository estimate only includes findings of insanity or mentally incompetent because they do not have any of the other mental health records, and they only recently began collecting this information. The court estimate includes all commitments, as well as findings of insanity and mentally incompetent.

***More than 100% of Originating Agency Records are in the State Repository***

Category 6 – Active Protection/Restraining Orders (188%) – The repository estimate was pulled on 5/3/11 so it reflects active records as of that day and not as of 12/31/10. According to the narrative, it is possible that the repository is not receiving or updating expiration information on protection orders from the courts.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Mississippi

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 10,305 | 1a, 1c | | J | |
| 2 Active Indictments, Informations, | | E | | J | |
| 3 Active Wants/Warrants | 8,485 | 1c | | J | |
| 4 Unlawful Drug Use | 174,157 | 1c | | J | |
| 5 Mental Health Adjudications or | | E | | J | |
| 6 Active Protection/Restraining Orders | 117 | | | J | |
| 7 Potential Misd. Crimes of Domestic Violence | 5,420 | | | J | |
| Total | 198,484 | | 0 | | |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

*General Comments:*  Category 4 Unlawful Drug Use estimates do not sum to the total listed on the estimates sheet.  The total is actually 174,157, not 149,631 for a difference of 24,526.  Due to missing data from the originating agency, it was not possible to calculate the  percent of records at the repository.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Missouri

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 386,015 | 1a | 432,351 | | 89% |
| 2 Active Indictments, Informations, | 67,738 | 3 (1a, 2a) | 53,829 | | 126% |
| 3 Active Wants/Warrants | 215,283 | | 201,940 | | 107% |
| 4 Unlawful Drug Use | 702,741 | 1a | 266,378 | 1a, 1c | 264% |
| 5 Mental Health Adjudications or | 996 | 1a | 33,585 | | 3% |
| 6 Active Protection/Restraining Orders | 15,356 | | 16,142 | | 95% |
| 7 Potential Misd. Crimes of Domestic Violence | 61,692 | | 81,936 | | 75% |
| Total | 1,449,821 | | 1,086,161 | | 133% |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate
(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F = Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J = Respondent did not submit a survey

## Less than 50% of Originating Agency Records are in the State Repository

Category 5 – Mental Health Adjudications or Commitments (3%) – The narrative notes that the repository only has records that contain a finding of insanity. Records pertaining to mental health adjudications, findings of incompetency to stand trial, and commitments to mental health facilities are not available as the repository serves only as a pass-through (from the courts to NICS) for this type of information.

## More than 100% of Originating Agency Records are in the State Repository

Category 2 – Active Indictments, Informations, Complaints (126%) – The narrative states that some cases listed as pending in the repository may actually have been disposed of by a court, but, due to a matching error, the record continues to reside in a "Court Hold" file and does not get updated to reflect the disposition.

Category 3 – Active Wants/Warrants (107%) – The narrative does not state a reason for the disparity between the repository and originating agency estimates. It might be surmised, however, that the methodology used to compile the originating agency estimate may cause some of the difference. For example, the compilation methodology requires the court to subtract various types of cases that have warrants because they duplicate records that were reported in other categories; it is possible that some of those are reported as active warrants to the repository so are captured in that estimate, but are not maintained in the court estimate.

Category 4 – Unlawful Drug Use (264%) – The narrative reports that the repository collected both arrest, adjudication, and conviction records for certain drug crimes. The courts, on the other hand, collected adjudication and conviction records. They state that arrest records are not housed with the judiciary. The absence of arrest records within the originating agency data accounts for a large portion of the discrepancy between the repository and originating agency estimates (for example, if the number of arrest records reported by the repository were added to the number of records reported by the originating agencies, the result would show that 81% of originating agency records were at the state repository).

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Montana

## *Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 23,814 | 1d, 1e | 45,315 | | 53% |
| 2 | Active Indictments, Informations, | 11,476 | | 3,469 | | 331% |
| 3 | Active Wants/Warrants | 20,528 | | 29,845 | | 69% |
| 4 | Unlawful Drug Use | 46,310 | 3 | 44,304 | 3 (1d,1e/2b) | 105% |
| 5 | Mental Health Adjudications or | 32 | 1a | 15,426 | 1d | 0% |
| 6 | Active Protection/Restraining Orders | 3,960 | | 3,604 | 3(1e/2a) | 110% |
| 7 | Potential Misd. Crimes of Domestic Violence | 24,721 | 3 (1e/2b) | 53,280 | 2b | 46% |
| | **Total** | **130,841** | | **195,243** | | **67%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | C = Records not accessible | H = Statutorily prohibited from reporting |
| | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

### Category 5 – Mental Health Adjudications or Commitments (0%)

Most mental health adjudications and commitments are civil processes in Montana and pursuant to state statute, they are not transmitted to the state repository or NICS.

### Category 7 – Potential Misd. Crimes of Domestic Violence (46%)

There are no procedures in the state to systematically establish the relationship between the victim and the defendant. Additionally, there is no statutory requirement in Montana to report misdemeanor arrests and disposition to the repository unless the person has been fingerprinted. Disposition reporting is a manual process, leading to omissions and errors.

## *More than 100% of Originating Agency Records are in the State Repository*

### Category 2 – Active Indictments, Informations, Complaints (331%)

The court counted any electronically available open or pending Felony criminal cases in its court central repository for the years 1991-2010. The repository queried all felony records for which a person is currently under an indictment or information return or filed with the court, or a criminal complaint issued or verified by a prosecutor. Deferred prosecutions as well as records for which the arrest cycle had not been completed.

### Category 4 – Unlawful Drug Use (105%)

The court omitted convictions and active Felony cases involving a drug charge  because they stated that those were included in Category 1 and 2 estimates. Additionally, the repository narrative states that the inclusion of Drug Paraphanalia charges skew their overall percentage of available records.

### Category 6 – Active Protection/Restraining Orders (110%)

The court states that there are orders issued that are not included in the estimate because they are not created in a standardized, machine readable fashion. The narratives of both the court and repository state challenges in protection order tracking due to 1) incorrect flagging of orders regarding the prohibition of firearm purchases, 2) court validation of orders when the jurisdiction changes (i.e., from limited jurisdiction courts to district court) and are forced to cancel the order when the court jurisdiction changes, and 3) the lack of quality, availability and utility of pro se filings.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Nebraska

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 78,225 | 1d | 73,365 | 1a,1b,1d | 107% |
| 2 | Active Indictments, Informations, | 1,279 | 1a,1b,1c | 13,976 | 1a,1b | 9% |
| 3 | Active Wants/Warrants | 22,122 | 3(1e/2a,2e) | 51,267 | 2a | 43% |
| 4 | Unlawful Drug Use | 96,374 | 1c,1d,1e | 130,375 | 1a,1e | 74% |
| 5 | Mental Health Adjudications or | 10,417 | 3(1a,1b/2f) | 10,417 | 3(1a,1b/2f) | 100% |
| 6 | Active Protection/Restraining Orders | 7,614 | 1c,1e | 4,617 | 1a,1c,1e | 165% |
| 7 | Potential Misd. Crimes of Domestic Violence | 2,751 | | 1,579 | | 174% |
| | **Total** | **218,782** | | **285,596** | | **77%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 2 -- Active Indictments, Informations, Complaints (9%) - The repository ran a count of the number of court cases where the disposition was open/pending. Court information for open/pending cases is manually entered into the Patrol Criminal History when the record is requested and an update is needed. Estimates do not include verified complaints because there is no statewide prosecutor's database. One county deleted most misdemeanor records that would have fit into this category. Court information is not available to the repository until the case is adjudicated. Nebraska does not use the terms information or indictment. The court estimates include only court data, as there is no central database for prosecutors. The court estimate is a count of open felony cases.

Category 3 – Active Wants/Warrants (43%) - The repository reported wants and warrants that have been manually entered into NCIC. The estimate is missing a significant part of the total as the process is not automated from the court and is manual entry from the Sheriff's offices. Because the entry is manual, they also report that the estimate may contain warrant information that has been closed and that  warrants that are disposed or deleted may be missing from the estimate. They also pulled their query on 3/17/11, since this is all their system would allow them to do. The court reported the total number of active wants/warrants in the NCJIS database which contains warrant information from all 93 counties and district courts in the state.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 1 – Felony Convictions (107%) - Repository provided an exact count of felony convictions in the PCH that have been fingerprinted. The court database, JUSTICE, does not include data before 2000 because the systems were not automated.

Category 6 – Active Protection/Restraining Orders (165%) - The repository provided a count of the total number of active protection orders from NCIC switch data (799). They also provided a count of 7,614 active protection orders entered into the state mainframe switch, which is automatically provided by JUSTICE. Records are retained even when the protection order is dismissed, recalled or expired. There are notes in the electronic record of the order. The entry is manual, so not all protection orders are entered by Sheriffs into the state mainframe or NCIC. This estimate does not include "no contact orders," restraining orders or protection orders from criminal cases. The court reported stand alone court orders and no civil, divorce or family orders as well as the order from bail or parole. Neither estimate includes the largest county.

Category 7 – Potential Misd. Crimes of Domestic Violence (174%) - The repository reported 4,635 in the narrative, which represents a count of the county court convictions where the DV flag was set by the courts. They queried PCH for an offense type "M" and a charge containing "Domestic." The court queried JUSTICE for those cases where the DV Indicator was set to "Yes." This flag is only set in cases where the courts have convicted the offender under the NE DV statute.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Nevada

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 46,656 | | 158,677 | | 29% |
| 2 | Active Indictments, Informations, Complaints | | E | 41,853 | 2e | |
| 3 | Active Wants/Warrants | 440,604 | | 434,966 | 2e | 101% |
| 4 | Unlawful Drug Use | 487,797 | 1e,1b | 204,408 | 3(1a/2e) | 239% |
| 5 | Mental Health Adjudications or Commitments | 2,990 | | 1,879 | 3(1c/2e) | 159% |
| 6 | Active Protection/Restraining Orders | 3,527 | | 9,657 | 2e | 37% |
| 7 | Potential Misd. Crimes of Domestic Violence | 59,737 | | 160,410 | | 37% |
| | **Total** | **1,041,311** | | **1,011,850** | | **103%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

<u>Category 1:  Felony Convictions (29%)</u> -  No information was provided to explain the differences between repository and originating agency totals, other than the fact that the repository estimates are counts and the court estimates are true estimates based on a survey sent to all courts and AOC caseload statistics.

<u>Category 6:  Active Protection/Restraining Orders (37%)</u> - The court was only able to account for filings less dismissals and transfers and does not account for permanent protection orders. Their records may reflect an ending date later than December 31, 2010. 86% of courts responded providing counts and the others were estimated. The court estimate is significantly higher than the previous years' estimate (2,090). Repository reporting reflects only domestic violence protection orders per statute.

<u>Category 7:  Potential Misdemeanor Crimes of Domestic Violence (37%)</u> - The court provided last years' 10 year estimate plus Nevada AOC's USJR  misdemeanor domestic violence case type by appropriate disposition types for Jan-Dec 2010.

## *More than 100% of Originating Agency Records are in the State Repository*

<u>Category 3:  Active Wants/Warrants (101%)</u> - Repository numbers are an actual count of warrants in the system at moment of time and the court numbers are estimates based on a survey sent to all courts and AOC caseload statistics.

<u>Category 4:  Unlawful Drug Use (239%)</u> -The court does not maintain arrest information.

<u>Category 5:  Mental Health Adjudications or Commitments (159%)</u> - The repository indicated that not all agencies maintain all the records needed for this data.  The court estimate is incomplete for the two largest general jurisdiction courts and  included records after 12/31/10.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# New Hampshire

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 33,608 | 1f | 35,568 | 1f | 94% |
| 2 | Active Indictments, Informations, Complaints | | E | 4,909 | 1f | |
| 3 | Active Wants/Warrants | 28,343 | 2e | 27,000 | 1e | 105% |
| 4 | Unlawful Drug Use | 79,975 | 1a | 42,260 | 1f | 189% |
| 5 | Mental Health Adjudications or Commitments* | 289 | 1a | 36,376 | | 1% |
| 6 | Active Protection/Restraining Orders | | E | 4,861 | | |
| 7 | Potential Misd. Crimes of Domestic Violence | 19,724 | | 25,249 | 1f | 78% |
| | **Total** | **161,939** | | **176,223** | | **92%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 5 – Mental Health Adjudications or Commitments (1%) - The repository does not maintain data on adjudications of mental defect and involuntary commitments. The repository estimate included DHHS estimates for these categories (15,121 records), which were moved to the originating agency estimates. Therefore, the repository estimate only includes the 289 records for findings of insanity and findings of incompetency, which are actually held by the state police.

Category 6 – Active Protection/Restraining Orders (0%) - The repository only holds emergency protection orders, of which there were 8. However, only permanent orders should be counted.  Therefore, this was changed to reflect that the repository does not collect permanent protection orders. The court estimate was derived from data provided by the New Hampshire State Police.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 3 – Active Wants/Warrants (105%) - The repository estimate is as of April 25, 2011 (not Dec 31, 2010). The court states that many superior court records are in paper form at this point and the estimate was derived from the court's electronic case management system and warrant repository.

Category 4– Unlawful Drug Use (189%) - The repository narrative states that the repository does not capture adjudications for felony or misdemeanor level offenses, so these were not provided. The court estimate included only convictions for non-felony drug offenses. They converted charges to a count of people, which is undercounting, since the survey asked for charges.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# New Jersey

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 599,163 | | 477,802 | | 125% |
| 2 | Active Indictments, Informations, | 38,711 | 1a | 94,156 | | 41% |
| 3 | Active Wants/Warrants | 29,464 | | 593,262 | | 5% |
| 4 | Unlawful Drug Use | 2,069,384 | | 1,277,256 | 1a | 162% |
| 5 | Mental Health Adjudications or | 1,156 | 1a | 104,571 | 3(1b/2b) | 1% |
| 6 | Active Protection/Restraining Orders | 173,359 | | 170,371 | | 102% |
| 7 | Potential Misd. Crimes of Domestic Violence | 127,744 | | 45,282 | 1b | 282% |
| | **Total** | **3,038,981** | | **2,762,700** | | **110%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate
2 = Over-inclusive estimate
3 = Incomplete and over-inclusive estimate
(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided
B = Records no longer exist
C = Records not accessible
D = Records not available
E = Records not collected

F = Records not electronically available
G = Retention schedules differ
H = Statutorily prohibited from reporting
J = Respondent did not submit a survey

*Less than 50% of Originating Agency Records are in the State Repository*

Category 2 – Active Indictments, Informations, Complaints (41%) – The number of repository records include indictments (38,711) only. The number of court records includes both indictments (47,858) and complaints (46,298). Neither the repository nor court provided estimates for informations.

Category 3 – Active Wants/Warrants (5%) – The repository conducted an offline search of NCIC to determine the number of active wants/warrants that were electronically posted to NCIC by the states wanted persons file that is administered by the New Jersey State Police. These records represent felony and serious misdemeanor warrants that meet NCIC entry criteria. The numbers of originating agency records were derived from a search of the Judiciary's PROMIS/Gavel system. These records include felony and misdemeanor warrants.

Category 5 – Mental Health Adjudications or Commitments (15%) – Repository numbers do not include estimates for 2 of 4 categories (adjudications of mental defect and involuntary commitments to a mental institution) yet the repository narrative indicates that these records are transmitted to the repository electronically.   The court estimates on involuntary commitments is only for the past two years and it includes voluntary commitments because the system is unable to separate the two.

*More than 100% of Originating Agency Records are in the State Repository*

Category 1 – Felony Convictions (125%) – The respondent did not provide sufficient enough narrative to explain the differences in numbers between repository and originating agency files.   However, the court estimate is significantly lower than the estimate provided in Years 1 and 2.

Category 4 – Unlawful Drug Use (162%) – The court estimate does not include arrest data.

Category 6 – Active Protection/Restraining Orders (102%) – While each utilizes the same databases (FACTS Central Registry and PROMIS/Gavel) to create, maintain, extract data and transfer records to NCIC , the respondent did not provide sufficient enough narrative to explain the differences in numbers between repository and originating agency files.

Category 7 – Potential Misdemeanor Crimes of Domestic Violence (282%) –The court was only able to provide DV convictions for the years 2004-2010.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# New Mexico

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | | J | 118,939 | 1b | 0% |
| 2 | Active Indictments, Informations, | | J | | A | 0% |
| 3 | Active Wants/Warrants | | J | | A | 0% |
| 4 | Unlawful Drug Use | | J | | A | 0% |
| 5 | Mental Health Adjudications or | | J | 136 | 1b | 0% |
| 6 | Active Protection/Restraining Orders | | J | 3,095 | 1b | 0% |
| 7 | Potential Misd. Crimes of Domestic Violence | | J | 22,255 | 1b | 0% |
| | **Total** | **0** | | **144,425** | | **0%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## General Comments

The state court reported that district court data is only complete back to 1995-1997.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# New York

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 840,747 | | 860,772 | | 1b | 98% |
| 2 | Active Indictments, Informations, Complaints | 30,162 | | 25,571 | | | 118% |
| 3 | Active Wants/Warrants | 244,581 | | 387,142 | | | 63% |
| 4 | Unlawful Drug Use | 1,659,907 | | 1,531,589 | * | 1a, 1b | 108% |
| 5 | Mental Health Adjudications or Commitments | 10,218 | | 409,661 | | | 2% |
| 6 | Active Protection/Restraining Orders | 178,667 | | 182,698 | | | 98% |
| 7 | Potential Misd. Crimes of Domestic Violence | | D, H | | | E | |
| | **Total** | **2,964,282** | | **3,397,433** | | | **87%** |

*\*Cat 4 had an addition error. The correct total is shown. The total was incorrectly listed as 1,532,589 on the survey.*

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

### Less than 50% of Originating Agency Records are in the State Repository

<u>Category 5 – Mental Health Adjudications or Commitments (2%)</u> – Unlike the courts, DCJS does not account for "Adjudications of mental defect" or "Formal involuntary commitments to a mental institution" as these records do not have a criminal basis for inclusion into DCJIS files.

### More than 100% of Originating Agency Records are in the State Repository

<u>Category 2 – Active Indictments, Informations, Complaints (118%)</u> – Year 3 repository estimates are based upon counts that were taken against upper court case dockets within the states felony processing file. Differences between repository and court counts appear to be attributable to methodology differences.

<u>Category 4 – Unlawful Drug Use (108%)</u> – For a period between 1993 and 2007 misdemeanor convictions from Town and Village Courts were not retained by the Office of Courts Administration (OCA) but were retained in the DCJS repository. The court estimates did not include adjudications.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# North Carolina

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | | J | 491,292 | 1f | 0% |
| 2 Active Indictments, Informations, Complaints | | J | 64,572 | 2e | 0% |
| 3 Active Wants/Warrants | | J | 1,286,411 | | 0% |
| 4 Unlawful Drug Use | | J | 467,840 | 1a | 0% |
| 5 Mental Health Adjudications or Commitments | | J | 145,114 | 1a | 0% |
| 6 Active Protection/Restraining Orders | | J | 14,455 | 2d | 0% |
| 7 Potential Misd. Crimes of Domestic Violence | | J | 66,224 | | 0% |
| **Total** | **0** | | **2,535,908** | | **0%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

*General Notes*

Due to missing data from the repository, it was not possible to calculate a meaningful percent of records at the repository.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# North Dakota

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 35,284 | 1d | 31,897 | 1b,1c | 111% |
| 2 | Active Indictments, Informations, Complaints | 8,204 | | 2,735 | | 300% |
| 3 | Active Wants/Warrants | 23,453 | | 15,778 | 2b | 149% |
| 4 | Unlawful Drug Use | 47,086 | 1d | 21,307 | 1a | 221% |
| 5 | Mental Health Adjudications or Commitments | | D | 533 | 1a,1b | |
| 6 | Active Protection/Restraining Orders | 1,031 | | 1,053 | | 98% |
| 7 | Potential Misd. Crimes of Domestic Violence | 16,104 | | 12,827 | 1b,1c | 126% |
| | **Total** | **131,162** | | **86,130** | | **152%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

*More than 100% of Originating Agency Records are in the State Repository*

Category 1 – Felony Convictions (111%) –Due to difficulties in converting legacy data for the period 1991 through 1993, the repository total appears to be understated but a percentage was calculated to arrive at the totals provided. Court estimates do not include all courts for all years requested because their electronic case management system was implemented on a rolling basis between the years of 1990 to 2003.

Category 2 – Active Indictments, Informations, Complaints (33%) – The respondent did not provide sufficient enough narrative to explain the differences in numbers between repository and originating agency files. However, differences between repository and court counts appear to be attributable to methodology differences, converting legacy data and databases that were searched to arrive at repository and court totals.

Category 3 – Active Wants/Warrants (149%) –Differences between repository and court counts appear to be attributable to methodology differences, databases searched and when each county became operational with using current technology. The court estimate includes all active warrants, including non-disqualifying types.

Category 4 – Unlawful Drug Use (221%) –Due to difficulties in converting legacy data for the period 1991 through 1993, the repository total appears to be understated but a percentage was calculated to arrive at the totals provided. Court estimates did not include felony arrests or other arrest and adjudications.

Category 7 – Potential Misdemeanor Crimes of Domestic Violence (126%) – Year 3 repository estimates were derived from the same file that was used in categories 1 and 4. Consequently and with respect to converting legacy data, the same problems apply. Also, differences between repository and court counts appear to be attributable to methodology differences, databases searched and when each county became operational with using current technology.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Ohio

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 374,592 | | | C | |
| 2 | Active Indictments, Informations, Complaints | | E | | C | |
| 3 | Active Wants/Warrants | 109,674 | | | C | |
| 4 | Unlawful Drug Use | 328,966 | | | C | |
| 5 | Mental Health Adjudications or Commitments | 28,167 | | | C | |
| 6 | Active Protection/Restraining Orders | | E | | C | |
| 7 | Potential Misd. Crimes of Domestic Violence | 69,934 | | | C | |
| | **Total** | **911,333** | | **0** | | |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate

(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F = Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J = Respondent did not submit a survey

## *General Comments*

The court sent out surveys to local court staff requesting data for estimates, since they have no central repository for court data. However, they received a very low response rate and therefore, were unable to generate estimates.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Oklahoma

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 461,975 | 1a | 463,076 | | 100% |
| 2 Active Indictments, Informations, Complaints | 23,945 | 1a | 194,727 | 1f | 12% |
| 3 Active Wants/Warrants | 14,728 | 3(1c/2e) | 108,297 | 1c | 14% |
| 4 Unlawful Drug Use | 414,192 | | 94,546 | 1a | 438% |
| 5 Mental Health Adjudications or Commitments | 37,503 | 1b | 0 | | |
| 6 Active Protection/Restraining Orders | 5,640 | 3(1c/2e) | 5,218 | 1c | 108% |
| 7 Potential Misd. Crimes of Domestic Violence | 16,726 | | 27,428 | | 61% |
| Total | 974,709 | | 893,292 | | 109% |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## Less than 50% of Originating Agency Records are in the State Repository

Category 2 -- Active Indictments, Informations, Complaints (12%) -  The repository ran a count of the number of felony arrests, excluding drug offenses. Records prior to 1993 were not electronically available and as such, do not appear to be included in the total.  In addition OSBI counted arrests with filings only. If it only had an arrest record and no corresponding filing record, OSBI did not count it. This could be due to DAs not reporting filings.  DAs should report three things to OSBI:  arrest, filing and final disposition. For several years, Oklahoma County did not report anything to OSBI. The state believes the repository number would increase if OSBI reported all arrests instead of only looking at those with associated filings. Previously, the Oklahoma NICS Committee decided not to include this option and to continue to run the query by only counting arrests which also had a filing record. The court reported 10 years of felony cases that were filed but not disposed, or felony cases which have a disposition type of deferred instead of a snapshot as of 12/31/10.

Category 3 – Active Wants/Warrants (14%) - The repository reported warrants entered into the OK law enforcement telecommunications system (OLETS) and then submitted to NCIC. OLETS serves as a statewide pass through of warrants to NCIC. At this time, OK does not have a statewide warrant system. The repository data is as of 4/1/11. Records must be validated within 45 days by the submitting agency or the records are deleted. The court reported all non-traffic warrants that were electronically available in OCIS and KellPro (the two case management systems used by the courts). Some counties were not included because they could not separate out failure to pay warrants. It is not clear if the court only counted active warrants in their query.

## More than 100% of Originating Agency Records are in the State Repository

Category 4 – Unlawful Drug Use (438%) - The repository provided a count of drug related offenses that included no disposition found, referred to DA, and deferred sentence dispositions. They did not have any felony adjudications since they removed dismissed and acquitted from the query. The court did not report felony data, since they don't track arrests and counted deferred felony drug cases and felony drug court cases shown as pending in CAT 2. They reported adjudications (misdemeanor drug cases with disposition of deferred)  and convictions for nine specific drug crimes. OSBI number includes 287,027 arrest records, which are not included in the Originating Agency totals.  The Originating Agency for arrests would be law enforcement across the state, and it is not feasible to attempt to get the number of arrests from them.  Additionally, some of these arrest records would be heard in municipal court, which are included in the 'other drug offense' category for the OSBI's state repository conviction numbers, but not in the originating agency (AOC) numbers since the case did not go through the district courts. Statutes require submission of arrest records so all are reported to the OSBI, even though not all are heard by the district courts.

Category 6 – Active Protection/Restraining Orders (108%) - The repository reported warrants entered into the OK law enforcement telecommunications system (OLETS) and then submitted to NCIC. At this time, OK does not have a

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

statewide protection order system. The repository data is as of 4/1/11.The court estimate did not include many counties because a code was not entered to indicate if the protective order was actually issued.

**General Note:** Currently, the courts do not have an accurate method of determining cases which fall into the four sub-categories in Category 5 (Mental Health Adjudications or Commitments).

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Oregon

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 592,406 | | 598,561 | | 99% |
| 2 Active Indictments, Informations, Complaints | | E | 31,507 | | |
| 3 Active Wants/Warrants | 79,296 | | 84,510 | | 94% |
| 4 Unlawful Drug Use | 563,753 | 2c | 291,961 | 1a | 193% |
| 5 Mental Health Adjudications or Commitments | 2,019 | 1c | 46,461 | | 4% |
| 6 Active Protection/Restraining Orders | 11,000 | 1c | 238,651 | 2a | 5% |
| 7 Potential Misd. Crimes of Domestic Violence | 110,350 | | 136,495 | | 81% |
| **Total** | **1,358,824** | | **1,428,146** | | **95%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

### *Less than 50% of Originating Agency Records are in the State Repository*

<u>Category 5 – Mental Health Adjudications or Commitments (4%)</u> – The state repository maintains a very limited amount of information on mental health adjudications. A new system is being designed and implemented to better track relevant mental health information and to make it available to the NICS. Currently, state statute does not allow mental health records to be transmitted to NICS until new enabling authorization becomes effective in January 2012.

<u>Category 6 – Active Protection/Restraining Orders (5%)</u> – The estimate provided represents the total number of "active" protection/restraining orders that are in the Law Enforcement Data System (LEDS) through the end date of the current 20 year period. Accuracy and completeness of these records has been an issue for political reasons within certain counties and while entry is required by statute, some counties are not entering protection/restraining orders as required. The court counted the number of restraining order events entered between 1/1/91 and 12/31/10. Records were not counted if the status had been updated to "vacated" or "dismissed" or if there were subsequent events that vacated or dismissed the order. However, there are no statewide data entry protocols that require the status of restraining orders to be updated when it had been vacated, nor does the database record the duration of an order, so this estimate likely include inactive orders.

### *More than 100% of Originating Agency Records are in the State Repository*

<u>Category 4 – Unlawful Drug Use (193%)</u> – Utilizing state drug offense codes and court disposition codes, the repository estimate was arrived at by counting the number of records in LEDS. Court estimates were derived from the Oregon Judicial Information Network (OJIN). The OJIN as described is not a person-based system capable of linking person information. It is however and unlike LEDS, able to distinguish between statutory sub-chapters and as such, certain non-criterion offenses were excluded making repository totals over-inclusive. The court estimate did not include arrests for felony or other drug offenses.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Pennsylvania

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 945,544 | | 1,308,271 | | 72% |
| 2 | Active Indictments, Informations, Complaints | 1,254,569 | | 20,095 | 2c | 6243% |
| 3 | Active Wants/Warrants | 93,180 | | 26,821 | | 347% |
| 4 | Unlawful Drug Use | 594,328 | | 3,303,441 | 2d | 18% |
| 5 | Mental Health Adjudications or Commitments | 574,032 | 1a | 462,286 | | 124% |
| 6 | Active Protection/Restraining Orders | 22,972 | | 23,879 | | 96% |
| 7 | Potential Misd. Crimes of Domestic Violence | 245,388 | | 350,469 | | 70% |
| | **Total** | **3,730,013** | | **5,495,262** | | **68%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## Less than 50% of Originating Agency Records are in the State Repository

Category 4– Unlawful Drug Use (18%) - The court provided filings because they could not break out arrests. The filings were counted for a 2 year period and then a filing change rate was applied to derive 20 year estimates.  For the repository, while the estimation process and the methodology used to calculate repository estimates were explained, the time periods and repository databases that were searched were not identified.

## More than 100% of Originating Agency Records are in the State Repository

Category 2– Active Indictments, Informations, Complaints (6243%) - The repository reported the number of active pending arrests, not including drug arrests reported in category 4. The court counted the number of active cases where there was no adjudication, including drug offenses also counted in category 4.

Category 3 – Active Wants/Warrants (347%) - The repository estimate is a count of felony and serious misdemeanor warrants and wants in the PA state police wanted persons file that remained outstanding as of the end of the reporting period. The court counted failure to appear and arrest warrants that were still outstanding as of the end of the reporting period. Philadelphia reports directly into NCIC and are not stored locally by the court or by the state repository. An estimate was provided for Philadelphia that the courts believe is accurate.

Category 5– Mental Health Adjudications or Commitments (124%) - The repository provided estimates for adjudications of mental defect and involuntary commitments. They were obtained from the PA state police mental health file. For findings of incompetency and findings of insanity, the court counted disposed cases in 2010 and applied an annual decline rate to obtain the estimates for the 20 year period. For adjudications of mental defect and involuntary commitments, the AOC asked each district court administrator to collect data for each year during 2007-2010. Then, a change rate was applied to derive estimates for 1991-2006.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Rhode Island

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 74,413 | 1d | 82,681 | 1d,1e | 90% |
| 2 Active Indictments, Informations, Complaints | | C | 9,303 | | |
| 3 Active Wants/Warrants | 51,299 | | 51,194 | | 100% |
| 4 Unlawful Drug Use | 14,330 | 1a,1b | 40,614 | 1a,1b,1e | 35% |
| 5 Mental Health Adjudications or Commitments | | E,H | 12 | 1a | |
| 6 Active Protection/Restraining Orders | 41,578 | 1e | | C | |
| 7 Potential Misd. Crimes of Domestic Violence | 48,627 | | 54,030 | 1b,1c | 90% |
| Total | 230,247 | | 237,834 | | 97% |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## Less than 50% of Originating Agency Records are in the State Repository

Category 4– Unlawful Drug Use (35%) - Neither the repository or the court was able to discern between misdemeanor and felony drug arrest or convictions. Felony drug arrests were reported in Category 1. Both the court and repository reported the number of misdemeanors for simple possession of marijuana arrest and convictions. They state that this offense represents about 95% of all misdemeanor drug offenses. They were able to report data for a 10 year period. The state submission included a number for arrests and convictions. However, the number of arrests included the convictions, so the arrest number was changed to subtract out the number of convictions so that unique records were counted.  The repository narrative states that this charge is often expunged for first time offenders; therefore, the courts can identify all arrests while the repository can only identify those charges not expunged and will thus be a lower number than the courts.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# South Carolina

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 260,218 | 1d | 373,613 | 3(1b/2c) | 70% |
| 2 | Active Indictments, Informations, Complaints | | D | 117,237 | | |
| 3 | Active Wants/Warrants | 56,041 | | | C | |
| 4 | Unlawful Drug Use | | C | | C | |
| 5 | Mental Health Adjudications or Commitments | 14 | 1a | 2,621 | 1a | 1% |
| 6 | Active Protection/Restraining Orders | 2,839 | | | C | |
| 7 | Potential Misd. Crimes of Domestic Violence | | C | 13,620 | 1c | |
| | **Total** | **319,112** | | **507,091** | | **63%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## Less than 50% of Originating Agency Records are in the State Repository

Category 5– Mental Health Adjudications or Commitments (1%) - The repository reported an estimate for findings of insanity by a court and formal involuntary commitments, which were provided by the court and mental health facilities that possess necessary documentation. Currently, there is no law that requires the reporting of individuals that are found not guilty by reason of insanity and those that are involuntarily committed due to concern that HIPPA would be violated. The court narrative states that each state mental institution has the capability to submit directly to the FBI and the estimate provided was provided by the FBI. Each county has its own system of record keeping of mental health records.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# South Dakota

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 44,033 | | 33,874 | 1a,1f | 130% |
| 2 Active Indictments, Informations, Complaints | | E | 4,277 | | |
| 3 Active Wants/Warrants | | E | 58,193 | | |
| 4 Unlawful Drug Use | 123,065 | 2a, 2c | 108,935 | 1f | 113% |
| 5 Mental Health Adjudications or Commitments | 79 | 1a | 4,387 | 1a,1f | 2% |
| 6 Active Protection/Restraining Orders | | A | 2,487 | | |
| 7 Potential Misd. Crimes of Domestic Violence | 49,906 | | 70,802 | | 70% |
| **Total** | **217,083** | | **282,955** | | **77%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

*Less than 50% of Originating Agency Records are in the State Repository*

<u>Category 5 – Mental Health Adjudications or Commitments (2%)</u> – The majority of mental health adjudications and involuntary commitments to Mental Health Institutions in South Dakota are determined by local state boards and as such, the records are not submitted to the state repository.

*More than 100% of Originating Agency Records are in the State Repository*

<u>Category 1 – Felony Convictions (130%)</u> – The repository reported all felony convictions including all felony related drug convictions. South Dakota does not have a misdemeanor punishable by a term of more than 2 years. The court did not include drug-related convictions in their estimate. Additionally, the court counted cases rather than charges and if a case had both a drug and a non-drug related conviction, this was counted in CAT 4 and not CAT 1.

<u>Category 4 – Unlawful Drug Use (113%)</u> – The estimate for this category includes records that have been sealed by a court order and the total includes convictions for adjudications for felony drug use records.  The court counted cases rather than charges.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Tennessee

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1 Felony Convictions | 1,937,726 | 2b | 669,372 | 3(1e/2c) | 289% |
| 2 Active Indictments, Informations, Complaints | 597,908 | 2a | 68,633 | 1b,1d | 871% |
| 3 Active Wants/Warrants | 24,250 | | | E | |
| 4 Unlawful Drug Use | 419,093 | 3(1b/2c) | 400,540 | 1a | 105% |
| 5 Mental Health Adjudications or Commitments | 1,708 | | 598 | 1b | 286% |
| 6 Active Protection/Restraining Orders | 16,174 | | 39,662 | 2a | 41% |
| 7 Potential Misd. Crimes of Domestic Violence | | C | 43,668 | 1c | |
| **Total** | **2,996,859** | | **1,222,473** | | **245%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

<u>Category 6– Active Protection/Restraining Orders (41%)</u> - The repository estimate was extracted from the state protection order database. The court estimate includes both ex parte and full orders. Additionally, they were not able to separate out the active records, per the NICS definition, due to the AOC's definition of active not aligning with the NICS.

## *More than 100% of Originating Agency Records are in the State Repository*

<u>Category 1– Felony Convictions (289%)</u> - The repository estimate likely includes misdemeanor convictions punishable by less than 2 years.  The court reported estimates derived from "judgment documents" which are created by the DA in each county and are submitted to the clerk's office and then to the Dept. of Corrections (TDOC). This information was used because Tennessee's many counties have very limited electronic records and it would be too difficult to assess records at each local agency. The TDOC is not the central repository so it is not a comprehensive count of available records at the courts, but it is the best they could provide. This estimate also includes drug offense convictions.

<u>Category 2– Active Indictments, Informations, Complaints (871%)</u> - Tennessee does not distinguish between indictments, informations, and complaints. The repository estimate likely includes many inactive records. The court was only able to provide an estimate for a 5 year period. The data is gathered by the AOC is from 3 of 4  urban areas and some rural jurisdictions.

<u>Category 4– Unlawful drug use (105%)</u> - The repository was unable to identify records of a certain offense. They reported an estimate for a 10 year period that includes all drug/narcotic violations arrests, which was provided by the agency that collects statewide UCR/NIBRS data. It also includes records that were also counted in Category 1. The AOC states that it does not collect arrest information, so that is not provided. Also, drug court information is not reported to the AOC and is not included in the estimate.

<u>Category 5– Mental Health Adjudications or Commitments (286%)</u> - The repository provided the number of disqualifying mental health records that the state has provided to the FBI for entry into the NICS Index. The court narrative states that TN courts were ordered to start collecting mental health adjudication data in 2010 and to report it to the NICS index. They reported this 1 year of data in the estimates.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Texas

### *Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 860,640 | | 2,483,064 | | 35% |
| 2 | Active Indictments, Informations, Complaints | 629,956 | | 244,432 | 1a | 258% |
| 3 | Active Wants/Warrants | 120,596 | | 3,586,062 | 2a,2b | 3% |
| 4 | Unlawful Drug Use | 3,615,834 | | 973,415 | 1a | 371% |
| 5 | Mental Health Adjudications or Commitments | 98,167 | | 272,998 | | 36% |
| 6 | Active Protection/Restraining Orders | 13,663 | | 18,412 | 2a,2b | 74% |
| 7 | Potential Misd. Crimes of Domestic Violence | 213,533 | | 447,748 | | 48% |
| | **Total** | **5,552,389** | | **8,026,131** | | **69%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 1 – Felony Convictions (35%) – Queries were made against the Texas Computerized Criminal History (CCH) file to extract the requested record counts. The court estimate was derived from monthly case activity summary reports submitted to the Office of Court Administration. No further information was provided to explain the differences between repository and originating agency totals.

Category 3 – Active Wants/Warrants (3%) – A count of the number of entries made by Texas law enforcement agencies to the respective Texas Crime Information Center (TCIC) and NCIC files was conducted. The court provided an estimate of the number of warrants that were issued in 2010, not the number of active warrants. They state that they have no way of knowing which are active or which misdemeanors were non-traffic or failure to appear.

Category 5 – Mental Health Adjudications or Commitments (36%) – Queries were made against the Texas Computerized Criminal History (CCH) file to extract the requested record counts. The court provided estimates based on the responses to a survey sent to 20 of the largest counties. They also gathered information from the Department of State Health Services and the Department of Aging and Disability Services. No further information was provided to explain the differences between repository and originating agency totals.

Category 7 – Potential Misdemeanor Crimes of Domestic Violence (48%) – Queries were made against the Texas Computerized Criminal History (CCH) file to extract the requested record counts. The court estimated based on monthly case summary reports. No further information was provided to explain the differences between repository and originating agency totals.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 2 – Active Indictments, Informations, Complaints (258%) – Queries were made against the Texas Computerized Criminal History (CCH) file to extract the requested record counts. The court provided the number of felony cases reported pending as of 8/31/10 in monthly case activity summary reports (information for December 2010 was not yet available due to a change in reporting procedures). No further information was provided to explain the differences between repository and originating agency totals/percentages.

Category 4 – Unlawful Drug Use (371%) – Queries were made against the Texas Computerized Criminal History (CCH) file to extract the requested record counts. The court estimate did not include arrests or any Class C misdemeanors. No further information was provided to explain the differences between repository and originating agency totals.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Utah

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 135,665 | | 133,421 | | 102% |
| 2 | Active Indictments, Informations, Complaints | 0 | 1a | 13,377 | | 0% |
| 3 | Active Wants/Warrants | 187,407 | | 165,971 | | 113% |
| 4 | Unlawful Drug Use | 486,677 | | 462,341 | | 105% |
| 5 | Mental Health Adjudications or Commitments | 20,408 | 2d | 18,789 | | 109% |
| 6 | Active Protection/Restraining Orders | 53,008 | 2a | 49,688 | | 107% |
| 7 | Potential Misd. Crimes of Domestic Violence | 116,185 | | 188,545 | | 62% |
| | **Total** | **999,350** | | **1,032,132** | | **97%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| (**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**) | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *Less than 50% of Originating Agency Records are in the State Repository*

Category 2– Active Indictments, Informations, Complaints (0%) - Both the court and repository narratives state that Utah rarely uses indictments and there were none pending at the time of the survey. The court reported all pending cases, which they share electronically with the criminal justice system via the UCJIS.

## *More than 100% of Originating Agency Records are in the State Repository*

Category 1– Felony Convictions (102%) - There is nothing in the narrative to suggest why the percentage is over 100%. It is believed to be due to the nature of the estimates.

Category 3– Active wants/warrants (113%) - The narratives state that the court does not keep records as long as the criminal history file from the state repository. Therefore, the court numbers are lower.

Category 4– Unlawful drug use (105%) - There is nothing in the narrative to suggest why the percentage is over 100%. It is believed to be due to the nature of the estimates.

Category 5– Mental Health Adjudications or Commitments (109%) - There was an addition error in the repository submission, so the total was updated from 17,338 to 20,408. The repository narrative states that they reported additional data from filings without dispositions, which may account for the difference in numbers from courts to criminal history file. They also state that it is difficult to distinguish which of those cases were involuntarily commitments based solely on information from courts.

Category 6– Active Protection/Restraining Orders(107%) -  The repository reported the number of protection orders that have been served.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Vermont

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 30,951 | | 31,904 | 1b | 97% |
| 2 | Active Indictments, Informations, Complaints | 2,209 | | 5,043 | | 44% |
| 3 | Active Wants/Warrants | 7,010 | | A | | |
| 4 | Unlawful Drug Use | 18,393 | * | A | | |
| 5 | Mental Health Adjudications or Commitments | 19 | 1a | C | | |
| 6 | Active Protection/Restraining Orders | A | | E | | |
| 7 | Potential Misd. Crimes of Domestic Violence | 25,204 | 3(1a/2b) | 9,271 | 1b | 272% |
| | **Total** | **83,786** | | **46,218** | | **181%** |

*The narrative states that due to CMS maintenance, estimates were not available, but that numbers were not expected to significantly vary from the previous year's estimates. Due to this, Year 2 estimates were filled in for adjudications and arrests.

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate
(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F = Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J = Respondent did not submit a survey

## *Less than 50% of Originating Agency Records are in the State Repository*

<u>Category 2– Active Indictments, Informations, Complaints (44%)</u> - The repository reported the number of felony arrests recorded that had no final disposition.  The court reported the number of open charges.

## *More than 100% of Originating Agency Records are in the State Repository*

<u>Category 7– Potential Misd. Crimes of Domestic Violence (272%)</u> - The repository stated that due to a lack of administrative capacity and required documentation, the data requested is difficult to report as a separate category. Only assault related misdemeanors were considered for containing a domestic violence element and were included in the estimate. However, the estimate included **all** felony convictions.  The court could only provide 4 years of data for this category due to a change in the charge codes in 2005.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Virginia

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|
| 1  Felony Convictions | 931,248 | 1d | 1,167,951 | | 80% |
| 2  Active Indictments, Informations, Complaints | | A | 70,517 | | |
| 3  Active Wants/Warrants | 49,100 | | 51,971 | | 94% |
| 4  Unlawful Drug Use | 427,038 | | 277,754 | 1a | 154% |
| 5  Mental Health Adjudications or Commitments | 135,234 | | 344,462 | 1a,1b | 39% |
| 6  Active Protection/Restraining Orders | 14,972 | | 23,922 | 2a | 63% |
| 7  Potential Misd. Crimes of Domestic Violence | 359,235 | | 80,204 | 1b | 448% |
| **Total** | **1,916,827** | | **2,016,781** | | **95%** |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

*Less than 50% of Originating Agency Records are in the State Repository*

Category 5, Mental Health Adjudications or Commitments (39%) – Repository totals were obtained by executing a program through Information Technology. The court was only able to provide 10 years of data for those who were deemed mentally incompetent. They state that the numbers of commitments are now kept at the State Police and that the courts have the cases but do not have a method to provide the estimates. They do not provide an estimate for findings of insanity or incompetency to stand trial.

*More than 100% of Originating Agency Records are in the State Repository*

 Category 4, Unlawful Drug Use (154%) – Repository totals were obtained by executing a program through Information Technology. The court did not provide an estimate for felony arrests and stated that they were included in the category 1 estimate. The court estimate also states that other drug offense arrests are included in the adjudication and conviction numbers.

Category 7, Potential Misdemeanor Crimes of Domestic Violence (448%) – Repository totals were obtained by executing a program through Information Technology. The court provided a 10 year estimate.

*General Note*
The data and estimates that the court provided came from all the district courts and one hundred and seventeen of the circuit courts. In some cases, to provide more accurate statewide totals for circuit courts estimates for the three circuit courts not in the case management system are based on their percentage of the statewide caseload. The courts used the detail case data from the one hundred and seventeen courts obtained from the court case management system and made adjustments by adding estimates for the three remaining circuit courts. Since all general district courts have ten years of data in the case management system the courts did not need to make many estimates.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Washington

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 770,109 | 1a,1b,1d | 686,521 | 1f | 112% |
| 2 | Active Indictments, Informations, Complaints | E | | 37,470 | | |
| 3 | Active Wants/Warrants | 216,434 | | 220,811 | | 98% |
| 4 | Unlawful Drug Use | 581,790 | 1a,1b,1d | 41,929 | 1a,1b | 1388% |
| 5 | Mental Health Adjudications or Commitments | 68,072 | 1a,1b,1d | 8,003 | 1a | 851% |
| 6 | Active Protection/Restraining Orders | 96,395 | | 42,497 | 1a | 227% |
| 7 | Potential Misd. Crimes of Domestic Violence | 236,215 | 1b, 1d | 222,444 | 1b | 106% |
| | **Total** | **1,969,015** | | **1,259,675** | | **156%** |

*CAT3: The narrative states that there is no state warrant repository and that the individual law enforcement and magistrate agencies submit directly to national files. Therefore, the number reported for the repository was moved to the originating agency estimate.
CAT5: The estimate provided for the repository of 15,229 was provided by the office of mental hygiene and was included in the court estimate as well. Due to this, it was removed from the repository estimate.

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

| | | |
|---|---|---|
| 1 = Incomplete estimate | A = No explanation provided | F = Records not electronically available |
| 2 = Over-inclusive estimate | B = Records no longer exist | G = Retention schedules differ |
| 3 = Incomplete and over-inclusive estimate | C = Records not accessible | H = Statutorily prohibited from reporting |
| **(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)** | D = Records not available | J = Respondent did not submit a survey |
| | E = Records not collected | |

## *More than 100% of Originating Agency Records are in the State Repository*

Category 1– Felony Convictions (112%) - The repository provided a snapshot of convictions that are currently in their database; they are unable to create a 20 year estimate. The court provided an estimate that included all years; however, they were unable to count multiple convictions within a case for the years 1991-1998, so their estimate is incomplete.

Category 4– Unlawful Drug Use (1388%) - The repository took a snapshot of all drug-related arrests in the database at any one time. The court estimate includes data going back to 1998 because they have no reliable way to estimate the case numbers prior to then. They also state that they cannot count adjudications in felony non-conviction cases due to inconsistency in how courts enter diversion information. Additionally, cases are archived after 2 years and there is no good way to estimate those records.

Category 5– Mental Health Adjudications or Commitments (851%) - The repository provided estimates for findings of incompetency and findings of insanity, as well as DSHS records for involuntary commitments through 1999.  The court provided estimates for findings of insanity and involuntary commitments after 2009. The court estimate does not include findings of incompetency due to the lack of specificity of docket codes at the court to allow counting these records. The court estimate does not include adjudications of mental defect because the findings that the court in WA stat makes to support the judgment of incapacity are not the same as the findings required for the NICS category.

Category 6– Active Protection/Restraining Orders (227%) - According to the court narrative, it does not appear that the court estimates include civil protective orders because they may not have sufficient identifying information on the respondent for the record to be considered an available record for NICS purposes.

Category 7– Potential Misd. Crimes of Domestic Violence (106%) - The repository provided a snapshot of records instead of the 20 year estimate. They also stated that the only records that were counted were those supported by fingerprints. The court states that their estimate only dates back to 1998 when the courts became part of the JIS.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# West Virginia

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 191,229 | 1a,1d,1e | 100,873 | 3(1c/2d) | 190% |
| 2 | Active Indictments, Informations, Complaints | | E | | C | |
| 3 | Active Wants/Warrants | | E | 19,875 | * | |
| 4 | Unlawful Drug Use | 80,000 | | 100,873 | 2d | 79% |
| 5 | Mental Health Adjudications or Commitments | | C | 146,884 | * 1b | |
| 6 | Active Protection/Restraining Orders | 16,560 | | 2,796 | | 592% |
| 7 | Potential Misd. Crimes of Domestic Violence | 84,917 | | | A | |
| | **Total** | **372,706** | | **371,301** | | **100%** |

*CAT3: The narrative states that there is no state warrant repository and that the individual law enforcement and magistrate agencies submit directly to national files. Therefore, the number reported for the repository was moved to the originating agency estimate.
CAT5: The estimate provided for the repository of 15,229 was provided by the office of mental hygiene and was included in the court estimate as well. Due to this, it was removed from the repository estimate.

**Explanatory Codes** (detailed explanations provided on in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate
(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F = Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J = Respondent did not submit a survey

## *More than 100% of Originating Agency Records are in the State Repository*

Category 1– Felony Convictions (190%) - The court states that felony disposition data provided is not limited to convictions. Only fingerprint supported records are maintained in the repository, but not all felony convictions are submitted to the state repository with fingerprint supported records. The repository states that there is a three year backlog of current dispositions due to staffing and resource issues, which could account for the larger number of records at the repository than the court.

Category 6– Active Protection/Restraining Orders (592%) - The court states that in prior years, they were unable to count only active protection orders, but due to the implementation of a protective order registry, it was possible to do so in this year's estimates. The repository narrative does not state that they only counted active records in their narrative, so this could explain why their estimate is much higher.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Wisconsin

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 267,853 | 1b,1c | 316,578 | | | 85% |
| 2 | Active Indictments, Informations, Complaints | 24,567 | 1c | 17,303 | * | 1a | 142% |
| 3 | Active Wants/Warrants | 102,695 | | | | C | |
| 4 | Unlawful Drug Use | 369,902 | | | | C | |
| 5 | Mental Health Adjudications or Commitments | 5,541 | 1a | | | C | |
| 6 | Active Protection/Restraining Orders | 17,376 | | | | C | |
| 7 | Potential Misd. Crimes of Domestic Violence | 332,665 | 1d | | | C | |
| | **Total** | **1,120,599** | | **333,881** | | | **336%** |

\* The number here differs from what was submitted by the state due to an addition error noted below.

**Explanatory Codes** (detailed explanations provided on in Appendix C, p. 35):

1 = Incomplete estimate
2 = Over-inclusive estimate
3 = Incomplete and over-inclusive estimate
**(lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35)**

A = No explanation provided
B = Records no longer exist
C = Records not accessible
D = Records not available
E = Records not collected

F = Records not electronically available
G = Retention schedules differ
H = Statutorily prohibited from reporting
J = Respondent did not submit a survey

## *More than 100% of Originating Agency Records are in the State Repository*

Category 2– Active Indictments, Informations, Complaints (142%) - The repository conducted a database search of felony complaints filed by prosecutors as reported from the prosecutor's case management system. Two prosecutors' offices are currently not using that system and charging decision have only been received via the interface since 2007. Also, the state's largest county, Milwaukee, did not join the DV case management system until 2009. The court provided the number of all open felony cases pending. However, the court estimate does not include criminal complaints issued or verified by a prosecutor which have been filed with the clerk but in which the defendant has not made an appearance before the court.

The court narrative stated that they counted 17,095 open cases and estimated 208 cases for the missing county, which totals to 17,303 not 17,267, which was the number provided in the survey.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

# Wyoming

*Review of the NICS Improvement Amendments Act State Estimates Survey*

| | Record Category | # Records in State Repository | Explanatory Code | # Records at Originating Agency | Explanatory Code | % Records at State Repository |
|---|---|---|---|---|---|---|
| 1 | Felony Convictions | 53,052 | | | J | |
| 2 | Active Indictments, Informations, Complaints | | E | | J | |
| 3 | Active Wants/Warrants | 14,743 | | | J | |
| 4 | Unlawful Drug Use | 93,793 | | | J | |
| 5 | Mental Health Adjudications or Commitments | 394 | | | J | |
| 6 | Active Protection/Restraining Orders | 808 | | | J | |
| 7 | Potential Misd. Crimes of Domestic Violence | 9,004 | | | J | |
| | **Total** | **171,794** | | **0** | | |

**Explanatory Codes** (detailed explanations provided in Appendix C, p. 35):

1 = Incomplete estimate

2 = Over-inclusive estimate

3 = Incomplete and over-inclusive estimate

(**lower case a-f represent reasons for incomplete or over-inclusive estimates and are explained in Appendix C, p. 35**)

A = No explanation provided

B = Records no longer exist

C = Records not accessible

D = Records not available

E = Records not collected

F = Records not electronically available

G = Retention schedules differ

H = Statutorily prohibited from reporting

J = Respondent did not submit a survey

## *General Notes*

Due to missing data from the originating agency, it was not possible to calculate the percent of records at the repository.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Appendix D. Promising Practices Example**

*NICS Improvement Amendments Act of 2007*

# Promising Practices for Improved Record Reporting



## Using Visual Flow Charts to Document "As Is" Data Flow

Many states faced challenges in creating state estimates for the NIAA records report over the three years of data collection. Often, these challenges in estimating were direct results of structural or reporting problems of actual NICS records. This brief presents a strategy that at least one state has implemented to address that problem.

**Estimation Problem**
Lack of a complete picture of the multiple sources of data at local and state level and the reporting paths the data follows leads to incomplete records estimates.

**Reporting Problem**
Confusion about where the data resides locally, how it is transmitted to the state level, and where it is reported at the Federal level results in incomplete reporting of relevant records.

**Strategy**
Create visual flow charts that show what data exists at each level and how it is transmitted.

### About this strategy

In order to create a shared understanding about where data resides and how it is transmitted to NCIC, III, and the NICS Index, business analysts developed flow charts that document current "as is" business processes from local to state to federal levels.

- **Who it may work for**: All states seeking to create a common, statewide view of NICS-relevant records reporting

- **Costs**: Cost of business analysts to document current practices

- **Timeframe for implementing**: For each NICS records category, 3 months to document the current practice.

### Why this strategy makes a difference

Visual references can eliminate misunderstanding quickly and clarify processes that often involve multiple organizations within a state. Each organization tends to only understand its part of the process.

Identifying where records exist and how they move through the state system will allow gaps and impasses to be identified and resolved, leading to more records being made available to NICS.

## Who's Doing It? Connecticut

Connecticut received a NARIP grant to improve their NICS reporting and created charts for all seven NICS records categories.

*For more information:*
**Connecticut**
Linda DeConti
860-418-6248
Linda.DeConti@ct.gov
**More** on CT's project

**Bureau of Justice Statistics**
Devon Adams
202-307-0765
Devon.Adams@usdoj.gov
More on NICS here

  

This project was conducted under cooperative agreement 2009-NS-BX-K050 from the Bureau of Justice Statistics, U.S. Department of Justice. Points of view or opinions expressed in this publication are those of the authors and do not necessarily reflect the official position or policies of the funding agency.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Appendix E.  Technical Appendix**

This appendix provides parameter estimates and diagnostic output from the models developed and used in the Year 3 NICS modeling exercise.

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 1: Estimates and predictions (with 95% confidence bounds), Overall number in repository.*



This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Figure 2: Estimates and predictions (with 95% confidence bounds), Felony Convictions in repository.**



This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 3: Estimates and predictions (with 95% confidence bounds), Active Indictments in repository.*



This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 4: Estimates and predictions (with 95% confidence bounds), Active Wants/Warrants in repository.*



**Repository: Active Wants/Warrants (Category 3)**

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 5: Estimates and predictions (with 95% confidence bounds), Unlawful Drug Use in repository.*



## Repository: Unlawful Drug Use (Category 4)

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 6: Estimates and predictions (with 95% confidence bounds), Mental Health Adjudications in repository.*



**Repository: Mental Health Adjudications (Category 5)**

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 7: Estimates and predictions (with 95% confidence bounds), Active Restraining Orders in repository.*



This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Figure 8: Estimates and predictions (with 95% confidence bounds), Misdemeanor Crimes of Domestic Violence in repository.**



## Repository: Misdemeanor Crimes of Domestic Violence (Category 7)

*Figure 9: Estimates and predictions (with 95% confidence bounds), Overall number at originating agency.*



This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Figure 10: Estimates and predictions (with 95% confidence bounds), Felony Convictions at originating agency.**



## Originating Agency: Felony Convictions (Category 1)

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 11: Estimates and predictions (with 95% confidence bounds), Active Indictments at originating agency.*



This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 12: Estimates and predictions (with 95% confidence bounds), Active Wants/Warrants at originating agency.*



This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 13: Estimates and predictions (with 95% confidence bounds), Unlawful Drug Use at originating agency.*



**Originating Agency: Unlawful Drug Use (Category 4)**

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 14: Estimates and predictions (with 95% confidence bounds), Mental Health Adjudications at originating agency.*



This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 15: Estimates and predictions (with 95% confidence bounds), Active Restraining Orders at originating agency.*



This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Figure 16: Estimates and predictions (with 95% confidence bounds), Misdemeanor Crimes of Domestic Violence at originating agency.*



This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Repository Model: Overall**

```
name:  reptotcat
log type:  text
opened on:  17 Aug 2012, 20:32:53
Multivariate NBReg (depvarreptotcat)
begin with empty model
p = 0.0010 <  0.4000  adding  totcrv_10yr
p = 0.0862 <  0.4000  adding  sschis_tot
p = 0.0028 <  0.4000  adding  totad_10yr
p = 0.1855 <  0.4000  adding  repchlrts
p = 0.1682 <  0.4000  adding  repchltrk
p = 0.2419 <  0.4000  adding  repchlstr
p = 0.3686 <  0.4000  adding  tot_violent
p = 0.0822 <  0.4000  adding  ucrarr_6yr
p = 0.3609 <  0.4000  adding  sschis_auto
p = 0.3400 <  0.4000  adding  rep_complete
```

```
Negative binomial regression            Number of obs=        87
                                        LR chi2(10)    =     28.59
Dispersion    = mean                    Prob> chi2     =    0.0015
Log likelihood = -1254.1843             Pseudo R2      =    0.0113


------------------------------------------------------------------------
reptotcat |    Coef.   Std. Err.     z     P>|z|    [95% Conf. Interval]
-------------+----------------------------------------------------------
totcrv_10yr |  4.95e-07   1.25e-06    0.40   0.692   -1.96e-06   2.94e-06
 sschis_tot |  8.15e-07   4.16e-07    1.96   0.050   -6.11e-10   1.63e-06
 totad_10yr | -2.11e-06   1.07e-06   -1.97   0.048   -4.21e-06  -1.48e-08
  repchlrts |  .383753    .256917     1.49   0.135   -.1197951   .8873011
  repchltrk | -.2791194   .1560748   -1.79   0.074   -.5850204   .0267815
  repchlstr | -.0906034   .1356056   -0.67   0.504   -.3563855   .1751787
tot_violent | -7.26e-07   3.41e-07   -2.13   0.033   -1.39e-06  -5.69e-08
 ucrarr_6yr |  2.13e-07   1.04e-07    2.05   0.041    9.17e-09   4.17e-07
sschis_auto | -4.48e-07   3.91e-07   -1.15   0.251   -1.21e-06   3.17e-07
rep_complete|  .1191179   .1248454    0.95   0.340   -.1255746   .3638104
      _cons | -1.325919   .1366838   -9.70   0.000   -1.593815  -1.058024
  adultpop_0 | (exposure)
-------------+----------------------------------------------------------
    /lnalpha | -1.232928   .1448564                   -1.516841   -.9490142
-------------+----------------------------------------------------------
      alpha |  .2914381   .0422167                    .2194039   .3871225
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.9e+07 Prob>=chibar2 = 0.000


Negative binomial regression            Number of obs=        87
                                        LR chi2(10)    =     28.59
Dispersion    = mean                    Prob> chi2     =    0.0015
Log likelihood = -1254.1843             Pseudo R2      =    0.0113


------------------------------------------------------------------------
reptotcat |    Coef.  Legend
-------------+----------------------------------------------------------
totcrv_10yr |  4.95e-07  _b[reptotcat:totcrv_10yr]
 sschis_tot |  8.15e-07  _b[reptotcat:sschis_tot]
 totad_10yr | -2.11e-06  _b[reptotcat:totad_10yr]
  repchlrts |  .383753   _b[reptotcat:repchlrts]
  repchltrk | -.2791194  _b[reptotcat:repchltrk]
  repchlstr | -.0906034  _b[reptotcat:repchlstr]
tot_violent | -7.26e-07  _b[reptotcat:tot_violent]
 ucrarr_6yr |  2.13e-07  _b[reptotcat:ucrarr_6yr]
sschis_auto | -4.48e-07  _b[reptotcat:sschis_auto]
rep_complete|  .1191179  _b[reptotcat:rep_complete]
```

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

```
       _cons |  -1.325919  _b[reptotcat:_cons]
adultpop_0 | (exposure)
-------------+----------------------------------------------------------------
     /lnalpha |  -1.232928  _b[lnalpha:_cons]
-------------+----------------------------------------------------------------
       alpha |   .2914381
------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.9e+07 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Repository Model: Felony Convictions (Category 1)**

```
name:  repcat1
log type:  text
opened on:  21 Sep 2012, 16:20:10
Multivariate NBReg (depvar repcat1)
begin with empty model
p = 0.0060 <  0.4000  adding  repcat1_ovr

Negative binomial regression                 Number of obs=       87
                                             LR chi2(1)    =      8.75
Dispersion    = mean                         Prob> chi2    =    0.0031
Log likelihood = -1171.413                   Pseudo R2     =    0.0037

-------------------------------------------------------------------------
repcat1 |    Coef.   Std. Err.      z   P>|z|    [95% Conf. Interval]
--------------+----------------------------------------------------------
repcat1_ovr |  .700849   .2550377    2.75   0.006   .2009844   1.200714
      _cons |  -2.34929  .0773378  -30.38   0.000  -2.500869  -2.19771
adultpop_0 | (exposure)
--------------+----------------------------------------------------------
    /lnalpha |  -.7497104   .141306                -1.026665  -.4727558
--------------+----------------------------------------------------------
alpha |   .4725034   .0667675                .3581996   .6232822
-------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.2e+07 Prob>=chibar2 = 0.000

Negative binomial regression                 Number of obs=       87
                                             LR chi2(1)    =      8.75
Dispersion    = mean                         Prob> chi2    =    0.0031
Log likelihood = -1171.413                   Pseudo R2     =    0.0037

-------------------------------------------------------------------------
repcat1 |    Coef.  Legend
--------------+----------------------------------------------------------
repcat1_ovr |   .700849  _b[repcat1:repcat1_ovr]
      _cons |  -2.34929  _b[repcat1:_cons]
adultpop_0 | (exposure)
--------------+----------------------------------------------------------
    /lnalpha |  -.7497104  _b[lnalpha:_cons]
--------------+----------------------------------------------------------
alpha |   .4725034
-------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.2e+07 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Repository Model: Active Indictments (Category 2)**

```
name:  repcat2
log type:  text
opened on:  17 Aug 2012, 20:33:07
Multivariate NBReg (depvar repcat2)
begin with empty model
p = 0.2563 <  0.4000  adding  nics_a2
p = 0.2478 <  0.4000  adding  tot_violent
p = 0.2874 <  0.4000  adding  repcat2_ovr
```

```
Negative binomial regression              Number of obs=        46
                                          LR chi2(3)    =      3.44
Dispersion    = mean                      Prob> chi2    =    0.3282
Log likelihood = -571.51002               Pseudo R2     =    0.0030

------------------------------------------------------------------------
repcat2 |     Coef.   Std. Err.      z    P>|z|     [95% Conf. Interval]
------------+-----------------------------------------------------------
nics_a2 | -.0232035   .0194619   -1.19   0.233   -.0613481    .0149411
tot_violent | -3.36e-07  2.81e-07   -1.19   0.232   -8.86e-07    2.15e-07
repcat2_ovr |  .7113447   .668712    1.06   0.287   -.5993066    2.021996
     _cons | -3.210738   .3264617   -9.83   0.000   -3.850592   -2.570885
adultpop_0 | (exposure)
------------+-----------------------------------------------------------
   /lnalpha |  .6836619   .1755408                   .3396083    1.027715
------------+-----------------------------------------------------------
alpha |  1.981119   .3477672                   1.404397    2.794674
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.1e+07 Prob>=chibar2 = 0.000

Negative binomial regression              Number of obs=        46
                                          LR chi2(3)    =      3.44
Dispersion    = mean                      Prob> chi2    =    0.3282
Log likelihood = -571.51002               Pseudo R2     =    0.0030

------------------------------------------------------------------------
repcat2 |     Coef.   Legend
------------+-----------------------------------------------------------
nics_a2 | -.0232035   _b[repcat2:nics_a2]
tot_violent | -3.36e-07   _b[repcat2:tot_violent]
repcat2_ovr |  .7113447   _b[repcat2:repcat2_ovr]
     _cons | -3.210738   _b[repcat2:_cons]
adultpop_0 | (exposure)
------------+-----------------------------------------------------------
   /lnalpha |  .6836619   _b[lnalpha:_cons]
------------+-----------------------------------------------------------
alpha |  1.981119
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.1e+07 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Repository Model: Active Wants/Warrants (Category 3)**

```
name:  repcat3
log type:  text
opened on:  21 Sep 2012, 16:20:13
Multivariate NBReg (depvar repcat3)
begin with empty model
p = 0.2896 <  0.4000  adding  ncic_w
```

```
Negative binomial regression                    Number of obs=        83
                                                LR chi2(1)    =      1.01
Dispersion    = mean                            Prob> chi2    =    0.3160
Log likelihood = -1057.2622                     Pseudo R2     =    0.0005
```

```
------------------------------------------------------------------------------
  repcat3 |     Coef.   Std. Err.      z    P>|z|     [95% Conf. Interval]
----------+-------------------------------------------------------------------
   ncic_w | -1.65e-06   1.56e-06    -1.06   0.290    -4.71e-06    1.41e-06
    _cons |  -3.08881   .1160485   -26.62   0.000    -3.316261   -2.861359
adultpop_0 | (exposure)
----------+-------------------------------------------------------------------
  /lnalpha | -.1650941   .1386427                    -.4368287    .1066405
----------+-------------------------------------------------------------------
    alpha |  .8478139   .1175432                     .6460821    1.112534
------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.2e+07 Prob>=chibar2 = 0.000
```

```
Negative binomial regression                    Number of obs=        83
                                                LR chi2(1)    =      1.01
Dispersion    = mean                            Prob> chi2    =    0.3160
Log likelihood = -1057.2622                     Pseudo R2     =    0.0005
```

```
------------------------------------------------------------------------------
  repcat3 |     Coef.   Legend
----------+-------------------------------------------------------------------
   ncic_w | -1.65e-06   _b[repcat3:ncic_w]
    _cons |  -3.08881   _b[repcat3:_cons]
adultpop_0 | (exposure)
----------+-------------------------------------------------------------------
  /lnalpha | -.1650941   _b[lnalpha:_cons]
----------+-------------------------------------------------------------------
    alpha |  .8478139
------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.2e+07 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Repository Model: Unlawful Drug Use (Category 4)**

```
name:  repcat4
log type:  text
opened on:  21 Sep 2012, 16:20:14
Multivariate NBReg (depvar repcat4)
begin with empty model
p = 0.1039 <  0.4000  adding  repcat4_inc
p = 0.2438 <  0.4000  adding  nics_c
p = 0.3912 <  0.4000  adding  iii_state

Negative binomial regression                  Number of obs=        81
                                              LR chi2(3)    =      4.95
Dispersion    = mean                          Prob> chi2    =    0.1752
Log likelihood = -1110.1455                   Pseudo R2     =    0.0022

------------------------------------------------------------------------------
repcat4 |    Coef.   Std. Err.     z    P>|z|    [95% Conf. Interval]
------------+-----------------------------------------------------------------
repcat4_inc | -.309292   .1737249   -1.78   0.075   -.6497866    .0312026
nics_c |  .0006167   .0005075    1.22   0.224   -.0003779    .0016114
iii_state |  5.89e-08   6.87e-08    0.86   0.391   -7.57e-08    1.94e-07
      _cons | -1.98518    .122703  -16.18   0.000   -2.225673   -1.744687
adultpop_0 | (exposure)
------------+-----------------------------------------------------------------
   /lnalpha | -.6343098   .1453789                   -.9192472   -.3493724
------------+-----------------------------------------------------------------
alpha |  .5303014   .0770946                    .3988192    .7051305
------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.6e+07 Prob>=chibar2 = 0.000

Negative binomial regression                  Number of obs=        81
                                              LR chi2(3)    =      4.95
Dispersion    = mean                          Prob> chi2    =    0.1752
Log likelihood = -1110.1455                   Pseudo R2     =    0.0022

------------------------------------------------------------------------------
repcat4 |    Coef.   Legend
------------+-----------------------------------------------------------------
repcat4_inc | -.309292   _b[repcat4:repcat4_inc]
nics_c |  .0006167   _b[repcat4:nics_c]
iii_state |  5.89e-08   _b[repcat4:iii_state]
      _cons | -1.98518   _b[repcat4:_cons]
adultpop_0 | (exposure)
------------+-----------------------------------------------------------------
   /lnalpha | -.6343098   _b[lnalpha:_cons]
------------+-----------------------------------------------------------------
alpha |  .5303014
------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.6e+07 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Repository Model: Mental Health Adjudications (Category 5)**

```
name:  repcat5
log type:  text
opened on:  17 Aug 2012, 20:33:11
Multivariate NBReg (depvar repcat5)
begin with empty model
p = 0.1829 <  0.4000  adding  repcat5_ovr
p = 0.1676 <  0.4000  adding  nics_d

Negative binomial regression                Number of obs=        74
                                            LR chi2(2)     =      4.82
Dispersion    = mean                        Prob> chi2     =    0.0900
Log likelihood = -714.72185                 Pseudo R2      =    0.0034


------------------------------------------------------------------------
repcat5 |    Coef.   Std. Err.      z    P>|z|     [95% Conf. Interval]
-------------+----------------------------------------------------------
repcat5_ovr |  1.233068   .8122784    1.52   0.129   -.3589683    2.825104
nics_d |  7.01e-06   5.08e-06    1.38   0.168   -2.95e-06    .000017
     _cons |  -5.80056   .2300922  -25.21   0.000   -6.251533   -5.349588
adultpop_0 | (exposure)
-------------+----------------------------------------------------------
    /lnalpha|  1.117066   .1322041                   .8579505    1.376181
-------------+----------------------------------------------------------
alpha |  3.055875   .4039992                  2.358322    3.959751
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 5.5e+06 Prob>=chibar2 = 0.000

Negative binomial regression                Number of obs=        74
                                            LR chi2(2)     =      4.82
Dispersion    = mean                        Prob> chi2     =    0.0900
Log likelihood = -714.72185                 Pseudo R2      =    0.0034


------------------------------------------------------------------------
repcat5 |    Coef.   Legend
-------------+----------------------------------------------------------
repcat5_ovr |   1.233068   _b[repcat5:repcat5_ovr]
nics_d |   7.01e-06   _b[repcat5:nics_d]
     _cons |   -5.80056   _b[repcat5:_cons]
adultpop_0 | (exposure)
-------------+----------------------------------------------------------
    /lnalpha|  1.117066   _b[lnalpha:_cons]
-------------+----------------------------------------------------------
alpha |  3.055875
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 5.5e+06 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Repository Model:Active Restraining Orders (Category 6)**

```
name:  repcat6
log type:  text
opened on:  17 Aug 2012, 20:33:12
Multivariate NBReg (depvar repcat6)
begin with empty model
p = 0.0055 <  0.4000  adding  ncic_h
p = 0.1253 <  0.4000  adding  nics_h
p = 0.1315 <  0.4000  adding  ucrdva_6yr

Negative binomial regression                 Number of obs=       81
                                             LR chi2(3)    =    14.65
Dispersion    = mean                         Prob> chi2    =   0.0021
Log likelihood = -896.84188                  Pseudo R2     =   0.0081

------------------------------------------------------------------------
  repcat6 |     Coef.   Std. Err.     z    P>|z|    [95% Conf. Interval]
----------+-------------------------------------------------------------
   ncic_h |   .0000104   3.58e-06    2.90   0.004    3.35e-06    .0000174
   nics_h |   .0022299   .0013632    1.64   0.102   -.0004418    .0049017
ucrdva_6yr |  -.0000198   .0000132   -1.51   0.132   -.0000456    5.94e-06
    _cons |  -4.972569   .1454476  -34.19   0.000   -5.257641   -4.687497
adultpop_0 | (exposure)
----------+-------------------------------------------------------------
  /lnalpha |  -.0546504   .1390471                   -.3271777    .2178769
----------+-------------------------------------------------------------
    alpha |   .9468161   .131652                      .7209556    1.243434
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 2.3e+06 Prob>=chibar2 = 0.000

Negative binomial regression                 Number of obs=       81
                                             LR chi2(3)    =    14.65
Dispersion    = mean                         Prob> chi2    =   0.0021
Log likelihood = -896.84188                  Pseudo R2     =   0.0081

------------------------------------------------------------------------
  repcat6 |     Coef.  Legend
----------+-------------------------------------------------------------
   ncic_h |   .0000104   _b[repcat6:ncic_h]
   nics_h |   .0022299   _b[repcat6:nics_h]
ucrdva_6yr |  -.0000198   _b[repcat6:ucrdva_6yr]
    _cons |  -4.972569   _b[repcat6:_cons]
adultpop_0 | (exposure)
----------+-------------------------------------------------------------
  /lnalpha |  -.0546504   _b[lnalpha:_cons]
----------+-------------------------------------------------------------
    alpha |   .9468161
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 2.3e+06 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Repository Model: Misdemeanor Crimes of Domestic Violence (Category 7)**

```
name:  repcat7
log type:  text
opened on:  17 Aug 2012, 20:33:13
Multivariate NBReg (depvar repcat7)
begin with empty model
p = 0.0018 <  0.4000  adding  ucrdva_6yr
p = 0.2121 <  0.4000  adding  ncic_h
p = 0.2510 <  0.4000  adding  nics_i

Negative binomial regression                Number of obs=        79
                                            LR chi2(3)    =     10.45
Dispersion    = mean                        Prob> chi2    =    0.0151
Log likelihood = -963.38944                 Pseudo R2     =    0.0054

------------------------------------------------------------------------------
repcat7 |     Coef.   Std. Err.     z    P>|z|    [95% Conf. Interval]
-------------+----------------------------------------------------------------
ucrdva_6yr | -.0000172   9.80e-06   -1.76   0.078   -.0000365   1.96e-06
ncic_h |  -3.47e-06   2.99e-06   -1.16   0.246   -9.33e-06   2.39e-06
nics_i |   .0000493    .000043     1.15   0.251   -.0000349   .0001336
     _cons |  -3.249069   .1156142  -28.10   0.000   -3.475669  -3.022469
adultpop_0 | (exposure)
-------------+----------------------------------------------------------------
   /lnalpha | -.4545808   .1453851                   -.7395303   -.1696313
-------------+----------------------------------------------------------------
alpha |   .634714    .0922779                    .4773381    .8439759
------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 4.0e+06 Prob>=chibar2 = 0.000

Negative binomial regression                Number of obs=        79
                                            LR chi2(3)    =     10.45
Dispersion    = mean                        Prob> chi2    =    0.0151
Log likelihood = -963.38944                 Pseudo R2     =    0.0054

------------------------------------------------------------------------------
repcat7 |     Coef.   Legend
-------------+----------------------------------------------------------------
ucrdva_6yr | -.0000172   _b[repcat7:ucrdva_6yr]
ncic_h |  -3.47e-06   _b[repcat7:ncic_h]
nics_i |   .0000493   _b[repcat7:nics_i]
     _cons |  -3.249069   _b[repcat7:_cons]
adultpop_0 | (exposure)
-------------+----------------------------------------------------------------
   /lnalpha | -.4545808   _b[lnalpha:_cons]
-------------+----------------------------------------------------------------
alpha |   .634714
------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 4.0e+06 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Originating Agency Model: Overall**

```
name: cttotcat
log type: text
opened on:  17 Aug 2012, 20:33:15
Multivariate NBReg (depvarcttotcat)
begin with empty model
p = 0.0018 <  0.4000  adding  ctcat_ovr
p = 0.0025 <  0.4000  adding  ctchlprl
p = 0.0164 <  0.4000  adding  ctchlra
p = 0.0503 <  0.4000  adding  ctcat_inc
p = 0.0894 <  0.4000  adding  ctchlaot
p = 0.1522 <  0.4000  adding  sschis_auto
p = 0.0002 <  0.4000  adding  sschis_tot
p = 0.2761 <  0.4000  adding  ucrarr_6yr
p = 0.3911 <  0.4000  adding  ctchldisc
```

```
Negative binomial regression               Number of obs=          85
                                           LR chi2(9)     =       47.26
Dispersion    = mean                       Prob> chi2     =      0.0000
Log likelihood = -1223.8154                Pseudo R2      =      0.0189


-----------------------------------------------------------------------------
cttotcat |    Coef.    Std. Err.     z     P>|z|    [95% Conf. Interval]
-------------+---------------------------------------------------------------
ctcat_ovr |  .2521955   .0505231    4.99   0.000    .1531719    .351219
ctchlprl |  .6916729   .181782     3.80   0.000    .3353867   1.047959
ctchlra | -.4065655   .1439588    -2.82   0.005   -.6887195  -.1244115
ctcat_inc | -.0591806   .0313278    -1.89   0.059   -.120582    .0022207
ctchlaot | -.2923219   .1235218    -2.37   0.018   -.5344202  -.0502235
sschis_auto |  9.33e-07   2.44e-07    3.83   0.000    4.55e-07   1.41e-06
sschis_tot | -9.09e-07   2.45e-07   -3.71   0.000   -1.39e-06  -4.28e-07
ucrarr_6yr |  7.01e-08   5.99e-08    1.17   0.243   -4.74e-08   1.88e-07
ctchldisc |  .2795942   .3260239    0.86   0.391   -.3594009   .9185982
       _cons | -1.228535   .1161166  -10.58   0.000   -1.456119  -1.00095
adultpop_0 | (exposure)
-------------+---------------------------------------------------------------
   /lnalpha | -1.429677   .147678               -1.719121  -1.140234
-------------+---------------------------------------------------------------
alpha |  .2393862   .0353521               .1792237   .3197443
-----------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 2.5e+07 Prob>=chibar2 = 0.000


Negative binomial regression               Number of obs=          85
                                           LR chi2(9)     =       47.26
Dispersion    = mean                       Prob> chi2     =      0.0000
Log likelihood = -1223.8154                Pseudo R2      =      0.0189


-----------------------------------------------------------------------------
cttotcat |    Coef.  Legend
-------------+---------------------------------------------------------------
ctcat_ovr |  .2521955  _b[cttotcat:ctcat_ovr]
ctchlprl |  .6916729  _b[cttotcat:ctchlprl]
ctchlra | -.4065655  _b[cttotcat:ctchlra]
ctcat_inc | -.0591806  _b[cttotcat:ctcat_inc]
ctchlaot | -.2923219  _b[cttotcat:ctchlaot]
sschis_auto |  9.33e-07  _b[cttotcat:sschis_auto]
sschis_tot | -9.09e-07  _b[cttotcat:sschis_tot]
ucrarr_6yr |  7.01e-08  _b[cttotcat:ucrarr_6yr]
ctchldisc |  .2795942  _b[cttotcat:ctchldisc]
       _cons | -1.228535  _b[cttotcat:_cons]
adultpop_0 | (exposure)
-------------+---------------------------------------------------------------
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

```
    /lnalpha |  -1.429677  _b[lnalpha:_cons]
-------------+----------------------------------------------------------------
       alpha |   .2393862
------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 2.5e+07 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Originating Agency Model: Felony Convictions (Category 1)**

```
name:  ctcat1
log type:  text
opened on:  17 Aug 2012, 20:33:25
Multivariate NBReg (depvar ctcat1)
begin with empty model
p = 0.0020 <  0.4000  adding  ctcat1_inc
p = 0.2674 <  0.4000  adding  tot_prop
```

```
Negative binomial regression                    Number of obs=          86
                                                LR chi2(2)      =      10.25
Dispersion    = mean                            Prob> chi2      =     0.0060
Log likelihood = -1156.4387                     Pseudo R2       =     0.0044


-----------------------------------------------------------------------------
ctcat1 |     Coef.   Std. Err.      z    P>|z|    [95% Conf. Interval]
-------------+---------------------------------------------------------------
ctcat1_inc | -.3314122  .1205898   -2.75   0.006   -.5677639  -.0950606
  tot_prop |  1.29e-08  1.16e-08    1.11   0.267   -9.87e-09   3.56e-08
     _cons | -2.109777  .1060405  -19.90   0.000   -2.317613  -1.901942
 adultpop_0 | (exposure)
-------------+---------------------------------------------------------------
   /lnalpha |  -1.21703  .1455992                   -1.502399  -.9316609
-------------+---------------------------------------------------------------
     alpha |  .2961083  .0431131                    .2225955   .3938989
-----------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 7.4e+06 Prob>=chibar2 = 0.000

Negative binomial regression                    Number of obs=          86
                                                LR chi2(2)      =      10.25
Dispersion    = mean                            Prob> chi2      =     0.0060
Log likelihood = -1156.4387                     Pseudo R2       =     0.0044


-----------------------------------------------------------------------------
ctcat1 |     Coef.  Legend
-------------+---------------------------------------------------------------
ctcat1_inc | -.3314122  _b[ctcat1:ctcat1_inc]
  tot_prop |  1.29e-08  _b[ctcat1:tot_prop]
     _cons | -2.109777  _b[ctcat1:_cons]
 adultpop_0 | (exposure)
-------------+---------------------------------------------------------------
   /lnalpha |  -1.21703  _b[lnalpha:_cons]
-------------+---------------------------------------------------------------
     alpha |  .2961083
-----------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 7.4e+06 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Originating Agency Model: Active Indictments (Category 2)**

```
name: ctcat2
log type: text
opened on:  21 Sep 2012, 16:20:31
Multivariate NBReg (depvar ctcat2)
begin with empty model
p = 0.0011 <  0.4000  adding  ctcat2_ovr

Negative binomial regression                 Number of obs=        77
                                             LR chi2(1)    =     11.69
Dispersion   = mean                          Prob> chi2    =    0.0006
Log likelihood = -922.7559                   Pseudo R2     =    0.0063

-----------------------------------------------------------------------------
ctcat2 |      Coef.   Std. Err.      z    P>|z|     [95% Conf. Interval]
-------------+---------------------------------------------------------------
ctcat2_ovr |   .8676233   .2654763     3.27   0.001     .3472994    1.387947
      _cons |  -4.099696   .1210168   -33.88   0.000    -4.336884   -3.862507
adultpop_0 | (exposure)
-------------+---------------------------------------------------------------
   /lnalpha |  -.1128153   .1433101                     -.393698    .1680674
-------------+---------------------------------------------------------------
alpha |   .8933156   .1280212                      .6745577    1.183016
-----------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 8.3e+06 Prob>=chibar2 = 0.000

Negative binomial regression                 Number of obs=        77
                                             LR chi2(1)    =     11.69
Dispersion   = mean                          Prob> chi2    =    0.0006
Log likelihood = -922.7559                   Pseudo R2     =    0.0063


-----------------------------------------------------------------------------
ctcat2 |      Coef.   Legend
-------------+---------------------------------------------------------------
ctcat2_ovr |   .8676233   _b[ctcat2:ctcat2_ovr]
      _cons |  -4.099696   _b[ctcat2:_cons]
adultpop_0 | (exposure)
-------------+---------------------------------------------------------------
   /lnalpha |  -.1128153   _b[lnalpha:_cons]
-------------+---------------------------------------------------------------
alpha |   .8933156
-----------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 8.3e+06 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Originating Agency Model: Active Wants/Warrants (Category 3)**

```
name: ctcat3
log type: text
opened on:  17 Aug 2012, 20:33:28
Multivariate NBReg (depvar ctcat3)
begin with empty model
p = 0.0036 <  0.4000  adding  ctcat3_inc
p = 0.0102 <  0.4000  adding  ctcat3_ovr
p = 0.1089 <  0.4000  adding  ncic_w

Negative binomial regression                  Number of obs=        72
                                              LR chi2(3)    =     15.85
Dispersion    = mean                          Prob> chi2    =    0.0012
Log likelihood = -936.02228                   Pseudo R2     =    0.0084

    -------------------------------------------------------------------------
    ctcat3 |    Coef.   Std. Err.     z    P>|z|    [95% Conf. Interval]
    ------------+------------------------------------------------------------
 ctcat3_inc |  -.787937   .2676591  -2.94   0.003  -1.312539   -.2633349
 ctcat3_ovr |   .6766127   .234626   2.88   0.004   .2167541   1.136471
     ncic_w |  -2.58e-06  1.61e-06  -1.60   0.109  -5.73e-06   5.73e-07
      _cons |  -2.811296   .134339 -20.93   0.000  -3.074596  -2.547997
  adultpop_0 | (exposure)
    ------------+------------------------------------------------------------
    /lnalpha |  -.3491476   .1510816               -.6452621   -.0530331
    ------------+------------------------------------------------------------
       alpha |   .705289   .1065562                .524525    .9483487
    -------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.4e+07 Prob>=chibar2 = 0.000

Negative binomial regression                  Number of obs=        72
                                              LR chi2(3)    =     15.85
Dispersion    = mean                          Prob> chi2    =    0.0012
Log likelihood = -936.02228                   Pseudo R2     =    0.0084

    -------------------------------------------------------------------------
    ctcat3 |    Coef.  Legend
    ------------+------------------------------------------------------------
 ctcat3_inc |  -.787937  _b[ctcat3:ctcat3_inc]
 ctcat3_ovr |   .6766127 _b[ctcat3:ctcat3_ovr]
     ncic_w |  -2.58e-06 _b[ctcat3:ncic_w]
      _cons |  -2.811296 _b[ctcat3:_cons]
  adultpop_0 | (exposure)
    ------------+------------------------------------------------------------
    /lnalpha |  -.3491476  _b[lnalpha:_cons]
    ------------+------------------------------------------------------------
       alpha |   .705289
    -------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 1.4e+07 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Originating Agency Model: Unlawful Drug Use (Category 4)**

```
name: ctcat4
log type:  text
opened on:  17 Aug 2012, 20:33:29
Multivariate NBReg (depvar ctcat4)
begin with empty model
p = 0.0803 <  0.4000  adding  ctcat4_inc
p = 0.2543 <  0.4000  adding  nics_c
p = 0.3258 <  0.4000  adding  ucrdrg_6yr


Negative binomial regression                 Number of obs=        73
                                             LR chi2(3)    =      5.60
Dispersion    = mean                         Prob> chi2    =    0.1327
Log likelihood = -1013.4333                  Pseudo R2     =    0.0028


-------------------------------------------------------------------------
ctcat4 |     Coef.   Std. Err.     z    P>|z|    [95% Conf. Interval]
-------------+-----------------------------------------------------------
ctcat4_inc | -.4012156  .2250235   -1.78  0.075  -.8422534   .0398223
nics_c |     .00068    .0006343    1.07  0.284  -.0005632   .0019233
ucrdrg_6yr | -3.74e-07  3.81e-07   -0.98  0.326  -1.12e-06   3.72e-07
     _cons | -1.796182  .1830068   -9.81  0.000  -2.154869  -1.437495
adultpop_0 | (exposure)
-------------+-----------------------------------------------------------
   /lnalpha | -.1313492  .1474128                 -.420273   .1575745
-------------+-----------------------------------------------------------
alpha |   .8769115   .129268                    .6568675   1.170668
-------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 3.4e+07 Prob>=chibar2 = 0.000

Negative binomial regression                 Number of obs=        73
                                             LR chi2(3)    =      5.60
Dispersion    = mean                         Prob> chi2    =    0.1327
Log likelihood = -1013.4333                  Pseudo R2     =    0.0028


-------------------------------------------------------------------------
ctcat4 |     Coef.  Legend
-------------+-----------------------------------------------------------
ctcat4_inc | -.4012156   _b[ctcat4:ctcat4_inc]
nics_c |     .00068    _b[ctcat4:nics_c]
ucrdrg_6yr | -3.74e-07   _b[ctcat4:ucrdrg_6yr]
     _cons | -1.796182   _b[ctcat4:_cons]
adultpop_0 | (exposure)
-------------+-----------------------------------------------------------
   /lnalpha | -.1313492   _b[lnalpha:_cons]
-------------+-----------------------------------------------------------
alpha |   .8769115
-------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 3.4e+07 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Originating Agency Model: Mental Health Adjudications (Category 5)**

```
name: ctcat5
log type: text
opened on: 17 Aug 2012, 20:33:31
Multivariate NBReg (depvar ctcat5)
begin with empty model
p = 0.0212 <  0.4000  adding  nics_d
p = 0.2568 <  0.4000  adding  ctcat5_inc
p = 0.1878 <  0.4000  adding  ctcat5_ovr
```

```
Negative binomial regression                  Number of obs=         76
                                              LR chi2(3)    =      10.60
Dispersion    = mean                          Prob> chi2    =     0.0141
Log likelihood = -869.23503                   Pseudo R2     =     0.0061

-------------------------------------------------------------------------------
ctcat5 |      Coef.   Std. Err.      z    P>|z|     [95% Conf. Interval]
------------+------------------------------------------------------------------
nics_d |   6.11e-06   2.72e-06     2.24   0.025     7.68e-07    .0000114
ctcat5_inc |  -.4890791   .3256581    -1.50   0.133    -1.127357    .1491991
ctcat5_ovr |   .5263525   .3996489     1.32   0.188    -.2569449     1.30965
    _cons |  -4.309761   .2590822   -16.63   0.000    -4.817553   -3.801969
adultpop_0 | (exposure)
------------+------------------------------------------------------------------
   /lnalpha |   .5229293   .1361601                     .2560605    .7897981
------------+------------------------------------------------------------------
alpha |   1.686962   .2296968                     1.291831    2.202952
-------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 4.7e+06 Prob>=chibar2 = 0.000


Negative binomial regression                  Number of obs=         76
                                              LR chi2(3)    =      10.60
Dispersion    = mean                          Prob> chi2    =     0.0141
Log likelihood = -869.23503                   Pseudo R2     =     0.0061

-------------------------------------------------------------------------------
ctcat5 |      Coef.   Legend
------------+------------------------------------------------------------------
nics_d |   6.11e-06   _b[ctcat5:nics_d]
ctcat5_inc |  -.4890791   _b[ctcat5:ctcat5_inc]
ctcat5_ovr |   .5263525   _b[ctcat5:ctcat5_ovr]
    _cons |  -4.309761   _b[ctcat5:_cons]
adultpop_0 | (exposure)
------------+------------------------------------------------------------------
   /lnalpha |   .5229293   _b[lnalpha:_cons]
------------+------------------------------------------------------------------
alpha |   1.686962
-------------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 4.7e+06 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Originating Agency Model: Active Restraining Orders (Category 6)**

```
name: ctcat6
log type: text
opened on:  17 Aug 2012, 20:33:32
Multivariate NBReg (depvar ctcat6)
begin with empty model
p = 0.0025 <  0.4000  adding  ctcat6_inc
p = 0.0145 <  0.4000  adding  ncic_h
p = 0.3245 <  0.4000  adding  ctcat6_ovr
p = 0.2434 <  0.4000  adding  nics_h

Negative binomial regression              Number of obs=        69
                                          LR chi2(4)    =     17.15
Dispersion     = mean                     Prob> chi2    =    0.0018
Log likelihood = -766.66952               Pseudo R2     =    0.0111

------------------------------------------------------------------------
ctcat6 |     Coef.   Std. Err.      z    P>|z|    [95% Conf. Interval]
-------------+----------------------------------------------------------
ctcat6_inc |   -.58907   .2438247   -2.42   0.016   -1.066958   -.1111823
ncic_h |  6.77e-06   2.39e-06    2.84   0.005    2.09e-06    .0000115
ctcat6_ovr |   .3583003   .2839967    1.26   0.207   -.198323    .9149235
nics_h |   .0012296   .0010542    1.17   0.243   -.0008366   .0032958
     _cons |  -5.046936   .1968045  -25.64   0.000   -5.432666   -4.661206
adultpop_0 | (exposure)
-------------+----------------------------------------------------------
    /lnalpha |  -.1819408   .1522984                 -.4804402    .1165585
-------------+----------------------------------------------------------
alpha |   .8336507   .1269636                  .6185111   1.123623
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 2.3e+06 Prob>=chibar2 = 0.000

Negative binomial regression              Number of obs=        69
                                          LR chi2(4)    =     17.15
Dispersion     = mean                     Prob> chi2    =    0.0018
Log likelihood = -766.66952               Pseudo R2     =    0.0111


------------------------------------------------------------------------
ctcat6 |     Coef.  Legend
-------------+----------------------------------------------------------
ctcat6_inc |   -.58907   _b[ctcat6:ctcat6_inc]
ncic_h |  6.77e-06   _b[ctcat6:ncic_h]
ctcat6_ovr |   .3583003   _b[ctcat6:ctcat6_ovr]
nics_h |   .0012296   _b[ctcat6:nics_h]
     _cons |  -5.046936   _b[ctcat6:_cons]
adultpop_0 | (exposure)
-------------+----------------------------------------------------------
    /lnalpha |  -.1819408   _b[lnalpha:_cons]
-------------+----------------------------------------------------------
alpha |   .8336507
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 2.3e+06 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not been published by the Department. Opinions or points of view expressed are those of the author(s) and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

**Originating Agency Model: Misdemeanor Crimes of Domestic Violence (Category 7)**

```
name:  ctcat7
log type:  text
opened on:  17 Aug 2012, 20:33:33
Multivariate NBReg (depvar ctcat7)
begin with empty model
p = 0.0001 <  0.4000  adding  ucrdva_6yr
p = 0.1865 <  0.4000  adding  ncic_h
p = 0.2026 <  0.4000  adding  ctcat7_inc
p = 0.2723 <  0.4000  adding  ctcat7_ovr

Negative binomial regression                Number of obs=           72
                                            LR chi2(4)      =      15.47
Dispersion     = mean                       Prob> chi2      =     0.0038
Log likelihood = -898.11245                 Pseudo R2       =     0.0085

------------------------------------------------------------------------
ctcat7 |    Coef.   Std. Err.      z    P>|z|    [95% Conf. Interval]
------------+-----------------------------------------------------------
ucrdva_6yr |  -.0000285   9.84e-06   -2.90   0.004   -.0000478   -9.22e-06
ncic_h |  -3.36e-06   2.29e-06   -1.47   0.143   -7.86e-06   1.13e-06
ctcat7_inc |  -.3115866   .217552   -1.43   0.152   -.7379806   .1148075
ctcat7_ovr |   .4982591   .4538663    1.10   0.272   -.3913025   1.387821
    _cons |  -2.908376   .1491102   -19.50   0.000   -3.200626   -2.616125
adultpop_0 | (exposure)
------------+-----------------------------------------------------------
   /lnalpha |  -.2944328   .1504413                  -.5892923   .0004267
------------+-----------------------------------------------------------
alpha |   .744954   .1120718                   .5547197   1.000427
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 4.0e+06 Prob>=chibar2 = 0.000

Negative binomial regression                Number of obs=           72
                                            LR chi2(4)      =      15.47
Dispersion     = mean                       Prob> chi2      =     0.0038
Log likelihood = -898.11245                 Pseudo R2       =     0.0085

------------------------------------------------------------------------
ctcat7 |    Coef.  Legend
------------+-----------------------------------------------------------
ucrdva_6yr |  -.0000285   _b[ctcat7:ucrdva_6yr]
ncic_h |  -3.36e-06   _b[ctcat7:ncic_h]
ctcat7_inc |  -.3115866   _b[ctcat7:ctcat7_inc]
ctcat7_ovr |   .4982591   _b[ctcat7:ctcat7_ovr]
    _cons |  -2.908376   _b[ctcat7:_cons]
adultpop_0 | (exposure)
------------+-----------------------------------------------------------
   /lnalpha |  -.2944328   _b[lnalpha:_cons]
------------+-----------------------------------------------------------
alpha |   .744954
------------------------------------------------------------------------
Likelihood-ratio test of alpha=0:  chibar2(01) = 4.0e+06 Prob>=chibar2 = 0.000
```

This document is a research report submitted to the U.S. Department of Justice. This report has not
been published by the Department. Opinions or points of view expressed are those of the author(s)
and do not necessarily reflect the official position or policies of the U.S. Department of Justice.

*Montgomery vs. Cuomo*

Exhibit Group F

Exhibit #19 – Bureau of Justice Statistics FY2013

## NICS Act Record Improvement Program (NARIP) Awards FY 2009-2014

NICS Act Record Improvement Program (NARIP) Awards
FY 2009-2014

| State | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2009-2014 |
|---|---|---|---|---|---|---|---|
| Alabama | | | | | $800,000 | $770,000 | $1,570,000 |
| Alaska | | | | | | $75,600 | $75,600 |
| Arizona | | | $582,932 | $1,012,166 | $657,313 | $769,332 | $3,021,743 |
| Connecticut | | | $3,250,000 | $1,650,000 | | | $4,900,000 |
| Delaware | | | | | | $90,000 | $90,000 |
| Florida | | $3,159,228 | $2,574,915 | $1,400,000 | $1,500,000 | $233,580 | $8,867,723 |
| Idaho | | $1,949,578 | $1,206,010 | $279,848 | $231,181 | | $3,666,617 |
| Illinois | | $1,209,500 | | $1,650,000 | $1,500,000 | | $4,359,500 |
| Indiana | | | | $1,200,000 | $831,000 | $950,000 | $2,981,000 |
| Iowa | | | | | | $407,397 | $407,397 |
| Kentucky | | | $1,390,181 | $517,428 | | | $1,907,609 |
| Louisiana | | | | | $1,128,631 | $1,165,559 | $2,294,190 |
| Maryland | | | | | $159,627 | $796,850 | $956,477 |
| Missouri | | | | $1,204,247 | $1,119,490 | $920,000 | $3,243,737 |
| Nebraska | | | | $429,288 | $396,000 | $509,961 | $1,335,249 |
| Nevada | $798,471 | | | | $123,461 | $235,477 | $1,157,409 |
| New Jersey | | $860,331 | $2,772,560 | | | | $3,632,891 |
| New York | $937,411 | $5,994,588 | $3,198,502 | | | $1,254,127 | $11,384,628 |
| North Dakota | | | $205,973 | $91,294 | | $223,200 | $520,467 |
| Oregon | $770,849 | $2,000,000 | $1,131,260 | | $640,000 | $579,835 | $5,121,944 |
| South Carolina | | | | | | $1,494,330 | $1,494,330 |
| Texas | | $751,537 | $547,039 | $488,841 | $118,733 | | $1,906,150 |
| Utah | | | | | $400,000 | | $400,000 |
| Virginia | | | $764,100 | | | | $764,100 |
| West Virginia | | | | $1,200,000 | $600,000 | $967,365 | $2,767,365 |
| Wisconsin | | $981,372 | $2,500,000 | | | | $3,481,372 |
| **Total** | **$2,506,731** | **$16,906,134** | **$20,123,472** | **$11,123,112** | **$10,205,436** | **$11,442,613** | **$72,307,498** |

Available at:  http://www.bjs.gov/index.cfm?ty=tp&tid=491#summaries.