

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
Attorney General

KENT T. STAUFFER
Executive Deputy Attorney General
Division of State Counsel

Writer's Direct Dial: (212) 416-8426

LISA R. DELL
Assistant Attorney General in Charge
Litigation Bureau

January 23, 2015

**Via ECF and Fax**

The Honorable Charles J. Siragusa
United States District Judge
Western District of New York
1360 U.S. Courthouse
100 State Street
Rochester, New York 14614

      Re:    **Montgomery et al. v. Cuomo et al.,**
              **W.D.N.Y. Case No. 14-cv-06709-CJS**

Your Honor:

      This Office represents defendants Andrew M. Cuomo, Governor of the State of New York; Ann Marie T. Sullivan, Commissioner of the New York State Office of Mental Health; Michael C. Green, Executive Deputy Commissioner of the New York State Division of Criminal Justice Services; and Joseph A. D'Amico, Superintendent of the New York State Police (collectively, the "State Defendants") in the above-referenced action. State Defendants have been served with Plaintiff's Complaint in this action, and we are in receipt of Your Honor's Decision and Order, dated January 16, 2015, setting a schedule for briefing and argument on Plaintiff's motion for a preliminary injunction.

      In accordance with Your Honor's Chambers Procedures, we write to respectfully request a phone conference to discuss the briefing schedule established by the Court. As set forth below, it is State Defendants' contention that venue of this action in the Western District of New York is improper and, further, that Plaintiff lacks standing to challenge the constitutionality of Mental Hygiene Law § 9.46 because that section was never applied to him. State Defendants respectfully suggest that these jurisdictional and procedural matters should be resolved prior to litigation of the substance of Plaintiff's constitutional challenge.

      In the alternative, we ask for an extension of time, until March 27, 2015, for State Defendants to both answer, move, or otherwise respond to the Complaint and file their papers in

Hon. Charles J. Siragusa, U.S.D.J.
January 23, 2015
Page 2

opposition to Plaintiff's motion for a preliminary injunction.  Plaintiff served voluminous papers in support of his preliminary injunction application upon State Defendants on or about January 21, 2015.  This appears to be a matter of first impression and involves a statute that relates to the public health and welfare of the citizens of New York.  State Defendants would like sufficient time to brief this matter.  As set forth below, in another recent Second Amendment challenge in the Western District, the State was allowed more than two months to submit its opposition to plaintiff's motion for a preliminary injunction, together with a cross-motion to dismiss and/or for summary judgment.  We ask for similar time to address the procedural defects and the substance of the claims here.  We were able to reach Plaintiff's counsel, Paloma A. Capanna, Esq., by telephone this afternoon, while she was in transit, to discuss these matters.  Ms. Capanna agreed to extend State Defendants' time to answer, move, or otherwise respond to the Complaint until next Friday, January 30, 2015, and stated that she otherwise intended to respond to our letter with one of her own, which she expected to file with the Court later this evening.  Counsel for defendant Vincent F. DeMarco, Suffolk County Sheriff's Department (the "Sheriff") and counsel for defendant Eastern Long Island Hospital (the "Hospital") both consent to the State Defendants' request and have asked us to advise the Court that they request the same extensions of time for their clients.

We submit that such an adjustment of the schedule is warranted here for several reasons:

*First*, venue is improper in the Western District of New York.  *See* 28 U.S.C. § 1391(b).  Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), the Court thus must either dismiss this action or, alternatively, transfer it to the Northern or Eastern District of New York.  *See, e.g.*, *Vincent* v. *Yelich*, No. 08-CV-6074L, 2009 U.S. Dist. LEXIS 7961, at *3-4 (W.D.N.Y. Jan. 15, 2009) (citing *Minnette* v. *Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

The analysis here is not complicated.  Because none of the defendants reside and none of the relevant alleged events occurred in the Western District of New York, venue is not proper in this Court.  *See* 28 U.S.C. § 1391(b).  The State Defendants all reside in Albany, in the Northern District of New York.  (Complaint ("Cplt.") ¶¶ 2-5, 8 (indicating that each of the State Defendants is located in Albany and is being sued in his or her official capacity); *see, e.g.*, *Kinlaw* v. *Pataki*, No. 07-CV-574Sr, 2007 U.S. Dist. LEXIS 85555, at *2-4 (W.D.N.Y. Nov. 15, 2007).  The remaining defendants -- the Sheriff and the Hospital -- both reside in Suffolk County, in the Eastern District of New York.  (Cplt. ¶¶ 6-8.)  And the alleged actions challenged here by Plaintiff also all took place outside this district.  *See, e.g.*, *Daniel* v. *Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (noting that, in assessing whether venue is proper pursuant to 28 U.S.C. § 1391(b)(2), courts must "focus on relevant activities of the defendant, not of the plaintiff").

Thus, the State Defendants intend to move, at the earliest possible time, to dismiss this

action for improper venue pursuant to Rule 12(b)(3), or, alternatively, to transfer this case to another district (*i.e.*, the Northern or Eastern District of New York) where venue might be proper. *See* 28 U.S.C. § 1406(a). We submit that this procedural motion by State Defendants must be resolved before the substance of Plaintiff's claims, through his preliminary injunction motion or otherwise, may be considered by any federal court. *See id.*

*Second*, Plaintiff clearly lacks standing to pursue this action. Plaintiff's papers indicate that he is under the misapprehension that he has been made subject to or had a report submitted as to him pursuant to New York Mental Hygiene Law § 9.46. That is not so. Instead, as Plaintiff's own exhibits demonstrate, the Hospital reported him as involuntarily committed pursuant to New York Mental Hygiene Law § 9.39. (Declaration of Attorney to Plaintiff, dated January 15, 2015 ("Capanna Decl.") Exs. 20-22); *see* N.Y. Mental Hyg. Law § 9.39; *id.* § 31.11(5); *id.* § 33.13(c)(13)(ii) & (15); *id.* § 7.09(j). Under federal and state law, one "who has been adjudicated as a mental defective or who has been committed to a mental institution" is prohibited from possessing a firearm, rifle, or shotgun. 18 U.S.C. § 922(g)(4); N.Y. Penal Law § 400.00(1)(j); *id.* § 400.00(11)(a) & (c); N.Y. Mental Hyg. Law § 7.09(j)(1)(ii); *see United States* v. *Waters*, 23 F.3d 29, 36 (2d Cir. 1994) (holding that "the involuntary admission procedures of the New York Mental Hygiene Law constitute a 'commitment' within the meaning of 18 U.S.C. § 922(g)(4)"). Because the Hospital reported, pursuant to Mental Hygiene Law § 9.39, that Plaintiff had been involuntarily committed, Plaintiff was determined to be legally prohibited under federal and state law from possessing any guns, and the Sheriff suspended, and subsequently canceled, Plaintiff's pistol license and took custody of Plaintiff's four handguns, all of which Plaintiff properly surrendered to the Sheriff on May 30, 2014, almost nine months ago. (Capanna Decl. Exs. 23-28); *see* N.Y. Penal Law § 400.00(11)(a) & (c); *id.* 265.20(a)(1)(f); 18 U.S.C. § 922(g)(4).

By contrast, Section 9.46 of the Mental Hygiene Law, which Plaintiff challenges in this action, provides for a separate procedure by which a "mental health professional" reports to the local "director of community services" when, in his or her "reasonable professional judgment," a patient "is likely to engage in conduct that would result in serious harm to self or others," and the director of community services then reports to the New York State Division of Criminal Justice Services "whenever he or she agrees that the person is likely to engage in such conduct." N.Y. Mental Hyg. Law § 9.46. This section of the Mental Hygiene Law simply played no role in the suspension and cancellation of Plaintiff's pistol license or the surrender of his firearms.[1]

---

[1] An extension is additionally necessary to resolve any issues with regard to the confidentiality of State records and information that, we submit, would be able to further confirm that Plaintiff has never been subject to Mental Hygiene Law § 9.46. Particularly given Plaintiff's assertions in the Complaint that his privacy rights have been violated (Cplt. ¶¶ 189-96), matters relating to records that may be made public must be resolved at the outset. Medical releases are also necessary here so that the State Defendants may have access to Plaintiff's relevant health and mental health records for purposes of demonstrating Plaintiff's lack of standing. State Defendants' requested extension should provide sufficient time to obtain the releases, collect the pertinent documents, and resolve any

(*Compare, e.g.*, Capanna Decl. Ex. 23 (indicating to local pistol permit office that Plaintiff "is prohibited from possessing a firearm, rifle or shotgun pursuant to 18 U.S.C. § 922(g)(4)"), *with id.* Ex. 37 (indicating to local pistol permit office that a Mental Hygiene Law § 9.46 report was made with respect to non-party K.B.).) Accordingly, Plaintiff has no standing here to challenge the constitutionality of a statutory provision, Mental Hygiene Law § 9.46, that has never impacted him and that, under the allegations in the Complaint, in all reasonable likelihood never will. *See, e.g.*, *Clapper* v. *Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013).

*Third*, as Plaintiff notes in his preliminary injunction papers, in an effort to overturn the suspension and cancellation of his pistol license and recover his surrendered firearms, he has filed an Article 78 proceeding against the Sheriff, *Montgomery* v. *DeMarco*, Index No. 000121/2015 (Sup. Ct. Suffolk Cnty.), which is currently pending in Suffolk County Supreme Court. (Declaration of Plaintiff, Donald Montgomery, dated January 14, 2015 ("Plaintiff Decl.") ¶ 59.) The existence of this ongoing state court proceeding raises, at the very least, serious abstention issues. *See, e.g.*, *Kachalsky* v. *Cacace*, 817 F. Supp. 2d 235, 251-52 (S.D.N.Y. 2011) (declining to dismiss constitutional challenge to New York's handgun license scheme on abstention grounds where there were no ongoing state proceedings, but noting that result would likely be different if plaintiffs had commenced Article 78 proceedings to challenge the denial of their permit applications; court then upheld the challenged New York statute on the merits, rejecting plaintiffs' claims under the Second Amendment and the Equal Protection Clause), *aff'd*, 701 F.3d 81 (2d Cir. 2012). And it makes clear that Plaintiff's request for expedited, preliminary injunctive relief in this Court is wholly without merit.

*Fourth*, we should note the extremely heavy burden that Plaintiff would face on any preliminary injunction motion. As the Second Circuit has held, where, as here, the preliminary relief sought would "stay[] governmental action taken in the public interest pursuant to a statutory scheme . . . , plaintiffs must establish a 'clear' or 'substantial' likelihood of success on the merits on their claim." *Lopez Torres* v. *N.Y. State Bd. of Elections*, 462 F.3d 161, 183 (2d Cir. 2006), *rev'd on other grounds*, 552 U.S. 196 (2008); *accord Rivera-Powell* v. *N.Y.C. Bd. of Elections*, 06 Civ. 6843, 2006 U.S. Dist. LEXIS 72712, at *11 (S.D.N.Y. Oct. 4, 2006), *aff'd*, 470 F.3d 458 (2d Cir. 2006). This "heightened standard" is also required here because Plaintiff "seek[s] to enjoin enforcement of and, ultimately, void a statute that was already in effect at the time the Complaint was filed." *Pankos Diner Corp.* v. *Nassau Cnty. Legislature*, 321 F. Supp. 2d 520, 523 (S.D.N.Y. 2003); *see, e.g.*, *Lopez Torres*, 462 F.3d at 183.[2] Plaintiff must also make

---

possible confidentiality concerns.

[2] New York Mental Hygiene Law § 9.46 has been in effect for almost two years, since March 16, 2013. *See* Secure Ammunition and Firearms Enforcement Act, 2013 N.Y. Laws, ch. 1 (the "SAFE Act") § 58(a). And, as noted, *see supra* p. 3, Plaintiff's pistol license was suspended, and subsequently canceled, and his firearms surrendered nearly nine months ago.

Hon. Charles J. Siragusa, U.S.D.J.
January 23, 2015
Page 5

"a strong showing of irreparable harm." *Rivera-Powell*, 2006 U.S. Dist. LEXIS 72712, at *11. As State Defendants will thoroughly demonstrate in their opposition papers, Plaintiff cannot come close to satisfying these requirements.

      In first recognizing an individual right under the Second Amendment, in *District of Columbia* v. *Heller*, 554 U.S. 570 (2008), the Supreme Court made clear that this right is a limited one and emphasized, in particular, that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by . . . the mentally ill." *Id.* at 626-27; *accord McDonald* v. *City of Chicago*, 561 U.S. 742, 786 (2010). Even if Plaintiff had standing here (which he does not) and could overcome the venue and abstention barriers noted (which he cannot), to prevail on his preliminary injunction motion, he would have to demonstrate that Mental Hygiene Law § 9.46 is clearly and substantially illegal. Given the Supreme Court's assurances in *Heller* and *McDonald* that laws prohibiting the possession of guns by mentally ill persons remains perfectly permissible, this he plainly cannot do. Nevertheless, New York's efforts to ensure that those certified as a danger to themselves or others by a mental health professional should not possess firearms is an important public safety measure and State Defendants ask, particularly given the fact that the statute has been in place for almost two years and Plaintiff surrendered his guns almost nine months ago, for adequate time to address the substance of Plaintiff's claims, should the Court not dispose of this case on procedural and jurisdictional grounds.

      *Finally*, in determining an appropriate schedule for motion practice in this action, we submit that the approach implemented by Judge Skretny and the parties in *NYSRPA* v. *Cuomo*, No. 13-cv-00291-WMS (W.D.N.Y.), a recent case in this District, in which Judge Skretny, *inter alia*, upheld the SAFE Act's assault weapons and large-capacity magazine provisions against a Second Amendment attack, may provide helpful guidance.[3] There, the plaintiffs also moved for a preliminary injunction and sought briefing on an expedited basis. Given the substantial record that courts regularly consider in resolving Second Amendment challenges, including factual submissions, legal arguments, historical evidence, expert affidavits, and other "studies and data," *Kachalsky*, 701 F.3d at 99; *see also, e.g.*, *Moore* v. *Madigan*, 708 F.3d 901, 905 (7th Cir. 2013) (Hamilton, J., dissenting from the denial of rehearing en banc) ("Where the law is genuinely in doubt, as it is likely to remain for some time under the Second Amendment, a trial court can do a great service by ensuring the development of a thorough and complete record that provides a reliable, accurate factual foundation for constitutional adjudication."), and the importance of the issues involved, the State was allowed 67 days to file its opposition to plaintiffs' preliminary injunction and, at that same time, to submit a cross-motion to dismiss and/or for summary judgment. State Defendants submit that a similar approach to briefing and motion practice is appropriate in this action as well.

---

[3] I also served as lead counsel for the State in the district court in the *NYSRPA* action. The case is currently pending on appeal in the Second Circuit.

Accordingly, for all these reasons, the State Defendants request that the Court schedule a status conference, preferably by telephone, to discuss a revised briefing schedule, and, in the interim, stay the current January 27 deadline for the State Defendants to respond to the Complaint and the current January 30 deadline for State Defendants to respond to Plaintiff's preliminary injunction motion. State Defendants request a revised briefing schedule to permit the parties, first, to brief, and the Court to resolve, the procedural issues of standing, venue, and abstention before reaching the merits of this action. In the alternative, State Defendants request that Court extend the time for them to both answer, move, or otherwise respond to the Complaint and file their papers in opposition to Plaintiff's motion for a preliminary injunction until March 27, 2015.

Thank you for your consideration of these requests.

Respectfully submitted,

/s/ *William J. Taylor, Jr.*

William J. Taylor, Jr.
Assistant Attorney General

cc: Paloma A. Capanna, Esq., *Attorney for Plaintiff*
Rudolph Baptiste, Esq, Assistant Suffolk County Attorney, *Attorney for the Sheriff*
Catherine A. Brennan, Esq., *Attorney for the Hospital*