

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

WRITER'S DIRECT DIAL: 212-416-8965

February 13, 2015

**By Facsimile Transmission**

Hon. Charles Siragusa
United States District Judge
Northern District of New York
1360 US Courthouse
100 State Street
Rochester, New York 14614
Facsimile (585) 613-4055

Re: <u>Montgomery, et al. v Andrew M. Cuomo, et al.</u>,
NDNY Case No. 14-cv-6709 (CJS)

Dear Judge Siragusa:

This Office represents the defendants Andrew M. Cuomo, Ann Marie T. Sullivan, Michael C. Green, and Joseph A. D'Amico (collectively "State Defendants") in the above-referenced litigation. In accordance with your individual practices we write to request both a one week extension of time to respond to the amended complaint in this action and to be permitted an increased number of pages, to 45, for the memorandum of law in support of the State Defendants' motion to dismiss. Counsel for Plaintiffs does not consent to either request. As set forth below, the number of Plaintiffs added in the amended complaint, the substantial legal and factual showing State Defendants are preparing in order to demonstrate that all of these Plaintiffs lack standing, and the number of constitutional challenges necessitate this request.

*Procedural Background*

This matter was instituted by the filing of a complaint on December 18, 2014, with service being effected on various defendants between January 6th and January 14th. Plaintiff Donald Montgomery, then the only Plaintiff, moved for a preliminary injunction on January 16, 2015. This Court set a briefing schedule for the preliminary injunction application. On January 23, 2015, this office submitted a letter requesting a conference to discuss the resolution of the

Hon. Charles J. Siragusa, U.S.D.J
Re: *Montgomery, et al. v. Cuomo, et al.*
February 13, 2015
Page 2 of 3

significant jurisdictional and procedural issues in the action. Specifically, State Defendants asserted that Plaintiff Montgomery lacked standing and that venue in the Western District of New York was improper. *See* Docket No. 8 (January 23, 2015 Letter of William J. Taylor).

A conference was held before Your Honor on January 29, 2015. In response to the Court's inquiries regarding venue, Plaintiff's counsel indicated that Plaintiff would be serving an amended complaint which would name new plaintiffs who would render venue appropriate in this Court. This Court set a scheduling order under which Plaintiff(s) would file an amended complaint on February 2nd and defendants would have until February 23rd to move to dismiss. Plaintiff's amended complaint was filed electronically at 6:30 p.m. on February 2, 2015.

*The Need for an Increase in Page Limits and a One Week Extension*

The Amended Complaint adds four additional Plaintiffs, is 82 pages long and contains approximately 350 numbered factual allegations. In order to assert the jurisdictional, procedural, and substantive grounds for our motion to dismiss, State Defendants must set out the background and procedures of Mental Hygiene Law ("MHL") § 9.46, the statute Plaintiffs challenge here, as well as an analysis of other State and federal laws relating to possession of firearms by those with disqualifying mental health histories or conditions, which impacted Plaintiffs here but which Plaintiffs do not and have not challenged.

Pursuant to Fed. R. Civ. P. 12(b)(1), there will also be a factual component to State Defendants' motion in order to demonstrate Plaintiffs' lack of standing. While our factual investigation as to the new Plaintiffs continues, our initial conclusion is that they suffer from the same, or similar, lack of standing as the original Plaintiff, Mr. Montgomery. *See* Docket No. 8. Arguments as to the Plaintiffs' lack of standing necessarily require, *inter alia*, factual investigations as to each Plaintiff and declarations submitted by the agency individuals with knowledge as to how the reporting system set forth under MHL § 9.46 actually functions and the extent Plaintiffs were in fact subject to MHL § 9.46, if at all. Standing must be briefed as to each of these Plaintiffs as different standing problems are presented by them.

Besides moving to dismiss for lack of standing as to each of the individual Plaintiffs, State Defendants' motion contemplates addressing procedural issues such as abstention and venue, as well as the reasons that Plaintiffs' four asserted constitutional claims, implicating the Second, Fourth, Fifth, and Fourteenth amendments, fail. In addition, since Plaintiffs seem to assert § 1983 claims for monetary relief as well, their failure to state those claims as to the named defendants must be briefed.

It would be difficult, if not impossible, to adequately address all of these issues in a manner helpful to the Court in 25 pages. In addition, we ask to have an additional week to allow State Defendants sufficient time to marshal the facts and law necessary to address these important constitutional issues. When the Court set the briefing schedule on January 29th, Your Honor denied our request to have thirty days to move against the anticipated Amended Complaint. However, at that time neither the Court nor Defendants knew that Plaintiffs'

Hon. Charles J. Siragusa, U.S.D.J
Re: *Montgomery, et al. v. Cuomo, et al.*
February 13, 2015
Page 3 of 3

amended complaint would identify four additional Plaintiffs with such significant standing infirmities.

*Conclusion*

In light of the foregoing, State Defendants respectfully submit that one additional week of time and 20 additional pages for their memorandum of law in support of their motion to dismiss is warranted. The societal importance of the issues raised by the Plaintiffs' amended complaint requires the opportunity for a thorough briefing. Furthermore, it is respectfully submitted that as MHL §9.46 has been implemented for almost two years, and as there is no asserted action under MHL §9.46 either imminent or threatened against the Plaintiffs, and whereas those Plaintiffs who no longer have possession of their firearms don't even seek return of their firearms in this action, the resulting prejudice to them from the requested week extension and increased page limits, if any, would be minimal.

Thank you for your attention to this matter.

Respectfully submitted,

Monica Connell
Assistant Attorney General

cc/    Paloma A. Capanna, Esq. *(by fax)*
       *Attorney for Plaintiffs*

       Rudolph Max Baptiste, Esq. *(by fax)*
       *Attorney for the Suffolk County Sheriff*

       Catherine A. Brennan, Esq. *(by fax)*
       *Attorney for Eastern Long Island Hospital*