UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————X

DONALD MONTGOMERY, ANDREW CARTER,             14-CV-6709 (CJS)
LOIS REID, KARL BELCHER, and "M.M.,"
as individuals and on behalf of all other persons
similarly situated,

                        Plaintiffs,


            -against-


ANDREW M. CUOMO, Governor of the State of New York,
ANN MARIE T. SULLIVAN, Commissioner of the New
York State Office of Mental Health, MICHAEL C. GREEN,
Executive Deputy Commissioner of the New York State
Division of Criminal Justice Services, JOSEPH D'AMICO,
Superintendent of the New York State Police, VINCENT
F. DEMARCO, Suffolk County Sheriff's Department; and
EASTERN LONG ISLAND HOSPITAL,

                        Defendants.

—————————————————————————X


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER
VENUE & FAILURE TO STATE A CLAIM**


                              DENNIS M. BROWN
                              Suffolk County Attorney
                              Attorney for Suffolk County Defendants
                              Office & P.O. Address
                              H. Lee Dennison Building
                              100 Veterans Memorial Highway
                              P.O. Box 6100
                              Hauppauge, New York 11788-0099
                              Telephone: (631) 853-4062

                              By:    RUDOLPH M. BAPTISTE
                                     Assistant County Attorney

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................. ii

PRELIMINARY STATEMENT ................................................... 1

STATEMENT OF FACTS ......................................................... 1

STANDARD OF REVIEW......................................................... 3

POINT I
    PLAINTIFF'S COMMENCED THIS ACTION IN AN IMPROPER VENUE
    WARRANTING DISMISSAL OR IN THE ALTERNATIVE TRANSFER TO A
    PROPER VENUE IN THE INTERESTS OF JUSTICE..................................... 5

POINT II
    THE COMPLAINT FAILS TO STATE A CLAIM FOR SECTION 1983 MONELL
    LIABILITY AGAINST SUFFOLK COUNTY........................................... 12

    A. No County Policy Deprived Plaintiff of Due Process of Law Section 1983
       Municipal Liability........................................................... 12

       1.  Substantive Due Process................................................. 17
       2.  Procedural Due Process................................................. 19

CONCLUSION ................................................................ 23

## TABLE OF AUTHORITIES

### Cases

Albright v. Oliver,
510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994)............................................ 18

Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)............................................ 3

Bank of New York v. First Millennium, Inc.,
607 F.3d 905 (2d Cir. 2010).............................................................................. 5

Bates v. C & S Adjusters, Inc.,
980 F.2d 865 (2d Cir. 1992).............................................................................. 7

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)........................................ 3, 4

Benjamin v. Carusona,
09 CIV. 9722, 2010 WL 4448213 (S.D.N.Y. Nov. 5, 2010) ...................................... 5

Berman v. Informix Corp.,
30 F. Supp. 2d 653 (S.D.N.Y. 1998)................................................................... 8

Bionx Implants v. Biomet,
1999 WL 342306 (S.D.N.Y. May 27, 1999) ......................................................... 8

Brown v. New York,
947 F. Supp. 2d 317 (E.D.N.Y. 2013) ................................................................ 8

Bryant v. City of New York,
404 F.3d 128 (2d Cir. 2005)............................................................................ 18

Cartier v. Micha,
2007 WL 1187188 (S.D.N.Y. Apr. 20, 2007)........................................................ 5

Castanza v. Town of Brookhaven,
700 F. Supp. 2d 277 (E.D.N.Y. 2010) ............................................................... 12

Catanzaro v. Weiden,
188 F.3d 56 (2d Cir. 1999)......................................................................... 18, 20

Chase Grp. Alliance LLC v. City of New York Dep't of Fin.,
620 F.3d 146 (2d Cir. 2010)........................................................................... 22

Ciraolo v. City of New York,
  216 F.3d 236 (2d Cir. 2000)........................................................................... 14

Citigroup Inc. v. City Holding Co.,
  97 F. Supp. 2d 549 (S.D.N.Y. 2000)............................................................... 9

City of Los Angeles v. Heller,
  475 U.S. 796, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986)............................... 15

City of Oklahoma City v. Tuttle,
  417 U.S. 808 (1985)........................................................................................ 13

City of Oklahoma City v. Tuttle,
  471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)............................... 15

Cnty. of Sacramento v. Lewis,
  523 U.S. 833 ................................................................................................... 18

Concourse Rehab. & Nursing Ctr., Inc. v. DeBuono,
  179 F.3d 38 (2d Cir. 1999)............................................................................. 23

Connecticut ex rel. Blumenthal v. Crotty,
  346 F.3d 84 (2d Cir. 2003).............................................................................. 16

Constitution or the laws of the United States.  See Monell,,
  436 U.S., 691-................................................................................................. 13

Cox v. Warwick Valley Cent. Sch. Dist.,
  654 F.3d 267 (2d Cir. 2011)............................................................................ 13

D.H. Blair & Co. v. Gottdiener,
  462 F.3d 95 (2d Cir. 2006).............................................................................. 9

Daniel v. Am. Bd. of Emergency,
  Med., 428 F.3d 408 (2d Cir. 2005) ................................................................ 7

Dudek v. Nassau Cnty. Sheriff's Dep't,
  991 F. Supp. 2d 402 (E.D.N.Y. 2013) ........................................................... 13

Employers Ins. of Wausau v. Fox Entm't Grp., Inc.,
  522 F.3d 271 (2d Cir. 2008)............................................................................ 9

Fedele v. Harris,
  18 F.Supp.3d 309 (E.D.N.Y. 2014) ............................................................ 6, 7

iii

Ferriera v. Town of East Hampton,
    2014 WL 5637882 (E.D.N.Y. Nov. 4, 2014)...................................................... 21

Fisher v. Int'l Student Exch., Inc.,
    CV 13-6519, 2014 WL 3921364 (E.D.N.Y. Aug. 7, 2014)..................................... 11

Florida Power & Light Co. v. Int'l Broth. of Elec. Workers,
    417 U.S. 790, 94 S.Ct. 2737, 41 L.Ed.2d 477 (1985)........................................... 13

French Tr. v. Modern Coupon Sys.,
    858 F.Supp. 22 (S.D.N.Y. 1994)......................................................................... 6

Friedman v. Schwartz,
    2009 WL 701111 (E.D.N.Y. Mar. 13, 2009) ...................................................... 5

Fuji Photo Film Co. v. Lexar Media, Inc.,
    415 F. Supp. 2d 370 (S.D.N.Y. 2006).................................................................. 8

Garrel v. NYLCare Health Plans,
    1999 WL 459925 (S.D.N.Y. June 29, 1999) ...................................................... 10

Gelbfish v. U.S. Postal Serv.,
    51 F. Supp. 2d 252 (E.D.N.Y. 1999) .................................................................. 4

Gilbert v. Homar,
    520 U.S. 924, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997)..................................... 19

Grillo v. New York City Transit Auth.,
    291 F.3d 231 (2d Cir. 2002)............................................................................... 23

Grossman v. City of Portland,
    33 F.3d 1200 (9th Cir. 1994) ............................................................................. 16

Gulf Ins. Co. v. Glasbrenner,
    417 F.3d 353 (2d Cir. 2005)............................................................................ 5, 7

Gully v. First Nat. Bank,
    299 U.S. 109, 57 S. Ct. 96, 81 L. Ed. 70 (1936) .................................................. 4

Harris v. Mills,
    572 F.3d 66 (2d Cir. 2009).............................................................................. 3, 4

Haywood v. Drown,
    556 U.S. 729, 129 S. Ct. 2108, 173 L. Ed. 2d 920 (2009)..................................... 13

iv

Hellenic Am. Neighborhood Action Comm. v. City of New York,
   101 F.3d 877 (2d Cir. 1996)............................................................................... 23

Heyco, Inc. v. Heyman,
   636 F. Supp. 1545 (S.D.N.Y. 1986)...................................................................... 7

Hoover v. New Paltz Cent. Sch. Dist.,
   254 F. Supp. 345(S.D.N.Y. 2003)( motion to ..................................................... 11

Hubbell Inc. v. Pass & Seymour, Inc.,
   883 F. Supp. 955 (S.D.N.Y. 1995) ...................................................................... 10

Hudson v. Palmer,
   468 U.S. 517 (1984).......................................................................................... 23

Gomez v. Toledo,
   446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980)................................... 13, 16

In re Cuyahoga Equip. Corp.,
   980 F.2d 110 (2d Cir. 1992)................................................................................ 8

Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.,
   119 F. Supp. 2d 433 (S.D.N.Y. 2000)................................................................. 10

Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't,
   557 F. Supp. 2d 408 (S.D.N.Y. 2008)................................................................. 14

Kamen v. Am. Tel. & Tel. Co.,
   791 F.2d 1006 (2d Cir. 1986).............................................................................. 4

Kreinberg v. Dow Chem. Co.,
   496 F. Supp. 2d 329 (S.D.N.Y. 2007)................................................................. 11

Kuck v. Danaher,
   600 F.3d 159 (2d Cir. 2010)............................................................................. 3, 18

Laumann Mfg. Corp. v. Castings USA, Inc.,
   913 F. Supp. 712 (E.D.N.Y. 1996) ...................................................................... 9

Laverne v. Corning,
   522 F.2d 1144 (2d Cir. 1975).............................................................................. 15

Lawrence v. Town of Brookhaven Dep't of Hous., Cmty. Dev. & Intergovernmental Affairs,
   393 F. App'x 791 (2d Cir. 2010) .......................................................................... 15

*Lemon v. Kurtzman,*
411 U.S. 192, 93 S. Ct. 1463, 36 L. Ed. 2d 151 (1973)............................................................. 16

*Locurto v. Safir,*
264 F.3d 154 (2d Cir. 2001)............................................................................................ 23

*M&T Mortgage Corp. v. White,*
2006 WL 47467 (E.D.N.Y. Jan. 9, 2006) ............................................................................. 4

*Mancuso v. Hynes,*
379 F. App'x 60 (2d Cir. 2010)....................................................................................... 4

*Mandell v. Cnty. of Suffolk,*
316 F.3d 368 (2d Cir. 2003)........................................................................................... 14

*Marcus Associates, Inc. v. Town of Huntington,*
45 N.Y.2d 501, 382 N.E.2d 1323 (1978)............................................................................ 16

*Marino v. Ameruso,*
837 F.2d 45 (2d Cir. 1988)............................................................................................ 23

*Mathie v. Fries,*
121 F.3d 808 (2d Cir. 1997)........................................................................................... 12

*McMenemy v. City of Rochester,*
241 F.3d 279 (2d Cir. 2001)........................................................................................... 19

*Michigan v. DeFillippo,*
443 U.S. 31, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979)................................................................ 17

*Minnette v. Time Warner,*
997 F.2d 1023 (2d Cir. 1993).......................................................................................... 6

*Monell v. Dep't of Soc. Servs. of City of New York,*
436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)........................................................ 13, 14

*Moray v. City of Yonkers,*
924 F. Supp. 8 (S.D.N.Y. 1996)....................................................................................... 14

*Natale v. Town of Ridgefield,*
170 F.3d 258 (2d Cir. 1999)........................................................................................... 18

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,*
599 F.3d 102 (2d Cir. 2010)........................................................................................... 9

vi

New York State Crime Victims Bd. v. Abbott,
    212 A.D.2d 22, 627 N.Y.S.2d 629 (1995) ............................................................. 16

New York State Nat. Org. for Women v. Pataki,
    261 F.3d 156 (2d Cir. 2001) .................................................................................. 22

Parratt v. Taylor,
    451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) ...................................... 19

Payless Shoesource, Inc. v. Avalon Funding Corp.,
    666 F. Supp. 2d 356 (E.D.N.Y. 2009) ..................................................................... 9

Pecorino v. Vutec Corp.,
    934 F. Supp. 2d 422 (E.D.N.Y. 2012) ................................................................... 10

Pharm. Res. v. Alpharma USPD,
    2002 WL 987299 (S.D.N.Y. May 13, 2002) ............................................................ 9

Poe v. Leonard,
    282 F.3d 123 (2d Cir. 2002) .................................................................................. 18

Ricciuti v. N.Y.C. Transit Auth.,
    941 F.2d 119 (2d Cir. 1991) .................................................................................. 15

Rivera-Powell v. New York City Bd. of Elections,
    470 F.3d 458 (2d Cir. 2006) .................................................................................. 19

Ruston v. Town Bd. for Town of Skaneateles,
    610 F.3d 55 (2d Cir. 2010) ...................................................................................... 4

Sepanski v. Janiking, Inc.,
    822 F. Supp. 2d 309 (W.D.N.Y. 2011) ................................................................... 11

Sheppard v. Beerman,
    18 F.3d 147 (2d Cir. 1994) ...................................................................................... 5

Sindone v. Kelly,
    254 F. App'x 58 (2d Cir. 2007) .............................................................................. 23

Skehan v. Vill. of Mamaroneck,
    465 F.3d 96 (2d Cir. 2006) .................................................................................... 14

Solow Bldg. Co., LLC v. ATC Associates, Inc.,
    175 F. Supp. 2d 465 (E.D.N.Y. 2001) ..................................................................... 6

vii

Spinelli v. City of New York,
   579 F.3d 160 (2d Cir. 2009)..................................................................... 20, 21

Sykes v. James,
   13 F.3d 515 (2d Cir. 1993)........................................................................ 13

U.S. E.P.A. ex rel. McKeown v. Port Auth. of New York & New Jersey,
   162 F. Supp. 2d 173(S.D.N.Y. 2001),....................................................... 5

Van Dusen v. Barrack,
   376 U.S. 612, 84 S. Ct. 805 , 11 L. Ed. 2d 945 (1964) ........................... 8

Vann v. City of New York,
   72 F.3d 1040 (2d Cir. 1995)...................................................................... 14

Varsic v. U.S. Dist. Ct.,,
   607 F.2d 243 (9th Cir. 1979) .................................................................... 9

Velez v. Levy,
   401 F.3d 75 (2d Cir. 2005)........................................................................ 18

Vives v. City of New York,
   524 F.3d 346 (2d Cir. 2008)...................................................................... 17

Washington v. Cnty. of Rockland,
   373 F.3d 310 (2d Cir. 2004)...................................................................... 19

Webster v. City of New York,
   333 F. Supp. 2d 184 (S.D.N.Y. 2004)....................................................... 14

**Statutes**

18 U.S.C. § 922........................................................................................... 1

18 U.S.C. § 944........................................................................................... 15

18 U.S.C. § 944(g)(4) ................................................................................. 15, 20

28 U.S.C. § 1391......................................................................................... 6

28 U.S.C. § 1404 (a) ................................................................................... 1

28 U.S.C. § 1406(a) .................................................................................... 1, 7

28 U.S.C.A. § 1331 (West 2015)................................................................ 4

28 U.S.C.A. § 1332 (West 2015)................................................................ 4

28 U.S.C.A. § 1391(b)(1)&(2)(West 2015) ............................................................................ 6,7

28 U.S.C.A. § 1406 ...................................................................................................................... 7

42 U.S.C. § 1983 ................................................................................................................. passim

Mental Hygiene Law § 9.46 ...................................................................................................... 20

Mental Hygiene Law §§ 9.39 ................................................................................................... 15

N.Y. Pen. L. § 400 (1)(j) ............................................................................................................. 2

Penal Law § 265(10) .................................................................................................................... 2

Penal Law § 400 ................................................................................................................. passim

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 4

Fed. R. Civ. P. 12(b)(3) ..................................................................................................... 1, 4, 6

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 3, 17

Fed. R. Evid. 201 ....................................................................................................................... 10

## PRELIMINARY STATEMENT

Defendant the Hon. Vincent F. DeMarco, Suffolk County Sheriff ("defendant" or "Sheriff" or "DeMarco") submits this memorandum of law in support of his motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and/or in the alternative to dismiss and transfer venue in the interests of justice pursuant to 28 U.S.C. § 1404 (a) & 1406 (a).

## STATEMENT OF FACTS

**Factual Background**

As regards the defendant Suffolk County Sheriff DeMarco, plaintiff Donald Montgomery ("plaintiff" or "Montgomery") brought this action before this Court alleging two causes of action against DeMarco in his official capacity. Am. Compl. at ¶¶ 168 – 178, 192, 333 – 343, 344 - 349.

On information and belief, Montgomery is a retired Suffolk County Police detective who held a pistol license issued by the Suffolk County Sheriff's Office since July 2005. Am. Compl. at ¶¶ 155 & 160. On or about May 23, 2014, plaintiff was involuntarily committed at Eastern Long Island Hospital for a 48 hour observation period. Am. Compl. at ¶ 144.

Based upon information received from the New York State Police (*See* Pl. Compl., Ex. ) indicating that plaintiff had been diagnosed with a mental defect and/or was involuntarily committed (as defined by 18 U.S.C. § 922 [g]), the Sheriff's Office contacted plaintiff to inform him that in its capacity as the pistol licensing authority for the East End of Suffolk County under New York Penal Law § 400, it was bound to suspend his license and secure custody of his firearms under the New York Secure Ammunition and Firearms Enforcement Act of 2013 ("SAFE Act"), Penal Law § 400(11)(b). Am. Compl. at 168.

1

Defendant accordingly took possession of plaintiff's firearms, as he was no longer statutorily authorized to possess any firearms (*See* N.Y. Pen. L. § 400 (1)(j)); *see also* Am. Compl. at ¶¶ 168, 171 – 172, 174) and they remain in the sole possession, custody and control of the County defendant at this present time.   While plaintiff's license was suspended, plaintiff relocated his residence from Suffolk County to Monroe County, without first applying to transfer that license to the jurisdiction of his relocation destination as per Penal Law § § 400 (5)(a) & (9). Am. Compl. at .   Since Montgomery relocated without applying to transfer his pistol license from the Suffolk County and the Sheriff's jurisdiction to Monroe County, it was cancelled by operation of law.

Plaintiff now complains that his rights to due process of law under the Fourteenth Amendment to the federal constitution were violated when he did not receive a hearing subsequent to the automatic suspension of his pistol license as required under the SAFE Act, but before that license's cancellation.   He further claims that the suspension and cancellation of his pistol license by defendant violated his fundamental right to bear arms under the Second Amendment. Am. Compl. at ¶¶ 334 – 340, 347 - 349.

**Respective Residences of the Parties**

At the time relevant to his Complaint, plaintiff resided in the East End of Suffolk County, within the jurisdiction defendant Suffolk County Sheriff for the purposes of obtaining and maintaining a valid pistol license under Penal Law § 400. Am. Compl. at ¶ 161.[1]   The Suffolk County Sheriff's Office and Sheriff DeMarco reside, transact business and maintain a principal place of business in Suffolk County at 100 Center Drive, Riverhead, New York.   On information and belief, defendant Eastern Long Island Hospital resides, transacts business and maintains a

---

[1] Per Penal Law § 265(10) the Suffolk County Sheriff is the pistol licensing authority for the East End of Suffolk County.

2

principal place of business within Suffolk County at 201 Manor Place, Green Port, New York. Am. Compl. at ¶ 11.

## STANDARD OF REVIEW

Although it is settled that in considering a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6), a Court must accept as true the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff (*Kuck v. Danaher*, 600 F.3d 159, 166 (2d Cir. 2010)), this "tenet" is "inapplicable to legal conclusions;" and thus, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Thus, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Accordingly, legal conclusions must be supported by factual allegations. *Id.* at 1950. Those factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555, *accord Ashcroft*, 129 S. Ct. at 1949.

Where, as here, a plaintiff "ha[s]not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl. Corp.*, 550 U.S. at 570. A "plausible" entitlement to relief exists when the allegations in the complaint move the plaintiff's claims across the line separating the "conclusory" from the "factual," and the "factually neutral" from the "factually suggestive." *Id.* at 557; *see also Ashcroft*, 129 S. Ct. at 1950("only a complaint

3

that states a plausible claim for relief survives a motion to dismiss"); *accord Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 58-59 (2d Cir. 2010). Plausibility requires that the allegations in the complaint "raise a reasonable expectation that discovery will reveal evidence" in support of the claim. *Bell Atl. Corp.*, 550 U.S. at 556. "A *pro se's* complaint, while liberally interpreted, still must 'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010); *Harris*, 572 F.3d 72.

Subject matter jurisdiction in federal court may be established in one of two ways. The first way is by showing that the cause of action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C.A. § 1331 (West 2015). The second way is by showing there is diversity among the parties. 28 U.S.C.A. § 1332 (West 2015). To bring a claim under § 1331, "a right. . .created by the Constitution or laws of the United States must be an element" of the claim. *Gully v. First Nat. Bank*, 299 U.S. 109, 112-113, 57 S. Ct. 96, 81 L. Ed. 70 (1936) under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists, and a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *M&T Mortgage Corp. v. White*, 04CV4775NGGVVP, 2006 WL 47467 (E.D.N.Y. Jan. 9, 2006).

On a motion challenging the court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the court may look to evidence outside the pleadings, such as affidavits, to resolve jurisdictional fact issues. *See e.g. Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *Gelbfish v. U.S. Postal Serv.*, 51 F. Supp. 2d 252 (E.D.N.Y. 1999).

Fed. R. Civ. P. 12(b)(3) provides that a party may move to dismiss a complaint on the basis of "improper venue." Fed. R. Civ. P. 12(b)(3). The standard by which to decide a 12(b)(3)

motion is similar to that of a 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Benjamin v. Carusona*, 09 CIV. 9722, 2010 WL 4448213, *5 (S.D.N.Y. Nov. 5, 2010). Accordingly, the court will accept as true all factual allegations in the non-moving party's pleadings and draw all reasonable inferences in favor of the party opposing the motion. *Friedman v. Schwartz*, 08-CV-2801 JS/WDW, *Friedman v. Schwartz*, 08-CV-2801 JS/WDW, 2009 WL 701111, *5 (E.D.N.Y. Mar. 13, 2009). Additionally, in ruling on the motion the court may rely on facts and documents outside the Complaint. *Cartier v. Micha, Inc.*, 06 CIV. 4699(DC), 2007 WL 1187188, *Cartier v. Micha, Inc.*, 06 CIV. 4699(DC), 2007 WL 1187188, *2 (S.D.N.Y. Apr. 20, 2007)2 (S.D.N.Y. Apr. 20, 2007). Plaintiff bears the burden of demonstrating *313 that venue is proper. *U.S. E.P.A. ex rel. McKeown v. Port Auth. of New York & New Jersey*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001), *aff'd sub nom. McKeown v. Delaware Bridge Auth.*, 23 F. App'x 81 (2d Cir. 2001). Absent an evidentiary hearing, the plaintiff need only make a prima facie showing that venue is proper. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010); (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)).

## ARGUMENT

### POINT I

**PLAINTIFF COMMENCED THIS ACTION IN AN IMPROPER VENUE WARRANTING DISMISSAL OR IN THE ALTERNATIVE TRANSFER TO A PROPER VENUE IN THE INTERESTS OF JUSTICE**

Plaintiff has brought this action in the Western District of New York based on the fact that he now resides in Monroe County. Additionally, as represented to the Court at the conference held on January 29, 2015, plaintiff has amended his Complaint adding additional plaintiffs all residing within the Western District, presumably to bolster its anticipated argument

that venue is proper here, rather than in any other district where defendants reside or routinely transact business within New York State. However, as argued below, plaintiff's choice of venue is only but one factor this Court must consider in reaching the determination that venue is not proper in the Western District, particularly given that DeMarco and defendant Hospital both reside and transact business in Suffolk County in the Eastern District of New York. More importantly, no new allegations added by the additional newly added plaintiffs in the Amended Complaint address any alleged conduct, acts or omissions attributable to DeMarco or the Hospital and thus there appears no independent basis warranting this Court retaining jurisdiction of the dispute as to them.

28 U.S.C. § 1391, the federal court's venue statute, provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred**, .... 28 U.S.C.A. § 1391(b)(1)&(2)(West 2015) (emphasis added).

The Fed. R. Civ. P. also provides defendants with the affirmative defense which may be interposed in a responsive pleading or as grounds to seek dismissal of improper venue. Fed. R. Civ. P. 12(b)(3). On such a motion, plaintiff bears the burden of establishing that venue is proper. *Fedele v. Harris*, 18 F.Supp.3d 309, 316 (E.D.N.Y. 2014); *French Tr. v. Modern Coupon Sys.*, 858 F.Supp. 22, 25 (S.D.N.Y. 1994); *Solow Bldg. Co., LLC v. ATC Associates, Inc.*, 175 F. Supp. 2d 465, 469 (E.D.N.Y. 2001). A court's decision on whether to dismiss an action for improper venue lies within its sound discretion. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

6

Considering venue under § 1391(b)(2), the court must 1. identify the nature of the claims and the alleged acts or omissions giving rise to the claims, and 2. determine whether a substantial part of the acts or omissions occurred in the district where the suit was filed. *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005). " 'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Fedele*, 2014 WL 1870840.

The Second Circuit has instructed that venue may be proper "in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts." *Gulf Ins. Co.*, 417 F.3d, 356, *quoting Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992). However, the Circuit has also "caution[ed] district courts to take seriously the adjective 'substantial.' " *Id.* at 357 *d.* at 357. Since the venue statute must be construed strictly, "for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.*

28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In other words, a prerequisite to invoking § 1406 (a) is that venue be improper. *Heyco, Inc. v. Heyman*, 636 F. Supp. 1545, 1547 (S.D.N.Y. 1986).

When venue is improper, it is within the Court's discretion to either dismiss the case or transfer it to a proper venue under 28 U.S.C.A. § 1406. *Daniel*, 428 F.3d, 435.

It is well settled that pursuant to Title 28, § 1404(a) of the United States Code governing the judiciary, a district court has discretion to transfer venue in the "interests of justice" since the statute plainly states that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C.A. § 1404(a) (West 2014);

*see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)("Further, motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis.").

The intent of this section is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L. Ed. 2d 945 (1964); *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 372 (S.D.N.Y. 2006); *Brown v. New York*, 947 F. Supp. 2d 317, 323 (E.D.N.Y. 2013).

When a district court considers a request to change venue, or transfer an action to another district's jurisdiction, it must consider two factors: first, whether the action might have been brought in the transferee court; and second, whether transfer is appropriate considering the convenience of both the parties and the witnesses, and in the interest of justice. *See Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 656 (S.D.N.Y. 1998).

Moreover, a judge has "[c]onsiderable discretion in adjudicating a motion for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Bionx Implants, Inc. v. Biomet, Inc.*, 99 CIV. 740 (WHP), 1999 WL 342306, *3 (S.D.N.Y. May 27, 1999) *Bionx Implants, Inc. v. Biomet, Inc.*, 99 CIV. 740 (WHP), 1999 WL 342306, *3 (S.D.N.Y. May 27, 1999);*In re Cuyahoga Equip. Corp.*, 980 F.2d, 117 *quoting In re Cuyahoga Equip.*

*Corp.*, 980 F.2d 110, 117 (2d Cir.1992).   To aid in this decision-making process, the courts within this circuit have adopted the 9th Circuit Court of Appeals' nine-factor test set forth in *Varsic v. U.S. Dist. Ct.*, 607 F.2d 243, 245 (9th Cir. 1979) which provides : (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of operative facts and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of witnesses; (6) the weight accorded to the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; and (9) trial efficiency and how best to serve the interests of justice, based on an assessment of the totality of material circumstances. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)– 07 (2d Cir.2006); *Payless Shoesource, Inc. v. Avalon Funding Corp.*, 666 F. Supp. 2d 356, 362 (E.D.N.Y. 2009)–63; *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 720 (E.D.N.Y. 1996).

No individual factor is determinative and a court has discretion to weigh each factor to reach a fair result. *See Pharm. Res., Inc. v. Alpharma USPD Inc.*, 02 CIV.1015 LMM, *Pharm. Res., Inc. v. Alpharma USPD Inc.*, 02 CIV.1015 LMM, 2002 WL 987299, *5 (S.D.N.Y. May 13, 2002), *(citing Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 560 (S.D.N.Y. 2000)). Nevertheless the "locus of the operative facts" of plaintiff's Complaint should be weighed heavily to support this Court's determination dismissing this action for improper venue, or in the alternative, transferring venue to the Eastern District of New York. *See Joyner v. Continental Cas. Co.*, No. 11-Civ-6005 (JSR), *1 (S.D.N.Y. Jan. 9, 2012) (Rakoff, J.) *(citing Girgis v. Hartford Life & Acc. Ins. Co.*, No. 2:10-CV-05279 (DMC)(JAD), *2 (D.N.J. May 25, 2011)(

granting motion to transfer venue where only person involved in litigation with connection to district was plaintiff's attorney and holding his convenience not a relevant or dispositive factor).

The district courts have also decided that convenience of parties and non-party witnesses may be the most important consideration under 28 U.S.C. § 1404(a). *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 437 (S.D.N.Y. 2000); *(citing Garrel v. NYLCare Health Plans, Inc., et al.,* No. 98 CV 9077, 1999 WL 459925, *5 (S.D.N.Y. June 29, 1999)); see also Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955, 962 (S.D.N.Y. 1995).

Applying the above to the limited facts implicated in the pleadings, the fair balance of the factors to be considered on a motion to dismiss for improper venue or to transfer venue, clearly militate in defendant's favor. DeMarco resides in Riverhead, Suffolk County at a distance of over approximately 407 miles from the Court.[2] Montgomery concedes as much in his Complaint, claiming DeMarco's residence in Suffolk County at Hauppauge, New York (Pl. Compl. at ¶ 10) and the Hospital's residence in Greenport in Suffolk County (Pl. Compl. at ¶ 11).

Based on plaintiff's own allegations, the causes of action attributable to both DeMarco and the Hospital unquestionably occurred in Suffolk County: the suspension of his pistol license, confiscation of his firearms, cancellation of his pistol permit, the involuntary commission at the Hospital, and the mandatory statutory reporting to New York State Office of Mental Health by the Hospital pursuant to the SAFE Act. *See Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422 (E.D.N.Y. 2012)("The locus of operative facts is a 'primary factor' in a motion to transfer venue.")

---

[2] Defendant respectfully requests that the Court take judicial notice pursuant to Fed. R. Evid. 201 that the driving distance between DeMarco's principal place of business at 100 Center Drive, Riverhead according the Google Maps ranges between approximately 407 and 425 miles' distance from the Rochester Federal Courthouse at 100 State Street depending on route variation. *See* Ex. B to Baptiste Decl.

It is logical to assume that as regards DeMarco and the Hospital, the witnesses to be deposed and who would testify should trial be required are all are located in Suffolk County. Further, the documents to be produced during discovery for both defendants also reside in Suffolk County. *See Sepanski v. Janiking, Inc.*, 822 F. Supp. 2d 309, 318 (W.D.N.Y. 2011)("The convenience of both party and non-party witnesses is probably the single most important factor in the analysis of whether transfer should be granted.")

None of the allegations made by the additional plaintiffs now appearing for the first time in this case in the Amended Complaint concern either DeMarco or the Hospital, nor make any accusations regarding any fact, circumstance, act, omission or occurrence that took place in Suffolk County. *Hoover v. New Paltz Cent. Sch. Dist.*, 254 F. Supp. 2d 345, 346 (S.D.N.Y. 2003)( motion to transfer granted where "events giving rise to the underlying action at issue occurred predominantly ... and that all or most of the material events, documents, persons and potential witnesses related to this action are located[in another judicial district]).

While it is alleged that plaintiff relocated his residence from Suffolk County to Monroe County and filed this action in this Court on that basis, plaintiff's choice of venue alone, without more, should not be accorded any greater weight than the inconvenience to the other defendants and their likely witnesses, particularly where Montgomery's current residence bears no relevance to the alleged conduct of DeMarco or the Hospital which took place in Suffolk County. *See e.g. Kreinberg v. Dow Chem. Co.*, 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007). Moreover, in a case such as this where all of defendants' likely witnesses reside out of the plaintiff's chosen forum and out of district, transfer is warranted and the court should grant the motion. *Fisher v. Int'l Student Exch., Inc.*, CV 13-6519, 2014 WL 3921364, *7 (E.D.N.Y. Aug. 7, 2014).

Moreover, resolution of plaintiff's claims against the New York State defendants bear no relation to the claims asserted against DeMarco.  Montgomery contends that the State defendants violated his constitutional rights to privacy and possibly the federal HIPAA privacy rule in its creation, implementation and enforcement of the SAFE Act and the ISARS database concerning the collection and transmission of mental health diagnoses and records to various governmental agencies and actors.  These allegations have nothing to do whatsoever with DeMarco.  The Sheriff's Office acted lawfully in complying with and enforcing a presumptively valid and constitutional state statute, the SAFE Act, Penal Law §§ 400(1)(j) & 400(11)(b), in suspending Montgomery's pistol license, confiscating his firearms, and subsequently cancelling plaintiff's pistol license when he relocated without applying for transfer of the license under Penal Law § 400(5)(a).

## POINT II

### THE COMPLAINT FAILS TO STATE A CLAIM FOR SECTION 1983 MONELL LIABILITY AGAINST SUFFOLK COUNTY

**A.    No County Policy Deprived Plaintiff of Due Process of Law**

**Section 1983 Municipal Liability**

In the first instance, plaintiff brings this claim against DeMarco in his official capacity as the Suffolk County Sheriff, the highest ranking law enforcement official in the Suffolk County Sheriff's Office.  *See* Am. Compl. at ¶ 10.  As such, the plaintiff's claims of deprivation of due process and a violation of his Second Amendment rights are actually against the Suffolk County Sheriff's Office.  *See Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 283-84 (E.D.N.Y. 2010)(collecting cases), *Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997).

Further, since the Sheriff's Office is an administrative arm of local Suffolk County government, it is not independently amenable to suit separate and apart of the municipality.  *See*

12

*Dudek v. Nassau Cnty. Sheriff's Dep't*, 991 F. Supp. 2d 402, 410 (E.D.N.Y. 2013)("Sheriff's Dept. is an 'administrative arm of the County, and, as such, the department cannot be sued separately")(collecting cases).

Plaintiff's claims for deprivation of due process under the Fourteenth Amendment for failing to provide him a hearing before suspending and subsequently cancelling his pistol license under New York Penal Law § 400, in confiscating his firearms, and his claim of a deprivation of a fundamental right to bear arms under the Second Amendment to the Constitution are for *Monell* liability under 42 U.S.C. § 1983 for municipal policy allegedly contributing or causing violations of plaintiff's constitutional violations. *See e.g. Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Section 1983 provides for a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *See Monell*, 436 U.S., 691-95. Section 1983 itself creates no substantive rights, but instead, provides a procedure for redress of the deprivation of rights created elsewhere. *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To state a § 1983 claim, a plaintiff must establish that the defendant deprived him of a federal or constitutional right while acting under the color of state law. *Cox v. Warwick Valley Central School Dist.*; *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267 (2d Cir. 2011), *citing Haywood v. Drown*, 556 U.S. 729, 129 S. Ct. 2108, 2111, 173 L. Ed. 2d 920 (2009).

The statute creates no substantive rights, but instead provides a procedure for redress for the deprivation of rights established elsewhere. *Id.*, *citing City of Oklahoma City v. Tuttle*, 417 U.S. 808, 816 (1985). Therefore in order for a plaintiff to prevail on a § 1983 claim, he must establish that a person acting under color of state law deprived him of a federal right. *Id.*, *Gomez*

13

*v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).  Moreover, a plaintiff must also demonstrate both an injury to a constitutionally protected right and that the injury "was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.' "  *Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 108-09 (2d Cir. 2006) *overruled by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008).  The constitutional violation must result from a municipal policy, custom or practice.

The Second Circuit has provided a two pronged test that a plaintiff must pass in order to recover from a municipality under § 1983.  *Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d 408, 416-417 (S.D.N.Y. 2008); *citing Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996).  First, the plaintiff must prove  the existence of a municipal policy or custom that caused his injuries.  *Id.*    Second, the plaintiff must establish a causal connection between the policy and the alleged civil rights violation.  *Id.*   In other words, in order to hold a municipality liable as a "person" within the meaning of §1983, plaintiff must establish that the municipality was at fault for the constitutional injury suffered.  *Webster v. City of New York*, 333 F. Supp. 2d 184, 205 (S.D.N.Y. 2004); *citing Oklahoma City, supra*; *Monell*, 436 U.S., 690-91.  The constitutional violation must result from a municipal policy, custom or practice.  *Id.* , *citing Monell*, 436 U.S. 658; *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995).

There is no *respondeat superior* liability in a suit brought under 42 U.S.C. § 1983.  *See Ciraolo v. City of New York*, 216 F.3d 236, 242 (2d Cir. 2000).  Before a municipality may be found liable, plaintiffs must demonstrate that the municipality is actually responsible for their injuries, by way of custom or policy.  *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003).  In order to prevail upon a § 1983 claim against a municipality, a plaintiff must prove both that a government caused a violation of his civil rights, and that a municipal custom and/or

14

policy was the moving force behind the constitutional transgression. *City of Los Angeles v. Heller*, 475 U.S. 796, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986).

The existence of an isolated incident, especially where no municipal policymakers were involved, is fatally insufficient to state a claim for 1983 municipal liability. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). Stated differently, there is no municipal liability absent a plausible claim of the existence of a constitutional violation. *See City of Los Angeles*, 475 U.S., 799; *Lawrence v. Town of Brookhaven Dep't of Hous., Cmty. Dev. & Intergovernmental Affairs*, 393 F. App'x 791, 794 (2d Cir. 2010).

Plaintiff fails to plausibly plead a Monell claim for relief here. He points to no Suffolk County policy which allegedly caused his injury. The Pistol License Bureau of the Suffolk County Sheriff's Office under DeMarco's supervision suspended and subsequently cancelled plaintiff's pistol license as mandated by the State of New York through its Department of Criminal Justice Services, Division of State Police and/or Office of Mental Health. *See* Secure Ammunition & Firearms Enforcement Act of 2013 ("SAFE Act"), Penal Law § § 400(1)(j) & 400(5)(a); 18 U.S.C. § 944(g)(4); Mental Hygiene Law §§ 9.39 & 9.46.

The only discretion afforded to the municipality under the SAFE Act is the initial threshold determination on whether to revoke outright the pistol license upon receipt of information that the licensee suffers from a mental defect and/or was involuntarily committed (both disqualifying events under federal law, 18 U.S.C. § 944[g]) or to suspend pending revocation. Suffolk County suspended as statutorily directed under the Penal Law as it currently exists in its present presumptively valid and constitutional form. *See Laverne v. Corning*, 522 F.2d 1144, 1149 (2d Cir. 1975) ("when government officials are acting in accordance with

15

ordinances, that such ordinance might later be declared invalid or unconstitutional, does not alter an official's objectively reasonable assumption that he was permitted to act in accordance with that ordinance); *Gomez*, 446 U.S., 639(a police officer would be excused from liability for acting under a statute that he reasonably believed to be valid but that was later held unconstitutional).

Where plaintiff attempts to base his claim of municipal or individual liability for alleged unconstitutional conduct arising from enforcement of invalidated legislation, the courts analyzing the assertion of qualified immunity look to see whether the challenged conduct involved enforcement of a presumptively valid statute. *See Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 102 (2d Cir. 2003); *see also Lemon v. Kurtzman*, 411 U.S. 192, 208, 93 S. Ct. 1463, 36 L. Ed. 2d 151 (1973)("one of the first principles of constitutional adjudication -- the basic presumption of the constitutional validity of a duly enacted state or federal law."); *accord Marcus Associates, Inc. v. Town of Huntington*, 45 N.Y.2d 501, 382 N.E.2d 1323 (1978)("the strong presumption of constitutionality applies not only to enactments of the Legislature but to ordinances of municipalities as well."); *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994) ("absent evidence that ordinance authorized 'conduct which is patently violative of fundamental constitutional principles ... an officer who reasonably relies on the legislature's determination that a statute is constitutional should be shielded from personal liability."); *New York State Crime Victims Bd. v. Abbott*, 212 A.D.2d 22, 29, 627 N.Y.S.2d 629, 633 (1995)("a public officer will not be held liable for enforcing a statute that is later found to be unconstitutional where that unconstitutionality was not plain").

The Supreme Court has held that "officials are charged to enforce laws until and unless they are declared unconstitutional" and "the enactment of a law forecloses speculation by enforcement officers concerning its constitutionality- **with the possible exception of a law so**

16

grossly and fragrantly unconstitutional that any person of reasonably prudence would be bound to see its flaw." *See Michigan v. DeFillippo*, 443 U.S. 31, 38, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979)(emphasis added). An example of such a law would be "anti-miscegenation laws (bans on interracial marriage) which the courts have found so obviously and deeply unconstitutional that the mere fact of their enforcement gives rise to a strong inference that the municipality must have made a "conscious choice" to enforce unconstitutional legislation. *See Vives, infra.* at 356. Despite plaintiff's insistence that his possession of firearms pursuant to a license issued under the state penal law is fundamental under the Second Amendment, he would be hard pressed to plausibly plead, much less prove, in the face of the presumptively valid and constitutional SAFE Act that a person declared to have been involuntarily committed by a mental health professional (a disqualification under federal statute to bear any firearm) has a suffered a constitutional deprivation to a "clearly established" right when local pistol licensing authorities, such as DeMarco, merely follow the letter of a state statute as they are duty bound to faithfully abide and execute the laws of the State as a constitutional officer. *See* Pen. L. § 400(1)(j) & 400(11)(b).

Thus since the County lacked any discretion in suspending plaintiff's pistol license because of his designation as a mental defective and/or because of his involuntary commission to a mental institution under federal law, the County's non-discretionary enforcement of a valid state statute cannot lead to *Monell* liability. *See Vives v. City of New York*, 524 F.3d 346, 351- 53 (2d Cir. 2008).

1.    **Substantive Due Process**

For a substantive due process claim to survive a Rule 12(b)(6) motion, it must allege governmental conduct that is "so egregious, so outrageous, that it may fairly be said to shock the

contemporary conscience." *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005); *quoting Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847n 8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); *Poe v. Leonard*, 282 F.3d 123, 139 (2d Cir. 2002). "[G]enerally speaking, for state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous'." *Kuck*, 600 F.3d, 163.

The Due Process Clause was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression." *Bryant v. City of New York*, 404 F.3d 128, 135 (2d Cir. 2005). The protections afforded by the substantive component of the Due Process Clause are generally limited to "matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). The Clause aims to insulate the individual from "'arbitrary action of government.' " *Id.* The doctrine of substantive due process prohibits government from depriving individuals of liberty or property interests in a manner that is "arbitrary, conscience-shocking, or oppressive in a constitutional sense, and not merely incorrect or ill-advised." *Catanzaro v. Weiden*, 188 F.3d 56, 64 (2d Cir. 1999); *see also Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) (Due Process Clause "does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action" and holding that "[s]ubstantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority").

As indicated above, DeMarco's actions in abiding state law in suspending, and subsequently cancelling plaintiff's pistol license are respectfully submitted to fall below the high threshold imposed by the courts to constitute conscious shocking behavior given the allegations

18

that plaintiff suffered from mental illness and/or was involuntarily committed, viewed against the backdrop of recent current events regarding the mentally ill and firearms.   Accordingly, plaintiff's substantive due process claim must be dismissed as a matter of law.

## 2.    Procedural Due Process

In order to state a valid claim under 42 U.S.C. § 1983, a plaintiff must show that the conduct in question deprived him of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and that the acts were attributable at least in part to a person acting under color of state law. *See Washington v. Cnty. of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004).

The Second Circuit has recognized that "the Due Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, 'only against deprivations without due process of law.'" *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (citing *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) *overruled by Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)).  In order to prevail on a Section 1983 claim for violation of the procedural due process rights guaranteed by the Fourteenth Amendment, the plaintiff must show (1) that he possessed a protected liberty or property interest; and (2) that he was deprived of that interest without due process. *See McMenemy v. City of Rochester*, 241 F.3d 279, 285-86 (2d Cir. 2001).

In determining what process is due, the Supreme Court has instructed the courts to balance three factors: 1. the private interest that will be affected by the official action, 2. the risk of an erroneous deprivation of such interest through the procedures used, and the provable value, if any, of additional or substitute procedural safeguards, and 3. the Government's interest. *See Gilbert v. Homar*, 520 U.S. 924, 931, 117 S. Ct. 1807, 138 L. Ed. 2d 120 (1997). "Due process

19

is flexible and calls for such procedural protections as the particular situation demands." *Spinelli v. City of New York*, 579 F.3d 160, 170 (2d Cir. 2009). [A]lthough notice and a pre[-]deprivation hearing are generally required, in certain circumstances, the lack of such pre [-]deprivation process will not offend the constitutional guarantee of due process, provided there is sufficient post[-]deprivation process." *Catanzaro*, 188 F.3d, 61.

**No State Authorized Procedures Exist to Satisfy Plaintiff's Request for a Pre-Deprivation Hearing**

Plaintiff finds fault with the Sheriff's Office for failing to provide plaintiff a hearing when demanded after suspension, but before cancellation of and the confiscation of his personally owned firearms, his pistol license. However, the SAFE Act and Penal Law § 400 do not offer any guidance to the local pistol licensing authority on any state authorized guidelines for any such hearing. The author is unaware of any State promulgated rule or regulation pertaining to firearms, the mentally ill or the SAFE Act, providing guidance of administrative or other proceedings or proceedings authorizing local licensing authorities to correct, amend, rectify or nullify alleged erroneous Mental Hygiene Law § 9.46 determinations of the kind plaintiff complains cites here. The statute is unmistakably clear that upon determination and receipt of information that a licensee such as plaintiff has been determined to suffer from a mental defect or have been involuntarily committed, that pursuant to Mental Hygiene Law § 9.46 and 18 U.S.C. § 944(g)(4), such a person is no longer qualified to possess any firearm and revocation or suspension is proper. Plaintiff's argument is that such a deprivation of property and his Second Amendment rights, at a minimum, requires notice and a hearing under the Fourteenth Amendment. Nonetheless, plaintiff fails to take notice that the local licensing authority lacks any power whatsoever to undo, rescind, revoke, modify, amend or otherwise correct the SAFE Act triggering determination made by the mental health professional in the first place, or the

concurrence and transmittal on the State defendants' part.   Thus were this Court to accept plaintiff's argument at face value, plaintiff's suggested rule would require local licensing authorities such as DeMarco to participate in a farce: to hold sham hearings which abjectly lack any authority to remedy plaintiff's perceived wrong, or in the alternative, to defy the dictates contained in a valid and binding state statute.

"[N]ecessity of quick action by the State or the impracticality of providing any meaningful pre [-]deprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the requirements of procedural due process." *Spinelli*, 579 F.3d at 170.   Additionally, "in emergency situations a state may satisfy the requirements of procedural due process merely by making available 'some meaningful means by which to assess the propriety of the State's action at some time after the initial taking.' " *Ferreira v. Town of E. Hampton*, 12-CV-2620 JFB ARL, 2014 WL 5637882, , *11 (E.D.N.Y. Nov. 4, 2014)(collecting cases).

Here it would not have been practicable to have held the requested hearing as DeMarco and his deputies lacked authority to remedy plaintiff's alleged wrong: the alleged erroneous § 9.46 involuntary admission referral and notice and inclusion on the State defendants' ISARS database.   The content of the State defendants' notification to DeMarco , if accurate, reasonably leads to the conclusion that given recent events with the mentally ill and shootings across the nation, that the Sheriff's actions absent a hearing were necessitated by the possible stakes and potential exigency present.   Further, as indicated below, plaintiff engaged in self-help by relocating without following the procedure articulated in Penal Law § 400(5) or the Pistol License Bureau's procedures to officially transfer his license, resulting in its cancellation.   The failure to abide by the law and administrative rules alone would have warranted suspension

pending revocation.  Moreover as seen below, all these actions are presently being challenged by plaintiff as petitioner in an Article 78 proceeding against DeMarco in New York State Supreme Court in Suffolk County.

**Plaintiff Has Availed Himself of the Valid State Law Post-Deprivation Remedy In A CPLR Article 78 Proceeding**

As previously indicated by the State defendants in prior correspondence (*See* ECF Docket Entry No. 8, Letter dated January 23, 2015 at 4) to the Court, plaintiff has commenced a presently pending CPLR Article 78 special proceeding venued in New York Supreme Court, Suffolk County called *Montgomery v. DeMarco* Index No. 15-00121 before the Hon. William B. Rebolini in Riverhead, New York. This office also represents DeMarco in that proceeding. The allegations set forth in plaintiff's petition on all the material issues of fact and law concerning the suspension and cancellation of his pistol license and the confiscation of his firearms by DeMarco are substantially similar, if not the same to the claims in this action.

The fact that a state proceeding is required by due process does not mean that Section 1983 provides a remedy for every error committed in the State proceeding. *See Chase Grp. Alliance LLC v. City of New York Dep't of Fin.*, 620 F.3d 146 (2d Cir. 2010). "So long as state appellate remedies are available, a Section 1983 is not an available vehicle for relief." *Id.* (citing *New York State Nat. Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001). "This is not by any means to say that valid Section 1983 claims based on due process violations require exhaustion of state remedies. But 'when § 1983 claims allege procedural due procedural violations, we nonetheless evaluate whether state remedies exist because that inquiry goes to whether a constitutional violation has occurred at all." *Id*

As the Second Circuit has emphasized, "[t]his court has held on numerous occasions that where, as here, a party sues the state and its officials and employees for the arbitrary and random

deprivation of a property or liberty interest, an Article 78 proceeding is a perfectly adequate post deprivation remedy." *Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002)(internal quotations and citation omitted).  Although § 1983 allows plaintiffs with federal or constitutional due process claims to sue in federal court without exhausting all available state judicial or administrative remedies, courts have held that there is no constitutional violation and thus no valid § 1983 claim, when an adequate state post-deprivation procedure to remedy a random and arbitrary deprivation of property exists. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881-82 (2d Cir. 1996).  In cases where the state actor engaged in random and unauthorized acts, an Article 78 proceeding "constitutes a wholly adequate post-deprivation hearing for due process purposes." *Sindone v. Kelly*, 254 F. App'x 58, 59 (2d Cir. 2007); *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001).  Moreover, before instituting an action pursuant to § 1983 claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate.  *See Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988); *cf. Concourse Rehab. & Nursing Ctr., Inc. v. DeBuono*, 179 F.3d 38, 44 (2d Cir. 1999) (the deprivation of property through random and unauthorized acts of a State or federal employee does not constitute a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available); *citing Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus since plaintiff has an adequate state law remedy which he is in the process of prosecuting, this claim also must be dismissed as a matter of law.

## CONCLUSION

In view of all of the foregoing, the Hon. Vincent F. DeMarco, Suffolk County Sheriff respectfully requests that this Court dismiss the Complaint for lack of subject matter jurisdiction,

23

failure to state a claim upon which relief may be granted, improper venue and/or to transfer this

matter to a proper venue within the Eastern District of New York within the interests of justice,

and for such, other and different relief amenable to the Court.

Dated: Hauppauge, New York
       February 20, 2015              Respectfully submitted,

                                    DENNIS M. BROWN
                                    Suffolk County Attorney
                                    Attorney for Defendant
                                    HON. VINCENT F. DeMARCO
                                    SUFFOLK COUNTY SHERIFF
                                    100 Veterans Memorial Highway
                                    P.O. Box 6100
                                    Hauppauge, New York 11788-0099
                                    (631) 853 - 4049

                          By:     *Rudolph M. Baptiste*
                                    Rudolph M. Baptiste,
                                    Assistant County Attorney