UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DONALD MONTGOMERY,
ANDREW CARTER, LOIS REID,                                    Civil No.:
KARL BECHLER, and "M.M.,"                                    14-cv-06709-CJS
as individuals, and on
behalf of all other persons                                  Hon. Charles J. Siragusa
similarly situated,

                        Plaintiffs,

            vs.

ANDREW M. CUOMO, Governor of the State
of New York; ANN MARIE T. SULLIVAN,
Commissioner of the New York State Office
of Mental Health; MICHAEL C. GREEN,
Executive Deputy Commissioner of the
New York State Division of Criminal Justice Services;
JOSEPH A. D'AMICO, Superintendent of the
 New York State Police; VINCENT F. DEMARCO,
Suffolk County Sheriff's Department; and
EASTERN LONG ISLAND HOSPITAL,

                        Defendants.
-------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT EASTERN LONG ISLAND HOSPITAL'S
## MOTION TO DISMISS




FUMUSO, KELLY, DeVERNA, SNYDER,
SWART & FARRELL, LLP
Catherine Ann Brennan

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................... i-iii

PRELIMINARY STATEMENT ........................................................ 1

STATEMENT OF FACTS ........................................................... 3

    Factual Background .................................................... 3

    Plaintiff's Claims ................................................... 5

ARGUMENT ..................................................................... 6

I.   THE COMPLAINT SHOULD BE DISMISSED FOR
    IMPROPER VENUE ...................................................... 6

II.  THE COMPLAINT SHOULD BE DISMISSED FOR
    LACK OF STANDING .................................................... 7

III. THE COMPLAINT SHOULD BE DISMISSED FOR
    FAILURE TO STATE A CLAIM UPON WHICH
    RELIEF CAN BE GRANTED .............................................. 8

    A.    Standard of Review ............................................. 8

    B.    The Complaint Fails to Allege Any Basis for Suing
         Defendant Eastern Long Island Hospital ....................... 10

    C.    Plaintiff Montgomery's Substantive Counts Fail to State
         a Claim for Relief ............................................ 11

         1. The Violation of the Right to Privacy Claim
            Should Be Dismissed ....................................... 11

         2. The Violation of the Equal Protection Clause Claim
            Should Be Dismissed ....................................... 12

            a.   Eastern Long Island Hospital is a private actor ........ 13

         3. The Violation of the Due Process Clauses Claim
            Should be Dismissed ....................................... 13

            a.   Eastern Long Island Hospital is not a state actor
               and was not acting under color of state law ............. 14

         4. The Violation of the Right to Keep and Bear Arms Claim
            Should Be Dismissed ....................................... 14

CONCLUSION.....................................................................................................   15

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

Arons v. Jutkowitz, et al.,
9 N.Y.3d 393, 880 N.E.2d 831, 880 N.E.2d 831, 850 N.Y.S.2d 345, 356 (2007)   12

Ashcroft v. Iqbal,
    556 U.S. 662, 678 (2009)......................................................................   9

Bauer v. Veneman,
352 F.3d 625, 632 (2d Cir.2003)................................................................   7

Bell Atlantic Corp. V. Twombly,
    127 S.Ct. 1955, 1965 (2007)...............................................................   8, 9

Bolt Elec., Inc. v. City of New York,
    53 F.3d 465, 469 (2d Cir. 1995).........................................................   8

Chambers v. Time Warner, Inc.,
282 F.3d 147, 152-53 (2d Cir.2002)........................................................   9

Clapper V. Amnesty Int'l USA,
    133 S.Ct. 1138, 1147 (2013)...............................................................   8

Daniel v. Am. Bd. Of Emergency Med.,
    428 F.3d 408, 432, (2d Cir. 2005).......................................................   7

H.J. Inc. v. Northwestern Bell Tel.Co.,
    492 U.S. 229, 249-50 (1989)...............................................................   8

Hirsh v. Arthur Andersen & Co.,
    72 F.3d 1085, 1088 (2d Cir. 1995)......................................................   9

Hishon v. King & Spaulding,
    467 U.S. 69, 73 (1984) ......................................................................   8

Kinlaw v. Pataki,
No. 07-CV-574Sr, 2007 U.S. Dist. LEXIS 85555, at *2-4
  (W.D.N.Y. Nov. 15, 2007)...................................................................   6

Kramer v. Time Warner, Inc.,
937 F.2d 767, 773 (2d Cir.1991)...............................................................   9

Mettellus v. Jetblue Airways Corp. et al.,
2010 WL 1267777 (E.D.N.Y. March 30, 2010)........................................   13

Minnette v. Time Warner,
    997 F.2d 1023, 1026 (2d Cir. 1993)).................................................   6

Nat'l Collegiate Athletic Ass'n v. Tarkanian,
488 U.S. 179, 192, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988).....................   13

Pani v. Empire Blue Cross Blue Shield,
152 F.3d 67, 71 (2d Cir. 1998)..................................................................   9

Project Release v. Prevost,
    722 F.2d 960, 974-75 (2d Cir. 1983)..................................................   13

Sclafani v. Spitzer,
    734 F. Supp.2d 288, 297  (E.D.N.Y. 2010)........................................   14

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236, 240 (2d Cir. 2002)......................................................   9

Sybalski v. Independent Group Home Living Program, Inc.,
    546 F.3d 255, 258 (2d Cir. 2008) ......................................................   14

Thomas v. Beth Israel Hosp., Inc.,
710 F.Supp. 935, 940 (S.D.N.Y.1989)....................................................   14

United States v. Waters,
    23 F.3d 29, 36 (2d Cir. 1994)............................................................   13, 15

Vincent v. Yelich,
No. 08-CV-6074L, 2009 U.S. Dist. LEXIS 7961, at *3-4
(W.D.N.Y. Jan. 15,  2009).......................................................................   6

**Statutes, Rules & Regulations**

Rule 12(b)(3), Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure

18 U.S.C. Section 922(g)(4)

28 U.S.C. Section 1391(b)

28 U.S.C.  Section 1406(a)

42 U.S.C. Section 1983

45 CFR Section 160.103

45 CFR Section 164.512

New York Mental Hygiene Law Section 7.09

New York Mental Hygiene Law Section 9.39

New York Mental Hygiene Law Section 9.46

New York Penal Law Section 400.00(1)(j) and Section 400.00(11)(a) & (c)

Fourteenth Amendment to the United States Constitution

Second Amendment to the United States Constitution

## PRELIMINARY STATEMENT

Defendant Eastern Long Island Hospital respectfully submits this memorandum in support of its motion to dismiss.

The action against Eastern Long Island Hospital ("the Hospital") is brought by Donald Montgomery ("Plaintiff Montgomery") concerning his admission to the Hospital on May 23, 2014.  Plaintiff Montgomery was admitted to the Hospital by a private attending physician who was not employed by the Hospital.  Plaintiff Montgomery claims the Hospital wrongfully labeled him as an involuntary admission under New York Mental Hygiene Law Section 9.46 ("MHL 9.46") and transmitted his personal health information to the other party defendants.  Plaintiff Montgomery alleges as a result, and through the alleged subsequent actions of the other party defendants, that he wrongfully lost his pistol permit, his firearms and the right to own, possess and transfer firearms.  Plaintiff Montgomery seeks a declaratory judgment striking down MHL 9.46, a preliminary and then permanent injunction enjoining the Defendants, monetary and punitive damages pursuant to 42 U.S.C. Section 1983 ("Section 1983") as well as attorney's fees and costs.

At the outset of the litigation, the then sole party plaintiff, Plaintiff Montgomery, improperly placed venue of this action in the Western District of New York despite the fact that none of the named party defendants reside and none of the relevant alleged events occurred within the Western District of New York.  As to Plaintiff Montgomery, nothing is alleged to have happened in the Western District.  Thus, pursuant to 28 U.S.C. Section 1391(b), venue is improper and the action must be dismissed or, alternatively, transferred to the Eastern or Northern District of New York.  Although the Complaint has now been amended to add

additional party plaintiffs, venue remains improper.

However, as all Plaintiff Montgomery's claims against the Hospital are unfounded, the action should be dismissed as to the Hospital on the grounds of improper venue, lack of standing and for the failure to state a claim upon which relief can be granted.

As more fully discussed below, all claims asserted against the Hospital fail as a matter of law. Essentially, Plaintiff is challenging the constitutionality of New York Mental Hygiene Law Section 9.46 ("MHL 9.46") (Amended Complt. page 2 and ¶¶ 13, 18). Plaintiff's premise is that the personal health information of patients in general and Plaintiff Montgomery in particular, including mental health diagnoses, are being transmitted by medical professionals to the State defendants pursuant to MHL 9.46. (Id. p. 2 and ¶¶ 179, 180). Importantly, however, the Hospital did not report Plaintiff Montgomery or Plaintiff Montgomery's May 23, 2014 admission to the Office of Mental Health utilizing MHL 9.46 form or the Integrated SAFE Act Reporting System ("ISARS") as alleged. Furthermore, the single requisite form transmitted by the Hospital through the Department of Health portal reporting Plaintiff Montgomery's May 23, 2014 admission did not contain any personal health information or mental health diagnosis. (Declaration of Helene de Reeder ("de Reeder Decl.") Exhibit 1). Accordingly, Plaintiff Montgomery lacks standing to pursue this action.

In addition, the Complaint fails as to the Hospital as it is not a government actor and therefore it cannot be liable under "Section 1983".

-2-

## STATEMENT OF FACTS

### Factual Background

Upon information and belief, Plaintiff Montgomery was living in Suffolk County in May of 2014. Plaintiff Montgomery is a retired law enforcement officer. (Amended Complt. ¶ 155; all citations to paragraph numbers hereafter are to the Amended Complaint). According to the Amended Complaint ("the Complaint"), in May of 2014, Plaintiff Montgomery was having persistent trouble sleeping and experiencing sleep deprivation and on at least three occasions sought medical attention for same. (¶¶ 142-144). Plaintiff Montgomery twice presented to Eastern Long Island Hospital for these complaints. (¶¶ 143-144). Eastern Long Island Hospital is a private Hospital located in Greenport, New York which is located in the County of Suffolk. (¶11).

On May 23, 2014, Plaintiff Montgomery was admitted to the Hospital by a private attending physician pursuant to Section 9.39 of the Mental Hygiene Law as an involuntary emergency admission as per Form OMH 474(2-09) which Plaintiff refers to in paragraph 148 of the Complaint and thereby incorporates. (¶¶ 144, 148). Plaintiff Montgomery received Form OMH 474 SR (2-08) entitled "Notice of Status and Rights / Emergency Admission / (to be given to the patient at the time of admission to the Hospital) / Section 9.39 Mental Hygiene Law." (¶151). (The Amended Complaint at paragraph 151 incorrectly reads Section 9.30, an apparent typographical error.) According to said completed Form contained within the medical records referable to this admission maintained by the Hospital, Plaintiff was given this "Notice of Status of Rights / Emergency Admission" on May 23, 2014. (¶152.) Plaintiffs' Attorney has received Mr. Montgomery's medical records from Eastern Long Island Hospital in response to a request

for same. (¶152.)  Plaintiff Montgomery was discharged from Eastern Long Island Hospital on

May 25, 2014. (¶165.)

Section 7.09 of the Mental Hygiene Law requires the reporting of the names and other

non clinical identifying information of persons who have been involuntarily committed to a

Hospital pursuant to Article 9 of the Mental Hygiene Law. ("de Reeder Decl."); MHL 7.09(j).

Accordingly, the Director of Behavioral Services of the Hospital submitted certain information as

required by Section 7.09 of the Mental Hygiene Law on a NICS Reporting Form through the

New York State Department of Health portal. (de Reeder Decl., Ex. 1).  NICS is the acronym for

the National Instant Criminal Background Check System which responds to queries regarding

attempts to purchase or otherwise take possession of firearms. (de Reeder Decl.).  The NICS

Reporting Form calls for the entry of the patient's name, sex, race, date of birth, valid social

security number, and address. (de Reeder Decl., Ex. 1).  The data entered on the NICS Reporting

Form by the Hospital's Director of Behavioral Services did not include any personal health

information or any mental health diagnosis of Plaintiff Montgomery. (de Reeder Decl.;

de Reeder Decl., Ex. 1).

The Director of Behavioral Services did not submit or transmit any other report

concerning Plaintiff Montgomery's May 23, 2014 admission to any other state department, office

or entity including the New York State Police Department or the Suffolk County Sheriff's

Department. (de Reeder Decl.).  Neither the Director of Behavioral Services nor the Hospital

transmitted any form pursuant to Mental Hygiene Law Section 9.46 through an on-line computer

program referred to in plaintiff's Complaint as the "Integrated SAFE Act Reporting System"

("ISARS"). (de Reeder Decl.).

According to the Complaint, on or about May 30, 2014, the Suffolk County Sheriff's Department ("the Sheriff") arrived at Plaintiff Montgomery's then residence and took possession of his pistol license and his four firearms and provided him with a "General Receipt" and "Inventory" respectively. (¶¶ 171, 172). According to the Complaint, Plaintiff Montgomery was informed that he had been reported for an involuntary psychiatric admission. (¶173). According to the Complaint, on June 2, 2014 the Sheriff notified Plaintiff Montgomery his pistol license was suspended and thereafter, on September 8, 2014 the Sheriff terminated his pistol license. (¶¶ 174, 177).

<u>Plaintiff's Claims</u>

Plaintiff Montgomery contends he did not meet the criteria for emergency mental health admission as articulated on Form OMH 474 (2-09) which Form clearly spells out that the admission is an emergency admission pursuant to Section 9.39 of the Mental Hygiene Law. (¶148). Plaintiff Montgomery alleges that the Hospital wrongfully labeled the admission as an involuntary admission. (¶153). However, as per said Form which Plaintiffs' attorney refers to in paragraph 148 of the Complaint, the private attending physician who signed the form determined that Plaintiff Montgomery met the standard for admission under Section 9.39. Plaintiff Montgomery further alleges that the Hospital transmitted his personal health information to the other Defendants. (¶¶180, 183). Yet, as per the Declaration of Helene de Reeder, no personal health information was transmitted on the NICS Reporting Form and no other report concerning the admission at issue was made to any other state department, office or entity including the other Defendants. (de Reeder Decl.).

The Complaint lists four causes of action. As to the Hospital, all plaintiff's causes of

action are fatally flawed as each one incorrectly contends that the Hospital reported Plaintiff Montgomery and the admission at issue and transmitted personal health information under MHL 9.46 through ISARS.

## ARGUMENT

Your affirmant joins in with, adopts and incorporates herein the facts and circumstances, discussion of controlling authority, and arguments set forth in the Office of the Attorney General's letter dated January 23, 2015 previously submitted by William J. Taylor, Jr., Esq, Assistant Attorney General on behalf of the State Defendants in support of their prior application for a telephone conference concerning this matter wherein the State Defendants stated the intention to move to dismiss this action for improper venue and lack of standing.

## I.    THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE.

Clearly, venue is improper in the Western District of New York. *See* 28 U.S.C. Section 1391(b).  Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. Section 1406(a), the Court must either dismiss this action or, in the alternative, transfer it to the Northern or Eastern District of New York. *See, e.g.*, *Vincent v. Yelich*, No. 08-CV-6074L, 2009 U.S. Dist. LEXIS 7961, at *3-4 (W.D.N.Y. Jan. 15, 2009)(citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

Venue is not proper in this Court because none of the defendants reside and none of the relevant alleged events as to the Hospital occurred in the Western District of New York. *See* 28 U.S.C. Section 1391(b)(1) and (2).  The State Defendants all reside in Albany, in the Northern District of New York.  (¶¶ 6-9, 12) (indicating that each of the State Defendants is located in Albany and is being sued in his or her official capacity); *see e.g., Kinlaw v. Pataki*, No. 07-CV-

574Sr, 2007U.S. Dist. LEXIS 85555, at *2-4 (W.D.N.Y. Nov. 15, 2007).  The remaining

defendants, the Suffolk County Sheriff's Department ("the Sheriff") and the Hospital both reside

in Suffolk County, in the Eastern District of New York.  (¶¶ 10-11).  Furthermore, the alleged

actions challenged by Plaintiff Montgomery all took place outside the Western District.  *See, e.g.,*

*Daniel v. Am. Bd. Of Emergency Med.,* 428 F.3d 408, 432, (2d Cir. 2005)(noting that, in

assessing whether venue is proper pursuant to 28 U.S.C. Section 1391(b)(2), courts must "focus

on relevant activities of the defendant, not of the plaintiff.").  Accordingly, the action should be

dismissed for improper venue pursuant to Rule 12(b)(3), or in the alternative, transferred to the

Northern or Eastern District of New York.  *See* 28 U.S.C. Section 1406(a).  The addition of new

party plaintiffs does not change the foregoing analysis.  Venue in the Western District cannot be

premised upon the ground that the new party plaintiffs' claims arose in the Western District when

their claims are asserted against the initial State Defendants who are residents of the Northern

District for purposes of venue.

## II.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING.

To establish standing, "a plaintiff must allege, and ultimately prove, that he has suffered

an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is

likely to be redressed by the requested relief." (*Baur v. Veneman*, 352 F.3d 625, 632 (2d

Cir.2003)).

Clearly, Plaintiff Montgomery lacks standing to pursue this action and Plaintiff

Montgomery's action against the Hospital must be dismissed for lack of standing.  While

Plaintiff Montgomery's pleadings and motion papers allege he has been made subject to or had a

report submitted as to him pursuant to MHL 9.46, that is not the case.  (de Reeder Decl. and de

Reeder Decl., Ex. 1).  In addition, Plaintiff Montgomery's own exhibits submitted with the

Motion for a Preliminary Injunction dated January 15, 2015 demonstrate Plaintiff Montgomery

was admitted to the Hospital by a private attending physician pursuant to Section 9.39 of the

Mental Hygiene Law as an involuntary emergency admission.  (Declaration of Attorney to

Plaintiffs, dated January 15, 2015 ("Capanna Decl.") Exhibit 20).  The Hospital reported him as

having been involuntarily admitted for mental health treatment as required by Section 7.09 of the

Mental Hygiene Law.  (de Reeder Decl., Ex. 1).  Accordingly, as Plaintiff Montgomery was not

admitted under MHL 9.46 and was not reported under MHL 9.46 in connection with the May 23,

2014 admission to the Hospital, Plaintiff Montgomery was not subject to MHL 9.46.  Therefore,

Plaintiff Montgomery has no standing here to challenge the constitutionality of that statutory

provision as it did not impact him and, under the allegations in the Complaint, will likely not

impact him in the future.  *See, e.g., Clapper V. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013).

## III.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.   Standard of review.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should

be granted for failure to state a claim if "it is clear that no relief could be granted under any set of

facts that could be proved consistent with the allegations." *H.J. Inc. v. Northwestern Bell

Tel.Co.*, 492 U.S. 229, 249-50 (1989), *quoting, Hishon v. King & Spaulding*, 467 U.S. 69, 73

(1984).  The district court should grant a motion to dismiss, after viewing the plaintiff's

allegations in a favorable light, if "it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Bolt Elec., Inc. v. City of New*

*York*, 53 F.3d 465, 469 (2d Cir. 1995). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1965 (2007). In general, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002); *Hirsh v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995).

A Complaint must contain factual matter sufficient "to 'state a claim for relief that is plausible on its face,'" and "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see Fed. R. Civ. P. 12(b)(6). Under *Ashcroft v. Iqbal*, the Court is not required to accept as true allegations that are nothing more than legal conclusions. The Court then, assuming all well-pleaded allegations to be true, must determine if they "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requires more than a sheer possibility that defendant's conduct was unlawful and is not satisfied when a plaintiff simply pleads facts that are "merely consistent" with a defendant's liability. Id. At 1949.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint or documents incorporated in the Complaint by reference or on which the Complaint heavily relies (*See, Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir.2002) (citations omitted); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). However, it is respectfully submitted it does not permit an action that otherwise would not survive a Rule

12(b)(6) motion to pass through to discovery.

### B. The Complaint fails to allege any basis for suing Defendant Eastern Long Island Hospital.

The claims against the Hospital should be dismissed because Plaintiff Montgomery fails to allege any cognizable basis for suing it. Plaintiff Montgomery has set forth no facts which establish any wrongful conduct on the part of the Hospital. The balance of the other party plaintiffs allege no involvement with the Eastern Long Island Hospital.

Plaintiffs' counsel concedes in her letter dated February 20, 2015 at page 2 that the Hospital's alleged role is "smaller" than that of the State. The Hospital contends it played no role in any wrongdoing alleged and submits its involvement is limited to submitting the NICS Reporting Form. Plaintiff Montgomery presented to the Hospital on the advice of his private treating mental healthcare provider, Karen Malcomson, Psychiatric Nurse Practitioner. ("Capanna Decl.") Exhibit 21). A private attending physician, a non employee of the hospital, determined that he was in need of involuntary emergency admission under MHL 9.39. (¶148). A physician discharged him approximately 48 hours following admission. ("Capanna Decl.") Exhibit 21). As Plaintiff Montgomery was involuntarily admitted to the Hospital by a private attending physician for mental health treatment, the Hospital's Director of Behavioral Services submitted a NICS Reporting Form as required by Section 7.09 of the Mental Hygiene Law. ("de Reeder Decl.").

The wrongful conduct alleged on behalf of the Hospital underlying the Plaintiffs' four causes of action did not occur: the Hospital did not report Plaintiff Montgomery or Plaintiff Montgomery's May 23, 2014 admission to the State through ISARS; the Hospital did not report

the admission as an admission under MHL 9.46; the Hospital did not transmit any personal

health information of Plaintiff Montgomery to the State Defendants; and the Hospital did not file

a MHL 9.46 form pertaining to Plaintiff Montgomery. (de Reeder Decl.).

It is respectfully submitted that the Hospital's conduct, (and the only Hospital act at

issue here), the submission of a NICS Reporting Form (de Reeder Decl), was not unlawful and

does not constitute a violation of the right to privacy or a violation of the equal protection clause

or a violation of the due process clause, including the alleged violation of the civil liberties, or a

violation of the Plaintiff's rights under the Second Amendment to the United States Constitution.

Eastern Long Island Hospital is not a government actor. Therefore, the Hospital cannot

be liable under 42 U.S.C. Section 1983. Plaintiff acknowledges in the Complaint that the

Hospital is private hospital. (¶ 11).

### C.   Plaintiff Montgomery's substantive counts fail to state a claim for relief.

#### 1.   The Violation of the Right to Privacy Claim Should Be Dismissed.

As established by the Declaration of Helene de Reeder, neither Plaintiff Montgomery nor

the May 23, 2014 admission was reported by the Hospital to the State Defendants as per the

reporting provision of MHL 9.46 or to the State Defendants at all as Plaintiff Montgomery

alleges at paragraph 318. (de Reeder Decl.).   In addition, no personal health information was

transmitted by the Hospital to the State Defendants. Id.

Plaintiff contends at paragraph 317 that the alleged right to privacy of personal health

information includes "individually identifiable health information" as understood under 45 CFR

160.103.  Individually identifiable health information is defined by 45 CFR 160.103 as:

information that is a subset of health information, including demographic information

-11-

collected from an individual and:
(1) is created or received by a health care provider, health plan, employer or health care clearinghouse: and
(2) relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and
(i) that identifies the individual; or
(ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

However, "if a state law mandates a disclosure, the [HIPAA] Privacy Rule permits the disclosure under its 'required by law' exception, which generally allows a covered entity to disclose protected health information without authorization where disclosure is compelled by another law (45 CFR 164.512(a))." *Arons v. Jutkowitz, et al.*, 9 N.Y.3d 393, 880 N.E.2d 831, 850 N.Y.S.2d 345, 356 (2007). Accordingly, the submission of the NICS Reporting Form pursuant to MHL 7.09 constitutes a permissible disclosure under the following standards: "Disclosures for law enforcement purposes;" and "Uses and disclosures to avert a serious threat to health or safety." 45 CFR 164.512(f) and (j) respectively. Therefore, the Hospital did not violate Plaintiff Montgomery's right to privacy and the claim should be dismissed.

### 2.    The Violation of the Equal Protection Clause Claim Should Be Dismissed.

Again, as established by the Declaration of Helene de Reeder, the Hospital did not use MHL 9.46 form and/or ISARS to report Plaintiff Montgomery or his May 23, 2014 admission as alleged at ¶ 326. (de Reeder Decl.). On the other hand, the admission was properly identified as as an involuntary emergency admission pursuant to Section 9.39 of the Mental Hygiene Law as determined by a private attending physician who signed Form OMH 474(2-09) which Plaintiff refers to and incorporates at paragraph 148 of the Complaint. In addition, as to whether the

-12-

admission at issue constitutes an involuntary commitment to a mental institution, under *United States v. Waters*, 23 F.3d 29, 36 (2d Cir. 1994), "the involuntary admission procedures of the New York Mental Hygiene Law constitute a 'commitment' within the meaning of 18 U.S.C. Section 922(g)(4)".

### a.   Eastern Long Island Hospital is a private actor.

Eastern Long Island Hospital is a private hospital as Plaintiffs concede in the Complaint. (¶11).  Plaintiff Montgomery alleges he is entitled to equal protection of the laws under the Fourteenth Amendment.  (¶ 324).  This claim fails as to the Hospital "because no Fourteenth Amendment claim may be brought against a private actor." *Metellus v. Jetblue Airways Corp., et al.*, 2010 WL 1267777 (E.D.N.Y. March 30, 2010).  "The Fourteenth Amendment does not protect against private conduct....".  Id. (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 192, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988).

### 3.   The Violation of the Due Process Clauses Claim Should Be Dismissed.

Plaintiff Montgomery was not reported through the process of which he complains, namely ISARS.  (de Reeder Decl.)  The Hospital did not transmit any of Plaintiff Montgomery's personal health information to the State Defendants pursuant to MHL 9.46.  Id.  The plaintiff was admitted to the Hospital by a private attending physician under MHL 9.39.  (¶148.)  The Court of Appeals for the Second Circuit has held that MHL 9.39 meets both substantive and procedural due process requirements.  *See Project Release v. Prevost*, 722 F.2d 960, 974-75 (2d Cir. 1983).  As there is no basis for the claim that Plaintiff Montgomery's constitutional due process rights have been violated, the claim should be dismissed.  Likewise, Plaintiff Montgomery's request for monetary damages, including punitive damages, under 42 U.S.C. Section 1983 should be denied.

-13-

a.    **Eastern Long Island Hospital is not a state actor and was not acting under color of state law.**

Plaintiffs fail to state a Section 1983 claim against the Hospital as the Hospital is not a state actor.  For Plaintiffs to bring a claim under Section 1983, it is required that the claim be brought against state actors. *Sybalski v. Independent Group Home Living Program, Inc.*, 546 F.3d 255, 258 (2d Cir. 2008).  As noted above, Plaintiffs admit in the Complaint that the Hospital is a private hospital and, importantly, Plaintiffs do not allege that the Hospital is a state actor. (¶11).  "A plaintiff may only recover under Section 1983 for injury caused by a state actor or a private party acting under color of state law." *Sclafani v. Spitzer*, 734 F. Supp.2d 288, 297 (E.D.N.Y. 2010).  Here, Plaintiffs do not allege or establish that the Hospital acted under color of state law.  Moreover, it has been held "as a general rule, private hospitals do not act under color of state law for Section 1983 purposes." *Thomas v. Beth Israel Hosp., Inc.*, 710 F.Supp. 935, 940 (S.D.N.Y.1989).

4.    **The Violation of the Right to Keep and Bear Arms Claim Should Be Dismissed.**

At paragraph 346 of the Complaint, Plaintiff Montgomery alleges that as a direct result of the MHL 9.46 form allegegdly filed by Eastern Long Island Hospital and through the subsequent actions of the "Defendants," Plaintiff Montgomery wrongfully lost his pistol permit, his firearms, and his rights to own, possess and transfer firearms.  Said claim does not lie as against the Hospital for a number of reasons.  First, the Hospital did not file MHL 9.46 form as alleged.  (de Reeder Decl.).  Second, the Hospital was required by New York State law to file a NICS Reporting Form.  MHL 7.09(j).  Third, the Hospital did not revoke Plaintiff's pistol permit and had no role in the determination that it be revoked. (¶177).

-14-

Finally, with regard to whether the pistol permit was wrongfully terminated, as initially pointed out in Mr. Taylor's January 23, 2015 letter, under federal and state law, one "who has been adjudicated as a mental defective or who has been committed to a mental institution" is prohibited from possessing a firearm, rifle, or shotgun. 18 U.S.C. Section 922(g)(4); N.Y. Penal Law Section 400.00(1)(j), *id.* Section 400.00(11)(a) & ( c)   N.Y. Mental Hyg. Law Section 7.09(j)(1)(ii). The Second Circuit has held that "the involuntary admission procedures of the New York Mental Hygiene Law constitute a 'commitment' within the meaning of 18 U.S.C. Section 922(g)(4)") *See United States v. Waters*, 23 F.3d 29, 36 (2d Cir. 1994). Accordingly, under *United States v. Waters*, Plaintiff Montgomery's MHL 9.39 involuntary emergency admission constitutes a "commitment" within the meaning of 18 U.S.C. Section 922(g)(4). See ¶132. Therefore, it is respectfully submitted that plaintiff's Second Amendment rights to keep and bear arms have not been violated.

## CONCLUSION

For all the foregoing reasons, the Hospital respectfully requests that its motion be granted in its entirety and that this Court issue an Order dismissing the plaintiff's Amended Complaint against it with prejudice.

Dated: Hauppauge, New York
      February 27, 2015

                              FUMUSO, KELLY, DeVERNA, SNYDER,
                              SWART & FARRELL, LLP
                              By: /s/ Catherine Ann Brennan
                                  CATHERINE ANN BRENNAN
                              Attorneys for Defendant
                              EASTERN LONG ISLAND HOSPITAL
                              110 Marcus Boulevard
                              Hauppauge, NY 11788
                              (631) 232-0200 / cbrennan@fkdssf-law.com

To:

Paloma A. Capanna, Esq.
633 Lake Road
Webster, New York 14580
(585) 377-7260
paloma@law-policy.com
*Attorney for Plaintiff*
**(Via E.C.F.)**

William J. Taylor, Jr., Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8426
william.taylor@ag.ny.gov
*Attorney for State Defendants*
**(Via E.C.F.)**

Monica Connell, Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8965
Monica.Connell@ag.ny.gov
*Attorney for State Defendants*
**(Via E.C.F.)**

Rudolph Baptiste, Esq.
Assistant Suffolk County Attorney
General Litigation Bureau
Suffolk County Department of Law
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
(631) 853-4062
rudolph.baptiste@suffolkcountyny.gov
*Attorney for Defendant Vincent F. De Marco, Suffolk County Sheriff's Department*
**(Via E.C.F.)**