UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



DONALD MONTGOMERY, ANDREW CARTER,
LOIS REID, KARL BECHLER, and "M.M.," as
individuals, and on behalf of all other persons similarly
situated,

                       Plaintiffs,

  - against -

ANDREW M. CUOMO, Governor of the State of New
York; ANN MARIE T. SULLIVAN, Commissioner of
the New York State Office of Mental Health;
MICHAEL C. GREEN, Executive Deputy
Commissioner of the New York State Division of
Criminal Justice Services; JOSEPH A. D'AMICO,
Superintendent of the New York State Police;
VINCENT F. DEMARCO, Suffolk County Sheriff's
Department; and EASTERN LONG ISLAND
HOSPITAL,

                       Defendants.

14-cv-06709-CJS

## MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTION SEEKING LEAVE TO FILE UNDER SEAL ON A TEMPORARY BASIS

State Defendants seek leave to file their motion to dismiss under seal, on a temporary basis, pending resolution of any motion to redact or seal brought by Plaintiffs. Certain documents attached to the motion contain information relating to the existence or absence of reports pertaining to Plaintiffs under the Mental Hygiene Law and relating to certain Plaintiffs' interactions with law enforcement.[1]  Plaintiffs have placed these matters squarely in issue in this

---

[1] Because State Defendants' motion to dismiss is brought in part under FRCP 12(b)(1), the Court may consider evidence outside the pleadings. *See, e.g., Wojtczak v. Safeco Prop. & Cas. Ins. Cos.*, 669 F. Supp. 2d 305, 311 (2009). The documents attached to the motion are all properly considered as part of the State Defendants' assertion that Plaintiffs here lack standing sufficient to invoke the jurisdiction of the Court. *See, e.g., Capellupo v. Webster Cent. Sch. Dist.*, 2014 U.S. Dist. LEXIS 170912, at *8-9 (W.D.N.Y. Dec. 9, 2014) (dismissing case on standing grounds, under Rule 12(b)(1), where "specific information" submitted by defendants

litigation and as a matter of law are deemed to have waived objection to their publication. Nevertheless, given the sensitive nature of this information,[2] and in the interest of avoiding unnecessary motion practice or complaints from Plaintiffs after the information has already been made public, State Defendants submit out of an abundance of caution that Plaintiffs be allowed an opportunity to review these materials and, if so inclined, to seek redaction or a longer seal of those documents, by agreement of the parties or by application to the Court. It is the State Defendants' position, however, that this seal should only be temporary, and that—if Plaintiffs so move—they cannot meet their burden to warrant the permanent sealing of these materials.

## BACKGROUND

Plaintiffs challenge the constitutionality of Mental Hygiene Law ("MHL") § 9.46. MHL § 9.46 requires certain mental health care professionals to submit a report to a designated county official when, in the exercise of their reasonable professional judgment, an individual for whom they are providing mental health treatment is "likely to engage in conduct that would result in serious harm to self or others." Upon receiving a § 9.46 report, the county official must review the matter to determine whether a report should issue. If the official agrees, then a report containing *only* the "name[] and other non-clinical identifying information" of such individual is electronically conveyed to the State Division of Criminal Justice Services ("DCJS"). MHL §

---

contradicted conclusory, unsupported allegations in complaint and demonstrated that plaintiff lacked standing to bring alleged claims).

[2] For example, although most of the records merely demonstrate that Plaintiffs were not subject to the statute that they challenge, some of the records reveal potentially sensitive information, such as that, for example, on the day one Plaintiff's firearms license was suspended and his guns surrendered, he was in fact suicidal and that a family member called 911 because Plaintiff "has a gun to his head" and "is trying to commit suicide as we speak." *See* Defendants Motion to Dismiss Papers, Declaration of William J. Taylor, Jr. at Ex 29.

9.46(b). By statute, the report contains no clinical information. *Id.* This information is gathered and conveyed for the purposes of making gun license and possession-related decisions. *Id.*

MHL § 9.46 – which is the only statute challenged by Plaintiffs here – is just one of a number of state and federal statutes that limit the possession of guns by the mentally ill. In particular, under federal and state law, those who have been involuntarily committed for mental illness, absent their receipt of a certificate of relief from disabilities, have long been disqualified from gun possession. *See* 18 U.S.C. § 922(g)(4); *see also* N.Y. Penal Law §§ 400.00, 265.01(6) and 265.00(16). Under these and other gun regulations not challenged by Plaintiffs, mental health records, and in particular records of involuntary commitments, are relevant to and are considered in making determinations as to whether an individual is lawfully able to purchase or possess a gun or to obtain or maintain a gun license.

Here, Plaintiffs allege that they were not in fact involuntarily committed and instead complain of and seek to enjoin MHL § 9.46. In asserting their claims, Plaintiffs allege facts that directly place in issue whether they were, in fact, subject to MHL § 9.46 reports or were, instead, subject to other laws that they do not challenge. For that reason, attached to the accompanying motion are (1) printouts from the Division of Criminal Justice Services ("DCJS") relating to whether Plaintiffs were subject to MHL § 9.46 reports (No clinical or confidential information is conveyed in these records other than the presence or absence of such a report); (2) printouts from DCJS relating to whether Plaintiffs were in fact reported to the State Office of Mental Health as having been involuntarily committed (Again, no clinical or confidential information is conveyed in these records other than the presence or absence of such a report); and (3) law enforcement and 911 records relating to the circumstances of the incidents under which certain Plaintiffs allege that MHL §9.46 led to the surrender of their firearms.

3

State Defendants now move for leave to file their motion to dismiss under seal on a temporary basis. As set forth below, to the extent that Plaintiffs could claim any confidentiality or privilege in any of these documents, the same has been waived. Nevertheless, State Defendants request a temporary sealing to allow Plaintiffs to be heard and for resolution of the confidentiality concerns pending the public release of the information.[3]

## ARGUMENT

It is well-established in the Second Circuit that plaintiffs cannot use the confidentiality of records as both a sword and shield. *See Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008). That is, "a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to *support its claim or defense* and then shield the underlying communications from scrutiny by the opposing party." *Id.* Here, in bringing this action, Plaintiffs have affirmatively placed aspects of their mental health histories at issue. *See, e.g.,* Am. Compl. ¶¶ 156-159, 165-68, 174-76, 202-221, 224-227, 240-255, 272-285.

In their Amended Complaint, Plaintiffs set forth allegations regarding the circumstances under which their firearms licenses were suspended or revoked, and their firearms surrendered or seized, and claim that these actions were the result of reports wrongfully issued pursuant to MHL § 9.46. These factual allegations serve as the foundation for their constitutional challenge to MHL § 9.46. And because Plaintiffs' claims rely extensively on their mental health histories, the

---

[3] While unusual, this proposed procedure is not unique. For example, in *United States v. Tonawanda Coke Corp.*, 10-cr-219S, 2014 U.S. Dist. LEXIS 126046, 4-5 (W.D.N.Y. Sept. 8, 2014) (Skretny, J.), the Court granted the defendant's "request to keep all submissions ... under seal pending the outcome of the appeal" in order to "permit [d]efendant to petition for specific exhibits or parts thereof to remain sealed". *See also United States v. Martoma*, 2014 U.S. App. LEXIS 601 (2d Cir. Jan. 8, 2014)(directing clerk to publicly file documents which had been "filed under seal pending panel consideration."); *DISH Network, L.L.C. v. ABC, Inc. (In re AutoHop Litig.),* 2013 U.S. Dist. LEXIS 143492 (S.D.N.Y. Sept. 18, 2013) (directing that Opinion and Order be filed under seal pending the court's "consideration of any redaction requests and further order of the Court.").

underlying presence or absence of mental health reports are essential to the State Defendants' defense. Indeed, Plaintiffs' standing—and the Court's jurisdiction over this action—hinge on whether Plaintiffs were subject to MHL § 9.46 reports, or were in fact, subject to other laws relating to mental health and firearms which they do not challenge here.

Although the documents attached to the motion to dismiss contain information that may be deemed of a private nature, Plaintiffs have waived any claims of confidentiality by placing those records squarely at issue here. *See Sims*, 534 F.3d at 132. Thus, any objection over the State Defendants' use of those records in augmenting their defense is simply without merit. *Id.*

Moreover, to claim that the pertinent records should be permanently shielded from public scrutiny would find little support in law or reason. *See, e.g., id.*; *In re Grand Jury Proceedings John Doe Co. v. United States*, 350 F.3d 299, 302 ("It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted.") (citations omitted); *Feder v. Sposato*, No. 11-CV-193 (JFB) (WDW), 2014 U.S. Dist. LEXIS 63233, at *6-8 (E.D.N.Y. May 7, 2014) (defendants attaching the plaintiff's medical record as an exhibit was appropriate because the plaintiff "waive[d] his right to privacy in any relevant medical records" when he put his "mental condition into issue in the litigation") (internal quotation marks and citation omitted).

There is a presumption that "[c]ourt documents are accessible to the public and that a substantial showing is necessary to restrict access." *Ghadersohi v. Health Research, Inc.*, 2014 U.S. Dist. LEXIS 52684, 1-2 (W.D.N.Y. Apr. 16, 2014). It is unlikely that Plaintiffs can overcome this presumption. As noted above, Plaintiffs have seen fit to place their mental health on the public record. *See* Am. Compl. ¶¶ ¶¶ 156-159, 165-68, 174-76, 202-221, 224-227, 240-

255, 272-285. Moreover, not only are the allegations in the Amended Complaint concerning the mental health histories of the Plaintiffs largely misleading, they also mislead the public about the application of MHL § 9.46 in general. If the Court were to place the State Defendants' motion to dismiss under permanent seal, it would essentially allow Plaintiffs to cherry-pick the allegations to share with the public (which support their position and allege wrongdoing by parties and non-parties), while excluding from public scrutiny the underlying records that demonstrate the fallaciousness of those allegations. It would also shield from public view the grounds upon which State Defendants show that these Plaintiffs clearly lack standing to sue here. Plaintiffs should not be permitted to invoke the jurisdiction of this Court and bring claims relying upon misleading accounts of their mental health reports and then assert that the actual content of those records should never be available for public inspection. *See Feder*, 2014 U.S. Dist. LEXIS 63233, at *6-8.

These records contain information of a private – though not privileged –nature. It is for this reason that the State Defendants request that, prior to the filing of State Defendants' motion to dismiss on the Court's electronic filing system, which will make these documents readily publicly available, Plaintiffs be afforded the opportunity to move for redaction or permanent sealing of those portions of the documents that they deem appropriate.

This Court has previously recognized the "difficult showing" required to overcome the presumption of "public access to judicial documents [that] is firmly rooted in our nation's history," *Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 216-17 (W.D.N.Y. 2013), and the State Defendants submit Plaintiffs cannot meet that burden here. Nevertheless, given the facts of this case, and in an effort to avoid motion practice regarding publication of information in a case in which Plaintiffs make privacy-based claims, they should be permitted an opportunity to do so.

## CONCLUSION

Based on the foregoing, State Defendants respectfully request that the Court enter an order:

(1) permitting State Defendants to submit their Motion to Dismiss Papers under seal temporarily in order to permit Plaintiffs the opportunity to review the Motion to Dismiss Papers and to make application for redaction or a longer seal they deem appropriate;

(2) directing that in the absence of any objection to the public filing of the motion to dismiss, the Motion to Dismiss Papers be filed on the public record and be made publicly accessible on the Court's Case Management/Electronic Case Filing (CM/ECF) System;

(3) further directing that in the event that Plaintiffs ask the Court to redact or seal the motion or portions of the motion, State Defendants be permitted to respond to such request and that all papers submitted in regard to State Defendants' motion to dismiss be held under seal pending further order of the Court on Plaintiffs' request for redaction or further sealing; and

(4) granting such other and further relief as the Court deems just, proper and appropriate.

Dated: New York, New York
February 26, 2015

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for State Defendants*
By:

*s/ Monica Connell*
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8965
Monica.Connell@ag.ny.gov