UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____X

DONALD MONTGOMERY, ANDREW CARTER,           14-CV-6709 (CJS)
LOIS REID, KARL BELCHER, and "M.M.,"
as individuals and on behalf of all other persons
similarly situated,

                Plaintiffs,

     -against-

ANDREW M. CUOMO, Governor of the State of New York,
ANN MARIE T. SULLIVAN, Commissioner of the New
York State Office of Mental Health, MICHAEL C. GREEN,
Executive Deputy Commissioner of the New York State
Division of Criminal Justice Services, JOSEPH D'AMICO,
Superintendent of the New York State Police, VINCENT
F. DEMARCO, Suffolk County Sheriff's Department; and
EASTERN LONG ISLAND HOSPITAL,

                Defendants.
_____X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE & FAILURE TO STATE A CLAIM & IN OPPOSITION TO CROSS-MOTION FOR LEAVE TO REPLEAD OR AMEND THE COMPLAINT**

                                    DENNIS M. BROWN
                                    Suffolk County Attorney
                                    Attorney for Defendant
                                    Suffolk County Sheriff
                                    Hon. Vincent F. DeMarco
                                    Office & P.O. Address
                                    H. Lee Dennison Building
                                    100 Veterans Memorial Highway
                                    P.O. Box 6100
                                    Hauppauge, New York 11788-0099
                                    Telephone: (631) 853-4062

                      By:    RUDOLPH M. BAPTISTE
                              Assistant County Attorney

# **TABLE OF CONTENTS**

                    **Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

POINT I
    PLAINTIFF CONCEDES HIS DENIAL OF DUE PROCESS
    CLAIMS AS TO THE SUFFOLK COUNTY SHERIFF . . . . . . . . . . . . . . . . .  1

POINT II
    PLAINTIFF FAIL TO PLAUSIBLY PLEAD ANY VIOLATION
    OF PRIVACY BY THE SHERIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

POINT III
    THE COMPLAINT'S DEFICIENCIES CANNOT BE CURED
    WITH REPLEADING AS THAT WOULD PROVE FUTILE . . . . . . . . . . . .  6

POINT IV
    VENUE FOR MONTGOMERY'S COMPLAINT BELONGS
    IN THE EASTERN DISTRICT OF NEW YORK . . . . . . . . . . . . . . . . . . . . . .  7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

# TABLE OF AUTHORITIES

## Cases

Amazon.com, LLC v. New York State Dep't of Taxation & Fin.,
   134 S. Ct. 682 (2013) .................................................................................................... 2

Burbar v. Inc. Vil. of Garden City,
   --- F.Supp.2d ---, 2013 WL 4427810 (E.D.N.Y. Aug. 19, 2013) .............................. 6

Corr. Officers Benev. Ass'n of Rockland Cnty. v. Kralik,
   No. 04 CIV. 2199 PGG, 2011 WL 1236135 (S.D.N.Y. Mar. 30, 2011) ................... 3

Cuoco v. Moritsugu,
   222 F.3d 99 (2d Cir. 2000) ............................................................................................ 7

Dougherty v. North Hempstead Bd. of Zoning Appeals,
   282 F.3d 83 (2d Cir. 2002) ............................................................................................ 7

Hayden v. Cnty. of Nassau,
   180 F.3d 42 (2d Cir. 1999) ............................................................................................ 7

Lucente v. Int'l Bus. Machines, Corp.,
   310 F.3d 243 (2d Cir. 2002) .......................................................................................... 7

Overstock.com, Inc. v. New York State Dep't of Taxation & Fin.,
   20 N.Y.3d 586, 987 N.E.2d 621; .................................................................................. 2

Ruffolo v. Oppenheimer & Co.,
   987 F.2d 129 (2d Cir. 1993) .......................................................................................... 7

Shah v. Helen Hayes Hosp.,
   252 F. App'x 364 (2d Cir. 2007) .................................................................................. 6

Swierkiewicz v. Sorema,
   534 U.S. 506 (2002) ...................................................................................................... 5

Willner ex rel. Willner v. Doar, 12-CV-1955 (RRM,
   (RER), 2013 WL 4010205 (E.D.N.Y. Aug. 5, 2013) .................................................. 6

Wright v. Ernst & Young LLP,
   152 F.3d 169 (2d Cir. 1998)                          6

## Statutes

18 U.S.C. § 944(g)(4) ............................................................................................................ 2

28 U.S.C. § 1404(a) ............................................................................................................. 1
42 U.S.C. § 1983 ................................................................................................................ 2

Mental Hygiene Law §§ 9.39, 9.41 or 9.46 ....................................................................... 3

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(2) & 12(b)(6) .................................................................................... 1

Fed. R. Civ. P. 15 (a) .......................................................................................................... 7

Fed. R. Civ. P. 8 ................................................................................................................. 5

## PRELIMINARY STATEMENT

Defendant the Hon. Vincent F. DeMarco, Suffolk County Sheriff ("DeMarco" or "defendant" or "Sheriff") respectfully submits this memorandum of law in further support of his motion to dismiss the Complaint for failure to state a claim, improper venue and to transfer venue in the interests of justice under Fed. R. Civ. P. 12(b)(2), 12(b)(6) and 28 U.S.C. § 1404(a). Defendant also submits this memorandum in opposition to plaintiff's cross-motion seeking leave of this Court to replead and further amend the Complaint.

## STATEMENT OF FACTS

For the sake of brevity, conservation of resources and promotion of judicial economy, the defendants respectfully refers the Court to, and herein incorporates by reference, the factual statement in his motion papers in chief for the purposes of this memorandum.

## POINT I

### PLAINTIFF CONCEDES HIS DENIAL OF DUE PROCESS CLAIMS AS TO THE SUFFOLK COUNTY SHERIFF

In opposition to defendant's motion to dismiss, Montgomery essentially argues that mental health mandatory notifications prepared, determined, made, recorded and transmitted by mental health providers to the State defendants under either Mental Hyg. L. §§ 9.39, 9.41 or 9.46 regarding involuntary admission/commission lack any pre- or post-deprivation process and interfere with plaintiff's exercise of his Second Amendment rights; rights deemed fundamental under the Constitution and case law

Based on Montgomery's opposition to defendant's motion, plaintiff expressly concedes and in ways agrees with defendant's interpretation of the SAFE Act. More specifically, plaintiff seems to agree that under the SAFE Act in his own words, the local pistol licensing authority loses discretion and is directed to suspend or revoke the license when a notification is made,

1

transmitted and/or received that the license holder has been determined under 18 U.S.C. § 922(g)(4) to be a mental defective or has been involuntarily committed, especially where no authority on what measures would satisfy the State defendants exist. *See* Pl. Opp. at 29. Further, plaintiff also appears to agree with defendant that once the mental health determination is made and reported to the Sate defendants categorizing the license holder under the SAFE Act as disqualified to possess firearms under federal law, that the local authority lacks the power to remedy the triggering event resulting in the suspension or revocation of the pistol license. Given this revelation, this Court should find that plaintiff concedes defendant's main argument in support of dismissal as a matter of law as regards Sheriff DeMarco.

Under the Second Circuit's instruction in *Vives*, as licensing authority, the Sheriff's ordinary discretion residing in state penal law is thoroughly circumscribed. The Sheriff, a state constitutional officer, is bound to comply with and faithfully enforce state statutes like the SAFE Act, especially where they enjoy a strong presumption of validity and constitutionality. *See Overstock.com, Inc. v. New York State Dep't of Taxation & Fin.*, 20 N.Y.3d 586, 593, 987 N.E.2d 621, 624; *cert. denied*, 134 S. Ct. 682, 187 L. Ed. 2d 549 (2013) and *cert. denied sub nom. Amazon.com, LLC v. New York State Dep't of Taxation & Fin.*, 134 S. Ct. 682 (2013) ("Legislative enactments enjoy a strong presumption of constitutionality ... [and] parties challenging a duly enacted statute face the initial burden of demonstrating the statute's invalidity 'beyond a reasonable doubt'"). Defendant's lack of discretion precludes plaintiff's suit under 42 U.S.C. § 1983 for municipal liability against the Sheriff as a policymaker when he is only carrying out state statutory policy and not creating any independent policy on his own.

The Southern District reconciled this issue, relying upon *Vives*, in an action brought by a correction officers union arguing that a mandatory same-sex inmate monitoring policy in a

municipal jail imposed by the State Commission of Correction was violative of individual officer's Fourteenth Amendment rights. Finding no *Monell* liability, the court, relied upon *Vives* and found that mandatory nature of the policy leaving no discretion or conscious choice precluded *Monell* recovery stating:

> '[t]he word "policy" [—as used in *Monell*—] generally implies a course of action consciously chosen from among various alternatives.' … where a state law mandates enforcement by local authorities, "a municipality's decision to honor this obligation is not a conscious *choice*. As a result, the municipality cannot be liable under *Monell* ...." … On the other hand, if a municipality decides to enforce a statute that it is authorized, but not required, to enforce, it may have created a municipal policy. *Corr. Officers Benev. Ass'n of Rockland Cnty. v. Kralik*, No. 04 CIV. 2199 PGG, 2011 WL 1236135, at *8 (S.D.N.Y. Mar. 30, 2011)

Accordingly, the Sheriff's only conscious choice was between two options dictated to him by the SAFE Act: suspend or revoke Montgomery's pistol license. Plaintiff's reliance on histrionics, what-if scenarios, and self-serving conclusions does not change this and only serves to cloud or evade this central issue.

Plaintiff further points out to the Court that, in harmony with defendant's arguments on the futility of providing Montgomery due process at the local level, as of now no procedures are in place, regulations promulgated or guidance issued by the State to local licensing authorities authorizing them to correct, modify, remove or expunge the State's determinations under Mental Hygiene Law §§ 9.39, 9.41 or 9.46. Montgomery criticizes defendant for emphasizing this to the Court, while at the same time, bemoaning the fact that his pending CPLR Article 78 proceeding, the state law authorized post-deprivation remedy, is likely futile given the SAFE Act's lack of preapproved process, guidance or authority on addressing erroneous involuntary admission designations and that the local licensing authority plainly lacks jurisdiction. Moreover, plaintiff has not provided the Court with any evidence supporting his wild accusation that the defendant would likely not comply with the result of the state law proceeding. Plaintiff's line of reasoning

is misguided, since just as Sheriff DeMarco is bound to abide the SAFE Act's lawful directions on suspension/revocation at the outset, should a court of competent jurisdiction invalidate the statute as unconstitutional or State Supreme Court determine that failure to provide a hearing was arbitrary and capricious and further direct him to provide Montgomery with a hearing, in either scenario defendant was and will be bound to follow lawful court orders.

Notably, plaintiff utterly fails to rebut the inference raised by defendant that his failure to abide the state Penal Law (Pen. L. § 400 [9]) and the Suffolk County Sheriff's Office Pistol License Bureau' rules regarding relocation and change of address. Plain review of state law on this issue instructs that while a pistol license issued anywhere within New York State is valid within all of the state (given certain exceptions in places such as the City of New York), the license holder must provide notice of a change of address by license amendment within 10 days to the local licensing authority and advise the same of the destination where the license and file will be transferred. Montgomery did not do this and that resulted in the cancellation of his license. This had nothing to do with the SAFE Act and defendant's actions were completely warranted and required by state law, absent any explanation or justification on plaintiff's part.

Plaintiff's invitation for the defendant to join him as a co-plaintiff is respectfully declined. Similarly, plaintiff's argument requiring defendant to engage the State defendants in litigation challenging the validity of a presumptively valid state statute should fall on deaf ears. For primarily the reasons plaintiff argues that requiring him to bring a medical malpractice action against his medical provider for the alleged erroneous involuntary commission reporting under the SAFE Act to the State defendants, defendant believes that plaintiff's approach is similarly irrational and unwieldy where defendant as a state constitutional officer is bound to faithfully follow and execute valid state statutes.

# POINT II

## PLAINTIFF FAIL TO PLAUSIBLY PLEAD ANY VIOLATION OF PRIVACY BY THE SHERIFF

Despite lacking any clear articulation in the original or amended Complaint, for the first time raised in the opposition to the motions to dismiss, plaintiff now argues that the Sheriff's mere receipt of the notice of involuntary admission under Men. Hyg. L. § 9.46, which plaintiff stylizes is "protected health information" suffices to state a claim for violation of plaintiff's right to privacy and hold defendant liable for the same. Pl. Opp. at 34. Montgomery wholeheartedly ignores in his allegations that the State defendants violations of HIPAA do not amount to federal constitutional deprivations or that the Sheriff does not create, prepare, determine or report the mental health involuntary commission notices that plaintiff targets here. Moreover, plaintiff also glosses over the fact that the Sheriff has nothing to do with the State's hierarchy or regime of collecting, reporting or transmitting involuntary admission data or reports, other than being a recipient pursuant to state law. Thus, defendant argues that plaintiff does not plausibly plead a claim for defendant's violation of plaintiff's rights to privacy in his mental health treatment information.

Since plaintiff has not plead this claim, nor sought to formally amend the Complaint to include them, he has violated the already lenient notice pleading standards articulated in Fed. R. Civ. P. 8. *See generally Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). Accordingly, defendants submit that these claims should be ignored.

Where plaintiff asserts new contentions for the first time in opposition to a motion to dismiss this court has previously stated "[p]laintiff may not amend his complaint through motion papers and the Court will not consider … newly raised claim[s]." *Burbar v. Inc. Vil. of Garden City*, 2:13-CV-01350 (ADS)(ETB), --- F.Supp.2d ---, 2013 WL 4427810, * 5 (E.D.N.Y. Aug. 19,

2013); *Willner ex rel. Willner v. Doar,* 12–CV–1955 (RRM)(RER), 2013 WL 4010205, at *5 (E.D.N.Y. Aug. 5, 2013); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)(rejecting a new claim raised for the first time in plaintiff's opposition to a motion to dismiss); *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007).

Defendant respectfully requests that the Court give no effect to or even consider plaintiff's unplead claim as not properly plead in the instant Complaint. Should plaintiff seek to pursue these claims, defendant submits that those claims should be advanced in an Amended Complaint at which time defendant shall have sufficient notice to properly defend and brief that issue. In the alternative, should the Court wish to countenance this argument and to the extent that a response from defendants is required, plaintiff has not plausibly plead these claims or theories for recovery.

## POINT III

### THE COMPLAINT'S DEFICIENCIES CANNOT BE CURED WITH REPLEADING AS THAT WOULD PROVE FUTILE

In an effort to avoid dismissal of his cause, Montgomery without filing an appropriate or formal motion has sought leave again to amend his pleadings and has filed a proposed Second Amended Complaint, review of which does not reveal substantive or material changes in the allegations plaintiffs levels at the Sheriff from the First Amended Complaint. Defendants submits that leave to replead and amend should be denied here particularly considering that Montgomery is the only plaintiff with standing to sue the Suffolk Sheriff and no new allegations, averments or claims have been proposed in the amended filing.

To the extent the defendant has argued that the Complaint fails to state a plausible claim for relief, defendant also emphasizes that in the unlikely event that the Court were to grant plaintiff leave to amend or replead certain causes of action to cure deficiencies to avoid dismissal

on motion, such relief would be unwarranted particularly where as a matter of law plaintiffs adduce no facts to state a plausible claim for relief.

While Fed. R. Civ. P. 15 (a) instructs the district courts to freely grant leave to litigants' requests for leave to amend pleadings within their discretion "when justice so requires," the Second Circuit has cautioned that denial of such leave is not abuse of discretion where "it appears that granting leave to amend is unlikely to be productive." *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). An appropriate and wholly legitimate basis for denying leave to amend pleadings includes circumstances where the proposed amendment appears to be futile. *See Lucente v. Int'l Bus. Machines, Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *cf. Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("the problem with pro se plaintiff's causes of action is substantive; better pleading will not cure it … [r]epleading would thus be futile…"). The Circuit has found that this standard is met where the proposed amended claim cannot withstand a motion to dismiss. *See Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999)(where plaintiff cannot demonstrate he can amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied.")

## POINT IV

### VENUE FOR MONTGOMERY'S COMPLAINT BELONGS IN THE EASTERN DISTRICT OF NEW YORK

In response to the Long Island defendants motions to dismiss for improper venue or to transfer venue in the interest of justice in the alternative, plaintiff makes no persuasive response. He cites no case law supporting his proposition that as between Montgomery and the Suffolk Sheriff, venue should remain in this Court within the county of his residence, rather than the Eastern District of New York where his cause of action accrued and the Long Island defendants

reside, routinely transact business and where the evidence supporting the parties' claims and defenses is located.

It is true that following the status conference held by the Court with all parties present, in an effort to anticipate defendants motions to transfer or dismiss, plaintiff amended the Complaint to include claims by other plaintiffs residing within the Western District for claims that accrued there against the State defendants. Notably, none of those plaintiffs have raised claims against local licensing authorities. Only Montgomery has deemed it necessary to include a local licensing authority in his crusade against the SAFE Act and the State defendants.

Based on the motion papers before the Court, nothing between Montgomery and DeMarco has changed other than plaintiff's residence since the accrual of his claim. It is true that plaintiff and his attorney reside in Monroe County, but that fact has no bearing on the locus of the accrual of plaintiff's claim in Suffolk County and plaintiff does not even attempt to argue otherwise.

The criteria Montgomery focuses on supporting his arguments for venue remaining before this Court is that the State defendants maintain a physical presence in-district with a local office in Rochester. Should this factor be given weight, it does not apply to the Long Island defendants. As plaintiff acknowledges, Suffolk County resides and transacts business at 100 Veterans Memorial Highway in Hauppauge, New York. Sheriff DeMarco resides and transacts business at 100 Center Drive in Riverhead, New York. Plaintiff also tries to waive away the likelihood of inconvenience for defendant's witnesses by counsel stating she believes accommodations can be worked out during discovery.

Lastly, in a last ditch effort, plaintiff's counsel curiously states that should Montgomery discontinue his action for whatever reason, the remaining four plaintiffs all reside within the

Western District and their claims accrued there, thus preserving the current venue. If counsel is foreshadowing future strategy, defendants submit this only strengthens its argument that the claims against DeMarco have no business in the Western District. Should Montgomery decide to discontinue his claims at any time, whether before or after the resolution of his state Article 78 proceeding that can just as easily occur in the Eastern District. If plaintiff is hinting to the court that as far as the plaintiffs are concerned en masse, Montgomery's claims are weakest, judicial economy and the preservation of resources require dismissal of this claim then to no longer weigh down this Court's calendar.

## **CONCLUSION**

For all of the reasons stated above, defendants respectfully request that this Court grant its motion in its entirety and dismiss the plaintiffs' Complaint as to the defendant the Hon. Vincent F. DeMarco, Suffolk County Sheriff, or in the alternative transfer venue in the interests of justice to the Eastern District of New York.

Dated: Hauppauge, New York
March 30, 2015

Respectfully submitted,

DENNIS M. BROWN
Suffolk County Attorney
Attorney for Suffolk County Sheriff
HON. VINCENT F. DeMARCO
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-4049

By: *Rudolph M. Baptiste*
Rudolph M. Baptiste,
Assistant County Attorney

9