UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DONALD MONTGOMERY,
ANDREW CARTER, LOIS REID,
KARL BECHLER, and "M.M.,"
as individuals, and on
behalf of all other persons
similarly situated,

                 Plaintiffs,

vs.

ANDREW M. CUOMO, Governor of the State
of New York; ANN MARIE T. SULLIVAN,
Commissioner of the New York State Office
of Mental Health; MICHAEL C. GREEN,
Executive Deputy Commissioner of the
New York State Division of Criminal Justice Services;
JOSEPH A. D'AMICO, Superintendent of the
New York State Police; VINCENT F. DEMARCO,
Suffolk County Sheriff's Department; and
EASTERN LONG ISLAND HOSPITAL,

                 Defendants.
-----------------------------------------------------------------X

Civil No.:
14-cv-06709-CJS

Hon. Charles J. Siragusa

# DEFENDANT EASTERN LONG ISLAND HOSPITAL'S
# REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

| | | |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 2 |
| I. | PLAINTIFF MONTGOMERY FAILS TO STATE A VIOLATION OF THE RIGHT TO PRIVACY CLAIM AGAINST THE HOSPITAL. | 2 |
| II. | PLAINTIFF MONTGOMERY FAILS TO STATE AN EQUAL PROTECTION CLAUSE VIOLATION CLAIM AGAINST THE HOSPITAL. | 3 |
| III. | PLAINTIFF MONTGOMERY FAILS TO STATE DUE PROCESS CLAIMS AGAINST THE HOSPITAL. | 6 |
| IV. | PLAINTIFF MONTGOMERY FAILS TO STATE A CLAIM THAT THE HOSPITAL VIOLATED HIS SECOND AMENDMENT RIGHTS. | 7 |
| V. | PLAINTIFF MONTGOMERY HAS NO STANDING TO CHALLENGE THE CONSTITUTIONALITY OF MHL 9.46. | 7 |
| VI. | THE COMPLAINT AGAINST THE HOSPITAL SHOULD BE DISMISSED FOR IMPROPER VENUE. | 8 |
| CONCLUSION | | 9 |

# PRELIMINARY STATEMENT

Defendant Eastern Long Island Hospital respectfully submits this Memorandum of Law in further support of its motion to dismiss Plaintiffs' Amended Complaint ("Complaint") replying to the opposition papers submitted by Plaintiffs.

Plaintiffs contend the Complaint sufficiently pleads claims for privacy rights violations, equal protection clause violations, due process violations, and Second Amendment rights violations. Yet, the only party plaintiff asserting claims against the Defendant Hospital is Plaintiff Montgomery for these claims arising from the Hospital's alleged use of ISARS to transmit a MHL 9.46 form. The Hospital has convincingly refuted that allegation by the Declaration of Helene de Reeder which establishes that the Hospital did not transmit a MHL 9.46 form through the on-line computer program ISARS. (de Reeder Decl.). Accordingly, Plaintiff Montgomery lacks standing to pursue this action against the Hospital.

The Hospital filed a NICS Reporting Form as mandated by MHL 7.09(j). Id. However, said filing does not constitute any wrongful conduct and this private Hospital's act of submitting the NICS Reporting Form did not violate the equal protection clause, due process or Plaintiff Montgomery's right to privacy where it was required by NYS MHL 7.09(j) which Plaintiff does not challenge. Moreover, the HIPAA Privacy Rule expressly permits disclosure of protected health information to the extent that such disclosure is required by law. 45 CFR 164.512(a); Notice of Proposed Rulemaking (79 FR 784-01).

As to the Hospital, nothing alleged by Plaintiff Montgomery is alleged to have happened in the Western District and the Hospital does not reside there. In addition, neither the Sheriff nor the State Defendants reside there. Accordingly, venue in the Western District is improper

-1-

and thus, Plaintiff Montgomery's claims should be dismissed, or if permitted to proceed, transferred to the Eastern District.

For the reasons stated in the Motion to Dismiss and those outlined herein, the Hospital's motion to dismiss should be granted.

## ARGUMENT

I. <u>PLAINTIFF MONTGOMERY FAILS TO STATE A VIOLATION OF THE RIGHT TO PRIVACY CLAIM AGAINST THE HOSPITAL.</u>

The submission of the NICS Reporting Form through the New York State Department of Health portal was permitted under the HIPAA Privacy Rule. The Privacy Rule permits a covered entity to disclose information to NICS to the extent the State has enacted a law requiring such reporting. 79 Fed. Reg. 784, 787 ( January 7, 2014)(citing 45 CFR 164.512(a)). Here the State has enacted MHL 7.09 requiring reporting. MHL 7.09(j). The overview of the proposed rule of the DHHS which Plaintiffs' counsel cites at page 36 of the memorandum of law specifically states the Privacy Rule's current permissions for uses and disclosure required by other law, including State law, would remain unchanged. Id. at 792 (citing 45 CFR 164.512(a)). Furthermore, it is stated where a HIPAA covered entity...is required by law to disclose to NICS, such disclosure would continue to be permitted under the Privacy Rule. Id. at 790, FN21. Moreover, covered entities to be subject to the proposed rule will include those that are otherwise designated by a State to report the identities of individuals to NICS. Id. at 794. Thus, the Notice of Proposed Rulemaking cited by Plaintiffs' counsel clarifies the complained of disclosure was a permissible disclosure under subsection (a) of 45 CFR 164.512. Accordingly, the submission of the NICS Reporting Form pursuant to MHL 7.09 constitutes a permissible disclosure under the

uses and disclosures required by law standard of 45 CFR 164.512(a). Therefore, the Hospital did not violate Plaintiff Montgomery's right to privacy and the claim should be dismissed.

II. PLAINTIFF MONTGOMERY FAILS TO STATE AN EQUAL PROTECTION CLAUSE VIOLATION CLAIM AGAINST THE HOSPITAL.

Plaintiff Montgomery does not dispute at all the fact that Defendant Eastern Long Island Hospital is a private actor. Plaintiff Montgomery contends that he is entitled to equal protection of the laws under the Fourteenth Amendment. Yet, Plaintiff Montgomery does not attempt to distinguish or even address the case law cited by the Hospital which holds that "... no Fourteenth Amendment claim may be brought against a private actor." *Metellus v. Jetblue Airways Corp., et al.*, 2010 WL 1267777 (E.D.N.Y. March 30, 2010) and "The Fourteenth Amendment does not protect against private conduct....". Id. (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 192, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988). Accordingly, an equal protection clause violation claim cannot lie against the Hospital.

Plaintiffs contend they were not "involuntarily committed" and this is a "wrongful classification." Plaintiffs' counsel submits the collective Plaintiffs "got stuck under the collective "Defendants'" use of numeric labels of "9.41" and "9.46". (p. 6) Importantly, this should not be read to include Plaintiff Montgomery and the Hospital. The Hospital did not report Plaintiff Montgomery's admission as a 9.41 admission or a 9.46 admission. (de Reeder Decl.; de Reeder Decl., Ex. 1).

Rather, Plaintiff Montgomery was admitted to the Hospital by a private attending physician pursuant to Section 9.39 of the Mental Hygiene Law as an involuntary emergency admission as per Form OMH 474(2-09) which Plaintiff refers to in paragraph 148 of the

-3-

Complaint and thereby incorporates. (¶ 148). Significantly, Plaintiffs' counsel does not dispute that said Form OMH 474(2-09) is entitled "Emergency Admission Section 9.39 Mental Hygiene Law." It begs the question why Plaintiffs' counsel did not submit it as an exhibit when it definitively shows that this was not a 9.46 admission. The Hospital did not submit it as an exhibit to avoid an allegation of a HIPAA Privacy Rule violation despite the fact that Plaintiff Montgomery has placed his mental condition in issue. In addition, Plaintiffs' own Exhibit 20, which does include a completed Notice of Status of Rights Emergency Admission citing Section 9.39 of the Mental Hygiene Law signed by the non hospital employee admitting physician, clearly establishes and identifies Plaintiff Montgomery's admission as a 9.39 admission.

As for the claim that Plaintiff Montgomery was "wrongfully classified" as "involuntarily committed," it has been held that MHL 9.39 provides for emergency involuntary admissions. *Matter of Rueda v. Charmaine D.*, 76 A.D.3 443, 444 (1st Dept. 2010). Moreover, the Second Circuit has held "the involuntary admission procedures of the New York Mental Hygiene Law constitute a 'commitment' within the meaning of 18 U.S.C. Section 922(g)(4)". *United States v. Waters*, 23 F.3d 29, 36 (2d Cir. 1994). Plaintiffs do not refute this particular Second Circuit holding in opposition to the motion to dismiss. Thus, under *Waters*, Plaintiff Montgomery's 9.39 admission constitutes an involuntary commitment.

While Plaintiffs may allege unidentified and unnamed medical providers are acting in concert with and/or as agents of the State, these allegations still fail to state a cognizable claim under the equal protection clause against the private Defendant Hospital. It is well settled that the "...state-action requirement of the Fourteenth Amendment...excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Matwijko v. Board of Trustees of*

*Global Concepts Charter School*, 2006 SL 2466868 (W.D.N.Y.)(quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) As for Plaintiffs' citation to *Willowbrook v. Olech*, while maintaining the Hospital is not an agent of the State, but a private actor, the Hospital did not utilize 9.46 Form or ISARS with respect to Plaintiff Montgomery's admission as per the Declaration of Helene de Reeder and thus, cannot be said to have "improperly executed" the terms of MHL 9.46.

According to Plaintiffs' counsel, "the State takes the position it will not evaluate a hospital report under '9.41.'" Again, the Hospital did not report Plaintiff Montgomery's admission as a "9.41" admission. (de Reeder Decl.; de Reeder Decl., Ex. 1). The Hospital is at a disadvantage not having had the opportunity to review the State's motion to dismiss papers as all the papers, not just the exhibits, are currently subject to temporary seal. According to Plaintiffs' counsel, "OMH will not dispute the hospital's determination as to the legal status of that admission." To the contrary, in the instant case, the Hospital did not determine the legal status of Plaintiff Montgomery's admission, the State Legislature did. *See Matter of Rueda*, 76 A.D.3d 443, 447 (holding section 9.39 provides for emergency involuntary admissions)("Simply put, when the statutory scheme of article 9 is read as a whole, it is clear the Legislature has already adequately addressed the patient's due process and liberty interests"). In addition, it was a non hospital employee physician who determined Plaintiff Montgomery met the criteria for 9.39 admission, not the Hospital. (¶ 148).

III. PLAINTIFF MONTGOMERY FAILS TO STATE DUE PROCESS CLAIMS AGAINST THE HOSPITAL.

Plaintiffs rely on *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the test of a due process clause claim and sets forth the elements: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 335.

As to the Hospital, the analysis does not get past the first element of the necessary "official action." The Hospital took no "official" action. Plaintiffs do not dispute that the Hospital is not a state actor and, in fact, concede the Hospital is a private entity. (¶11). Plaintiffs do not distinguish or address *Thomas v. Beth Israel Hosp., Inc.*, 710 F.Supp. 935, 940 (S.D.N.Y.1989) cited by the Hospital for the general rule that " private hospitals do not act under color of state law for Section 1983 purposes." The only Hospital act at issue here is the submission of a NICS Reporting Form. In *Thomas*, the Court held "[t]he fact that Beth Israel was complying with the New York State Child Protective Services Act...by reporting suspected child abuse does not mean it acted under color of state law." Id. at 940. Likewise, here the Hospital complied with the Mental Hygiene Law by reporting Plaintiff Montgomery's admission to the Hospital. Under *Thomas*, the reporting does not constitute an action under color of state law and thus, cannot be said to constitute official action. See also, *Storck v. Suffolk County Dept. Of Social Services*, 62 F.Supp.2d 927, 942 (E.D.N.Y. 1999) (holding " the mere fact that the

defendant doctors reported their suspicions of child abuse pursuant to a state statute does not render the defendant doctors at Schneiders [Childrens Hospital] state actors.")

IV. PLAINTIFF MONTGOMERY FAILS TO STATE A CLAIM THAT THE HOSPITAL VIOLATED HIS SECOND AMENDMENT RIGHTS.

The statement on NICS form cannot be imputed to Hospital as evidence of intent on the part of the Hospital to disqualify Plaintiff Montgomery from possessing a firearm pursuant to 18 USC 922(4)(d). The reporting of the admission was required by state law and the act of submitting the NICS form was purely ministerial. The NICS form itself appears to be a New York State Department of Health document. (de Reeder Decl., Ex. 1). Moreover, the hospital did not make the decision that Plaintiff Montgomery's firearms be confiscated and his pistol license revoked and the hospital neither confiscated the firearms nor revoked the pistol license. Accordingly, it is respectfully submitted under no construction of the facts as set forth by Plaintiff Montgomery can it be claimed that the Hospital deprived him of his second amendment rights.

V. PLAINTIFF MONTGOMERY HAS NO STANDING TO CHALLENGE THE CONSTITUTIONALITY OF MHL 9.46.

Plaintiff Montgomery was admitted under MHL 9.39 by a non employee private attending physician to Eastern Long Island Hospital (after he was advised to go to the Hospital by his private treating nurse practitioner) as established by Plaintiffs' own Exhibit 20 and paragraph 148 of the Complaint which both document that Plaintiff Montgomery's admission was under MHL 9.39 and not under MHL 9.46. Thus, as Plaintiff Montgomery was not admitted under MHL 9.46 and the admission was not reported by the Hospital via ISARS as a 9.46 admission (de Reeder Decl.), he lacks standing to challenge the constitutionality of MHL 9.46. The remaining

plaintiffs assert no allegations against the Hospital. Accordingly, the Complaint should be dismissed as to the Hospital for lack of standing.

Perhaps in an attempt at brevity, Plaintiffs' counsel mis-characterizes the Hospital's position and its submission. The Hospital maintains there is no wrongful conduct on its part. The Hospital has submitted together with the moving papers one Declaration attached to which was one exhibit, namely the NICS Reporting Form. The Hospital did not submit any other "screen shots" in connection with the moving papers. A private attending physician determined Plaintiff Montgomery was in need of admission under MHL 9.39. (Declaration of Attorney to Plaintiffs, dated January 15, 2015 ("Capanna Decl.") Exhibit 20). The State Legislature has deemed that a 9.39 admission is an involuntary admission. *Matter of Rueda, supra.* The State Legislature has mandated that involuntary admissions be reported to NICS. MHL 7.09(j). The United States Department of Health and Human Services has stated "where a HIPAA covered entity...is required by law to disclose to NICS, such disclosure would continue to be permitted under the Privacy Rule." 79 Fed. Reg. 784, 787 ( January 7, 2014)(citing 45 CFR 164.512(a)); Id. at 790, 792, 794.

## VI. THE COMPLAINT AGAINST THE HOSPITAL SHOULD BE DISMISSED FOR IMPROPER VENUE.

Plaintiffs bear the burden of demonstrating venue is proper in the Western District. *Fedele v. Harris*, 18 F.Supp.3d 309, 316 (E.D.N.Y. 2014); *French Tr. V. Modern Coupon Sys.*, 858 F.Supp.3d 309 (S.D.N.Y. 1994); *Solow Bldg. Co., LLC v ATC Associates, Inc.*, 175 F. Supp.2d 465, 469 (E.D.N.Y. 2001). Plaintiffs have absolutely failed to meet this burden with respect to the claims Plaintiff Montgomery alleges against the Hospital and the Sheriff. Plaintiffs

main contention in this regard is that all of the Plaintiffs and their Counsel are in the Western District. Under 28 U.S.C. Section 1391, where Plaintiffs and their counsel may reside does not fix venue. Rather, proper venue turns on where defendants reside or a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C.A. 1391(b)(1) & (2). "For venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (*quoting Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992). The Hospital maintains that none of the material events alleged as to the Hospital occurred in the Western District. Thus, under 28 U.S.C. 1391, *Gulf Ins. Co.* and *Bates v. C & S Adjusters, Inc.*, venue is not proper in the Western District for Plaintiff Montgomery's action against the Hospital.

## CONCLUSION

For the reasons stated above and in the Motion to Dismiss, Defendant Hospital respectfully requests that the motion be granted in its entirety and the Court issue an Order dismissing the Plaintiffs' Amended Complaint as against it with prejudice.

Dated: Hauppauge, New York
       March 30, 2015

                         FUMUSO, KELLY, DeVERNA, SNYDER,
                         SWART & FARRELL, LLP
                         By: /s/ Catherine Ann Brennan
                             CATHERINE ANN BRENNAN
                         Attorneys for Defendant
                         EASTERN LONG ISLAND HOSPITAL
                         110 Marcus Boulevard
                         Hauppauge, NY 11788
                         (631) 232-0200
                         cbrennan@fkdssf-law.com

To:

Paloma A. Capanna, Esq.
633 Lake Road
Webster, New York 14580
(585) 377-7260
paloma@law-policy.com
*Attorney for Plaintiff*
**(Via E.C.F.)**

William J. Taylor, Jr., Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8426
william.taylor@ag.ny.gov
*Attorney for State Defendants*
**(Via E.C.F.)**

Monica Connell, Esq.
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8965
Monica.Connell@ag.ny.gov
*Attorney for State Defendants*
**(Via E.C.F.)**

Rudolph Baptiste, Esq.
Assistant Suffolk County Attorney
General Litigation Bureau
Suffolk County Department of Law
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
(631) 853-4062
rudolph.baptiste@suffolkcountyny.gov
*Attorney for Defendant Vincent F. De Marco, Suffolk County Sheriff's Department*
**(Via E.C.F.)**