UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD MONTGOMERY, ANDREW CARTER,
LOIS REID, KARL BECHLER, and "M.M.," as
individuals, and on behalf of all other persons similarly
situated,

Plaintiffs,

- against -

14-cv-06709-CJS

ANDREW M. CUOMO, Governor of the State of New
York; ANN MARIE T. SULLIVAN, Commissioner of
the New York State Office of Mental Health;
MICHAEL C. GREEN, Executive Deputy
Commissioner of the New York State Division of
Criminal Justice Services; JOSEPH A. D'AMICO,
Superintendent of the New York State Police;
VINCENT F. DEMARCO, Suffolk County Sheriff's
Department; and EASTERN LONG ISLAND
HOSPITAL,

Defendants.

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
STATE DEFENDANTS' MOTION TO FILE UNDER SEAL TEMPORARILY
AND IN OPPOSTION TO PLAINTIFFS' CROSS-MOTION FOR VARIOUS RELIEF.**

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for State Defendants*
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8426
monica.connell@ag.ny.gov

MONICA CONNELL
WILLIAM J. TAYLOR, JR.
ANTHONY J. TOMARI
Assistant Attorneys General
    *Of Counsel*

# TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND .........................................................................................................................2

ARGUMENT ...............................................................................................................................4

POINT I      IF PLAINTIFFS DO CROSS-MOVE FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT – WHICH THEY HAVE
NOT YET DONE – STATE DEFENDANTS INTEND, AND SHOULD
BE PERMITED THE OPPORTUNITY, TO OPPOSE SUCH
APPLICATION AS FUTILE .........................................................................4

POINT II     LITIGATION DOCUMENTS ARE PRESUMPTIVELY PUBLIC
AND PLAINTIFFS HAVE NOT MET THEIR BURDEN TO
DEMONSTRATE THAT THEY ARE ENTITLED TO A PERMANENT
SEAL OF CERTAIN DOCUMENTS ...........................................................8

POINT III    PLAINTIFFS' REQUEST FOR REDACTION SHOULD BE PARTIALLY
DENIED .......................................................................................................11

POINT IV    PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED ..................12

POINT V     PLAINTIFFS' MOTION TO "CONSOLIDATE" CERTAIN DEFENSE
EXHIBITS IN A MANNER PLAINTIFFS' COUNSEL DEEMS
PREFERABLE SHOULD BE DENIED .......................................................14

POINT VI    PLAINTIFFS' REQUEST THAT PLAINTIFF MONTGOMERY'S
PRELIMINARY INJUNCTION APPLICATION BE CONSIDERED
SHOULD BE DENIED ................................................................................15

CONCLUSION.........................................................................................................................17

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

*Ass'n of Home Appliance Manufacturers* v. *City of New York*,
    36 F. Supp. 3d 366 (S.D.N.Y. 2014)........................................................................13

*Carter* v. *City of New York*,
    621 F.3d 221 (2d Cir. 2010)..............................................................................10

*Coleman* v. *Squilliante*,
    No. 06 Civ. 13518 (JSR) (FM), 2008 U.S. Dist. LEXIS 67985
    (S.D.N.Y. Sept. 9, 2008), *adopted by* 2008 U.S. Dist. LEXIS 77327
    (S.D.N.Y. Oct. 2, 2008) ....................................................................................10

*Cooper v. City of New Rochelle*,
    925 F. Supp. 2d 588 (S.D.N.Y. 2013)...............................................................10

*Feder* v. *Sposato*,
    No. 11-CV-193 (JFB) (WDW), 2014 U.S. Dist. LEXIS 63233 (E.D.N.Y. May 7, 2014)....3, 9

*Garber* v. *Legg Mason Inc.*,
    347 F. App'x. 665 (2d Cir. 2009) .....................................................................14

*Ghadersohi* v. *Health Research, Inc.*,
    No. 10-CV-144S(Sc), 2014 U.S. Dist. LEXIS 52684 (W.D.N.Y. Apr. 16, 2014) ...................8

*Grullon* v. *City of New Haven*,
    720 F.3d 133 (2d Cir. 2013)................................................................................5

HB v. *Monroe Woodbury Cent. Sch. Dist.*,
    No. 11-CV-5881 (CS), 2012 U.S. Dist. LEXIS 141252 (S.D.N.Y. Sept. 27, 2012) ...............13

*In re Grand Jury Proceedings John Doe Co.* v. *United States*,
    350 F.3d 299 (2d Cir. 2003)................................................................................3

*In re SAIC Inc. Deriv. Litig.*,
    948 F. Supp. 2d 366 (S.D.N.Y. 2013), *aff'd sub nom. Welch* v. *Havenstein*,
    553 F. App'x 54 (2d Cir. 2014) ..........................................................................6

*Kronisch* v. *Gottlieb*,
    No. 99-6152, 2000 U.S. App. LEXIS 8847 (2d Cir. May 2, 2000) (summary order).............13

*Lopez Torres* v. *N.Y. State Bd. of Elections*,
    462 F.3d 161 (2d Cir. 2006), *rev'd on other grounds*, 552 U.S. 196 (2008)........................16

*Lugosch* v. *Pyramid Co. of Onondaga*,
    435 F.3d 110 (2d Cir. 2006)............................................................................9

*Marcel Fashions Grp., Inc.* v. *Lucky Brand Dunagrees, Inc.*,
    --- F.3d ----, 2015 U.S. App. LEXIS 2794 (2d Cir. Feb. 25, 2015)..........................5

*McKinnon v. Fred*,
    2007 U.S. Dist. LEXIS 59900 (D. Conn. Aug. 16, 2007) ........................................9

*Nicholas* v. *City of Binghamton*,
    No. 10-CV-1565, 2012 U.S. Dist. LEXIS 111736 (N.D.N.Y Aug. 7, 2012) .........................10

*Parsons* v. *Honeywell, Inc.*,
    929 F.2d 901 (2d Cir. 1991)............................................................................10

*Rivera-Powell* v. *N.Y.C. Bd. of Elections*,
    06 Civ. 6843, 2006 U.S. Dist. LEXIS 72712 (S.D.N.Y. Oct. 4, 2006),
    *aff'd*, 470 F.3d 458 (2d Cir. 2006) .........................................................16

*Rosado* v. *Herard*,
    No. 12 Civ. 8943 (PGG) (FM), 2014 U.S. Dist. LEXIS 40172 (S.D.N.Y. Mar. 25, 2014) ......9

*Sims* v. *Blot,*
    534 F.3d 117 (2d Cir. 2008)............................................................................3, 9

*United States* v. *Amodeo,*
    44 F.3d 141 (2d Cir. 1995)............................................................................8

*United States* v. *Erie Cnty.*,
    763 F.3d 235 (2d Cir. 2014)............................................................................8, 9

*Whitaker* v. *Sec'y*,
    No. 09-MC-6003-CJS, 2009 U.S. Dist. LEXIS 43320 (W.D.N.Y. May 20, 2009) .................3

*Williams* v. *City of New York*,
    No. 10-CV-2676 (JG) (LB), 2012 U.S. Dist. LEXIS 19207 (E.D.N.Y. Feb. 15, 2012).........10

**Federal Constitution**

First Amendment ................................................................................................8, 9

## Statutes, Rules and Regulations

18 U.S.C. § 922(g)(4) .................................................................................................7

Brady Handgun Violence Prevention Act,
    Pub. L. No. 103-159, § 103(b), 107 Stat. 1536 (1993) ..........................................7

Mental Hygiene Law ("MHL")
    § 7.09(j).................................................................................................................7
    § 9.46...............................................................................................................2, 7

NICS Improvement Amendments Act,
    Pub. L. No. 110-180, § 105(a)(2), 121 Stat. 2559 (2008)......................................7

*Federal Rules of Civil Procedure*
    Rule 12(b)(1)....................................................................................................3, 12
    Rule 15(a)(2).........................................................................................................5

*Federal Rules of Evidence*
    Rule 201..............................................................................................................13
    Rule 803(6)..........................................................................................................10
    Rule 803(8)..........................................................................................................10
    Rule 803(16)........................................................................................................13

*Local Rules of Civil Procedure*
    Rule 5.3(a).............................................................................................................8

27 C.F.R. 478.11 ........................................................................................................7

14 N.Y.C.R.R. §§ 543.1-543.6 ...................................................................................7

Defendants Andrew M. Cuomo, Governor of the State of New York; Ann Marie T.

Sullivan, Commissioner of the New York State Office of Mental Health; Michael C. Green,

Executive Deputy Commissioner of the New York State Division of Criminal Justice Services;

and Joseph A. D'Amico, Superintendent of the New York State Police (collectively, the "State

Defendants") submit this reply memorandum of law in further support of their motion to file

under seal temporarily and in opposition to Plaintiffs' cross-motion for various forms of relief,

dated March 13, 2015.

## PRELIMINARY STATEMENT

As is relevant to the State Defendants, at the same time they filed their opposition to the

defendants' motions to dismiss, Plaintiffs cross-moved, *inter alia*, for an Order: (1) for leave, in

the event that the Court dismisses the Amended Complaint, to serve a Second Amended

Complaint[1]; (2) directing that several of the State Defendants' exhibits be filed under seal

permanently; (2) directing that several of the State Defendants' exhibits be further redacted;

(3) striking several of the State Defendants' exhibits; (4) "consolidating" certain defense

exhibits in a manner Plaintiffs' counsel deems preferable; and (5) "granting the Plaintiffs leave

that the pending Motion for Preliminary Injunction should be determined in the context of the

full record of this case, without need for amendment to or reservice of the Motion and that said

Motion shall be scheduled forthwith." (*See* Plaintiffs' Response to Defendants Motions, dated

March 13, 2015 (ECF Docket No. 28) ("Pls.' Cross-Motion"), at ¶¶ 1-4, 6.) As set forth below,

---

[1] As set forth in more detail in Point I, *infra*, in a letter to the Court dated March 16, 2015, Plaintiffs clarified that they were not now seeking leave to amend their pleading. However, because Plaintiffs did circulate a proposed Second Amended Complaint and implied in their letter to the Court that defendants need not be afforded an opportunity to oppose amendment when Plaintiffs decide to seek it, State Defendants wanted to address this point. To be clear, in the event Plaintiffs actually do, in the future, move for leave to amend, State Defendants intend to oppose that motion, at a minimum, on futility grounds and would submit full opposition papers to any such motion by Plaintiffs at that time.

other than with regard to some of their requested redactions, it is respectfully submitted that

Plaintiffs' cross-motion is without merit and should be denied.

Further, because, with some limited exceptions, Plaintiffs have failed to properly oppose

public filing of Defendants' motion papers, in accordance with Paragraphs 2 and 3 of the Court's

March 1, 2015 Order (ECF Docket No. 27), the State Defendants request that their papers in

support of their motion to dismiss the Amended Complaint or, alternatively, to transfer venue,

which were initially filed under temporary seal on February 27, 2015, be filed on the public

record and be made publicly accessible on the Court's Case Management/Electronic Case Filing

(CM/ECF) system.[2]

## BACKGROUND

Plaintiffs brought this action to challenge the constitutionality of Mental Hygiene Law

("MHL") § 9.46, which requires certain mental health care professionals to submit a report to a

designated county official when, in the exercise of their reasonable professional judgment, an

individual for whom they are providing mental health treatment is "likely to engage in conduct

that would result in serious harm to self or others." If the designated county mental health

official agrees with the assessment, an MHL §9.46 report, containing only "non-clinical

identifying information," is transmitted electronically via a secure and unique database to the

State Division of Criminal Justice Services ("DCJS"). If it is found that the subject of the report

has a New York State firearms license, the local licensing officer is contacted and the license

must be suspended or revoked, pending further proceedings to reinstate it and/or have the

suspension or revocation otherwise modified or lifted. (*See* Declaration of Donna Marie Call,

dated February 25, 2015 ("Call Decl.") ¶¶ 4, 10-17; Declaration of John B. Allen, Jr. dated

---

[2] If the Court so permits, the State Defendants shall file these motion papers (with the further
redactions indicated herein) as soon as possible.

February 25, 2015 ("Allen Decl.") ¶¶ 14-17.)  Through their constitutional challenge, and in their Amended Complaint, Plaintiffs thus placed aspects of their mental health, as well as how they came to have their firearms licenses suspended, at issue in this case.

State Defendants moved to dismiss or, alternatively, to transfer venue. Among the grounds asserted for dismissal was Plaintiffs' lack of standing.  Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, State Defendants were permitted to submit evidence outside the pleadings in support of their standing argument, and did so.  *See, e.g.*, *Whitaker* v. *Sec'y*, No. 09-MC-6003-CJS, 2009 U.S. Dist. LEXIS 43320, at *3-4 (W.D.N.Y. May 20, 2009).  Although the documents attached to the motion to dismiss contain information that may be deemed to be of a private or sensitive nature, Plaintiffs have waived any claims of privilege or confidentiality by placing those records squarely at issue here. *See, e.g.*, *Sims* v. *Blot,* 534 F.3d 117, 132 (2d Cir. 2008); *In re Grand Jury Proceedings John Doe Co.* v. *United States*, 350 F.3d 299, 302 (2d Cir. 2003); *Feder* v. *Sposato*, No. 11-CV-193 (JFB) (WDW), 2014 U.S. Dist. LEXIS 63233, at *6-8 & n.2 (E.D.N.Y. May 7, 2014) (defendants attaching the plaintiff's medical record as an exhibit was appropriate because the plaintiff "waive[d] his right to privacy in any relevant medical records" when he put his "mental condition into issue in the litigation" (internal quotation marks and citation omitted)).  Nevertheless, as a courtesy, State Defendants moved to file their motion to dismiss under seal on a temporary basis in order to permit Plaintiffs the opportunity to seek redaction or such other relief with respect to such records prior to their being publicly filed, and the Court granted that request.  (ECF Docket Nos. 23, 26-27.)  State Defendants nevertheless made clear in that motion that, to the extent that Plaintiffs sought permanent sealing of any of the documents, they would oppose such application.  (ECF Docket Nos. 23, 26.)

Plaintiffs have now responded to State Defendants' motion to dismiss or, alternatively, to

transfer venue and the motion to file under seal on a temporary basis and have cross-moved for various affirmative relief. (ECF Docket No. 28.) Plaintiffs have not asked that the temporary seal as a whole be made permanent. Other than their requests for certain redactions, which State Defendants largely do not oppose, Plaintiffs' requests for relief are entirely without legal or factual support. State Defendants thus ask that, other than with regard to those areas of agreement regarding redactions, the cross-motion be denied and State Defendants be permitted to immediately file their motion papers on the Court's electronic filing system.

## ARGUMENT

## POINT I

### IF PLAINTIFFS DO CROSS-MOVE FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT – WHICH THEY HAVE NOT YET DONE -- STATE DEFENDANTS INTEND, AND SHOULD BE PERMITTED THE OPPORTUNITY, TO OPPOSE SUCH APPLICATION AS FUTILE.

Plaintiffs' cross-motion, filed March 13, 2015, seeks various forms of relief, including "denying the requests of the Defendants to dismiss the Plaintiffs' case or otherwise to change the venue of it or otherwise granting the Plaintiffs leave to file a Second Amended Complaint, if the Court is otherwise inclined to grant the Defendants' Motions to dismiss the Amended Complaint." (Pls.' Cross-Motion, at ¶ 1.) Plaintiffs have also submitted a proposed "Second Amended Complaint." (ECF Docket No. 28-3.)

In a subsequent letter to the Court, dated March 16, 2015, however, Plaintiffs' counsel stated:

> The "Second Amended Complaint" is not submitted for response at this time. I used strikethrough text to illustrate that point and I did literally write: (1) that the Amended Complaint should stand on its own; and, (2) if the Court found it inadequate, to request the Court grant leave to file a further amendment. The Court has the authority to grant leave even without the request of counsel, such that I did not use "Cross-Motion" in the header.

4

(Letter from Paloma Capanna, Esq., dated March 16, 2015 ("Capanna Decl."), pp. 1-2.) Plaintiffs thus have expressly represented to the Court that they are not now seeking leave to amend their Complaint for the second time.

In light of Plaintiffs' representation that they are not presently moving for leave to amend and that "[t]he 'Second Amended Complaint' is not submitted for response at this time," State Defendants do not fully address here all of the deficiencies with Plaintiffs' proposed amended pleading and do not intend this submission to serve as their complete response to any motion by Plaintiffs for leave to amend. In the event Plaintiffs actually do, at some future date, move for leave to amend, State Defendants would submit their opposition papers to any such motion by Plaintiffs at that time.

Based on the submissions Plaintiffs have already made, however, including the proposed "Second Amended Complaint," it appears evident that any future motion for leave to amend filed by Plaintiffs would be futile. While Rule 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires," the law is clear that "[l]eave to amend may properly be denied if the amendment would be futile." *Marcel Fashions Grp., Inc.* v. *Lucky Brand Dunagrees, Inc.*, --- F.3d ----, 2015 U.S. App. LEXIS 2794, at *18 (2d Cir. Feb. 25, 2015) (quoting *Grullon* v. *City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013)) (internal quotation marks omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss." *In re SAIC Inc. Deriv. Litig.*, 948 F. Supp. 2d 366, 391 (S.D.N.Y. 2013) (internal quotation marks and citation omitted), *aff'd sub nom. Welch* v. *Havenstein*, 553 F. App'x 54 (2d Cir. 2014).

It is unclear (and Plaintiffs have not identified) what exactly they have changed in the proposed "Second Amended Complaint" and what the purpose of such amendments would be.

As far as the State Defendants can tell, the proposed "Second Amended Complaint" appears to add new paragraphs 141-156 and paragraphs VI-VIII in the "Wherefore" clause. (ECF Docket No. 28-3, at ¶¶ 141-56 & pp. 85-86.) In these new paragraphs, Plaintiffs refer repeatedly to what they call "a '9.41' report"; assert that "[t]here are few distinguishing characteristics between the '9.46' reporting system and the '9.41' reporting system"; and seek an order enjoining Defendants from "administration, operation, and implementation of the DCJS '9.41' numeric tagging of individuals without regard to whether such person has, in fact, been 'involuntarily committed'" as well as an order requiring an "external audit of all persons housed in the DCJS '9.41' numeric tagging," a publicly available database where people can check "whether their personal health information was collected through a '9.41' reporting system, or otherwise," and an order requiring that all persons who have been reported to the FBI as having a federal disqualifier, for purpose of the national instant criminal background check system ("NICS") be "released from said disqualification" until a "third party audit" confirms that they have been involuntarily committed. (*Id.*)

In the memorandum of law in opposition to defendants' motions, Plaintiffs state that these new proposed allegations "complete the story against '9.46' in the full context of its associated '9.41' reporting system." (Plaintiffs' Memorandum of Law, dated March 13, 2015 (ECF Docket No. 28-2) ("Pls.' Mem.") at 42.) Thus, it appears that the proposed "Second Amended Complaint" may not assert a new or different legal challenge at all -- but, instead, merely constitute an attempt by Plaintiffs to confuse and conflate MHL § 9.46 with other sections of the Mental Hygiene Law and other provisions of both federal and state law relating to involuntary commitments and restrictions on gun possession by the mentally ill. As discussed in the State Defendants' reply memorandum of law in further support of their motion to dismiss or,

alternatively, to transfer venue (also filed today), any such attempt by Plaintiffs is without merit, and provides no grounds whatsoever for challenging MHL § 9.46 in this action.[3]  (*See* Reply Memorandum of Law in Further Support of State Defendants' Motion to Dismiss the Amended Complaint or, Alternatively, to Transfer Venue, dated March 30, 2015 ("State Defs.' Reply") at 1-3, 6, 14 n.14, 16 n.16.)

And, while Plaintiffs seem to imply in the proposed "Second Amended Complaint" that restrictions and prohibitions on gun possession for those who have been involuntarily committed are unlawful, they do not actually challenge in this proposed pleading the relevant statutes and regulations -- such as, for example, 18 U.S.C. § 922(g)(4); the Brady Handgun Violence Prevention Act, Pub. L. No. 103-159, § 103(b), 107 Stat. 1536 (1993); the NICS Improvement Amendments Act; Pub. L. No. 110-180, § 105(a)(2), 121 Stat. 2559 (2008); MHL § 7.09(j); 27 C.F.R. 478.11; or 14 N.Y.C.R.R. §§ 543.1-543.6 -- that provide for and govern such restrictions. (*See, e.g.*, State Defs.' Mem. at 2-10 (discussing these and other provisions).)

Nor could they, as such challenges would fail for numerous reasons.  State Defendants very briefly note some (but certainly far from all) of those reasons in the reply memorandum they have also filed today.  (*See* State Defs.' Reply at 14 n.14, 16 n.16.)  But, as Plaintiffs have represented to the Court that they are not moving for leave to amend at this time, the State Defendants do not fully address here all of the deficiencies with Plaintiffs' proposed amended pleading and do not intend this submission (or any of the other papers they have filed today) to serve as their complete response to any such motion by Plaintiffs for leave to amend.  As noted,

---

[3] Notably, Plaintiffs concede that "the amendments [in the proposed 'Second Amended Complaint'] would not relate to the Plaintiffs."  (Pls.' Mem. at 42.)  Thus, such amendments plainly could not cure (even if such a cure were possible here, which it is not) the fatal standing defects in this action.  (*See* Memorandum of Law in Support of State Defendants' Motion to Dismiss the Amended Complaint, dated February 26, 2015 ("State Defs.' Mem.") at 15-21; State Defs.' Reply at 3-7.)

in the event Plaintiffs actually do, in the future, move for leave to amend, State Defendants

intend to oppose that motion, at a minimum, on futility grounds and would submit full opposition

papers to any such motion by Plaintiffs at that time.

## POINT II

### LITIGATION DOCUMENTS ARE PRESUMPTIVELY PUBLIC AND PLAINTIFFS HAVE NOT MET THEIR BURDEN TO DEMONSTRATE THAT THEY ARE ENTITLED TO A PERMANENT SEAL OF CERTAIN DOCUMENTS.

There is a presumption that "[c]ourt documents are accessible to the public and that a

substantial showing is necessary to restrict access." *Ghadersohi* v. *Health Research, Inc*., No.

10-CV-144S(Sc), 2014 U.S. Dist. LEXIS 52684, at *1-2 (W.D.N.Y. Apr. 16, 2014); L. R. Civ. P.

5.3(a). "The notion that the public should have access to the proceedings and documents of

courts is integral to our system of government." *United States* v. *Erie Cnty.*, 763 F.3d 235, 238-

239 (2d Cir. 2014) (citing *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

The presumption that judicial documents are subject to public disclosure is recognized

under the First Amendment. *Id.* "Once a First Amendment right of access to judicial documents

is found, the documents may be sealed [only] if specific, on the record findings are made

demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve

that interest," and"[b]road and general findings by the trial court . . . are not sufficient to justify

closure." *Id.* at 239. (alteration in original) (quoting *Lugosch* v. *Pyramid Co. of Onondaga*, 435

F.3d 110, 120 (2d Cir. 2006)) (internal quotation marks omitted).

Here, in "Plaintiffs' Response to Defendants' Motions," Plaintiffs seek the permanent

sealing of certain documents but have not set forth any basis for such sealing. Specifically,

Plaintiffs ask that the following State Exhibits be subject to sealing:

- "State-Exs. 24 and 27: Transcripts (two) of '911' call by Mrs. Bonnie Carter

- "State-Ex. 29: Transcript of '911' call by Mrs. Sue Bechler";

- "State-Ex. 30: Ontario County Sheriff's Office 'Event Summary Report'"; and

- "State-Ex. 31: NYS Police 'Incident Report' of September 6, 2013."

(*See* Capanna Decl. (Docket No. 28), at ¶ 5.)

These documents are all relevant to State Defendants' argument that Plaintiffs lack standing, and Plaintiffs do not contest any of the facts asserted therein. Nor do Plaintiffs make any attempt to set forth a ground, and certainly have not provided the specific factual record necessary, for filing these documents under seal.[4] They cite no case and provide no factual justification for sealing.

Instead, Plaintiffs object that the 911 transcripts contain hearsay, an evidentiary issue irrelevant to the issue of sealing. Even should the Court consider the issue of "hearsay" in determining whether to seal such records, the objection should be rejected because the transcripts of the 911 tapes are "comfortably within the excited utterance and present sense impression exceptions to the rule against hearsay." *Coleman* v. *Squilliante*, No. 06 Civ. 13518 (JSR) (FM), 2008 U.S. Dist. LEXIS 67985, at *23-24 (S.D.N.Y. Sept. 9, 2008), *adopted by* 2008 U.S. Dist. LEXIS 77327 (S.D.N.Y. Oct. 2, 2008). To the extent Plaintiffs argue that the police event summary and incident report are hearsay, their objection to the documents should be rejected because such police reports fall under the public records exception to the hearsay rule. *See, e.g., Parsons* v. *Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991) (citing Fed. R. Evid. 803(8));

---

[4]  Plaintiffs, properly, do not even assert a privacy interest or any privilege with regard to these documents. Certainly, by placing their mental health status and the events leading to the suspensions of their firearms licenses in issue, they have waived such objections. *See, e.g., Rosado* v. *Herard*, No. 12 Civ. 8943 (PGG) (FM), 2014 U.S. Dist. LEXIS 40172, at *19-20 (S.D.N.Y. Mar. 25, 2014) (citing *McKinnon v. Fred*, 2007 U.S. Dist. LEXIS 59900, at *14 (D. Conn. Aug. 16, 2007); *Feder*, 2014 U.S. Dist. LEXIS 63233, at *6-8 & n.2; *see also Sims*, 534 F.3d at 132.

*Nicholas* v. *City of Binghamton*, No. 10-CV-1565, 2012 U.S. Dist. LEXIS 111736, at *14 n.2 (N.D.N.Y Aug. 7, 2012) (same); *Williams* v. *City of New York*, No. 10-CV-2676 (JG) (LB), 2012 U.S. Dist. LEXIS 19207, at *9 n.2 (E.D.N.Y. Feb. 15, 2012) (same).  Further, it is respectfully submitted that the law enforcement records set forth herein are admissible as business records under Fed. R. Evid. 803(6).[5]

Accordingly, Plaintiff's request to file Exhibits 24, 27, 29, 30 and 31 under permanent seal should be denied.

## POINT III

## PLAINTIFFS' REQUEST FOR REDACTION SHOULD BE PARTIALLY DENIED.

In their cross-motion, Plaintiffs ask for the Court to redact certain of the documents State Defendants submitted in support of their motion to dismiss.  For the most part, State Defendants do not object to this request and so do not oppose the application.  However, State Defendants respectfully submit that Plaintiffs' request to redact certain information from the Memorandum of Law in Support of State Defendants' Motion for Leave to File Under Seal on a Temporary Basis is unsupported and should be denied.

Specifically, Plaintiffs ask for "additional redaction" as to exhibits:

• "State – Ex. 28: Order Reinstating Permit (Kocher, J., December 3, 2014)";

_____

[5]  Should the Court deem it necessary here, State Defendants stand ready to provide authentication in the form of custodian declarations concerning these documents.  S*ee, e.g., Cooper v. City of New Rochelle*, 925 F. Supp. 2d 588, 605-06 & n.13 (S.D.N.Y. 2013)).  It is respectfully submitted, however, that since these documents were submitted to demonstrate Plaintiffs' lack of standing, and Plaintiffs bear the burden of demonstrating the same in order to invoke the jurisdiction of this Court, *see, e.g.*, *Carter* v. *City of New York*, 621 F.3d 221, 225 (2d Cir. 2010), Plaintiffs should be required to do more than simply assert, without citation, that some of the law enforcement reports which demonstrate their lack of standing contain hearsay in order to avoid dismissal of their claims.  This is particularly true when Plaintiffs themselves cite to and rely upon other reports, whose contents and authenticity they apparently deem do not present an evidentiary issue.

- "State‑Ex. 31: NYS Police Central Records";

- "State‑Ex. 32: Order Suspending Pistol Permit (Reed, J., September 6, 2013)";

- "State‑Ex. 35: Incident Report (dated January 16, 2015)";

- "State‑Call, Exhibits A‑C, attached"; and

- "State‑Memorandum of Law, ftnt. 2, redact, accordingly, if request to seal any associated exhibit from which the quote is taken is granted."

(*See* Capanna Decl., at ¶ 5.)

To the extent that Plaintiffs object that more than the last four digits of a social security number are present on these documents, State Defendants agree that the same should be redacted. (*See id.* at ¶ 15.) Plaintiffs have not pointed out any exhibit where this is the case, but State Defendants will nevertheless, prior to publicly filing, review the identified exhibits, once again, to ensure appropriate redactions. State Defendants also do not object to the redaction of years of birth in the identified exhibits, which were left in place only to ensure correct identification of Plaintiffs. Plaintiffs, again without identifying the specific redactions they seek, ask that the permit numbers, the identification of particular guns, and street addresses of Plaintiffs and witnesses be redacted from the designated documents. (*See id.* at ¶ 16.) Although not legally required, Defendants do not object to the same and, to the extent they are able to identify them, will make the redactions on the designated documents.

State Defendants do oppose any redaction to footnote 2 of the State Defendants' Memorandum of Law in Support of their Motion to File Under Seal on a Temporary Basis – which has already been publicly filed by the Court (ECF Docket No. 26). The only ground set forth for the request is Plaintiffs' motion to seal certain documents, which is itself unsupported. As set forth in Point II, *supra*, Plaintiffs have not provided a basis for sealing certain of the law enforcement records submitted in support of State Defendants' motion pursuant to Fed. R. Civ. P

12(b)(1) and so have not supplied a basis for redacting footnote 2.   Further, the same

information is contained in the Memorandum in Support of the State Defendants' Motion to

Dismiss the Amended Complaint and, as Plaintiffs have not moved to keep that document under

seal, there is no practical basis for redacting this footnote.

## POINT IV

### PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED.

Plaintiffs move to strike three defense exhibits:

- "State-Ex. 2:  Le Brun book excerpt"; and

- "State-Exs. 37 and 38:  Lewis and NYT articles."

(*See* Capanna Decl., at ¶ 5.)  Plaintiffs assert that these three exhibits must be stricken because

"[u]nless defense counsel can produce an enabling witness or a legislative record to support

the submission, any and all articles that the Attorneys may want to toss into the mix over

'public safety' are inadmissible and non-probative."  (*See id.* at ¶ 18.) Plaintiffs are wrong.

Courts may consider such documents, as "legislative facts" or otherwise as a matter of judicial

notice, in the absence of their presence in legislative history or an enabling witness.  (*See* State

Defs.' Reply Mem. at fn. 13 & cases cited.)[6]  They are self-authenticating. Fed. R. Evid. 902(6).

These three documents clearly may be considered by the Court for additional reasons as

well.   Exhibit 2 was referenced in the State Defendants' motion to dismiss in regard to the

---

[6] *See, e.g.*, *Ass'n of Home Appliance Manufacturers* v. *City of New York*, 36 F. Supp. 3d 366, 371 (S.D.N.Y. 2014) (noting that courts may take judicial notice of legislative facts on a motion to dismiss); HB v. *Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881 (CS), 2012 U.S. Dist. LEXIS 141252, at *10 (S.D.N.Y. Sept. 27, 2012) (noting that that courts may take judicial notice of publicly available documents on a motion to dismiss, including articles contained in secondary sources); Fed. R. Evid. 201 advisory committee's note (distinguishing adjudicative facts, which "are simply the facts of the particular case," from legislative facts, which are "those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body").

discussion of New York's gun licensing statute which became law in 1911 and which was

enacted, in part, as a response to the murder of a prominent author by a man suffering from

mental illness. George P. LeBrun was a coroner of New York City and, in the book *It's Time to

Tell*, outlined his efforts to enact a gun licensing statute to stem the rising tide of gun violence.

(*See* Declaration of William J. Taylor Jr., dated February 23, 2015, Ex. 2.) The Court may

consider this document in its analysis here for the legislative facts that are set forth therein. (*See*

State Defs.' Reply Mem. at fn 13.) As it is more than twenty years old, the document also is

clearly admissible pursuant to the "ancient documents" exception to the hearsay rule. Fed. R.

Evid. 803(16); *Kronisch* v. *Gottlieb*, No. 99-6152, 2000 U.S. App. LEXIS 8847 (2d Cir. May 2,

2000) (summary order) (holding that "since they were over 20 years old," documents were

admissible under the ancient records hearsay exception).

Exhibits 37 and 38 were referenced in the motion to dismiss in discussing that the SAFE

Act was enacted on January 15, 2013, "in the wake of a series of mass shootings perpetrated by

individuals displaying clear signs of mental illness -- including the horrific shooting deaths of

twenty schoolchildren in Newtown, Connecticut, on December 14, 2012, and the murder of two

first responders in Webster, New York, on December 24, 2012." (State Defs.' Mem. at 1.)

Plaintiffs cannot seriously contest the occurrence of either one of those mass shooting events or

that such events generated press coverage, or that the SAFE Act was enacted in the wake of

those events. (*See, e.g.,* Reply Declaration of William J. Taylor, Jr., dated March 30, 2015, Ex.

39.) Certainly, for these purpose, such articles may be considered here for their legislative facts.

(*See* State Defs.' Reply Mem. at fn. 13.) And, in addition, in considering the State Defendants'

motion to dismiss, the law is clear that the Court "may consider matters of which judicial notice

may be taken . . . including 'the fact that press coverage . . . contained certain information,

without regard to the truth of their contents.'" *Garber* v. *Legg Mason Inc.*, 347 F. App'x. 665, 669 (2d Cir. 2009) (internal citations and quotations omitted).[7]

In sum, because Plaintiffs have not established any ground to strike these exhibits, their cross-motion on this point should be denied.

## POINT V

### PLAINTIFFS' MOTION TO "CONSOLIDATE" CERTAIN DEFENSE EXHIBITS IN A MANNER PLAINTIFFS' COUNSEL DEEMS PREFERABLE SHOULD BE DENIED.

Plaintiffs also ask that certain of the State Defendants' exhibits be "consolidated" or "removed" from State Defendants' submission because they duplicate exhibits referred to in the Amended Complaint or submitted by Plaintiffs in their previous motion for a preliminary injunction. (*See* Capanna Decl. at ¶ 24.)  Plaintiffs "note that the one only defense document that references these [duplicate] Exhibits is the Memorandum in Support of the Motion to Dismiss, which would not even need to be amended.  It would not be part of a record on appeal, in any event." (*See* Capanna Decl. at ¶ 26.)

State Defendants cited exhibits and provided the same to the Court as part of their motion to dismiss the Amended Complaint, both to establish their entitlement to relief and for the Court's convenience when reviewing that motion.  Notwithstanding Plaintiffs' preference regarding the presentation of some of those exhibits, the parties are not now agreeing on joint appendix for appeal and it is respectfully submitted that it makes no sense to remove, renumber or consolidate certain defense exhibits, particularly without changing citations in the State Defendants' papers, as that is likely to confuse matters as to exactly what was put before the Court as part of the defense motion and exactly where the Court should look to find certain

---

[7] In their opposition to the motion to dismiss, Plaintiffs attach articles in support of their arguments, apparently asserting, at least in some instances where Plaintiffs' counsel so deems it, such articles are admissible.  (*See* Capanna Decl. at ¶ 20.)

exhibits cited by State Defendants. Plaintiffs' proposed consolidation procedure is likely to be counter-productive and, accordingly, State Defendants ask that this application be denied.

## POINT VI

### PLAINTIFFS' REQUEST THAT PLAINTIFF MONTGOMERY'S PRELIMINARY INJUNCTION APPLICATION BE CONSIDERED SHOULD BE DENIED.

Finally, Plaintiffs request that Plaintiff Donald Montgomery's motion for a preliminary injunction, which was filed before the Amended Complaint was filed, should "be determined in the context of the full record in this case, without amendment to or reservice of the Motion and that said Motion shall be scheduled forthwith." (Pls.' Cross-Motion, at ¶ 6.) Plaintiffs' request should be denied.

By letter dated January 23, 2015, State Defendants raised substantial venue and standing issues with regard to Montgomery's Complaint. (*See* ECF Docket No. 8.) During a phone conference with the Court on January 29, 2015, rather than press the issue, Plaintiffs' counsel indicated that she would file an Amended Complaint remedying the venue and standing problems. Plaintiffs filed the Amended Complaint on February 2, 2015. But, as set forth in the State Defendants' motion papers, Plaintiffs have not remedied those venue or standing deficiencies. And the Amended Complaint also fails to state a claim, and should be dismissed with prejudice, for the other reasons set forth in the State Defendants' motion papers. Plaintiffs' request for consideration of the preliminary injunction application is beside the point.

Furthermore, even if dismissal were not warranted here (which it is), Plaintiffs cannot meet their extremely heavy burden on this type of preliminary injunctive relief. As the Second Circuit has held, where, as here, the preliminary relief sought would "stay[] governmental action taken in the public interest pursuant to a statutory scheme . . . , plaintiffs must establish a 'clear' or 'substantial' likelihood of success on the merits on their claim." *Lopez Torres* v. *N.Y. State*

*Bd. of Elections*, 462 F.3d 161, 183 (2d Cir. 2006), *rev'd on other grounds*, 552 U.S. 196 (2008); *accord Rivera-Powell* v. *N.Y.C. Bd. of Elections*, 06 Civ. 6843, 2006 U.S. Dist. LEXIS 72712, at *11 (S.D.N.Y. Oct. 4, 2006), *aff'd*, 470 F.3d 458 (2d Cir. 2006). Plaintiff must also make "a strong showing of irreparable harm." *Rivera-Powell*, 2006 U.S. Dist. LEXIS 72712, at *11. As State Defendants have demonstrated in their motion to dismiss papers, Plaintiffs cannot come close to making such a showing in this case. It is respectfully submitted that in light of the foregoing, Plaintiffs' application to reserve the preliminary injunction motion should be denied at least pending resolution of the motions to dismiss.

## **CONCLUSION**

For the foregoing reasons, the State Defendants respectfully request that the Court enter an order:

(1) denying Plaintiffs' cross-motion in its entirety except to the extent that information relating to social security numbers (other than the last four digits), date of birth, street address, firearm permit number, and firearm identifying information be redacted from Defense Exhibits 28, 31, 32, and 35, and from Exhibits A-C of the Declaration of Donna Marie Call;

(2) permitting the State Defendants to electronically file the State Defendants' Motion to Dismiss Papers in their entirety, including the Notice of Motion dated February 23, 2015; the Memorandum of Law in Support of State Defendants' Motion to Dismiss, dated February 23, 2015; the Declaration of William J. Taylor, Jr., dated February 23, 2015; the Declaration of John Allen, dated February 23, 2015; the Declaration of Donna Marie Call, dated February 23, 2015; and all of the exhibits thereto, including Defense Exhibits 28, 31, 32, and 35, and Exhibits A-C to the Declaration of Donna Marie Call, which will be filed with the redactions requested by Plaintiffs, in its entirety and be made publicly accessible on the Court's Case Management/Electronic Case Filing (CM/ECF) System; and

(3) granting such other and further relief as the Court deems just, proper and appropriate.

Dated: New York, New York
March 30, 2015

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
*Attorney for State Defendants*
By:

s/    *Monica Connell*
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8965
monica.connell@ag.ny.gov