## GOVERNOR'S PROGRAM BILL
## 2013

### MEMORANDUM IN SUPPORT

AN ACT to amend the criminal procedure law, the correction law, the family court act, the executive law, the general business law, the judiciary law, the mental hygiene law, the penal law and the surrogate's court procedure act, in relation to suspension and revocation of firearms licenses; private sale or disposal of firearms, rifles or shotguns and establishing a minimum age to possess a firearm; to amend the family court act, the domestic relations law and the criminal procedure law, in relation to providing for the mandatory suspension or revocation of the firearms license of a person against whom an order of protection or a temporary order of protection has been issued under certain circumstances, or upon violation of any such order; to amend the penal law, in relation to community guns and the criminal sale of a firearm and in relation to the definitions of aggravated and first degree murder; to amend chapter 408 of the laws of 1999 constituting Kendra's Law, in relation to extending the expiration thereof; and to amend the education law, in relation to the New York state school safety improvement teams; and in relation to building aid for metal detectors and safety devices

**Purpose:**

This legislation will protect New Yorkers by reducing the availability of assault weapons and deterring the criminal use of firearms while promoting a fair, consistent and efficient method of ensuring that sportsmen and other legal gun owners have full enjoyment of the guns to which they are entitled. A thoughtful network of laws provides the toughest, most comprehensive and balanced answer in the nation to gun violence. Through this legislation, New York is the first in the nation to completely ban all pre-1994 high capacity magazines; to ban any magazine that holds more than seven rounds (rather

than a limit of ten) and to both track ammunition purchases in real time to permit alerts on high volume buyers, while also checking on the buyer's background.

In a range of reforms the bill attends to the weaknesses in the state's current regulatory structure to bring a consistency and rationality that must be the cornerstone of a safe society. A single standard across the State will ensure that legal gun owners obtain their licenses expeditiously while those prohibited are denied that privilege. A statewide database will keep the registry current and guard against the dangerous or unstable possessing guns. New rules will close a loophole that excludes private sales of guns from a federal background check; tighten provisions governing gun ownership by persons with serious mental illness; require safe storage of guns for gun owners who live with someone who has been convicted of certain crimes, is under an order of protection, or who has been involuntarily committed as a result of a mental illness. The bill also creates new and enhanced penalties for illegal gun use, and enhances protections for victims of domestic violence by requiring the firearm surrenders and gun license suspension and revocation in cases where an order of protection has been issued.

## Summary of Provisions:

### Assault Weapons

Section 37 of the bill amends Penal Law § 265.00(22) in order to strengthen New York's assault weapon ban, expanding its reach and making it easier to enforce. The proposed amendments replace the existing ban consisting of and a "two-feature" test adopted from the now-expired federal assault weapons ban with a clearer "one-feature" test. The "two-feature" test bans any gun that is semi-automatic, has a detachable magazine (in the case of pistols and rifles), and possesses two features that are commonly associated with military weapons. The "one-feature" test would ban semi-automatic guns with detachable magazines that possess one feature commonly associated with military weapons. This section also adds to the list of "features" that characterize a banned weapon.

Within one year of the effective date, all weapons defined as assault weapons under the new "one-feature" test, as well as weapons grandfathered in under the original assault weapons ban, must be registered. Current owners of these banned weapons may transfer the weapons only to a firearms dealer or transfer to an out of state buyer. All registered owners will be subject to a review of disqualifiers by the State Police.

### Ammunition

Section 38 of the bill amends Penal Law § 265.00(23) to ban all large capacity magazines that have the capacity to hold more than ten rounds of ammunition including those that were grandfathered in under the original assault weapons ban and creates a new ban on magazines that hold more than seven rounds of ammunition. Magazines that can hold more than seven rounds but not more than ten rounds and are currently possessed will be grandfathered in, but may only contain seven rounds of ammunition. Exceptions are made for large capacity magazines that are curios or relics.

Section 39 also adds a new section to Penal Law § 265.00 to define seller of ammunition.

Section 50 of the bill enhances control over sales of ammunition by adding a new Penal Law § 400.03 requiring (1) that sellers of ammunition register with the superintendent of the State police (2) that prior to a sale of ammunition, a seller must run the buyer through a State-created review of disqualifiers to ensure that the buyer is not prohibited by law from possessing ammunition, and (3) that ammunition sales are electronically accessible to the State. In addition, to prevent from purchasing ammunition, the bill requires that any ammunition sold commercially must be conducted by a seller that can perform a background check.

## Licensing

Section 49 creates a new Penal Law § 400.02 establishing a statewide gun license and record database. Section 18 amends Section 212 of the Judiciary Law to require that records submitted to the Federal Bureau of Investigation regarding individuals for whom a guardian has been appointed be transmitted to the State and checked against the statewide gun license and record database.

Several sections of the bill strengthen statutory provisions related to the licensing of firearms, shotguns, and rifles. Section 1 amends Criminal Procedure Law (CPL) § 330.20 to require the revocation of any gun license from and the surrender of any gun by a defendant upon an entry of a verdict of not responsible by reason of mental disease or defect, upon the acceptance of a plea of not responsible by reason of mental disease or defect, or upon a finding that a defendant is an incapacitated person pursuant to the CPL. Section 2 adds a new section to the CPL that requires a sentencing judge to demand surrender of a gun license or registration and all guns possessed by the defendant upon judgment of conviction for an offense that requires the seizure of a gun and the revocation of a gun license or registration. Sections 4 through 16 amend the Family Court Act, the Domestic Relations Law and the CPL to require, under certain circumstances, the mandatory suspension or revocation of the firearms license of a person against whom an order of protection or a temporary order of protection has been issued.

Section 48 of the bill amends the Penal Law to require that every county recertify a gun license holder's license every five years. Failure to recertify during this five year period equates to revocation of the license. The section also adds bases for denial of a license to an applicant, including connection of a felony or serious offense, being presently subject to an order of protection; and expands the criteria for denial based on an applicant's history of mental illness.

## Private Sales

Under current New York law, background checks on gun purchasers are required for all purchases of guns from gun dealers and at gun shows. Section 17 will expand this requirement by adding a new article to the General Business Law requiring background checks to be completed for all gun sales, except for immediate family. Thus private sellers may transfer a gun only if the buyer has obtained a federal "NICS" check. Further, dealers

must maintain records of private sale background checks, and private sellers may charge a fee of up to $10 on a transaction. Transfers between immediate family members will be exempt from the requirements of this section.

## Safe Storage

To prevent, among other things, unauthorized and unlicensed use of guns, section 47 of the bill adds a new Penal Law § 265.45 establishing safe storage requirements for rifles, shotguns and firearms. Under this new section, a gun owner who lives with someone who the owner has reason to know is prohibited from possessing a gun because the prohibited person has been convicted of a crime punishable by a term of imprisonment exceeding one year, has been adjudicated mentally defective or committed to a mental institution, is subject to a court order of protection or has been convicted of a misdemeanor crime of domestic violence whose sentence has been completed in the last five years must, when the gun is out of the owner's immediate control, keep the gun secured in a safe storage depository (for example, a safe or similar secure container with a lock that can be opened only with a key or combination, or other locking mechanism) or render it incapable of being fired by putting a safety lock on the gun.

## Provisions Related to Persons with Mental Illness

Amendments to the Mental Hygiene Law will help ensure that persons who are mentally ill and dangerous cannot retain or obtain a firearm. First, mental health records that are currently sent to NIDCS for a federal background check will also be housed in a New York State database. A new Section 9.46 of the Mental Hygiene Law will require mental health professionals, in the exercise of reasonable professional judgment, to report if an individual they are treating is likely to engage in conduct that will cause serious harm to him- or herself or others. A good faith decision about whether to report will not be a basis for any criminal or civil liability. When a Section 9.46 report is made, the Division of Criminal Justice Services will determine whether the person possesses a firearms license and, if so, will notify the appropriate local licensing official, who must suspend the license. The person's firearms will then be removed.

The bill extends Kendra's Law through 2017 and amends the law by: extending the duration of the initial assisted out-patient treatment order from 6 months to one year; requiring a review before the assisted out-patient treatment order for a mentally ill inmate is terminated; requiring an assisted out-patient treatment order to follow a person from one county to another if he or she changes residence; and will require the Office of Mental Hygiene (OMH) to conduct an assisted out-patient treatment assessment with a state prisoner is being discharged to the community from and OHM hospital.

## New and Enhanced Criminal Penalties

Several sections of the bill create new and enhanced penalties for illegal gun use. Sections 33 through 36, known as "Mark's Law," will include the intentional murder of certain first responders in the Class A-I felonies of murder in the first degree and

aggravated murder. The mandatory penalty for a conviction of aggravated murder is life without parole.

A new Penal Law Section 460.22, aggravated enterprise corruption, recognizes the significant threat to public safety posed by organized violent gangs and their illegal purchases of weapons by creating an A-1 felony for cases when members of the enterprise commit certain combinations of offenses. Those combinations are: first, a pattern of criminal activity that constitutes Class B felonies or higher, and at least two of those acts are armed felonies; or second, one act is a Class B violent felony and two acts constitute a violation of the newly added Section 265.17 (3) which prohibits the purchase on behalf of or disposal of a weapon to an individual who is prohibited by law from possessing such a weapon. This provision also addresses the issue of "straw purchasers" where individuals who are not prohibited by law to purchase weapons do so for others, for example, gang members who may not possess a weapon because of a prior conviction or other disability under law.

Section 41 increases the penalty for possession of a firearm on school grounds or on a school bus from a misdemeanor to a Class E Felony. Section 41-a creates a new subdivision of criminal possession of a weapon in the third degree, a Class D violent felony, when a person possesses an unloaded firearm and also commits a drug trafficking felony or possesses an unloaded firearm and also commits any violent felony as part of the same criminal transaction. The mandatory minimum sentence for these new Class D felonies is a three and one-half year determinate sentence, although the court may consider mitigating factors and impose a lesser sentence in some limited circumstances involving drug trafficking.

Section 45 creates the crime of aggravated criminal possession of a weapon, a Class C felony, which is committed when one possesses a loaded firearm under § 255.03 of the Penal Law and also commits any violent felony offense or a drug trafficking felony. The minimum mandatory sentence is 5 years.

Section 32 amends Penal Law § 120.05 by adding a new subdivision 4-a to create the crime of assault in the second degree when a person recklessly causes physical injury to a child by the intentional discharge of a firearm, rifle or shotgun.

Section 43 amends Penal Law § 265.17 to include criminal sale or disposal of a weapon by providing a firearm, rifle or shotgun to a person knowing he or she is prohibited by law from possessing such firearm, rifle or shotgun. The penalty is raised from a Class A misdemeanor to a Class D felony.

Section 31 adds Penal Law § 115.20 making it a Class A misdemeanor to make available, sell, exchange, give or dispose of a community gun that aids a person in committing a crime. A community gun is defined as one that is made available to among or between two or more persons at least one of whom is not authorized pursuant to law to possess such firearm.

**Safer Schools**

The bill adds a new Section 2801-b to the Education Law to establish New York State School Safety Improvement Teams to review, assess, and make recommendations on School Safety Plans submitted by school districts on a voluntary basis.
Section 3602 of the Education Law is amended to allow school districts that purchase various security devices included in their School Safety Plans to receive state building aid reimbursement at a rate ten percent higher than their current building aid ratio.
Section 55 is the severability clause, and Section 56 establishes the effective date.

**Existing Law:**

This bill amends the Correction Law, the Criminal Procedure Law, the Domestic Relations Law, the Executive Law, the Family Court Act, the General Business Law, the Judiciary Law, Kendra's Law (Section 18 of Chapter 408 of the Laws of 1999, as amended by Chapter 139 of the Laws of 2010), the Mental Hygiene Law, the Penal Law, and the Surrogates Court Act.

**Statement in Support:**

In the wrong hands, guns are weapons of untold destruction and heartbreak: family and community members are taken from us in an instant; mass shootings shatter our sense of safety in public spaces; street crimes plague our neighborhoods. Nationwide, gun violence claims over 30,000 lives annually.

While the Second Amendment protects the right to keep and bear arms, the Supreme Court has said that that right is "not unlimited." District of Columbia v. Heller, 554 U.S. 570, 595, 626 (2008). In the Heller case, the Supreme Court explained, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." 554 U.S. at 626-27. The Court also recognized there is a "historical tradition of prohibiting the carrying of 'dangerous and unusual' weapons." Id. This piece of legislation heeds the guidance of the Supreme Court by refining and improving the assault weapon ban and increasing the safety of New Yorkers while observing the protections of the Second Amendment.

Some weapons are so dangerous and some ammunition devices so lethal that we simply cannot afford to continue selling them in our state. Assault weapons that have military-style features unnecessary for hunting and sporting purposes are this kind of weapon. The test adopted in this legislation is intended to bring a simplicity of definition focusing on the lethality of the weapon, amplified by the particular features. Given the difficulty of maintaining a list of guns that keeps pace with changes in weapon design, the one-feature test is a more comprehensive means for addressing these dangerous weapons.

## Ammunition

The state's previous ban against high capacity magazines faltered because it was impossible to tell the difference between magazines manufactured before or after the effective date of the ban. This bill prohibits possession of all magazines with the capacity to contain more than ten rounds, regardless of the date of manufacture. Going forward, individuals will only be able to obtain magazines that can contain up to seven rounds. Those who currently possess magazines that can contain more than seven rounds will only be permitted to maintain up to seven rounds in such magazines.

The new law also provides a mechanism to identify individual who purchase unusually high volumes of ammunition, either in person or over the Internet. Sellers must run the buyer's name through a State database modeled after the federal "NICS" database to ensure the buyer is not prohibited by law from possessing ammunition. Ammunition sellers are also required to electronically file with the State records of each ammunition sale, including amount sold.

In order to prevent circumvention of these new controls, this bill requires that any seller—whether located in New York or out of state—ship the ammunition to a dealer within New York for in-person pick-up. The dealer is required to maintain records of the ammunition sale and to perform a State review of disqualifiers. Direct shipment of ammunition without a face-to-face transaction prevents a seller from being able to adequately confirm the identity of a buyer through the in-person inspection of a valid photo ID. Without adequate confirmation of a buyer's identity, the benefits of background checks and record keeping are completely circumvented. A law requiring all ammunition sales to culminate in a face-to-face transfer, thereby allowing for effective confirmation of purchaser identity and corresponding background check, is consistent with this scheme.

## Licensing

Currently in New York State, outside of New York City, Westchester, Nassau and Suffolk Counties, a gun license never expires. Lack of a renewal procedure means there is no periodic review of a licensee's qualifications. Thus, if a license holder becomes disqualified from carrying a gun subsequent to obtaining a license, he or she will likely retain the license. This law requires every license holder to recertify the licensee's gun license every five years. Failure of a licensee to have his or her license recertified will result in revocation of the license.

In addition, in order to ensure that legal gun license holders receive their licenses as swiftly as possible and to ensure the swift and accurate ability to match license holders with disqualifying events such as a felony conviction, the bill establishes an electronic license and record database. The electronic database will permit regular matching by the State against records of prohibited persons (e.g., those with criminal histories, orders of protection, and mental illnesses that bar gun ownership and licensing) as well as against other databases such as death records to ensure that New York's license records are up to date.

Furthermore, orders of protection are intended to protect victims of domestic violence from their abusers and prevent violent crimes from occurring. This bill enhances protections for victims of domestic violence by strengthening the provisions regarding the possession and surrender of firearms and the suspension and revocation of, and ineligibility for, licenses by individuals who are the respondents in an order of protection. The bill makes changes to the Family Court Act to conform to the 2007 amendments made to the CPL.

## Private Gun Sales

Under current New York law, background checks on purchasers are required for all purchases of guns from gun dealers and at gun shows, however, individuals that purchase guns through private sellers are not required to undergo background checks. This bill requires background checks for all gun sales, including private sales, ensuring that otherwise disqualified individuals cannot circumvent the law by obtaining guns buying from a private seller.

## Safe Storage

To prevent unauthorized possession and use of guns, this bill requires anyone who owns a gun or who lives with someone who the owner has reason to know is disqualified from possessing a gun under certain provisions of federal law to secure any gun in a safe storage depository or render it incapable of being fired by putting a safety lock on the gun if it is to be outside the owner's direct control.

## Persons with Mental Illness

This bill adds provisions to revoke or suspend licenses of individuals with mental illness who, in the opinion of mental health professionals would pose a danger to themselves or others should they possess guns. The bill also extends and expands Kendra's Law to provide additional out-patient treatment services to persons with mental illness.

## New and Enhanced Criminal Penalties

The new and amended sections of the Penal Law are focused on the methods by which gun violence is often carried out in our communities, giving law enforcement better tools to punish and deter such conduct. As the presence of illegal guns on our streets endangers the welfare of entire communities, these provisions ensure appropriate penalties for making guns available to prohibited persons, as well as putting our children at risk by, among other dangerous and illegal activities, possessing guns near school grounds. In addition, recognizing the widespread violence caused by gang activity, the bill establishes penalties for participation in gang activity resulting in the commission of a violent crime.

The bill also contains new provisions acknowledging the danger that our first responders face every day as they protect other New Yorkers by establishing an enhanced

penalty for knowingly causing the death of a first responder in the course of his or her duties.

**Legislative History:**

New proposal.

**Budget Implications:**

Any costs related to this bill will be paid out of the Division of State Police capital budget.

**Effective Date:**

The bill will take effect immediately except where otherwise provided.