UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD MONTGOMERY, ANDREW CARTER, LOIS REID, KARL BECHLER, and "M.M.," as individuals, and on behalf of all other persons similarly situated,

                     Plaintiffs,

  - against -

ANDREW M. CUOMO, Governor of the State of New York; ANN MARIE T. SULLIVAN, Commissioner of the New York State Office of Mental Health; MICHAEL C. GREEN, Executive Deputy Commissioner of the New York State Division of Criminal Justice Services; JOSEPH A. D'AMICO, Superintendent of the New York State Police; VINCENT F. DEMARCO, Suffolk County Sheriff's Department; and EASTERN LONG ISLAND HOSPITAL,

                     Defendants.

14-cv-06709-CJS

---

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO SEAL AND TO REDACT

                     ERIC T. SCHNEIDERMAN
                     Attorney General of the State of New York
                     *Attorney for State Defendants*
                     120 Broadway, 24th Floor
                     New York, New York 10271
                     (212) 416-8426
                     monica.connell@ag.ny.gov

MONICA CONNELL
WILLIAM J. TAYLOR, JR.
Assistant Attorneys General
  *Of Counsel*

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| Preliminary Statement | | 1 |
| BACKGROUND | | 3 |
| ARGUMENT | | 6 |
| POINT I - | JUDICIAL DOCUMENTS ARE PRESUMPTIVELY PUBLIC AND PLAINTIFFS HAVE NOT MET THEIR BURDEN TO DEMONSTRATE THAT THEY ARE ENTITLED TO A PERMANENT SEAL OF CERTAIN DOCUMENTS | 6 |
| A. | Plaintiffs' argument that the presumption against sealing does not attach because the documents they seek to seal are not "judicial documents" is without merit in fact or law | 7 |
| B. | Plaintiffs fail to make the necessary substantial showing to justify sealing | 10 |
| POINT II - | PLAINTIFFS' REQUEST FOR REDACTION SHOULD BE PARTIALLY DENIED | 13 |
| CONCLUSION | | 14 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. N.Y. 1995) .......................................................10, 11

*Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201 (2d Cir. 2003) .......................3

*Azim v. Vance*, 530 F. App'x. 44, 45-46 (2d Cir. 2013) ..............................................................9, 13

*Carter v. Safety-Kleen Corp.*, No. 06-CV-12947(CAM)(GAY), 2007 U.S. Dist. LEXIS
   29484 (S.D.N.Y. Mar. 14, 2007) ............................................................................................3

*Carver v. City of New York*, 621 F.3d 221 (2d Cir. 2010) .................................................................8

*Capellupo v. Webster Cent. Sch. Dist.*, 2014 U.S. Dist. LEXIS 170912 (W.D.N.Y. Dec. 9,
   2014) ..........................................................................................................................................8

*Feder v. Sposato*, No. 11-CV-193 (JFB) (WDW), 2014 U.S. Dist. LEXIS 63233
   (E.D.N.Y. May 7, 2014) .........................................................................................................11

*Ghadersohi v. Health Research, Inc.*, No. 10-CV-144S(Sc), 2014 U.S. Dist. LEXIS
   52684 (W.D.N.Y. Apr. 16, 2014) ......................................................................................6, 10

*In re Grand Jury Proceedings John Doe Co. v. United States*, 350 F.3d 299 (2d Cir.
   2003) .......................................................................................................................................11

*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ..............................................................3

*Lamar Adver. of Penn, L.L.C. v. Town of Orchard Park*, No. 01-CV-556A(M), 2008 U.S.
   Dist. LEXIS 27647, at *10 (W.D.N.Y. Feb. 25, 2008) ..........................................................7

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ....................................2, 6, 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .......................................................................9

*Pearl River Union Free Sch. Dist. v. Duncan*, 2014 U.S. Dist. LEXIS 124440 (S.D.N.Y.
   Sept. 5, 2014) ...........................................................................................................................8

*Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184 (W.D.N.Y. 2013) ............................................10

*Sims v. Blot*, 534 F.3d 117 (2d Cir. 2008) .......................................................................................11

*United States v. Erie Cnty.*, 763 F.3d 235 (2d Cir. 2014) ............................................................2, 6

*United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995) .....................................................................2

*Vaughn v. Air Line Pilots Ass'n, Int'l*, 395 B.R. 520 (E.D.N.Y. 2008), *aff'd*, 604 F.3d 703 (2d Cir. 2010) ........................................................................................................................3

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008) ...................7

*Warth v. Seldin*, 422 U.S. 490, 498 (1975)....................................................................................7

*Whitaker v. Sec'y*, No. 09-MC-6003-CJS, 2009 U.S. Dist. LEXIS 43320 (W.D.N.Y. May 21, 2009) .........................................................................................................4, 8

**Statutes**

Mental Hygiene Law § 9.46 ................................................................................................. passim

18 U.S.C. §922(g)(4) .......................................................................................................................8

**Rules**

Fed. R. Civ. P. 5.3. ..........................................................................................................................6

Fed. R. Civ. P. 12(b)(1), (3) and (6) ............................................................................................2, 7

Defendants Andrew M. Cuomo, Governor of the State of New York; Ann Marie T. Sullivan, Commissioner of the New York State Office of Mental Health; Michael C. Green, Executive Deputy Commissioner of the New York State Division of Criminal Justice Services; and Joseph A. D'Amico, Superintendent of the New York State Police (collectively, the "State Defendants") submit this reply memorandum of law in opposition to Plaintiffs' motion, dated October 15, 2015, to file certain documents under permanent seal and to redact certain other documents.

## PRELIMINARY STATEMENT

In this action, Plaintiffs mount a facial constitutional challenge to New York Mental Hygiene Law ("MHL") § 9.46, a statute aimed at keeping firearms out of the hands of those deemed dangerously mentally ill. In their Complaint, Plaintiffs make representations with regard to the alleged operation and application of MHL § 9.46 and seek declaratory and injunctive relief enjoining the statute's enforcement. This is an issue of great public interest and has garnered significant attention from the press and public. State Defendants moved to dismiss the action or alternatively to transfer venue, pursuant to Rules 12(b)(1), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). That motion, along with others, was argued before the Court on September 17, 2015.

Plaintiffs now move, solely based upon a nine page memorandum of law and an attorney declaration, to seal ten (10) of the exhibits filed in support of State Defendants' Motion to Dismiss or Alternatively to Change Venue as well as to redact information from certain other exhibits.[1] As set forth below, this motion is entirely without legal or factual merit.

---

[1] This motion is actually a second bite at the apple for Plaintiffs. As a courtesy, State Defendants moved to file their motion to dismiss under seal on a temporary basis in order to permit Plaintiffs the opportunity to seek redaction or such other relief with respect to such records prior to their

Especially in a case of such import as a facial constitutional challenge to a public safety statute, the presumption of public access, which is "integral to our system of government" *United States v. Erie Cnty.*, 763 F.3d 235, 238- 239 (2d Cir. 2014) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)), is paramount. As this Court specifically informed Plaintiffs' counsel at oral argument on September 17, 2015, "documents may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 239 (alteration in original) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)) (internal quotation marks omitted).

Yet Plaintiffs have moved for sealing, and for redaction of certain exhibits, without making anything close to a specific factual showing necessitating closure. Plaintiffs argue that the challenged exhibits are not "judicial documents" subject to the presumption of openness. In advancing this argument, Plaintiffs claim that on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court may not consider the documents they seek to seal and, in any event, the documents are not relevant to the resolution of State Defendants' motion and thus may be sealed. Alternatively, they argue that weighing counterbalancing considerations, the privacy that sometimes attaches to gun licensing information pursuant to New York Penal Law § 400.00(5) justifies sealing here.

As set forth below, Plaintiffs' application is plainly without merit. The challenged exhibits, which are court documents, police records, or certified 911 transcripts, are, at a

---

being publicly filed, and the Court granted that request. (ECF Docket Nos. 23, 26-27.) State Defendants nevertheless made clear in that motion that, to the extent that Plaintiffs sought permanent sealing of any of the documents, they would oppose such application. (ECF Docket Nos. 23, 26.) Plaintiffs filed papers in response to the sealing motion and sought sealing of some documents (ECF Docket No. 28) but failed to set forth any cognizable basis for continued sealing. Nevertheless, at oral argument on September 17, 2015, the Court permitted Plaintiffs the opportunity to properly move for sealing, including making the necessary showing in support of sealing.

minimum, all properly placed before the Court on State Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction based upon Plaintiffs' lack of standing.[2] Plaintiffs do not contest the contents of the records. They have not introduced evidence demonstrating that there is any real question that any Plaintiff currently has standing to mount this constitutional challenge to MHL § 9.46. All of the records demonstrate that Plaintiffs here clearly lack standing and are thus "judicial documents" relevant to the adjudication of this threshold jurisdictional issue. Further, these documents directly relate to the allegations in Plaintiffs' Amended Complaint. Accordingly, a presumption against sealing attaches.

In this case of public import and interest, relating to a State public safety law, records should not be sealed, particularly where Plaintiffs have not even attempted to make the required specific factual showing that sealing is essential. Accordingly, their motion must be denied.[3]

## BACKGROUND

Plaintiffs brought this action to challenge the constitutionality of MHL § 9.46, which requires certain mental health care professionals to submit a report to a designated county official

---

[2] All of the documents Plaintiffs seek to seal go to their lack of standing. Nevertheless, there are other grounds to place these documents before the Court here. Courts may take judicial notice of documents filed in other actions. *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). Courts may take judicial notice of documents relied upon, quoted or cited in a complaint. *Chambers v. Time Warner*, Inc., 282 F.3d 147, 153 (2d Cir. 2002); *Carter v. Safety-Kleen Corp.*, No. 06-CV-12947(CAM)(GAY), 2007 U.S. Dist. LEXIS 29484, at *10 (S.D.N.Y. Mar. 14, 2007) ("In deciding a motion to dismiss, this court may consider the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit."). Further, "if these documents contradict the allegations of the [pleading], the documents control and this Court need not accept as true the allegations in the [pleading]." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 395 B.R. 520, 535 (E.D.N.Y. 2008), *aff'd*, 604 F.3d 703 (2d Cir. 2010) (citation omitted).

[3] Plaintiffs also seek certain unspecified redactions. To the extent these redactions are limited to home street addresses, social security numbers, dates of birth, and gun license numbers which were not already redacted, State Defendants have no objection. Other requests for unspecified redactions should be denied.

when, in the exercise of their reasonable professional judgment, an individual for whom they are providing mental health treatment is "likely to engage in conduct that would result in serious harm to self or others." If the designated county mental health official agrees with the assessment, an MHL §9.46 report, containing only "non-clinical identifying information," is transmitted electronically via a secure and unique database to the State Division of Criminal Justice Services ("DCJS"). If it is found that the subject of the report has a New York State firearms license, the local licensing officer is contacted and the license must be suspended or revoked, pending further proceedings to reinstate it and/or have the suspension or revocation otherwise modified or lifted. (*See* Declaration of Donna Marie Call, dated February 25, 2015 ("Call Decl.") ¶¶ 4, 10-17; Declaration of John B. Allen, Jr. dated February 25, 2015 ("Allen Decl.") ¶¶ 14-17.) Plaintiffs seek only declaratory and injunctive relief invalidating MHL § 9.46. They seek no relief challenging other state and federal statutes limiting possession of guns by the dangerously mentally ill and have explicitly disavowed the same. Through their constitutional challenge, and in their Amended Complaint, Plaintiffs thus placed aspects of their interactions with law enforcement personnel and mental health professionals, as well as how they came to have their firearms licenses suspended, at issue in this case.

State Defendants moved to dismiss or, alternatively, to transfer venue. Among the grounds asserted for dismissal was Plaintiffs' lack of standing. Pursuant to Fed. R. Civ. P. 12(b)(1), State Defendants were permitted to submit evidence outside the pleadings in support of their standing argument, and did so. *See, e.g., Whitaker v. Sec'y*, No. 09-MC-6003-CJS, 2009 U.S. Dist. LEXIS 43320, at *3-4 (W.D.N.Y. May 21, 2009).

Plaintiffs now move for the permanent sealing of certain of the State Defendants' exhibits:

- State Ex. 14: Notice of Petition and Verified Petition, *Montgomery v. DeMarco*, Index No. 121/2015 (Sup. Ct. Suffolk County), filed January 8, 2015;[4]

- State Ex. 24: Certified Transcript of Initial 911 Call Regarding Plaintiff Andrew Carter ("Carter");

- State Ex. 25: Buffalo Police, "Complaint Summary Report" regarding Plaintiff Carter;

- State Ex. 26: City of Tonawanda Police Department, "Complaint Information" Regarding Plaintiff Carter;

- State Ex. 27: Certified Transcript of 911 Call relating to Plaintiff Carter;

- State Ex. 29: Certified Transcript of 911 Call relating to Plaintiff Carter;

- State Ex. 30: Ontario County Sheriff's Office, "Event Summary Report" regarding Plaintiff Karl Bechler ("Bechler");

- State Ex. 31, New York State Police (September 6, 2013), 12 pages, including affiliated documents under other titles regarding Plaintiff Bechler;

- State Ex. 33, Order Suspending Pistol Permit (September 6, 2013) of non-party; and,

- State Ex. 35, New York State Police, "Incident Report" regarding Plaintiff Bechler.

Plaintiffs also seek leave to file a new exhibit, Exhibit 46, and to submit it under seal. State Defendants do not object to the Plaintiffs' motion to submit this new exhibit but object to it being filed under seal. Finally, Plaintiffs seek certain unspecified redactions. To the extent these redactions are limited to home street addresses, social security numbers, dates of birth, and gun license numbers, State Defendants have no objection but ask that redaction otherwise be denied.

State Defendants thus ask that Plaintiffs' motion be denied, other than with regard to those areas of agreement regarding the filing of the new exhibit and the redactions, and that State Defendants be permitted to immediately file their motion papers on the Court's electronic filing system.

---

[4] Unless otherwise noted, citations to exhibits are to those annexed to the Declaration of William J. Taylor, Jr., dated February 26, 2015 and submitted in support of the State Defendants' motion to dismiss and/or to transfer venue.

# ARGUMENT

## POINT I

### JUDICIAL DOCUMENTS ARE PRESUMPTIVELY PUBLIC AND PLAINTIFFS HAVE NOT MET THEIR BURDEN TO DEMONSTRATE THAT THEY ARE ENTITLED TO A PERMANENT SEAL OF CERTAIN DOCUMENTS.

There is a presumption that "[c]ourt documents are accessible to the public and that a substantial showing is necessary to restrict access." *Ghadersohi* v. *Health Research, Inc.*, No. 10-CV-144S(Sc), 2014 U.S. Dist. LEXIS 52684, at *1-2 (W.D.N.Y. Apr. 16, 2014)(internal citations and quotations omitted); F. R. Civ. P. 5.3(a). "The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States* v. *Erie Cnty.*, 763 F.3d at 238-239.

The presumption that judicial documents are subject to public disclosure is recognized under the First Amendment. *Id.* "Once a First Amendment right of access to judicial documents is found, the documents may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," and "[b]road and general findings by the trial court . . . are not sufficient to justify closure." *Id.* at 239 (alteration in original) (quoting *Lugosch*, 435 F.3d at 120) (internal quotation marks omitted).

In their current motion, despite this being their "second bite at the apple," Plaintiffs seek the permanent sealing of documents submitted to this Court and relevant to the issue of standing but have not set forth any basis for such sealing. Instead, they assert specious arguments which misapprehend both the law and the facts properly placed before the Court.

> A. **Plaintiffs' argument that the presumption against sealing does not attach because the documents they seek to seal are not "judicial documents" is without merit in fact or law.**

First, Plaintiffs argue that the documents they seek to keep under seal are not "judicial documents" entitled to the presumption against sealing. *See* Plaintiff's Memorandum of Law (Motion to Seal) ("Pls. Sealing Mem."), dated October 15, 2015, at pp. 2.

Plaintiffs' argument is based upon their misapprehension that State Defendants' motion to dismiss was brought solely under Fed. R. Civ. P. 12(b)(6). Thus, Plaintiffs argue, the Court may look only at the pleadings (and any documents Plaintiffs decide they want to place before the Court) and may not properly consider documents submitted by State Defendants. Therefore, as Plaintiffs reason, documents outside the pleadings are not "judicial documents."

Yet as the Court made clear at oral argument, and as is apparent on the State Defendants' Notice of Motion in support of their motion to dismiss and the Memorandum of Law in Support of State Defendant' Motion to Dismiss the Amended Complaint, or Alternatively, to Transfer Venue ("State Defs. MTD Mem."), State Defendants moved to dismiss based upon Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). The first ground for dismissal asserted by State Defendants, pursuant to Fed. R. Civ. P. 12(b)(1), was Plaintiffs' patent lack of standing to bring this action. *See* State Defs. MTD Mem. at pp. 15-21. As set forth in State Defendants' motion, the question of standing raises the limits of the Court's jurisdiction pursuant to Article III of the Constitution and must be resolved at the threshold of litigation. *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008); *Lamar Adver. of Penn, L.L.C. v. Town of Orchard Park*, No. 01-CV-556A(M), 2008 U.S. Dist. LEXIS 27647, at *10 (W.D.N.Y. Feb. 25, 2008)(Report and Recommendation); *see Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Plaintiffs bear the burden of establishing standing for each claim asserted and each type of relief sought. *Carver* v. *City of New York*, 621 F.3d 221, 225 (2d Cir. 2010). As the State Defendants clearly established, and Plaintiffs did not and cannot credibly contest:

> in resolving a motion to dismiss for lack of standing, a court is not limited to the allegations in the complaint but may consider evidence outside the pleadings. *Whitaker* v. *Sec'y*, 2009 U.S. Dist. LEXIS 43320, at *3-4 (W.D.N.Y. May 20, 2009). To the extent that "jurisdictional facts are placed in dispute," the Court "has the power and the obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," and Plaintiffs, as the party asserting standing, "ha[ve] the burden of proving by a preponderance of the evidence that it exists." *Pearl River Union Free Sch. Dist.* v. *Duncan*, 2014 U.S. Dist. LEXIS 124440 (S.D.N.Y. Sept. 5, 2014); *see, e.g.*, *Capellupo* v. *Webster Cent. Sch. Dist.*, 2014 U.S. Dist. LEXIS 170912, at *8-9 (W.D.N.Y. Dec. 9, 2014).

State Defs. MTD Mem. at p. 16.

Yet despite this precedent, Plaintiffs argue, incredibly, that the Court "need not" reach a determination as to whether any of the Plaintiffs were subject to or were injured by MHL § 9.46 but should instead accept Plaintiffs allegations as true.[5] Pls. Sealing Mem. p. 3. In light of the clear precedent cited by State Defendants, Plaintiffs' argument that this Court may only consider the Amended Complaint in resolving standing borders on the frivolous.

As a fallback position, Plaintiffs assert that the documents they seek to have filed under permanent seal are "neither necessary nor helpful to resolve the Defendants' motions to dismiss" and thus are not "judicial documents" subject to a presumption of openness. Pls. Sealing Mem. pp. 2-3. But Plaintiffs fundamentally misunderstand or ignore the law. State Defendants were entitled to, and did, introduce evidence outside the pleading demonstrating that Plaintiffs lack standing. Plaintiffs bear the ultimate burden of establishing standing here,

---

[5] Incredibly, in their motion, Plaintiffs seem to concede that their alleged injuries arise not from MHL § 9.46 but instead from what they contend is the erroneous determination by their various treating facilities that they had been "involuntarily committed" as that term is defined as a matter of federal firearms law at 18 U.S.C. §922(g)(4). Pls. Sealing Mem. p. 3.

8

including that they suffered a concrete and particularized injury as a result of MHL § 9.46, the statute they challenge, that can be redressed in this lawsuit. *See Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The documents Plaintiffs seek to have sealed are unquestionably "judicial documents" that go to the core of the jurisdictional question of Plaintiffs' allegations of injury and their standing to bring this action.[6] Each of these documents demonstrates that the individual Plaintiffs did not have their licenses suspended or their guns seized as alleged in the Amended Complaint and that Plaintiffs were not in fact subject to or injured by MHL § 9.46.[7] Instead, the documents belie Plaintiffs' factual allegations. This is demonstrated, in detail, in State Defendants' motion papers. (*See, e.g.* State Defs. MTD Mem. at 10-21.) Plaintiffs have no answer to it.

---

[6] For example, Plaintiffs ask to seal Plaintiff Montgomery's Article 78 Petition (Ex. 14) which seeks to overturn revocation of his pistol permit and in which Montgomery concedes that his permit was suspended because he was reported (he alleges wrongfully) as involuntarily committed by Defendant Eastern Long Island Hospital and not as a result of MHL § 9.46. Putting aside the fact that Article 78 proceedings are judicial proceedings subject to public review, Plaintiff himself specifically referred to and relied upon the Petition in Plaintiffs' now-withdrawn preliminary injunction application. *See* Docket No. 3-2 (Declaration of Donald Montgomery at ¶ 59)). The Petition is clearly a judicial document relevant to establish standing and upon which this Court can and should rely in rendering a decision here. *See Anderson*, 337 F.3d at 205 n.4. Plaintiffs make no effort to contradict this showing and establish Montgomery's standing. Instead, they merely ask that the evidence which belies Plaintiffs' claims that their constitutional rights were violated by MHL § 9.46 be sealed from public view. Sealing would have the improper effect of shielding from public scrutiny the documents and evidence which is before this Court and which this Court may consider in issuing any determinations in this case.

[7] Evidence outside the pleadings also establishes that Bechler, Reid, and Carter have all had their guns returned and their licenses reinstated. (Exs. 28, 35; Pls. Exs. 45, 46.) Accordingly, the claims of Bechler, Reid and Carter are now moot, and all three of them lack standing on the separate, alternative ground that "[i]n the context of a claim for injunctive or declaratory relief, a plaintiff's allegation of past injury is insufficient to establish standing; instead the plaintiff must show a likelihood of future harm, a 'real and immediate threat of repeated injury.'" *Azim* v. *Vance*, 530 F. App'x. 44, 45-46 (2d Cir. 2013)(summary order)(citation omitted).

Because each of the documents Plaintiffs seek to seal are in fact "judicial documents," they are presumptively subject to public filing. *Ghadersohi*, 2014 U.S. Dist. LEXIS 52684 at **1-2. Plaintiffs have not rebutted that presumption and their motion should thus be denied.

**B.     Plaintiffs fail to make the necessary substantial showing to justify sealing.**

As the Court cautioned Plaintiffs at oral argument on September 17, 2015, when it again allowed them to address sealing, they bear a heavy burden. There is a presumption that "[c]ourt documents are accessible to the public and that a *substantial* showing is necessary to restrict access." *Id.* (emphasis added). This Court has previously recognized the "difficult showing" required to overcome the presumption of "public access to judicial documents [that] is firmly rooted in our nation's history," *Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 216-17 (W.D.N.Y. 2013). *See also Lugosch*, 435 F.3d at 120.

Yet Plaintiffs do not even attempt to make the necessary showing. Instead, they assert one argument in support of their sealing application in the event the Court determines that the challenged documents are "judicial documents": they argue that gun licensing proceedings, other than the name and address of a gun licensee which are presumptively public but can be made confidential upon a proper application, are confidential pursuant to Penal Law § 400.00(5) "in order to minimize the risk that gun owners would become the target of criminals." This they argue "lessens" the presumption that the challenged documents should be made public, citing *United States v. Amodeo*, 71 F.3d 1044, 1049-1050 (2d Cir. N.Y. 1995) ("*Amodeo II*"). But even assuming that all of the documents they seek to seal were documents relating to licensing proceedings, *Amodeo* cannot help them.

Although the Court in *Amodeo II* noted that subject matter traditionally considered private may weigh in the Court's consideration of making documents public, it acknowledged

10

that an adjudication "is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny. We simply do not understand the argument that derivative actions may be routinely dismissed on the basis of secret documents…a denial of access to such materials might raise serious constitutional issues." *Amodeo II*, 71 F.3d at 1049.

Here, Plaintiffs have affirmatively placed in issue their gun license proceedings. Their Amended Complaint contains numerous paragraphs addressing the same. They cannot credibly contest, when they all allege (with the exception of Montgomery, whose license was suspended and canceled) that they all have guns and gun licenses, that the confidentiality that sometimes attaches to the name and address of gun licensees pursuant to Penal Law § 400.00(5) mandates that the challenged documents be sealed here in order to preserve Plaintiffs' identities from criminals.

Nor can Plaintiffs' generalized privacy concerns be the basis of sealing here where they have put their interactions with law enforcement, mental health histories and gun license status affirmatively at issue. It is well-established in the Second Circuit that plaintiffs cannot use the confidentiality of records as both a sword and shield. *See Sims* v. *Blot*, 534 F.3d 117, 132 (2d Cir. 2008). Moreover, to claim that the pertinent records should be permanently shielded from public scrutiny would find little support in law or reason. *See, e.g., id.*; *In re Grand Jury Proceedings John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) ("It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted.") (citations omitted); *Feder v. Sposato*, No. 11-CV-193 (JFB) (WDW), 2014 U.S. Dist. LEXIS 63233, at *6-8 (E.D.N.Y. May 7, 2014) (defendants attaching the plaintiff's medical record as an exhibit was appropriate because the

11

plaintiff "waive[d] his right to privacy in any relevant medical records" when he put his "mental condition at issue in this litigation") (internal quotation marks and citation omitted).

The documents challenged, Exhibits 14, 24, 25, 26, 27, 29, 31, 33, 35 and 46, are all relevant to State Defendants' argument that Plaintiffs lack standing, and Plaintiffs do not contest any of the facts asserted therein. Nor do Plaintiffs make any attempt to set forth a specific factual basis to seal documents like the police reports, court filings, and 911 transcripts at issue here. See Lugosch, 435 F.3d at 119. Accordingly, State Defendants ask that Plaintiffs' sealing motion be denied.[8]

---

[8] Plaintiffs also move to file an additional exhibit, the order reinstating Plaintiff Lois Reid's pistol permit, as Plaintiffs' Exhibit 46 and to file such Exhibit under seal. State Defendants do not oppose the submission of the Exhibit, although oppose sealing for the reasons set forth herein. State Defendants do take issue, however, with what appears to be a misapprehension contained in the order. The Honorable Matthew J. Murphy, Acting Erie County Supreme Court Justice, as the licensing officer, appears to be under the misunderstanding that an MHL § 9.46 report was made regarding Reid, and that this is what led to her license suspension. That is inaccurate. (See State Defs. MTD Mem. at 13.) As the State Defendants have demonstrated, Reid has never been the subject of a report under MHL § 9.46. (Allen Decl. ¶ 20; Call Decl. ¶¶ 23-24 & Ex. B.) Rather, on or about December 24, 2013, Erie County Medical Center reported Reid to OMH as having been involuntarily committed. (Allen Decl. ¶ 20; Call Decl. ¶ 24 & Ex. B.) This involuntary commitment is what the State Police properly reported to local licensing officials in Erie County. (Ex. 9.) The licensing officer's reference to this State Police letter as a "946 Notice," and his statement that the wording of this form of notice has now been "fine-tuned" by the State (Pls. Ex. 46 at 1, 5 n.1), is also inaccurate. When an individual with a firearms license is reported under MHL § 9.46 (as in the case of Bechler, for example), the State Police sends notice of that MHL § 9.46 report, containing the language noted in the Reid reinstatement order (id. at 5 n.1), to the relevant local licensing officials. (Ex. 34.) (As the Bechler notice, which was sent several months before Reid's notice, makes clear, this occurred well before the Reid notice and was not the result of any "fine-tun[ing]" by the State.) When an individual is reported as involuntarily committed (as in the cases of both Reid and Montgomery), however, a different notice, with different language reporting that involuntary commitment, is what the State Police send to licensing officials. (Exs. 9-10.) As explained in State Defendants' motion papers, an individual may seek relief from such an involuntary commitment report through OMH's relief-from disabilities process. (Allen Decl. ¶¶ 12-13; see State Defs.' MTD Mem. at 5 n.4.) But none of this has anything to do with the present action purporting to challenge MHL § 9.46. And, in any event, State Defendants' objections to the language of this order are irrelevant, as it is clear that Plaintiff Reid has had her license reinstated and, even if she

12

## POINT II

## PLAINTIFFS' REQUEST FOR REDACTION SHOULD BE PARTIALLY DENIED.

In their, Plaintiffs ask for the Court to redact certain of the documents State Defendants submitted in support of their motion to dismiss. For the most part, State Defendants do not object to this request and so do not oppose the application.

Specifically, Plaintiffs ask for "additional redaction" as to exhibits:

- State – Ex. 28: Order Reinstating Permit (Kocher, J., December 3, 2014);
- State -Ex. 31: NYS Police Central Records;
- State-Ex. 32: Order Suspending Pistol Permit (Reid, J., September 6, 2013);
- State-Ex. 35: Incident Report (dated January 16, 2015);
- State – Call, Exhibits A - C, attached; and
- State-Memorandum of Law in support of Temporary Sealing, ftnt. 2.

(*See* Declaration of Paloma Capanna, dated October 15, 2015, at ¶¶ 14-18.)

To the extent that Plaintiffs object that more than the last four digits of a social security number are present on these documents, State Defendants agree that the same should be redacted. (*See id.* at ¶ 15.) Plaintiffs have not pointed out any exhibit where this is the case, but State Defendants will nevertheless, prior to publicly filing, review the identified exhibits, once again, to ensure appropriate redactions. State Defendants also do not object to the redaction of years of birth in the identified exhibits, which were left in place only to ensure correct identification of Plaintiffs. Plaintiffs, again without identifying the specific redactions they seek, ask that the permit numbers, the identification of particular guns, and street addresses of Plaintiffs and witnesses be redacted from the designated documents. (*See id.* at ¶ 16.) Although

---

ever had standing to challenge MHL § 9.46, no longer does. *See, e.g., Azim*, 530 Fed. Appx. at 45.

not legally required, Defendants do not object to the same and, to the extent they are able to identify them, will make the redactions on the designated documents.

State Defendants do oppose any redaction to footnote 2 of the State Defendants' Memorandum of Law in Support of their Motion to File Under Seal on a Temporary Basis – which has already been publicly filed by the Court (ECF Docket No. 26). No ground is set forth for the request. Further, the same information is contained in the Memorandum in Support of the State Defendants' Motion to Dismiss the Amended Complaint and, as Plaintiffs have not moved to keep that document under seal, there is no practical basis for redacting this footnote.

## CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that the Court enter an order:

(1) denying Plaintiffs' motion to seal in its entirety;

(2) granting Plaintiffs' request to file Exhibit 46 (although not under seal);

(3) denying Plaintiffs' motion to redact in its entirety except to the extent that information relating to social security numbers (other than the last four digits), date of birth, street address, firearm permit number, and firearm identifying information be redacted from Defense Exhibits 28, 31, 32, and 35, and from Exhibits A-C of the Declaration of Donna Marie Call;

(4) permitting the State Defendants to electronically file the State Defendants' Motion to Dismiss Papers in their entirety, including the Notice of Motion dated February 23, 2015; the Memorandum of Law in Support of State Defendants' Motion to Dismiss, dated February 23, 2015; the Declaration of William J. Taylor, Jr., dated February 23, 2015; the Declaration of John Allen, dated February 23, 2015; the Declaration of Donna Marie Call, dated February 23, 2015; and all of the exhibits thereto, including Defense Exhibits 28, 31, 32, and 35, and Exhibits A-C to the Declaration of Donna Marie Call, which will be filed with the redactions requested by Plaintiffs, in its entirety and be made publicly accessible on the

Court's Case Management/Electronic Case Filing (CM/ECF) System; and

(5) granting such other and further relief as the Court deems just, proper and appropriate.

Dated: New York, New York
November 9, 2015

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for State Defendants*
By:

*s/ Monica Connell*
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8965
monica.connell@ag.ny.gov