UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER, NEW YORK 14614-1363

**CHARLES J. SIRAGUSA**  585-613-4050
**DISTRICT COURT JUDGE**  FAX-613-4055

May 10, 2016

Paloma A. Capanna, Esq.                     Monica Connell, Esq.
633 Lake Road                               New York State Attorney General's Office
Webster, NY 14580                           120 Broadway
                                            New York, NY 10271

Marlene Budd, Esq.
Suffolk County Attorney's Office            Catherine Brennan, Esq.
100 Veterans Memorial Highway               Fumoso, Kelly, DeVerna, Snyder et al
P.O. Box 6100                               110 Marcus Boulevard, Suite
Hauppage,NY 11877                           Hauppage, NY 11788

    RE:   *Montgomery v. Cuomo et al*
          14-CV-6709

Dear Counsel:

    A key issue in this action involves the circumstances under which Mr. Montgomery was admitted to Eastern Long Island Hospital on May 23, 2014.  That is, Mr. Montgomery maintains that he voluntarily admitted himself, while the hospital contend that he was involuntarily admitted pursuant to New York Mental Hygiene Law sec 9.39.  In connection with the pending motions to dismiss, the Court was provided with an affidavit from a hospital employee, Helene de Reeder, RN, MSN, which states that Mr. Montgomery "was admitted to Eastern Long Island Hospital by a private attending physician as an involuntary admission under Section 9.39 of the Mental Hygiene Law." (Docket No. [#24-1] at par. 2).  However, Ms. de Reeder's affidavit did not identify the admitting physician, or explain the circumstances warranting an involuntary admission.  Upon reviewing the Mental Hygiene Law, the Court determined that there must have been an emergency admission form completed by the physician, Form OMH 474, which had not been provided to the Court.

    Consequently, on April 26, 2016, the Court requested, by email to all counsel, a copy of the Form OMH 474 that was purportedly used to involuntarily admit Mr. Montgomery.  It is my understanding that as part of such request, my law clerk indicated that the form would be filed under seal, though as discussed further below the regular procedures for sealing will still need to be followed.

Letter to Counsel
May 10, 2016
Page 2

On April 26, 2016, counsel for the hospital, Ms. Brennan, responded to the Court's communication and indicated that the hospital possesses a copy of Mr. Montgomery's OMH Form 474, but has not submitted it to the Court out of concern that such a submission "would violate the HIPAA Privacy Rule," inasmuch as Mr. Montgomery has not provided a HIPAA authorization. Ms. Brennan noted that the hospital has already provided a copy of the OMH 474 form to Mr. Montgomery's attorney.

On May 3, 2016, plaintiff's counsel, Ms. Capanna, responded to the Court's request for Form OMH 474. Specifically, Ms. Capanna emailed a copy of Mr. Montgomery's Form OMH 474 to the Court, but not to opposing counsel.

Subsequently, defendants' counsel requested copies of the document that was submitted to the Court. (Counsel for the hospital already has the form, but wants to compare it with what was submitted to the Court, while counsel for the other defendants do not have the form.).

Ordinarily, when issue is joined the Court refers cases to a U.S. Magistrate Judge, who conducts a Rule 16 conference and oversees discovery. As part of that process, where medical records are involved, and where the plaintiff has put his medical/mental condition at issue, as the Plaintiff in this action has done, the Court has the plaintiff execute an authorization and has the parties execute a confidentiality agreement. Concerning the discoverability of Plaintiff's medical records, *see, e.g., Sunegova v. Village of Rye Brook*, No. 09-CV-4956 (KMK), 2011 WL 6640424 at *10 (S.D.N.Y. Dec. 22, 2011) ("It is well settled that a party waives her doctor-patient privileges when she puts her medical condition into issue. . . . A waiver is required in the interests of fairness, so that a party cannot use the privilege both as a shield and a sword.") (citations and internal quotations omitted); *see also*, 45 C.F.R. § 164.512(e) (HIPAA standard for disclosure of protected health information pursuant to court order).

Here, there has been no discovery in the action, and no Rule 16 conference, because issue has not been joined; instead, Defendants have filed pre-answer motions under Rule 12.

In light of all of the foregoing, the Court is hereby directing that the parties immediately prepare a stipulated confidentiality order for the Court's signature, and that Plaintiff provides Defendants' counsel with authorizations for medical/mental health records.

Letter to Counsel
May 10, 2016
Page 3


The Court further directs that the hospital submit a supplemental affidavit clarifying the circumstances of Mr. Montgomery's admission, including the identity of the doctor who signed the OMH 474 form and his/her relationship to the hospital and to Mr. Montgomery. In that regard, the Court observes, for example, that the instructions to OMH Form 474 indicate that the form is to be completed by "a staff physician," while Ms. de Reeder's affidavit [#24-1] indicates that Mr. Montgomery was involuntarily admitted "by a private attending physician." (*See also*, Hospital Memo of Law [#24-3] at p. 1: "Plaintiff Montgomery was admitted to the Hospital by a private attending physician who was not employed by the Hospital."). Such supplemental affirmation should also indicate whether the hospital has a policy of classifying all psychiatrically-based emergency room admissions as involuntary commitments, as Mr. Montgomery alleges he was told by a hospital employee. (*See*, Docket No. [#3-2] at ¶ 33).

Further, assuming that Mr. Montgomery knows the identity of the private physician/psychologist to whom the hospital is referring, he will also submit a supplemental affidavit from him or her, indicating whether in fact s/he involuntarily committed him.

To the extent that the aforementioned supplemental affidavits will attach copies of Mr. Montgomery's OMH 474 form or other medical records, counsel should follow the procedures for sealing contained in the Local Rules of Civil Procedure and the Court's Administrative Procedures Guide for Electronic Filing.

                              Very truly yours,


IS SO ORDERED.                    */s/ Charles J. Siragusa*

                              Charles J. Siragusa
                              United States District Judge


CJS/kap