# COUNTY OF SUFFOLK



**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

**DEPARTMENT OF LAW**

DENNIS M. BROWN
COUNTY ATTORNEY

*VIA FACSIMILE & ELECTRONIC MAIL*

October 15, 2015

Hon. Charles J. Siragusa
Western District of New York
1360 U.S. Courthouse -100 State Street
Rochester, New York 14614

Re:   *Montgomery v. Cuomo et al.*
      Docket No. 14-CV-6709 (CJS)

Dear Judge Siragusa:

As the Court is aware, this office represents defendant the Hon. Vincent F. DeMarco, the Suffolk County Sheriff in the above referenced action.

We respectfully write pursuant to Your Honor's directive concerning the issue of permissive joinder in this case under Fed. R. Civ. P. 20(a), issued at oral argument on September 17, 2015 concerning defendants motions to dismiss the Complaint and/or transfer for improper venue, lack of subject matter jurisdiction and failure to state a claim.

As the Court indicated on the record during argument, Rule 20 of the Federal Rules of Civil Procedure provides that multiple individuals may join in one action as plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed.R.Civ.P. 20(a).

### Applicable Law

The purpose of Rule 20 is to promote trial convenience and to expedite the final determination of disputes." *Vanderzalm v. Sechrist Indus., Inc.*, 875 F.Supp.2d 179, 183 (E.D.N.Y.2012). The requirements of Fed.R.Civ.P. 20(a) are to be interpreted liberally "to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." Both of

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099

(631) 853-4049
FAX (631) 853-5169

Letter to the Hon. Charles J. Siragusa
Re: *Montgomery v. Cuomo*, 14-CV-6709 (CJS)
October 15, 2015
Page 2 of 3

these elements are required for a proper joinder of plaintiffs. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 556 (S.D.N.Y. 2013).

In determining whether claims made by plaintiffs to an action constitute a "single transaction or occurrence" for purposes of Fed.R.Civ.P. 20, "a case by case approach is generally pursued." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006). Whether claims by multiple plaintiffs arise out of "the same transaction, occurrence, or series of transactions or occurrences" must be determined "on a case by case basis." *Abraham v. Am. Home Mortg. Serv., Inc.*, 947 F.Supp.2d 222, 228 (E.D.N.Y. 2013). "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Id.* As the Second Circuit has observed in the Rule 13 context, to determine whether a counterclaim arises out of the same transaction as the original claim, the court must assess the logical relationship between the claims and determine whether the 'essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' " *Id.* If a party has been misjoined, a court may drop the misjoined party. Fed.R.Civ.P. 21. Id. at 229. Second Circuit [c]ourts have interpreted the phrase 'same transaction' to encompass 'all logically related claims.' " *Agnesini v. Doctor's Associates, Inc.*, 275 F.R.D. 456, 459 (S.D.N.Y. 2011); citing *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y.2008) (*quoting Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1421 (S.D.N.Y.1989)).

In considering a motion to sever, factors commonly examined by district courts in this circuit include: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common issues of law or fact; (3) the effect of severance on the *119 potential for settlement of the claims, and/or judicial economy; (4) whether severance would avoid prejudice to the parties; and (5) whether different witnesses and/or documentary proof are required for the separate claims. *Anderson v. NVR, Inc.*, 300 F.R.D. 116, 118-19 (W.D.N.Y. 2014); citing *Erausquin v. Notz*, 806 F.Supp.2d 712, 720 (S.D.N.Y.2011); *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979).

### Application

Based on upon the record created at oral argument and the Court's own implied skepticism concerning plaintiffs' Article III standing to maintain this action, defendant respectfully suggests that the Court exercise its inherent authority to find that Montgomery was impermissibly misjoined to the putative actions filed and maintained by the other Western District plaintiffs. This is based on the extent that Montgomery has improperly identified State Mental Hygiene Law § 9.46 as the operative statute leading to his alleged harm. As the Court correctly noted, Montgomery's alleged involuntary commission at defendant Eastern Long Island Hospital took place under § 9.39, which predated the passage of the SAFE Act, and thus Montgomery may not plausibly plead any claim for relief since he misidentifies the correct statute enforced and implemented by the State defendants.

Letter to the Hon. Charles J. Siragusa
*Re: Montgomery v. Cuomo*, 14-CV-6709 (CJS)
October 15, 2015
Page 3 of 3

Moreover, in a fashion somewhat linked to defendant's arguments in support of its motion to dismiss for improper venue, or transfer in the interest of justice, despite plaintiff's current residence within the Western District (another factor the Court aptly noted has no relevance in any analysis conducted pursuant to federal venue statute, 28 U.S.C. § 1391), none of the alleged wrongdoings, acts or omissions allegedly undertaken by the Long Island defendants even took place within the district. Therefore, Montgomery has failed to carry his statutory burden to plausibly allege and plead that the facts and circumstances underpinning his Complaint arise from the same transaction, occurrence or common core of operative fact as that of the other Western District plaintiffs. Thus, he was misjoined to their pending actions and must be severed as a remedy.

Additionally but just as importantly, there is not the requisite logical nexus between Montgomery's action and the other in-district plaintiffs, warranting keeping this action before this Court in the present venue. While the Court emphasized to plaintiff that only 1 of the plaintiffs here correctly identified or plausibly plead a claim for relief that § 9.46 allegedly lead to a confiscation of firearms and suspension or revocation of a pistol license permit, the facts and circumstances leading to such an alleged deprivation for each plaintiff all wildly vary. There is no consistent and comprehensive set of circumstances that are in common supporting a logical inference that each cause is sufficiently related as to support permissive joinder.

### Conclusion

Therefore, in accordance with the above, defendant's position remains that Montgomery's action is improperly filed in the Western District for that additional and independent basis that he has improperly joined his cause, along with is dissimilar facts and circumstances, to piggyback on those of in-district plaintiffs. Accordingly, defendant respectfully requests that this Court issue an order severing Montgomery's Complaint from the remaining plaintiffs, and to dismiss and/or transfer, or otherwise dismiss for failure to state a claim on the merits and substance of his allegations.

Thank you for your kind consideration.

Respectfully submitted,

Dennis M. Brown
County Attorney

By: Rudolph M. Baptiste
    Assistant County Attorney

RMB